UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | CIVIL ACTION NO. 23-cv-7296 |
| | * | |
| VERSUS | * | SECTION : G |
| | * | |
| MICHAEL WRIGHT, in his individual and personal capacities, JACLYN HOTARD, in her individual and personal capacities, and ST. JOHN THE BAPTIST PARISH | * * * | JUDGE: NANNETTE JOLIVETTE BROWN MAGISTRATE JUDGE: DIVISION 4 |
| | | KAREN WELLS ROBY |

**MEMORANDUM IN SUPPORT OF FED. R. CIV. P. 12(b)(6) AND 12(b)(1) MOTION TO DISMISS**

NOW COMES the Defendants, ST. JOHN THE BAPTIST PARISH ("SJBP" herein), MICHAEL WRIGHT, and JACLYN HOTARD, who respectfully submit the following Memorandum In Support of their Motion To Dismiss Plaintiff's, Joy Banner, Complaint and First Amended Complaint in the above matter.

**I.    DEFENDANT'S SUMMARY OF FACTS**

Plaintiff, Joy Banner, is the co-founder and director of The Descendants Project foundation. The organization commenced various legal proceedings against St. John The Baptist Parish [and Greenfield Louisiana, LLC by its intervention] in the 40th Judicial District in opposition to a planned export grain facility on the West Bank of St. John The Baptist Parish.  Banner, and the Descendants organization, oppose rezoning of the property [land] in St. John The Baptist Parish upon which the grain export facility is to be constructed.

The instant case is related to the above facts. The SJBP Parish President, Defendant Hotard, signed an application to commence a new process to rezone the above subject property to industrial

after a previous re-zoning ordinance over 30 years earlier was recently declared null.[1] Banner has made allegations that SJBP Parish President, Hotard, has a conflict of interest, constituting an alleged ethics violation, relative to Hotard's signature, as the SJBP Chief Executive Officer, on a recent application to rezone the subject property. Banner admits that she is the person who filed an ethics complaint against Parish President Hotard with the Louisiana Board of Ethics.[2] Hotard adamantly denies Banner's allegations as Hotard has, at all times material to the rezoning process and issues ancillary thereto, acted in her official capacity as the SJBP chief executive. Hotard further acts, in certain instances, at the direction of the parish council in accordance with the SJBP Home Rule Charter and ordinances. Hotard's duties in signing various documents on behalf of SJBP are perfunctory and as may be required by Charter or Ordinance.

A regularly scheduled SJBP council meeting was properly noticed and set on November 28, 2023. The agenda was properly published for the above meeting. The published agenda for the meeting contained Item J. It provided:

> "J) Jaclyn Hotard- Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as Special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute. [3]

The above Agenda Item J, as evident on its face and by its plain meaning, only generally seeks to authorize special legal counsel <u>related to ethics laws</u> and subject to Louisiana law... Nothing in the agenda item references, in any manner whatsoever, a specific ethics allegation, complaint, or investigation of any named person. Jaclyn Hotard, as Parish President, is simply listed as having introduced the matter as the chief executive for SJBP. Notwithstanding same,

---

[1] The Original ordinance, 90-27, of over 30 years ago by the; then, SJBP Council, and which rezoned the subject property from residential to industrial, was; recently, declared null and void ab initio by a 40th JDC District Court for the Parish of St. John The Baptist, Div. C.
[2] First Amended Complaint at Paragraph 37
[3] First Amended Complaint at Paragraph 45

Plaintiff; erroneously, seized on Hotard's appearance in name on the said agenda item as being the "subject" or "topic" of Agenda Item J. Agenda Item J clearly does not reference any such specific ethics complaint nor does it name Hotard as the subject of any such complaint or investigation. It is clear on the face of the published agenda for the subject SJBP Council meeting on November 28, 2023 that the ethics complaint filed by Banner against Hotard *was not* the topic of Agenda Item J.

