UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Notice of Supplemental Authority in Opposition to Motion to Dismiss**

In this case, officials of the St. John the Baptist Parish government threatened Plaintiff with prosecution if she did not stop making public comment about a particular topic during the public comment period of an open meeting. The law Defendants threatened Plaintiff with, however, had been long-declared unconstitutional. The copy of the law Defendants read from even said "unconstitutional" at the top. Plaintiff filed suit. Rec. Doc. 1.

On February 2, 2024, Defendants moved to dismiss, arguing that their threats did not violate the First Amendment. Rec. Doc. 9. Plaintiff filed an opposition. Rec. Doc. 11. Defendants elected not to file a reply brief, and the matter was submitted on March 6, 2024. Rec. Doc. 9-2.

On May 30, 2024, the United States Supreme Court issued an opinion in *National Rifle Association v. Vullo*, ___U.S.___ (2024).[1] In *NRA v. Vullo*, the Supreme Court "reaffirms" what it held in *Bantam Books, Inc. v. Sullivan*, 372 U. S. 58, 67 (1963): "that a government entity's 'threat of invoking legal sanctions and other means of coercion' against a third party 'to achieve the suppression' of disfavored speech violates the First Amendment." *NRA* at *1.

Specifically, the Supreme Court held that allegations of a government entity "threatening enforcement actions" to suppress speech was sufficient to allege a First Amendment violation. *Id.* And the Court made clear that the analysis does not turn only on the threatener's intent; it also incorporates how a reasonable person would interpret the threat. *Id.* at *12-14 (holding that the "threat need not be explicit", and assessing how it could be "reasonably understood").

---

[1] Available online at https://www.supremecourt.gov/opinions/23pdf/22-842_6kg7.pdf and attached as Exhibit A.

1

And the Supreme Court rejected an argument just like the one Defendants make here. In *NRA v. Vullo*, the Court rejected the argument that "'pursuing conceded violations of the Law' . . . is an 'obvious alternative explanation' for [defendant's] actions that defeats the plausibility of any coercive threat raising First Amendment concerns." *Id*. at 16. That is nearly identical to the argument made by Defendants here: that because "a government body may require speaker during public comment to remain on topic," their threat could not have violated the First Amendment. Rec. Doc. 9-1 at 10.

Notably, the Court held that even "the conceded illegality of the NRA-endorsed insurance programs does not insulate Vullo from First Amendment scrutiny under the *Bantam Books* framework." *Id*. at *17. Thus, even if Defendants were correct that they had an on-topic rule (which they do not) and Plaintiff violated it (which she did not), that would not end the First Amendment analysis.

Thus, *NRA v. Vullo* provides additional support for the conclusion that Defendants' motion to dismiss should be denied.

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Telephone: (504) 533-4521
Fax: (504) 414-6400
williammost@gmail.com
david.lanser@gmail.com