UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendants St. John the Baptist Parish, Michael Wright, and Jaclyn Hotard's (collectively "Defendants") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Pursuant to Fed. R. Civ. P. 12(b)(1)."[1] This litigation involves alleged violations of Plaintiff Joy Banner, Ph.D.'s ("Plaintiff") First Amendment right of freedom of speech during a St. John the Baptist Parish ("SJBP") Council meeting.[2] Defendants dispute the allegations made by Plaintiff and deny violating Plaintiff's First Amendment rights.[3] Defendants contend that if the Court dismisses Plaintiff's claim alleging violations of the First Amendment, then this Court would not have supplemental jurisdiction over Plaintiff's state law claim to void the affirmative vote of the St. John the Baptist Parish Council on November 28, 2023.[4] In opposition, Plaintiff argues that the Amended Complaint plausibly alleges viewpoint discrimination, First Amendment retaliation, and

---

[1] Rec. Doc. 9.

[2] *See generally* Rec. Doc. 1.

[3] *Id.*

[4] Rec. Doc. 9 at 16–17.

prior restraint.[5] Considering the motion, the opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On November 28, 2023, Plaintiff alleges that she was repeatedly interrupted while attempting to speak during the public comment portion of a St. John the Baptist Council meeting.[6] On the Council's agenda was Agenda Item J which read:

> J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as Special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute.[7]

Plaintiff contends that she filed the ethics charge regarding Parish President Jaclyn Hotard ("Hotard").[8]

During the Council meeting, Plaintiff approached the lectern and identified the two agenda items she intended to speak on "Executive Session items, The Descendants Project vs. St. John the Baptist Parish and St. John the Baptist Parish Council, and then also Agenda Item J, which is the authorization to obtain legal service with a law firm R. Gray Sexton as special counsel."[9] Plaintiff alleges that she was only allowed to speak for five seconds before she was interrupted by Defendant Hotard and then by Defendant Chairman Michael Wright ("Wright").[10] The Amended

---

[5] Rec. Doc. 11.

[6] Rec. Doc. 7.

[7] *Id.* at 5.

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.*

2

Complaint provides that Plaintiff then attempted to address the ethics violation on Hotard, and she was again interrupted.[11]

Plaintiff was told that her comments must be limited to agenda items.[12] The Amended Complaint alleges that Plaintiff "pointed out that she was on topic—the Board of Ethics was investigating Jaclyn Hotard, and Item J on the agenda was placed on the agenda by Hotard and called for authorization for outside legal counsel for Ms. Hotard for the ethics investigation."[13] Plaintiff alleges that she told the Council, "we as taxpayers should not be asked to pay for her lawyer."[14] "Your Parish President, our Parish President is currently under investigation for a Board of Ethics charge. How is that not relevant, because she signed off on an application for re-zoning of her mother-in-law's land and so now[,] we as tax payers are going to have to pay. . . ."[15]

Plaintiff alleges that Defendants Hotard and Wright argued that Plaintiff's comments were off topic.[16] The Amended Complaint states that Wright then recited Louisiana Revised Statute § 42:1141.4(L)(1) which provides:

> It shall be a misdemeanor, punishable by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both, for any member of the Board of Ethics, its executive secretary, other employee, or any other person, other than the person who is subject to the investigation or complaint, to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private

---

[11] *Id.* at 7.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 8.

[16] *Id.* at 6–7.

> investigation or private hearing of the Board of Ethics without the written request of the public servant or other person investigated.[17]

Allegedly Plaintiff was told by Wright to "stop this comment" and that Plaintiff was "in violation of state law."[18] Plaintiff refers to this statement by Wright as a "threat."[19] The Amended Complaint alleges that Louisiana Revised Statute § 42:1141.4(L)(1) recited by Wright was ruled unconstitutional nearly a decade earlier.[20]

On December 14, 2023, Plaintiff filed a Complaint against Defendants.[21] On January 4, 2024, Plaintiff filed an Amended Complaint alleging the following claims for relief: (1) violations of Plaintiff's First Amendment right to freedom of speech by way of viewpoint discrimination and threats of prosecution; (2) violations of rights of freedom of speech and petition guaranteed by Louisiana's Constitution; and (3) violations of Louisiana's open meetings law.[22]

On February 2, 2024, Defendants filed the instant Motion to Dismiss.[23] On February 23, 2024, Plaintiff filed an opposition to the motion.[24] On June 3, 2024, Plaintiff filed a supplemental memorandum in further opposition to the motion.[25]

---

[17] *Id.* at 8–9 (citing Louisiana Revised Statute § 42:1141.4(L)(1)).

[18] *Id.* at 16.

[19] *Id.* at 12.

[20] *Id.* at 10–11.

