UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | CIVIL ACTION NO. 23-cv-7296 |
| | * | |
| VERSUS | * | SECTION : G |
| | * | |
| MICHAEL WRIGHT, in his individual and personal capacities, JACLYN HOTARD, in her individual and personal capacities, and ST. JOHN THE BAPTIST PARISH | * * * | JUDGE: NANNETTE JOLIVETTE BROWN MAGISTRATE JUDGE: DIVISION 4 KAREN WELLS ROBY |

**DEFENDANT'S, MICHAEL WRIGHT, OBJECTIONS AND ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS,**

NOW INTO COURT comes Defendant, MICHAEL WRIGHT, in his individual and personal capacities, through undersigned counsel, who respectfully answers the Request for Admissions propounded by Petitioner, JOY BANNER, Ph.D., as follows.

GENERAL OBJECTIONS

1. By responding to these Request for Admissions, Defendant does not waive his rights to object to the use of the discovery responses at any time or on any ground in this or any other proceeding. In addition, discovery in this action is still proceeding and; therefore, Defendant reserves the right to amend any response in light of later discovered facts or evidence in support of his position at trial.

2. Defendant objects to these Request for Admissions to the extent they seek information that is neither relevant to the subject matter of the pending action nor appear reasonably calculated to lead to the discovery of admissible evidence.

3. By responding to these Request for Admissions, Defendant does not in any way adopt Plaintiff's purported definitions of words and phrases contained in Plaintiff's requests. Defendant objects to those definitions to the extent they are inconsistent with either (a) the definitions set forth by Defendants in its answers, or (b) the ordinary and customary meaning of such words and phrases. Similarly, Defendant objects to Plaintiff's purported definitions to the

extent they attempt to impose upon Defendants any obligations broader than, or inconsistent with, applicable discovery rules or common law.

4. Defendant objects to these Request for Admissions to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Any inadvertent disclosure of material protected by any such applicable privilege or discovery immunity is not intended to, and should not be construed to constitute, a waiver of such privilege or immunity.

5. Defendant objects to these Request for Admissions insofar as they seek discovery of any material that constitutes the mental impressions, conclusions, opinions or legal theories of Defendant s counsel.

6. Defendant objects to these Request for Admissions insofar as they seek discovery of opinions of law which are beyond the scope of permissible discovery.

7. Defendant does not hereby admit, adopt or acquiesce in any factual or legal contention, presumption, assertion or characterization contained in these Request for Admissions.

8. Defendant objects to these Request for Admissions to the extent they purport to impose obligations beyond those imposed by the Louisiana Rules of Civil Procedure and the Local Rules of this Court.

9. Defendant objects to these Request for Admissions to the extent they are unreasonably cumulative or duplicative, vague, ambiguous, overly broad, unduly burdensome, or do not specify the information sought with sufficient particularity.

10. Defendant objects to these Request for Admissions to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

11. Defendant submits these answers without conceding the relevancy or materiality of the subject matter of any Request for Admission, and without prejudice to Defendant s right to object to further discovery or to object to the admissibility of any answer at the time of hearing or trial.

12. Defendant reserves the right to amend or supplement these answers and objections.

13. These general objections are incorporated by reference into each specific answer made by Defendants to Plaintiff s Request for Admissions.

However, notwithstanding all of the above objections, and without waiving any and/or all of the above stated objections, and; further, subject to any and all of the above stated objections, Defendant answers as follows:

## ANSWERS TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

The attached transcript of the November 28, 2023 meeting is accurate, except for any portions identified in response to Interrogatory No. 6.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

DENIED.  Further DENIED as an impermissible compound request.

**REQUEST FOR ADMISSIONS NO. 2:**

The portion of La. R.S. 42:1141.4 which you read at the November 28, 2023 meeting included the phrase  punishable by a fine of not more than two thousand dollars or imprisonment for not more than one year.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

Admitted.

**REQUEST FOR ADMISSIONS NO. 3:**

The copy of La. R.S. 42:1141.4 from which you read at the November 28, 2023 meeting included a note that it was included in an Unconstitutional Statutes Biennial Report.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

Admitted

**REQUEST FOR ADMISSIONS NO. 4:**

The statute you read aloud at the November 28, 2023 Parish Council meeting was held unconstitutional by a federal court in 2014.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

Denied.

**REQUEST FOR ADMISSIONS NO. 5:**

At almost every Parish Council meeting, someone provides public comment that is off topic.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

Denied.

Defendant reserves the right to supplement and/or amend the above and foregoing and further, to add additional evidence should it become available, and will provide same to all parties and this Honorable Court in a timely fashion.

Respectfully submitted:

ACCARDO LAW FIRM, L.L.C.
325 Belle Terre Blvd., Suite A
LaPlace, Louisiana   70068
(985 359-4300     Fax: (985) 359-4303

_____
SAMUEL J. ACCARDO, JR. (#24007)
accardo@rtconline.com
Attorneys for Defendants:
 St. John The Baptist Parish, Councilman Michael Wright, and Parish President Jaclyn Hotard and St. John the Baptist Parish

**CERTIFICATE OF SERVICE**

I, hereby certify that I have served the above and foregoing documents by facsimile transmission, hand delivery, Certified Mail Return Receipt Requested, UPS/Federal Express, Electronic Mail, and/or by U.S. Mail, First Class, postage prepaid, properly addressed to all counsel of record on this **26th** day of **MARCH**, **2024**.

_____
SAMUEL J. ACCARDO, JR