UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOY BANNER, PH.D.**                                               **CIVIL ACTION**

**VERSUS**                                                          **NO. 23-7296**

**MICHAEL WRIGHT, individually and in official**                    **SECTION: "G"(4)**
**capacity, et al.**

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS, FOR CONTEMPT OF SUBPOENAS, AND TO COMPEL PRODUCTION OF VERIFICATION PAGES**

NOW INTO COURT, comes Plaintiff Joy Banner to file this memorandum in support of her motion seeking to compel compliance with deposition subpoenas, to hold Defendants in contempt for their failure to appear at subpoenaed depositions, and to compel production of verified answers to interrogatories.

This is a First Amendment case about how St. John the Baptist Parish Council Chair Michael Wright and Parish President Jaclyn Hotard threatened Dr. Banner with arrest under a long-held-unconstitutional statute during her public comment at a parish council meeting.[1] The case is set for a jury trial in January 2025.[2]

To move this case towards trial, Plaintiff began asking two and a half months ago for deposition dates for Defendant Wright, Defendant Hotard, and Jackie Landeche, an employee of Defendant St. John the Baptist Parish.

Plaintiff's counsel worked with Defendants' counsel Accardo to schedule the deposition for a mutually-agreeable date. Then counsel Ike Spears enrolled in the case. Plaintiff's counsel agreed to delay the depositions as a courtesy to Mr. Spears. Plaintiff's counsel worked with Mr. Accardo to pick a new date. Then Mr. Accardo withdrew as counsel, and Plaintiff's counsel agreed

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 29.

1

a second time to delay the depositions as a courtesy to Mr. Spears.

But Mr. Spears refused to provide any deposition dates until the first week of August – several months in the future – because this was "not the most pressing case on [his] docket."[3] Plaintiff's counsel offered to make accommodations to Mr. Spears' schedule, such as taking depositions over weekends or in the evening. When Mr. Spears still refused to provide any dates until several months in the future, Plaintiff's counsel noticed and subpoenaed the depositions for June 24, 2024.

Defendants declined to move to quash the subpoenas or seek a protective order. Instead, they chose not to show up to the noticed, subpoenaed depositions. As Mr. Spears put it, he would "simply just have [his] clients not show up despite the subpoena, and see if the judge would hold them in contempt."[4]

Defendants have also failed to provide verified interrogatory responses, despite seven requests by Plaintiff's counsel. Accordingly, Plaintiff moves to compel depositions and verification pages, and seeks sanctions for contempt of subpoena.

**I.     Statement of Facts and Procedural History**

Plaintiff Joy Banner filed this lawsuit on December 14, 2023, after Defendants threatened her with imprisonment for attempting to speak during public comment at a St. John the Baptist Parish Council meeting.[5] Defendants were initially represented by Samuel J. Accardo, Jr. of the Accardo Law Firm, who responded to the Complaint by filing a *Motion to Dismiss* on February 2, 2024,[6] which was denied.[7]

Plaintiff propounded written discovery on Defendants and received responses. Then, on

---

[3] Ex. B at 2.
[4] Ex. B at 2. (Emphasis added.)
[5] Rec. Doc. 1 ("Complaint"); see also Rec. Doc.7 ("First Amended Complaint").
[6] Rec. Doc. 9.
[7] Rec. Doc. 25.

April 12, 2024, Plaintiff's counsel reached out to Mr. Accardo to schedule depositions for Defendants Jaclyn Hotard and Michael Wright, and then also Parish employee Jackie Landeche.[8] Counsel worked together to set the depositions for May 20, 2024.[9]

On May 10, 2024, Mr. Spears moved to enroll as co-counsel for Jacklyn Hotard, St. John the Baptist Parish, and Michael Wright.[10] This filing was found deficient and Mr. Spears re-filed seeking to be enrolled as counsel just for Defendants Hotard and Wright, not St. John the Baptist Parish.[11] That motion was granted on May 14, 2024.[12] Mr. Accardo remained an attorney of record for all Defendants.

