UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOY BANNER, PH.D.**                                                           **CIVIL ACTION**

**VERSUS**                                                                            **NO. 23-7296**

**MICHAEL WRIGHT, individually and in official**           **SECTION: "G"(4)**
**capacity, et al.**

### Declaration of William Most

I have personal knowledge of the matters stated in this declaration and could competently testify to the same if called upon to do so.

1. My name is William Most. I am an attorney based in New Orleans, LA. I represent Plaintiff in the above-captioned case.

2. I make this declaration based on personal knowledge and am able to testify about matters set forth in this Declaration.

3. On April 12, 2024, I reached out to Mr. Accardo to schedule depositions for Defendants Jaclyn Hotard and Michael Wright on April 12, 2024.

4. We worked together to set the depositions for May 20, 2024.

5. Mr. Spears suggested he was unavailable for the May 20 depositions. I responded: "I spoke to your assistant the other day, who said that you were booked through August. I don't know that we can wait that long, but if you can move things around to make some availability in May or early/mid June, that'd be fine. In the meantime, we'll keep May 20 on calendar for the eventuality that you aren't available until August, since your co-counsel is available that date."[1]

6. A few minutes later, Mr. Spears responded that "neither me nor my clients will appear on May 20th."[2] I responded to point out that Mr. Spears was not yet enrolled, that the May

---

[1] Ex. B at 4.
[2] Ex. B at 4.

1

20 date was agreed-upon with Mr. Accardo, who *was* enrolled, and that I was "happy to talk about alternative dates if they are offered."[3]

7. Mr. Spears responded that his next available date was July 29 – almost three months in the future.[4] I agreed to withdraw the May 20 subpoenas as a courtesy, but urged Mr. Spears to find a more suitable date in May or June that would not slow down litigation, noting that he had co-counsel who could competently defend a deposition.[5]

8. On May 16, 2024, the parties held a meet and confer call about deposition dates. Mr. Spears said that he would refuse any deposition date prior to July 29 because "this is not the most pressing case on [his] docket."[6] He also not would not allow his co-counsel, Mr. Accardo, to defend the depositions.[7] I offered to conduct the depositions via Zoom if that was more convenient, but Mr. Spears refused.[8]

9. Mr. Spears further stated that, if Defendants were subpoenaed for a deposition before July 29, he "wouldn't file a motion to quash – [he] would simply just have [his] clients not show up despite the subpoena, and see if the judge would hold them in contempt."[9]

10. I offered to contact the magistrate judge to set up a status conference to resolve this issue, but Mr. Spears declined.[10]

11. I then worked with Defendants' counsel Accardo to reschedule the depositions for June 4, 2024.[11]

12. On May 30, 2024, Defendants filed a motion seeking to withdraw Mr. Accardo as counsel, leaving Mr. Spears as the only remaining attorney of record.[12] Given the motion to

---

[3] Ex. B. at 4.
[4] Ex. B at 3.
[5] Ex. B at 2-3.
[6] Ex. B at 2.
[7] Ex. B at 2.
[8] Ex. B at 2.
[9] Ex. B at 2.
[10] Ex. B at 2.
[11] See Ex. C at 2.
[12] Rec. Docs. 17, 18.

withdraw, I agreed to reschedule the June 4 depositions, the second time that I extended the courtesy to accommodate Mr. Spears.[13] I reiterated that "given the Court-ordered deadlines in this case, we are not willing to bring this case to a halt for the next few months just because your schedule is full" and urged Mr. Spears to seek co-counsel if he did not have the capacity to properly defend his clients.[14]

        13.     I further offered to accommodate Mr. Spears by conducting a deposition on a weekend or evening where he would not have conflicts.[15] I asked that proposed dates for the depositions be proposed by June 7.[16] Further, I also requested that Mr. Spears provide verification pages for discovery responses by June 7, as required under Federal Rule of Civil Procedure 33(b)(3).[17]

        14.     I served Mr. Spears with subpoenas for Ms. Hotard, Mr. Wright, and Ms. Landeche's June 24 depositions.[18] Mr. Spears responded on June 8, stating that subpoenas could be sent to his office, but that he refused to participate in the June 24 depositions.[19]

        15.     On June 10, I again requested that Mr. Spears provided verification pages for discovery.[20] Mr. Spears responded that he did not have copies of the discovery responses, as they were handled by Mr. Accardo.[21] I provided copies of the responses and made a fourth request for verification.[22] On June 20, after not receiving any response, I made a fifth request and further reminded him that there were depositions scheduled for June 24, which could provide an opportunity to present the verifications.[23] Mr. Spears did not respond.

---

[13] Ex. D at 2.
[14] Ex. D at 3.
[15] Ex. D at 3.
[16] Ex. D at 3.
[17] Ex. D at 3.
[18] Ex. D at 1-2, Exs. E, F, G, H.
[19] Ex. D at 1.
[20] Ex. I at 2.
[21] Ex. I at 2.
[22] Ex. I at 1.
[23] Ex. I at 1.

16. On June 21, despite having said that he did not have time or capacity to participate in discovery before July 19, Mr. Spears propounded discovery on Plaintiff Joy Banner.[24]

17. Because no motion to quash was ever filed, I appeared at the properly noticed time for the depositions of Ms. Hotard, Mr. Wright, and Ms. Landeche. I went on the record at the scheduled time in front of certified court reporter Debbie Brooks. At approximately 9:08 a.m., I emailed and called Mr. Spears to remind him of the deposition and again provide a Zoom link. Mr. Spears answered the phone call on the record, stating again that his clients would not appear.

18. At no point did any Defendant file a motion to quash the subpoenas or move for a protective order. Plaintiff's counsel made seven requests to Defendants' counsel for verification pages – on May 31, June 7, June 10, June 17, June 20 (two times, by phone and in writing), and June 24

19. On June 24, 2024, Plaintiff's counsel sent a meet and confer email to Mr. Spears, asking him for deposition dates in the next two weeks to avoid a motion to compel.[25] Mr. Spears did not provide any such dates.

20. On June 25, 2024, Plaintiff's counsel attempted a telephonic meet-and-confer with Mr. Spears in an attempt to avoid this motion to compel. Mr. Spears did not respond.

21. I certify that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

22. The following are contemporaneous records of the time spent on this motion and the depositions:

---

[24] Ex. J.
[25] Ex. M.

4

| Date | Entry | Time |
|---|---|---|
|  | *William Most* |  |
| 6/25/2024 | Legal research regarding verified answers, standard on motion to compel and reasonable attorneys fees | .5 |
| 6/25/2024 | Prepare memorandum in support of motion to compel; prepare affidavit in support; exhibits; motion, and notice of submission | 1.6 |
| 6/24/2024 | Prepare for and conduct *proces verbal* of no-show deponents; email and call to Ike Spears; call with DL about motion to compel | .9 |
| 6/23/2024 | Legal research about First Amendment standards; review Motion to dismiss; review documents, video, and discovery responses; prepare depo plans and exhibits for Wright, Hotard, and Landeche | 4.5 |
|  | *David Lanser* |  |
| 6/25/2024 | Drafting motion to contempt following review of record, correspondence | 2.2 |
|  |  |  |

23.    I verify that the exhibits to this motion are true and accurate copies of the documents they reflect.

I swear under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*/s/ William Most*_____
WILLIAM MOST (La. Bar No. 36914)
201 St. Charles Ave., Ste. 2500 #9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

*Attorney for Plaintiffs*