During the above November 28, 2023 SJBP Council meeting, Banner alleges that she approached the podium to provide her public comment on Agenda Item J when she was repeatedly interrupted by Hotard and Wright.[4] Plaintiff has introduced into the record of this case, and has incorporated into her pleadings by reference, video containing the relevant portion of the November 28, 2023 SJBP Council meeting, exchanges, and interactions which are the subject of her Complaints. Defendants hereto further adopt, introduce, and incorporate by reference the subject linked video/audio herein, Defendant's own video link of same, and the verbal exchanges referenced herein.[5]

Banner alleges that Defendants violated her First Amendment rights during public comment during the above meeting, constituting viewpoint discrimination. The attached video/audio link of the above November 28, 2023 council meeting clearly shows that SJBP Council Chair, Defendant Michael Wright, recognized and allowed Plaintiff more than her allotted 3 minute time limit at the podium for public comment on Agenda Item J. Wright was respectful and calm in demeanor throughout his exchanges with both Plaintiff and all other commentors in

---

[4] First Amended Complaint at Paragraphs 56-57.
[5] First Amended Complaint at Paragraph 50, footnote 3
https://www.youtube.com/watch?v=hj4fEpjolSk&ab_channel=St.JohntheBaptistParishGovernment; Defendants have further uploaded, with their above Motions and Memorandum in Support, the same video/audio of the meetings relevant to these proceedings.

continually requesting that Banner, and all speakers, stay on topic by limiting their comments to the actual agenda item as is required by Council rule and Louisiana's statutes on open meetings.[6] However, Banner overtly stated, and insisted, that her comments were going to be specifically related to the ethics complaint [instituted by her] against Parish President Hotard.[7]

Certain members of the public, who appeared at the above meeting, shouted comments at the council throughout the meeting and while Banner was at the podium for comment. Another person, identifying herself as Shondrell Perrilloux, rose to the podium after Banner voluntarily left the podium. Perrilloux proceeded to give her public comment on Agenda Item J. However, both Banner and the Perrilloux refused to stay on topic and address the specific agenda item. Instead, both Banner and Perrilloux chose to make personal and inflammatory allegations and comments against Hotard and the Council.[8]

Legal counsel for SJBP advised the Council that, per rule, comment must be limited to the specific agenda item as listed. Council Chairman Wright continued to remind the public to limit their comment to the specific agenda items. Notwithstanding same, the Plaintiff and Perrilloux insisted on making direct accusations, unsubstantiated allegations, and comments directly against Defendant Hotard during public comment. Perrilloux was boisterously shouting at Council members and legal counsel for SJBP. Such actions and behavior was in violation of the reasonable on topic public comment rules and decorum policy long established by the SJBP Council.

Defendant: Council Chairman Michael Wright, in an attempt to maintain order, decorum, and have commentors stay on topic, as is his obligation as chair, read his layperson appreciation of a published Louisiana statute related to discussion of ethics matters in Louisiana. Wright is not

---

[6] La. R.S. 42:11 et seq., referenced herein infra
[7] First Amended Complaint at paragraphs 55,59,60,62,67 wherein Banner continued to allege and comment as to the ethics complaint she filed against Hotard; an issue not part of Agenda Item J.
[8] See attached video links

an attorney. Wright did not recognize the noted unconstitutional treatment of the statute despite the fact that said statute remains part of Louisiana's published revised statutes. The submitted video shows that Wright's rendition of the statute was simply by reference out of concern that neither the council, nor any person in public comment, were in violation of any rules or Louisiana law.

<u>Contrary to the allegations on the face of Banner's Complaint and First Amended Complaint, at no time did Wright or Hotard ever threaten Banner, or any other person, with "arrest and prosecution" under the statute</u>. Further, Banner does not allege implied or inferred threats by Wright and Hotard. She; repeatedly, alleges direct threats.[9] Banner's allegations are false, improper, and are clearly not supported by the video evidence introduced by Banner and Defendants herein. In fact, and in support of Wright's lack of any intent or discrimination, Wright did not oppose further comment from Banner nor the public commentors who followed her. No Defendant herein ever requested, nor ordered, any person or law enforcement officer to remove Banner or any other persons from the podium or the council meeting. Defendant, Wright, as Chairman of the SJBP Council, was the person in control of the meeting by Home Rule Charter and Ordinance, not Parish President Hotard. <u>At no time</u> did Wright ever tell Banner to "sit down", "shut up", "you are in violation of law", "I will have you arrested, prosecuted, and imprisoned", or anything of the sort.