[21] Rec. Doc. 1.

[22] Rec. Doc. 7.

[23] Rec. Doc. 9.

[24] Rec. Doc. 11.

[25] Rec. Doc. 23.

## II. Parties' Arguments

*A.    Defendants' Arguments in Support of the Motion*

In support of their motion, Defendants submit a manual attachment containing a video of the council meeting on November 28, 2023, which they allege contradict Plaintiff's allegations.[26] Defendants deny threatening Plaintiff or any other person with "arrest or prosecution" under Louisiana Revised Statute § 42:1141.4(L)(1).[27] Defendants contend that Plaintiff's allegations are false, improper, and not supported by the video evidence.[28] Defendants contend that Wright did not oppose further comment from Plaintiff or any other commenter, nor was Plaintiff ever removed from the meeting, or told to "sit down" or "shut up."[29]

Defendants contend that Plaintiff's original Complaint and First Amended Complaint fail to state a plausible claim for relief that her First Amendment rights were violated or that she was discriminated against based on her views of the subject matter of Agenda Item J.[30] Defendants state that in limited public forums like comment periods at council meetings, city councils "may confine their meetings to specified subject matter" and are "not required to allow persons to engage in every type of speech."[31] Defendants contend that the video evidence shows that Wright was "simply making a good faith attempt to maintain order and stay on topic…"[32] Defendants assert

---

[26] Rec. Doc. 10; Rec. Doc. 9-1 at 5.

[27] Rec. Doc. 9-1 at 5.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 8.

[31] *Id.* at 9(citing *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759 (5th Cir. 2010)).

[32] *Id.* at 10.

that Plaintiff, nor any other person in attendance, was prevented from speaking or threatened in any manner.[33]

Defendants contend that comments made by Plaintiff during the meeting and included in the Amended Complaint show that Plaintiff was not on the topic of Agenda Item J, and that Agenda Item J did not address an ethics complaint against Hotard.[34] Defendants argue that the purpose of Agenda Item J was to address whether the Counsel should approve of outside legal counsel to be engaged by SJBP related to ethics laws "in general."[35] Defendants aver that Plaintiff's rights were "properly and reasonably restricted to on-topic speech in this particular limited public forum."[36]

Defendants argue that Plaintiff does not allege that she was discriminated against simply due to her viewpoint regarding the subject matter of Agenda Item J.[37] Defendants attempt to distinguish *Heaney vs. Roberts*,[38] cited in the Amended Complaint, from the instant matter in that Plaintiff was not forcibly removed from the meeting and was not speaking "on topic."[39]

Defendants argue that political subdivision governing bodies, like the SJBP Council, have a significant governmental interest in conducting meetings in an orderly and efficient manner.[40] Defendants contend that the personally directed and off-topic comments of Plaintiff interfered with

---

[33] *Id.*

[34] *Id.* at 11.

[35] *Id.* at 12.

[36] *Id.* at 13.

[37] *Id.*

[38] 846 F. Supp. 3d 600 (E.D. La. Dec. 2, 2015).

[39] Rec. Doc. 9-1 at 13–14.

[40] *Id.* at 14.

6

SJBP Council's significant governmental interest in conducting its meeting in a productive and efficient manner.[41] Defendants aver that Plaintiff did not express a viewpoint as to the subject matter of Agenda Item J, and Plaintiff chose not to express her particular views on the subject.[42]

Defendants argue that granting of their Rule 12(b)(6) motion would preclude supplemental subject matter jurisdiction over Plaintiff's state law statutory claim.[43]

### B. *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff argues that: (1) Defendants engaged in First Amendment retaliation when they threatened her with prosecution in response to her criticism of Hotard; (2) Defendants engaged in viewpoint discrimination when they threatened Plaintiff and curtailed her speech even though she was speaking on-topic; (3) even if Plaintiff was off-topic, Defendants engaged in viewpoint discrimination because they threatened only a person who criticized Hotard, not those who defended her; and (4) Defendants engaged in prior restraint when Hotard directed the Chairman to "stop this comment."[44]

Plaintiff argues that Defendants' motion should be denied because Defendants ask this Court to view the facts in the light most favorable to Defendants, which is the opposite of what the law requires.[45] Plaintiff contends that Agenda Item J states Hotard's name, lists the attorney and

---

[41] *Id.* at 15.

[42] *Id.* at 16.

[43] *Id.* at 16–17.

[44] Rec. Doc. 11 at 3.