Mr. Spears suggested he was unavailable for the May 20 depositions. Plaintiff's counsel responded:

> I spoke to your assistant the other day, who said that you were booked through August. I don't know that we can wait that long, but if you can move things around to make some availability in May or early/mid June, that'd be fine. In the meantime, we'll keep May 20 on calendar for the eventuality that you aren't available until August, since your co-counsel is available that date.[13]

A few minutes later, Mr. Spears responded that "neither me nor my clients will appear on May 20th."[14] Plaintiff's counsel responded to point out that Mr. Spears was not yet enrolled, that the May 20 date was agreed-upon with Mr. Accardo, who *was* enrolled, and that Plaintiff's counsel was "happy to talk about alternative dates if they are offered."[15]

Mr. Spears responded that his next available date was July 29 – almost three months in the future.[16] Plaintiff's counsel agreed to withdraw the May 20 subpoenas as a courtesy, but urged Mr. Spears to find a more suitable date in May or June that would not slow down litigation, noting that

---

[8] Exhibit A at 2; Ex. K (Dec. of William Most) at ¶ 3.
[9] Ex. B at 6; Ex. K at ¶ 4.
[10] Rec. Doc. 14 (the filing was deficient and Mr. Spears re-filed to enroll on May 13, 2024. Rec. Doc.15).
[11] Rec. Doc. 15.
[12] Rec. Doc. 16.
[13] Ex. B at 4; Ex. K at ¶ 5.
[14] Ex. B at 4; Ex. K at ¶ 6.
[15] Ex. B. at 4.; Ex. K at ¶ 6.
[16] Ex. B at 3; Ex. K at ¶ 7.

he had co-counsel who could competently defend a deposition.[17]

On May 16, 2024, the parties held a meet and confer call about deposition dates. Mr. Spears Said that he would refuse any deposition date prior to July 29 because "this is not the most pressing case on [his] docket."[18] He also not would not allow his co-counsel, Mr. Accardo, to defend the depositions.[19] Plaintiff's counsel offered to conduct the depositions via Zoom if that was more convenient, but Mr. Spears refused.[20]

Mr. Spears further stated that, if Defendants were subpoenaed for a deposition before July 29, he "wouldn't file a motion to quash – [he] would simply just have [his] clients not show up despite the subpoena, and see if the judge would hold them in contempt."[21]

Plaintiff's counsel also offered to contact the magistrate judge to set up a status conference to resolve this issue, but Mr. Spears declined.[22]

Plaintiff's counsel then worked with Defendants' counsel Accardo to reschedule the depositions for June 4, 2024.[23]

On May 30, 2024, Defendants filed a motion seeking to withdraw Mr. Accardo as counsel, leaving Mr. Spears as the only remaining attorney of record.[24] Given the motion to withdraw, Plaintiff's counsel agreed to reschedule the June 4 depositions, the second time that Plaintiff's counsel extended the courtesy to accommodate Mr. Spears.[25] Plaintiff's counsel reiterated that "given the Court-ordered deadlines in this case, we are not willing to bring this case to a halt for the next few months just because your schedule is full" and urged Mr. Spears to seek co-counsel

---

[17] Ex. B at 2-3; Ex. K at ¶ 7.
[18] Ex. B at 2; Ex. K at ¶ 8.
[19] Ex. K at ¶ 8; see also Ex. B at 2.
[20] Ex. K at ¶ 8; see also Ex. B at 2.
[21] Ex. B at 2 (emphasis added); Ex. K at ¶ 9.
[22] Ex. K at ¶ 10; see also Ex. B at 2.
[23] See Ex. C at 2; Ex. K at ¶ 11.
[24] Rec. Docs. 17, 18.
[25] Ex. D at 2; Ex. K at ¶ 12.

4

if he did not have the capacity to properly defend his clients.[26]

Plaintiff's counsel further offered to accommodate Mr. Spears by conducting a deposition on a weekend or evening where he would not have conflicts.[27] Plaintiff's counsel asked that proposed dates for the depositions be proposed by June 7.[28] Further, Plaintiff's counsel also requested that Mr. Spears provide verification pages for discovery responses by June 7, as required under Federal Rule of Civil Procedure 33(b)(3).[29]

Mr. Spears did not respond by June 7, so Plaintiff's counsel again contacted him requesting deposition dates and the verification pages.[30] Mr. Spears responded only stating that he had no available dates in June, but did not offer alternative dates or address the lack of verification pages.[31]

On June 7, Plaintiff's counsel responded to reiterate the following:

   a. Plaintiff had been requesting deposition dates for two months;

   b. Properly scheduled and agreed-upon deposition dates had been twice-postponed out of a professional courtesy;

   c. A trial has already been set in six months, which provided some urgency to the need to conduct depositions; and

   d. Again noting that Plaintiff was willing to accommodate Mr. Spears in whatever way was practicable, including Zoom depositions and being available and nights or weekends.[32]