Upon closing of public comment at the meeting, Council persons Becnel and Houston moved, and seconded respectively, to approve Agenda Item J. Upon submission for a vote, the matter passed by a 5 to 3 vote of the council with one member absent. Plaintiff made demand upon Defendants; then she initiated her first and amended complaints herein.

---

[9] First Amended Complaint at Paragraphs 6,7,9, 10,12,72,80,Page10-C, 84, 92,117,118,119,121,

## II.     SUMMARY OF DEFENDANT'S POSITION AND DEFENSES

Plaintiff, Banner, alleges Defendants violated her First Amendment right of free speech. She alleges discrimination based on viewpoint. Defendants aver that Plaintiff has not stated a valid First Amendment claim or violation and that Plaintiff's Complaint is an attempt to invoke this Court's supplemental jurisdiction in order to obtain declaratory relief under a Louisiana state statute. Defendants aver 1) Plaintiff has failed to state a cause of action on the face of her Complaints upon which relief may be granted; and 2) the granting of Defendant's 12(b)(6) Motion would preclude subject matter jurisdiction in this case as to Plaintiff's allegations and claims under state law.

Plaintiff alleges that she brings this lawsuit "to seek justice and accountability."[10] However, Defendants respectfully show this Court that the actual objective of Plaintiff is solely to have this Court void and nullify the affirmative vote of the SJBP Council on Agenda Item J. Plaintiff recognizes that she would not be successful on any state court challenge to the subject SJBP vote approving the subject Agenda Item J above as the SJBP Council vote was proper.

The SJBP Council's actions and vote in approving Agenda Item J the evening of November 28, 2023 were legal and conducted in accordance with Louisiana's Open Meetings Law and the general business of the governing body for SJBP. Accordingly, Plaintiff alleges a First Amendment violation and viewpoint discrimination as a means of invoking this Court's supplemental

---

[10] Complaint at Paragraph 10 and First Amended Complaint at Paragraph 11

jurisdiction requesting a declaratory ruling that SJBP violated state open meetings statute during its limited public forum; thereby invalidating the Council's affirmative vote on Agenda Item J.

While Plaintiff seeks menial monetary compensation in addition to attorney's fees and cost, the primary objective of Plaintiff is stated at Paragraphs 129 and 139 of her Complaint and First Amended Complaint; paragraphs vii:

"RELIEF REQUESTED...vii.  A declaratory judgment per R.S. 42:24 <u>voiding the vote on Agenda Item J</u> at the November 28, 2023 St. John The Baptist Parish Council Meeting." [*Emphasis ours*]

Plaintiff alleges an unfounded First Amendment Violation and viewpoint discrimination as a means to invoke this Court's supplemental jurisdiction to void the proper and legal vote of the SJBP governmental body. For reasons more fully set forth herein, Defendants did not violate Plaintiff's First Amendment Rights nor engage in viewpoint discrimination. Moreover, the granting of Defendant's 12(b)(6) motion would preclude subject matter jurisdiction in this case.

**IV    APPLICABLE STANDARD OF REVIEW**

The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.

When considering a Rule 12(b)(6) Motion to Dismiss , the court will accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F. 3d 305, 313 (5th Cir. 2002).  It is equally well settled that factual allegations must be

enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) Motion to Dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

## V. LAW AND ARGUMENT

### A. No Threats Or Violation Of Plaintiff's First Amendment Rights

Banner's Original and First Amended Complaints do not state a plausible claim for relief that her First Amendment rights were violated by any Defendant hereto nor that she was discriminated against based on her views of the subject matter of Agenda Item J.