[45] *Id.* at 6.

firm, and describes the purpose for retaining special counsel as related to the Board of Ethics.[46] Plaintiff disputes several factual assertions made by Defendants.[47]

Plaintiff argues that her comment was stopped because of her expressing a particular viewpoint.[48] Plaintiff contends that other speakers who were similarly off-topic but did not mention Hotard by name were not threatened with imprisonment.[49] Plaintiff contends that even if Agenda Item J was strictly limited to "ethics laws in general," the question of whether Ms. Hotard should retain counsel at the taxpayers' expense to defend against an ethics violation would be on-topic.[50]

Plaintiff argues that the motion should be denied because the Complaint alleges facts supporting both First Amendment retaliation and prior restraint.[51] Plaintiff contends that the motion should be denied because Defendants make no argument for dismissing Plaintiff's supplemental state law claims.[52] Plaintiff asserts that Defendants fail to cite to any authority supporting the dismissal of Plaintiff's state law claims.[53]

---

[46] *Id.*

[47] *Id.* at 7.

[48] *Id.* at 11.

[49] *Id.* at 12.

[50] *Id.* at 13.

[51] *Id.*

[52] *Id.* at 15.

[53] *Id.*

In Plaintiff's supplemental memorandum, Plaintiff cites to an opinion issued by the United States Supreme Court on May 30, 2024, in further support of her argument.[54] Plaintiff argues that in *National Rifle Association v. Vullo*,[55] the Supreme Court reaffirmed its holding in *Bantam Books, Inc. v. Sullivan*[56] that "a government entity's threat of invoking legal sanctions and other means of coercion against a third party 'to achieve the suppression' of disfavored speech violates the First Amendment."[57] Plaintiff contends that in *NRA v. Vullo*, the Supreme Court rejected an argument identical to Defendants' argument, and thus, this Court should deny Defendants' motion.[58]

### III. Legal Standard

A.   *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[59] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[60] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[61] "Factual allegations must be enough to raise a right to relief above the

---

[54] Rec. Doc. 23.

[55] No. 22-842, 2024 WL 2751216, at *10 (U.S. May 30, 2024).

[56] 372 U.S. 58, 67 (1963).

[57] Rec. Doc. 23 at 1.

[58] *Id.* at 2.

[59] Fed. R. Civ. P. 12(b)(6).

[60] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[61] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

speculative level."[62] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[63]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[64] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[65] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[66] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[67] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[68] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[69] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each

---

[62] *Twombly*, 550 U.S. at 555.

[63] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[64] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[65] *Iqbal*, 556 U.S. at 678–79.

[66] *Id.* at 679.

[67] *Id.* at 678.

[68] *Id.*

[69] *Id.*

element of the asserted claims.[70] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[71]

### B. *Supplemental Jurisdiction*

"While under § 1367(a) a district court properly exercises supplemental jurisdiction over state law claims that are part of the same case or controversy over which the district court has original jurisdiction, § 1367(c)(3) provides that a district court 'may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court had dismissed all claims over which it has original jurisdiction.' "[72] The court has wide discretion in determining whether to retain jurisdiction over state law claims when all federal claims are dismissed.[73] Generally, a district court should decline jurisdiction over state law claims when all federal claims are dismissed.[74] "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[75]

---

[70] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[71] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[72] *Noble v. White,* 996 F.2d 797, 799 (5th Cir. 1993).

[73] *Id.*

[74] *Certain Underwriters at Lloyd's, London v. Warrantech Corp,* 461 F.3d 568, 578 (5th Cir. 2006) (citing *Parker & Parsley Petroleum Co., v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir.1992)).

[75] *Id.* (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)).

## IV. Analysis

In support of their motion, Defendants reference a manual attachment[76] containing a video of the incident which occurred on November 28, 2023. Plaintiff also references the video in the Amended Complaint and in opposition to the instant motion.[77] District courts primarily consider the allegations in the complaint when deciding a Rule 12(b)(6) motion to dismiss. However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[78] Here, the Amended Complaint references the video, and the video is central to the claim because it is a video of the underlying events. A link to the video is also cited in the Amended Complaint, and the Amended Complaint states that the video is incorporated by reference.[79] Furthermore, neither party questions nor disputes the authenticity of the video. As such, the Court may properly consider the video under Rule 12(b)(6).

Defendants argue that the factual allegations contained in the Amended Complaint are "unfounded on their face"[80] and reference the video throughout the motion in support of their position. Defendants argue that "[t]he submitted video of the subject SJBP Council meeting and public comment clearly show that Defendant Wright was simply making a good faith attempt to maintain order and stay on topic…" and "[v]ideo and audio of the above exchanges shows that

---

[76] Rec. Doc. 10.

[77] Rec. Doc. 7 at 6; Rec. Doc. 11.

[78] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

[79] Rec. Doc. 7 at 6, n.3.

[80] Rec. Doc. 9-1 at 8.