In that correspondence, Plaintiff's counsel also served Mr. Spears with subpoenas for Ms. Hotard, Mr. Wright, and Ms. Landeche's June 24 depositions.[33] Mr. Spears responded on June 8, stating that subpoenas could be sent to his office, but that he refused to participate in the June 24 depositions.[34]

---

[26] Ex. D at 3; Ex. K at ¶ 12.
[27] Ex. D at 3; Ex. K at ¶ 13.
[28] *Id*.
[29] *Id*.
[30] Ex. D at 2.
[31] Ex. D at 2.
[32] Ex. D at 1-2.
[33] Ex. D at 1-2, Exs. E, F, G, H. Ex. K at ¶ 14.
[34] Ex. D at 1. Ex. K at ¶ 14.

On June 10, Plaintiff's counsel again requested that Mr. Spears provided verification pages for discovery.[35] Mr. Spears responded that he did not have copies of the discovery responses, as they were handled by Mr. Accardo.[36] Plaintiff's counsel provided copies of the responses and made a fourth request for verification.[37] On June 20, after not receiving any response, Plaintiff's counsel made a fifth request and further reminded him that there were depositions scheduled for June 24, which could provide an opportunity to present the verifications.[38] Mr. Spears did not respond.[39]

Because no motion to quash was ever filed, Plaintiff's counsel appeared at the properly noticed time for the depositions of Ms. Hotard, Mr. Wright, and Ms. Landeche.[40] Plaintiff's counsel went on the record at the scheduled time in front of certified court reporter Debbie Brooks.[41] At approximately 9:08 a.m., Plaintiff's counsel emailed and called Mr. Spears to remind him of the deposition and again provide a Zoom link.[42] Mr. Spears answered the phone call on the record, stating again that his clients would not appear.[43]

At no point did any Defendant file a motion to quash the subpoenas or move for a protective order.[44]

On June 24, 2024, Plaintiff's counsel sent a meet and confer email to Mr. Spears, asking him for deposition dates in the next two weeks to avoid a motion to compel.[45] Mr. Spears did not provide any such dates.[46]

On June 25, 2024, Plaintiff's counsel attempted a telephonic meet-and-confer with Mr.

---

[35] Ex. I at 2; Ex. K at ¶ 15.
[36] *Id*.
[37] Ex. I at 1; Ex. K at ¶ 15.
[38] *Id*.
[39] Ex. K at ¶ 15.
[40] Ex. K. at ¶ 17.
[41] *Id*.
[42] *Id*.
[43] *Id*.
[44] *Id*. at ¶ 18.
[45] Ex. M; Ex. K at ¶ 19.
[46] Ex. K at ¶ 19.

6

Spears in an attempt to avoid this motion to compel. Mr. Spears did not respond.[47]

Despite his professed multi-month-long unavailability to defend any depositions, Mr. Spears has been propounding discovery to Plaintiff.[48] He propounded a set of written discovery to Plaintiff three days before he failed to show up to the depositions.[49]

## II.     Law and Analysis

**A.    The Court should grant the motion to compel attendance at deposition and grant sanctions for contempt of subpoena.**

Federal Rule of Civil Procedure 30(a)(1) allows a party, without leave of court, to "depose any person, including a party." *See Augustine v. La. ex rel. Dep't of Pub. Safety & Corr.*, No. 10-171, 2011 WL 3420645, at *1 (M.D. La. Aug. 4, 2011) ("a person having knowledge of facts sought by the moving party is subject to examination")

Pursuant to Fed. R. Civ. P. 37(d)(1)(A), the court where an action is pending may, on motion, order sanctions if a "party . . . fails, after being served with proper notice, to appear for [his/her] deposition." Fed. R. Civ. P. 37(d)(1)(A). Rule 37(d)(3) sets forth the types of sanctions a court may impose. Such sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

In addition to those sanctions, the Court must also require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

---

[47] Ex. K at ¶ 20.
[48] Ex. J.
[49] Ex. J.

Regarding a non-party, per Federal Rule of Civil Procedure 45(g) a noticing party "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." And although "the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Notes of Advisory Committee on Rule 45, *citing Waste Conversion, Inc. v. Rollins Environmental Services (NJ), Inc*., 893 F.2d 605 (3d Cir., 1990); *Fisher v. Marubent Cotton Corp*., 526 F.2d 1338, 1340 (8th Cir., 1975). Cf. *Young v. United States ex rel Vuitton et Fils S.A*., 481 U.S. 787, 821 (1987) (Scalia, J., concurring).