Defendants recognize that: when considering a Rule 12(b)(6) Motion to Dismiss, the court will accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp., Id.* Defendants respectfully show that Plaintiff's allegations on the face of her Complaint and First Amended Complaint are less than speculative and contain conclusory allegations which are unfounded on their face even when viewed in a light most favorable to Plaintiff. The video incorporated by reference and submitted by all parties hereto supports Defendant's position.[11]

*La. R.S. 42:14* is also known as Louisiana's Open Meetings Law. It provides in pertinent part:

> … D. Except school boards, which shall be subject to R.S. 42:15, each public body conducting a meeting which is subject to the notice requirements of R.S. 42:19(A)

---

[11] At no time did any Defendant ever threaten Plaintiff with arrest and prosecution as Plaintiff alleges throughout her Complaints.

shall allow a public comment period at any point in the meeting prior to action on an agenda item upon which a vote is to be taken. <u>The governing body may adopt reasonable rules and restrictions regarding such comment period</u>. [*Emphasis ours*]

*Article III, Sec A (5) (f)* of the St. John The Baptist Parish Home Rule Charter provides:

> " the council shall determine its own rules and order of business. The council shall provide for the publishing of its rules and provide for their availability to the general public."

Nearly thirty-one (31) years ago, on May 27, 1993, the SJBP Council met in regular session. During the meeting, the Council moved for, adopted, and approved allowing the public to speak when motions are made by the Council, with a limitation of three (3) minutes per person. [12]

SJBP Council adopted, and for nearly 31 years, has allowed for public comment prior to action on agenda items. Notably, the Council has placed only two reasonable limitations on public comment: 1) comments are limited to three (3) minutes per person and 2) commentors must stay on the specific topic of the actual agenda item. The above rules are usual and customary in limited public forums and are in accordance with *R.S. 42:14 D*. Plaintiff does not challenge the reasonableness of the three (3) minute rule per person for public comment on an agenda item.

It is well settled that public comment periods, such as those provided at the SJBP Council meetings, are limited public forums. *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759 (5th Cir. 2010). In limited public forums like comment periods at council meetings, city councils "may confine their meetings to specified subject matter" and they are "<u>not required to allow persons to engage in every type of speech</u>. [*Emphasis ours*] *Id.*

The Plaintiff also recognizes and affirms: õin terms of First Amendment Analysis, the above restriction applies to a city or parish council meeting as a limited public forum and that, in

---

[12] St. John The Baptist Parish Archives, Official Proceedings Of the St. John The Baptist Parish Council, State of Louisiana, taken at a finance/regular meeting held on May 27, 1993, Motion by Mr. Perrilloux and Mr. Wolf.

such a forum, <u>a government body may require speaker during public comment to remain on topic</u>."[13] [*Emphasis ours*]  The submitted video of the subject SJBP Council meeting and public comment clearly shows that Defendant Wright was simply making a good faith attempt to maintain order and stay on topic, as was his obligation as Chairman of the SJBP Council. <u>It was Plaintiff, Ms. Banner, who; eventually, chose to leave the podium when she was requested to stay on topic</u>. It was only after public commentor, identifying herself as Ms. Perrilloux, followed Banner to the podium and became irate and disruptive during her comment period that Defendant Wright asked for a 5 minute recess to regain order of the meeting. Notwithstanding, Perrilloux was allowed to approach the podium a second time upon re-opening of public comment. Banner chose not to do so.

Video and audio of the above exchanges [14] shows that Plaintiff, nor any other person in attendance, was not prevented from speaking, was not threatened in any manner, was not asked to "sit down" or leave the meeting, nor was Plaintiff or any other person removed from the meeting. In fact, at approximately 2:25 into the submitted video/audio by Plaintiff, and prior to her leaving the podium, Banner request additional time. Defendant, Wright, does not deny her and simply request that Plaintiff stay on topic. Banner then goes on to state, at 2:50 of the submitted video clip:

> "What I want to comment on, is that what is on the docket tonight, I want to be very specific, <u>is a ethics investigation on Jaclyn Hotard</u>…" [*Emphasis ours*]

Banner was repeatedly, and respectfully, asked to stay on topic of the Agenda Item J. Between minutes 3:04 and 6:30 of the meeting, Councilman Wright continues to request that Banner stay on topic of the agenda item. At minute 4:00 of the exchange, legal counsel for SJBP addresses the council, when asked for comment on the issue, and reminds the council