Plaintiff, nor any other person in attendance was not prevented from speaking, was not threatened in any manner, was not asked to 'sit down' or leave the meeting, nor was Plaintiff or any other person removed from the meeting."[81] In opposition, Plaintiff argues that "the allegations of the complaint and video of the meeting both show that [Plaintiff] was speaking on-topic"[82] and "[t]he video shows that subsequent speakers also attempted to speak about Ms. Hotard's ethics violations while directly referencing Agenda Item J…" [83]

The Amended Complaint clearly alleges sufficient facts to support a claim for violation of the First Amendment, and the video recording of the meeting is not inconsistent with the facts alleged in the Amended Complaint. In terms of First Amendment analysis, a city or parish council meeting is a limited public forum.[84] In such a forum, a government may apply reasonable time, place, and manner restrictions to speech, so long as the restriction "does not discriminate against speech on the basis of viewpoint."[85] Viewpoint discrimination exists "when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction."[86] A viewpoint discrimination claim turns on the defendant's "motive or intent in silencing" the plaintiff, and the issue of whether the defendant acted with an improper motive is a question of fact that should be resolved by a jury.[87] Courts also look to several factors to determine whether a

---

[81] *Id.* at 10.

[82] Rec. Doc. 11 at 1.

[83] *Id.* at 7.

[84] *Fairchild*, 597 F.3d at 759.

[85] *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017).

[86] *Id.* (quoting *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995)).

[87] *Id.*

challenged communication is "reasonably understood" to be a coercive threat, including "(1) word choice and tone; (2) the existence of regulatory authority; (3) whether the speech was perceived as a threat; and, perhaps most important, (4) whether the speech refers to adverse consequences."[88]

The Amended Complaint alleges that Plaintiff was engaged in constitutionally protected activity when she spoke during public comment, and her comments were on-topic.[89] The Amended Complaint alleges that Chairman Wright engaged in viewpoint discrimination when he directly interfered with her speech by gaveling her to be quiet and saying "I have the floor" while Plaintiff attempted to speak on Agenda Item J.[90] The Amended Complaint alleges that Defendants engaged in viewpoint discrimination when Chairman Wright "threatened" Dr. Banner with prosecution when he read the text of Louisiana Revised Statute § 42:1141.4(L)(1).[91]

The parties have different interpretations of what took place on November 28, 2023. A reasonable factfinder could conclude that Plaintiff was attempting to make an "on-topic" comment regarding Agenda Item J, which read:

> J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as Special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute.[92]

A determination of whether Defendants had an improper motive in stopping Plaintiff's comments is a question of fact. In ruling on a motion to dismiss under Rule 12(b)(6), "[a]ll questions of fact

---

[88] *Vullo*, 2024 WL 2751216, at *10 (citing *Nat'l Rifle Ass'n of Am. v. Vullo*, 49 F. 4th 700, 715 (2022)).

[89] Rec. Doc. 1 at 14.

[90] *Id.*

[91] *Id.* at 15.

[92] *Id.* at 5.

14

and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor."[93] As stated above, "[o]n a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true."[94]

Plaintiff has pled facts upon which relief could be granted. Viewing the allegations in the Amended Complaint and the video recording of the meeting in the light most favorable to Plaintiff, a reasonable factfinder could find that Defendants acted with improper motive in stopping Plaintiff's comment, or that the communication is "reasonably understood" to be a coercive threat, which would be a violation of Plaintiff's First Amendment right to be free from viewpoint discrimination in a limited public forum.[95] The Supreme Court has held that where, as here, the complaint plausibly alleges coercive threats aimed at punishing or suppressing disfavored speech, the plaintiff states a First Amendment claim.[96]

Defendants' arguments are unavailing because at the Rule 12(b)(6) stage, Plaintiff's factual allegations are taken as true, and all questions of fact must be resolved in Plaintiff's favor. Defendants' arguments in support of dismissal are based on a rendition of facts that contradict the factual allegations in the Amended Complaint, allegations that the Court must accept as true at this juncture. As such, Defendants' motion must be denied.

---

[93] *Lewis*, 252 F.3d at 357.

[94] *Leatherman*, 507 U.S. at 164; *see also Tellabs*, 551 U.S. at 322–23.

[95] *See Heaney*, 846 F.3d at 802.

[96] *Vullo*, 2024 WL 2751216, at *18.

## V. Conclusion

For the foregoing reasons, the Court finds that, accepting the well-pled facts as true, Plaintiff has stated a claim upon which relief can be granted. Therefore, Defendants have not shown that dismissal of the First Amendment claim is warranted at this time. Consequently, this Court retains supplemental jurisdiction over Plaintiff's state law claims. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Pursuant to Fed. R. Civ. P. 12(b)(1)"[97] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  4th  day of June, 2024.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[97] Rec. Doc. 9.