So powerful is the subpoena, that a "non-party might be guilty of contempt for refusing to obey a subpoena even though the subpoena manifestly overreaches the appropriate limits of the subpoena power." *Id.*, *citing Walker v. City of Birmingham*, 388 U.S. 307 (1967).

When a non-party is properly served with a subpoena for a deposition, the non-party is required to either object to the subpoena or attend the deposition. *Tranchant v. Environmental Monitoring Serv., Inc*., No. 00-2196, 2001 WL 1160864, at *2 (E.D. La. Oct. 2, 2001) (Shushan, M.J.). "If the non-party does neither, the non-party may be held in contempt." *Id*.

A party may seek to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. Proc. 45(g). Before seeking a motion to compel, the movant must confer in good faith. FRCP 37(a)(1).

Here, parties had agreed to two deposition dates prior to Mr. Accardo withdrawing form the case, each of which was postponed as a professional courtesy to Mr. Spears. Plaintiff's counsel attempted to work with Mr. Spears to find a suitable alternative date for the depositions that would be practicable considering the court-ordered schedule for this litigation. Despite offering accommodations such as conducting the depositions via Zoom or on nights and weekends to work around any conflicts, Mr. Spears refused to engage with Plaintiff's counsel on finding a suitable

8

date.

As a result, Plaintiff's counsel subpoenaed Ms. Hotard, Mr. Wright, and Ms. Landeche to appear at deposition and those subpoenas were accepted by Mr. Spears. Mr. Spears stated to Plaintiff's counsel that he would instruct the deponents not to appear. Plaintiff's counsel pointed out that the proper mechanism would be to motion to squash the subpoenas, but Mr. Spears specifically stated that he would not follow that process, and "see if the judge would hold them in contempt."[50] Mr. Spears and the deponents ultimately did not appear for the properly noticed depositions, thus leaving Plaintiff no option but to seek an order compelling attendance and sanctions.

Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should only not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Failure to comply with a subpoena can result in attorneys fees being levied against the non-complying party. *Singh v. Wackenhut Corporation,* 07-cv-00173, Rec. Doc.49 at *8 (M.D. La., Apr. 8, 2008) (non-appearing party "should be required to pay the reasonable costs and attorney's fees associated with defense counsel's preparation for, travel to and from, and attendance of her deposition as well as the costs and fees associated with the filing of the present motion."); *Francois v. Blandford*, 10-cv-01330, Rec. Doc.140 (E.D. La. March 7, 2012) (witness failing to comply with deposition subpoena ordered to pay issuing party's "expenses and attorney's fees.")

---

[50] Ex. B at 2. (Emphasis added.)

Here, none of the three exceptions apply. Plaintiff's counsel took substantial efforts to accommodate Mr. Spears' schedule, but he refused to meaningfully participate in the process. Mr. Spears did not offer any excuse beyond having a busy schedule and choosing to prioritize other cases over this one.[51] He also refused to employ co-counsel (and, indeed, motioned to withdraw co-counsel from the matter) to cover the depositions. And despite his professed unavailability to defend discovery, Mr. Spears has been propounding discovery to Plaintiff.[52]

Furthermore, Defendant's counsel's conduct was literally contemptuous of subpoena power. Mr. Spears acknowledged that he understood that the burden would be on a Defendant to move to quash or seek a protective order, but scoffed at the idea that a court might hold Defendants accountable for failing to appear at a subpoenaed deposition.[53] No other circumstances make an award of fees unjust. The motion should be granted.

**B.     This Court should grant the motion to compel verified answers to interrogatories, because Defendants have not provided them despite seven requests.**

Under Rule 33, "interrogatories must be answered by the party to whom they are directed." Fed. R. Civ. Proc. 33(b)(1)(A). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id*. at 33(b)(3). Further, Rule 33(b)(5) requires that "[t]he person who makes the answers must sign them." *Id*. at 33(b)(5). "Courts have construed the Rule 33 signing requirement rigidly." *Lackey v. SDT Waste & Debris Servs*., 2013 U.S. Dist. LEXIS 152291, *16 (E.D. La., Sept. 20, 2013), citing *Entergy Louisiana, Inc. v. National Union Fire Insurance Co*., No. 98-219, 1999 U.S. Dist. LEXIS 5989, 1999 WL 239511, at *2 (E.D. La. Apr. 21, 1999) (finding that under Rule 33(b)(5), the party, and not the party's attorney, must sign Interrogatories); *Swank v. Scottsdale Insurance Co*., 2011 U.S. Dist. LEXIS

---

[51] Ex. B at 2 ("not the most pressing case on [his] docket").
[52] Ex. J.
[53] Ex. B at 2. (Mr. Spears said he "wouldn't file a motion to quash – [he] would simply just have [his] clients not show up despite the subpoena, and see if the judge would hold them in contempt.")