---

[13] First Amended Complaint, Paragraph 103, citing Chiu v. Plano Independent Sch. Dist., l260 F.3d 330, 354-355 (5th Cir. 2001)
[14] First Amended Complaint, Page 6, Footnote 3

members that public comment is limited to the specific agenda item by rule. While Ms. Banner alleges in her Complaints that she was "on topic", the face of her petition and her own allegations clearly show that she was not. Banner alleges in her Complaints and during public comment:

"the Board of Ethics was investigating Jaclyn Hotard..."[15] and "is she not being investigated by the Louisiana Board of Ethics for violation of the Code of Ethics?" "So she- we as taxpayers should not be asked to pay for her lawyer".[16] ... Your Parish President, our Parish President is currently under investigation for a Board of Ethics charge. How is that not relevant, because she signed off on an application for a re-zoning of her mother-in-law's land, and so now we as tax payers are going to have to pay--..."[17]

The above allegations of Plaintiff on the face of Plaintiff Complaints, and during her public comment, show not only that Banner was not on the topic of Agenda Item J, but that her only intent and primary objective was to; improperly, use the provided public comment session as a means to exploit her personal filing of an Ethics complaint against Hotard. Agenda Item J, in no manner, addressed an ethics complaint against SJBP Parish President Hotard. Despite Banner's above previous assurance to the SJBP Council, Banner was not "very specific" to the agenda. The only "very specific" comment by Banner were her allegations against Hotard; which were not an agenda item at all.

Agenda Item J is plainly stated. It provided for engagement of, and payment to, legal counsel to "perform services related to ethics laws"... Nowhere in the agenda item does it speak to any particular alleged ethics complaint or alleged violation. Accordingly, on topic public comment, in accordance with the reasonable rules established by the council for nearly 31 years, was to address the Agenda Item J of whether the Council should approve of outside legal counsel

---

[15] First Amended Complaint at Paragraph 59
[16] First Amended Complaint at Paragraph 60
[17] First Amended Complaint at Paragraph 67

to be engaged by SJBP <u>related to ethics laws</u> in general.

Banner alleges that she only spoke for a few more seconds, cut her comments short, and did not distribute pamphlets she brought due to Wright's alleged threat of prosecution.[18] However, it is clear that Plaintiff was never threatened. Banner actually left the podium and sat down because it became evident to her that she would not be allowed to; continually, violate the Council's reasonable rule of 3 minutes on topic public comment. Banner's intent was to use the public comment period to make personal and salacious attacks on the SJBP Parish President for an alleged ethics complaint which Banner actually initiated. Banner's actions in such a limited public forum were improper as off topic for the established public comment period.

The submitted videos show that other commentors did not violate the on topic rule. Mr. Matthews addressed the Council regarding Agenda Item J. He stated that he; generally, disagreed with the agenda item as, he believed, the SJBP district attorney should handle all matters related to ethics. Matthews comments were on topic and addressed Agenda Item J. Matthews did not engage in off topic personal allegations nor did he attempt to address personal ethics allegations not subject of Agenda Item J. Matthews stated his views on the subject, which were not impinged by any Defendant herein.

"Ms. Chrystal" is also shown in the video at the podium for public comment. She; generally and very briefly, addresses Agenda Item J; but chose to then address the council regarding a completely and separate unrelated topic. Defendant Wright reminded "Ms. Chrystal" that public comment was, at the time, for Agenda Item J only; but he further agreed, when requested by her, to meet "Ms. Chrystal" after the meeting to speak with her regarding her issue.

It is axiomatic that Ms. Banner, and all American Citizens, have First Amendment free speech rights. Such rights are paramount and integral to our free society. Further, those rights,

---

[18] Amended Complaint at Paragraph 72

while not absolute, allow citizens to express their views and speak freely, no matter how offensive or scandalous. Defendants recognize Plaintiff's rights to criticize them, to speak freely against them, and express any and all views as is Plaintiff's First Amendment Constitutional right. However, the law provides that Plaintiff's rights were properly and reasonably restricted to on topic speech in this particular limited public forum.