35514, 2011 WL 1044625, at *3 (W.D. La. Mar. 21, 2011) (same).

Here, Defendants responded to interrogatories, mostly without objections.[54] They were not, however, signed by the defendants or signed under oath.[55]

Plaintiff's counsel made seven requests to Defendants' counsel for verification pages – on May 31, June 7, June 10, June 17, June 20 (two times, by phone and in writing), and June 24.[56] Defendant's counsel said he would "address" it in the future but has not yet provided any verification pages.[57] The motion to compel should be granted.

**C.    If this Court grants the motion, it should award reasonable attorney's fees.**

Reasonable attorney's fees are calculated using the "lodestar" method.[58] Under this method, "the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers."[59]

If this Court grants Plaintiff's request for attorneys fees and costs for this motion and the deposition, it should award $3,230 plus costs. Attached to this Motion as Exhibit K is a verified copy of the contemporaneous billing records for this case which include the dates, amount of time billed, and a description of the services performed. That sums to:

| Attorney | Hours Spent | Reasonable Hourly Rate | Total |
|---|---|---|---|
| William Most | 7.5 | $350 | $2,625 |
| David Lanser | 20.3 | $275 | $605 |
| | | **Total:** | $3,230 |

This time does not include the hours spent meeting and conferring with Defendants' counsel prior to the June 24, 2024 depositions. s

---

[54] *See* Ex. L (no non-general objections to interrogatories).
[55] *See id*.
[56] Ex. K at ¶ 18.
[57] Ex. M.
[58] *Rutherford v. Harris Cty., Tex*. 197 F.3d 173, 192 (5th Cir. 1999).
[59] *Migis v. Pearle Vision, Inc*., 135 F.3d 1041, 1047 (5th Cir. 1998) (*citing Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).

11

The requested hourly rates are reasonable. Mr. Most is an attorney with thirteen years' experience. His full hourly rate is $350 per hour, and courts have awarded him fees at that rate.[60] His hourly rate is well within the range that courts in this district have found reasonable for an attorney with his experience.[61] Last year this Court awarded him fees at $275 per hour,[62] which would be $289 per hour adjusted for inflation.

David Lanser an attorney with seven years' experience. His full hourly rate is $275 per hour. That hourly rate is well within the range that courts in this district have found reasonable for an attorney with his experience.[63] Last year this Court awarded him fees at $225 per hour,[64] which would be $236 per hour adjusted for inflation.

---

[60] *See Williams v. D'Argent*, 20-cv-01501-JPM, Rec. Doc.208 (W.D. La. March 7, 2024) (awarding Mr. Most reasonable attorneys fees at a rate of $350 per hour); *see also Ivy v. Tran,* 20-cv-1475, Rec. Doc. 44 (E.D. La., April 15, 2021) (awarding William Most attorneys fees at $275 per hour [$314 in 2022 dollars]); *Green v. White*, 19-cv-607, Rec. Doc.80 (W.D. La., Oct. 19, 2020) (awarding William Most attorneys fees with no reduction at $275 per hour).

[61] *See Gelter v. Bayou Pain and Spine, LLC,* 2022-14964 (22nd JDC, Jan. 2, 2023) (awarding attorneys fees to thirteenth-year attorney Casey Denson at $350 per hour); *Bd. of Su2pervisors of La. State Univ. v. Smack Apparel Co*., 2009 U.S. Dist. LEXIS 27652 (E.D. La. April 2, 2009) (finding that $325 [$422 in 2022 dollars] was a reasonable hourly rate for an attorney with 10 years' relevant experience); *Cajun Services Unlimited LLC v. Benton Energy Service Company*, 17-cv-00491, Rec. Doc. 309 (E.D. La., Jan. 23, 2020) ($350 per hour [$400 in 2022 dollars] reasonable for attorney with 11 years of experience); *EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 [$353 in 2022 dollars] for an attorney with 10 years of experience); *Jones v. New Orleans Regional Physician Hospital Organization*, Civil Action No. 17-8817, 2019 WL 6770029 at *2 (E.D. La., Dec. 12, 2019) ($300 per hour [$348 in 2022 dollars] for a 10-year lawyer); *Cox v. Precision Surveillance Org*., Civ. A. No. 13-6600, 2014 U.S. Dist. LEXIS 61956, 2014 WL 1785350, at *1 (E.D. La. May 5, 2014) (awarding fees for an hourly rate of $275 [$363 in 2024 dollars] for an attorney with ten years of experience).