### B. Defendants Did Not Engage In Viewpoint Discrimination

The "test for viewpoint discrimination is whether— within the relevant subject category— the government has singled out a subset of messages for disfavor based on the views expressed. *Matal v. Tam*, 137 S. Ct. 1744 (2017). Ironically, Plaintiff contradicts her claims for viewpoint discrimination on the very face of her Complaints. Plaintiff does not allege that she was discriminated against simply due to her viewpoint regarding the subject matter of Agenda Item J or for opposition to engagement and payment of outside counsel with taxpayer dollars in ethics matters. Plaintiff extrapolates her argument to encompass her off topic comment as to personal allegations, attacks, and a specific ethics complaint against Hotard; a complaint which Plaintiff initiated.

In her Complaint, Plaintiff references the case of *Heaney vs. Roberts*, 846 F. Supp. 3d 600 (E.D. La. Dec. 2, 2015). As in the present case, the Plaintiff, Heaney, alleged that Jefferson Parish council member Roberts violated his First Amendment right of free speech when Heaney attempted to make public comment during a council meeting. However, the facts of *Heaney* are vastly different from the instant case otherwise. Heaney was forcibly removed from the council meeting during public comment at the direction of Roberts, a council member, to a law enforcement officer. In *Heaney*, this Court was also provided a link to the video/audio council

meeting subject of Heaney's complaint which showed Heaney being forcibly removed from the meeting when he refused to refrain from his comment.

The *Heaney* Court noted: "Viewpoint discrimination exists when the <u>specific motivating ideology or the opinion or perspective</u> of the speaker is the rationale for the restriction." [*Emphasis ours*] Citing *Rosenberger v. Rector & Visitors of the Univ. of Va.*, <u>515 U.S. 819, 829</u>, <u>115 S.Ct. 2510</u>, <u>132 L.Ed.2d 700</u> (1995) Paramount to the issue in the present case, the *Heaney* Court further noted:

> "<u>If Heaney were to have violated a reasonable restriction, such as a topic or time constraint, there would be no constitutional violation</u>. [*Emphasis ours*] *See Crawford–El v. Britton*, <u>523 U.S. 574, 593</u>, <u>118 S.Ct. 1584</u>, <u>140 L.Ed.2d 759</u> (1998) ; *Lowery v. Jefferson Cty. Bd. of Educ.*, <u>586 F.3d 427, 435</u> (6th Cir. 2009).

However, in *Heaney*, unlike the present case, the Court noted that it was clear that the Plaintiff was speaking on topic. *Heaney* is distinguishable from the instant case in that it is clear on the face of Banner's Complaints, as shown at paragraphs 59, 60, and 67, and supported by the introduced video, that Banner was not on topic of Agenda Item J. Banner was in violation of a reasonable restriction. Further, unlike the Plaintiff in *Heaney,* the introduced video in this case clearly shows that Banner was never threatened, silenced, nor removed from the meeting. Because Plaintiff was in violation of the reasonable on topic restriction, there is no constitutional violation.

Political subdivision governing bodies, like the SJBP Council, have a significant governmental interest in conducting meetings in an orderly and efficient manner. *See Fairchild,* 597 F.3d at 760 ("The Board has a strong and speech-neutral interest in setting an agenda and paths to Board hearings to avoid irrelevant topics or extended contentious debate."). Recognizing that strong interest, courts frequently uphold meeting conduct policies "routinely," finding "that the governing body may restrict speakers to the subject at hand, impose time limits on speakers, and prevent disruptions of the meeting." *Wenthold v. City of Farmers Branch, Texas,* 2012 WL 467325, *at* \*8 (N.D. Tex. Feb. 14, 2012.

In *Ison v. Madison Local Sch. Bd.,* 395 F. Supp. 3d 923, 929 (S.D. Ohio 2019), the court upheld a school board policy that prohibited public comment regarding statements that were "<u>personally directed</u>, abusive, off-topic, antagonistic, obscene, or irrelevant." [*Emphasis ours*] While the issue in *Ison* included the Court's rejection of an overbreadth challenge by the Plaintiff, the court found the policy was "narrowly tailored to serve these significant governmental interests" because it did not "prohibit all speech, but only that speech which interferes with the board conducting its meetings in a productive and efficient manner." *Id.*

The personally directed and off topic comments of Banner interfered with the SJBP Council's significant governmental interest in conducting its meeting in a productive and efficient manner. Defendant's contention is supported by the very video evidence incorporated by reference to the Plaintiff's Complaints. Banner's insistence on off topic comments which were specifically and exclusively related to her ethics complaint against the SJBP Parish President, and her personal attacks against Hotard, prompted and encouraged shouting and disruptive behavior from Perrilloux and some other speakers and audience members; all of which led to considerable disruption of the SJBP Council meeting.