[62] *Grant v. Gusman*, 17-cv-02797-NJB, Rec. Doc. 269 (E.D. La. Jan. 19, 2023) (awarding William Most attorneys fees at $275 per hour).

[63] *EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $275 per hour [$362 per hour in 2024 dollars] for an attorney with 7 years of experience as well as collecting cases showing hourly rates of $275 for seven years of experience); *Castellanos v. Saints & Santos Construction, LLC*, 16-cv-02501, Rec. Doc.197 (Lemelle, J.) (E.D. La. March 25th, 2019) ($250 per hour [$340 in 2024 dollars] for two attorney with 7 years experience).
[64] *Grant v. Gusman*, 17-cv-02797-NJB, Rec. Doc. 269 (E.D. La. Jan. 19, 2023).

Affidavits supporting Most & Associates' rates can be found in the record of *Grant v. Gusman*, 17-cv-02797, Rec. Doc. 261-9 to 261-15 (E.D. La., Nov. 21, 2022). In that matter, New Orleans attorneys Mary Howell, Bill Quigley, Casey Denson, John Adcock, Kerry Murphy, Luz Molina, and Tarak Anada each opined that "the hourly rates sought by the attorneys in this case are within the range of what would be considered to be reasonable market rates for attorneys practicing in New Orleans, with comparable experience, skill and ability." The motion should be granted.

**D.      Plaintiff has made a good-faith effort to obtain relief without court action.**

Fed. R. Civ. Proc. 37 requires that before seeking court intervention, a party must in good faith confer or attempted to confer with the person or party failing to make disclosure or discovery.

Here, Plaintiff has made extensive efforts to confer. Plaintiff's counsel has had dozens of phone calls and emails with two different lawyers for Defendants. For the verification pages alone, Plaintiff's counsel made seven independent requests that Defendants verify their interrogatory responses. Plaintiff's counsel has made the required Fed. R. Civ. Proc. 37 certification.[65]

"Discovery is not a game of cat and mouse, of continual pursuit and near capture by one party and endless escape by the other. It is intended to be a self-executing, extrajudicial exercise that depends upon the parties' careful attention to and compliance with the rules." *King v. Dillon Transp., Inc.*, CV411-028 (S.D. Ga., Feb. 22, 2012). That has not occurred here. Plaintiff's motion should be granted.

**III.     Conclusion**

For these reasons, Plaintiff respectfully requests that this Court grant her Motion and asks this Court to:

1.      Order that Ms. Hotard, Mr. Wright, and Ms. Landeche appear for a deposition within two weeks of this Order, at a date that Plaintiff selects;

---

[65] Ex. K at ¶ 21.

2. Order Defendants to pay the costs and reasonable attorneys fees incurred by the preparation of this motion to compel and preparation for and attendance at the June 24, 2024 depositions;

3. Issue the admonition that a court gave to a non-appearing deponent in *McCoy v. SC Tiger Manor, LLC*, 19-cv-723-JWD-SDJ, Rec. Doc.156 (M.D. La., Apr. 8, 2021): "let the Court be absolutely clear here, that if [the non-appearing party] fails to comply with all instructions of this Court regarding the rescheduling of [his] deposition, including attending and participating in that deposition once scheduled, [he] will be in violation of this Order of the Court, and sanctions will be imposed, which can include finding [him] in contempt of Court and/or [dispositive sanctions]."

    Respectfully submitted,

    /s/ *William Most*
    William Most, La. Bar No. 36914
    David Lanser, La. Bar No. 37764
    MOST & ASSOCIATES
    201 St. Charles Ave., Ste. 2500, #9685
    New Orleans, LA 70170
    Telephone: (504) 509-5023
    Fax: (504) 414-6400
    williammost@gmail.com