The Fifth Circuit has held that a governmental body "certainly may stop" a speaker if his speech becomes irrelevant or repetitious." *Fairchild, Id*. Otherwise, to "permit repetitious questions and arguments not related to an agenda topic would be to deny the presiding officer the authority to regulate irrelevant debate ... at a public meeting ... would cause such meetings to drag on interminably, and deny others the opportunity to voice their opinions." *Rowe v. City of Cocoa, Fla.,* 358 F. 3d 800, 803 (11th Cir.2004). A city council meeting is not open for endless public commentary speech but instead is simply a limited platform to discuss the topic at hand." *Id.*

Plaintiff was not discriminated against based on viewpoint. Other public commentors expressed their viewpoint as to subject matter of SJBP Agenda Item J. Mr. Matthes particularly alleged that he believed the SJBP District Attorney should be the legal counsel in ethics matters. He remained on topic and his views on the subject matter were not prevented.

Conversely, Plaintiff chose to make personal allegations, attacks, and scandalous allegations against the SJBP Parish President in a limited public forum and off topic of the clearly stated Agenda Item J. Plaintiff did not express her viewpoint as to the subject matter of Agenda Item J. While Plaintiff has the absolute right to express said allegations otherwise at any other place and/or time, said right was limited by the reasonable restriction in a limited public forum that Plaintiff remain on topic.

In *Rosenberger v. Rector and Visitors of the University of Virginia*, 515 U.S. 819 (1995) the Court declared:

> "When the government targets not subject matter, but particular views, taken by speakers on a subject, the violation of the First Amendment is all the more blatant. Viewpoint discrimination is thus an egregious form of content discrimination. The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction."

Defendants did not, at any time during Plaintiff's comment, attempt to restrict Plaintiff from expressing her particular views, motivating ideology, opinion, or perspective regarding the subject matter of tax dollars used to pay private counsel in ethics matters. Plaintiff chose not to express her particular views on the subject. Instead, and as evidenced on face of her Complaints, Banner advised the SJBP Council that she intended to address her ethics complaint, and the specifics thereof, against SJBP Parish President, Jaclyn Hotard. Accordingly, Banner was not a victim of viewpoint discrimination and no violation occurred.

### C.    Lack of Subject Matter Jurisdiction

Given page restrictions set by Rule, and recognizing this Court needs no education from Defendants as to subject matter jurisdiction, Defendants respectfully show that it logically follows that the Granting of Defendant's 12(b)(6) Motion herein would preclude subject matter jurisdiction in this case. Absent a finding that Plaintiff has stated a cause of

action for violation of her free speech rights and viewpoint discrimination, this Court has no supplemental jurisdiction over Plaintiff's alleged state law statutory claim to void the affirmative vote of the SJBP Council on Agenda Item J the evening of November 28, 2023.

## VI.     CONCLUSION

Defendants did not violate Plaintiff's First Amendment Rights. Plaintiff was not threatened with arrest, prosecution, or imprisonment at any time while attending a limited public forum for her speech. Defendants did not discriminate against, nor prohibit, Plaintiff from public comment based on Plaintiff's viewpoint as Plaintiff refused to remain on topic. For all of the above and forging reasons, Defendants respectfully move this Honorable Court to GRANT their 12(b)(6) and )12)b)(1) Motions herein; dismissing Plaintiff's claims at her cost.

Respectfully submitted:

ACCARDO LAW FIRM, L.L.C.
325 Belle Terre Blvd., Suite A
LaPlace, Louisiana   70068
(985 359-4300     Fax: (985) 359-4303

_____
SAMUEL J. ACCARDO, JR. (#24007)
accardo@rtconline.com
Attorneys for Defendants:
 St. John The Baptist Parish, Councilman Michael Wright, and Parish President Jaclyn Hotard.