UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | CIVIL ACTION NO. 23-cv-7296 |
| | * | |
| VERSUS | * | SECTION : G |
| | * | |
| MICHAEL WRIGHT, in his individual and personal capacities, JACLYN HOTARD, in her individual and personal capacities, and ST. JOHN THE BAPTIST PARISH | * | JUDGE: NANNETTE JOLIVETTE BROWN |
| | * | |
| | * | MAGISTRATE JUDGE: DIVISION 4 |
| | * | |
| | | KAREN WELLS ROBY |

**DEFENDANT'S, MICHAEL WRIGHT, OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW INTO COURT comes Defendant, MICHAEL WRIGHT, in his individual and personal capacities, through undersigned counsel, who respectfully answers the Interrogatories and Requests for Production of Documents propounded by Petitioner, JOY BANNER, Ph.D., as follows.

GENERAL OBJECTIONS

1. By responding to these Interrogatories and Requests for Production of Documents, Defendant does not waive his rights to object to the use of the discovery responses at any time or on any ground in this or any other proceeding. In addition, discovery in this action is still proceeding and; therefore, Defendant reserves the right to amend any response in light of later discovered facts or evidence in support of his position at trial.

2. Defendant objects to these Interrogatories and Requests for Production of Documents to the extent they seek information that is neither relevant to the subject matter of the pending action nor appear reasonably calculated to lead to the discovery of admissible evidence.

3. By responding to these Interrogatories and Requests for Production of Documents, Defendant does not in any way adopt Plaintiff's purported definitions of words and phrases contained in Plaintiff's requests. Defendant objects to those definitions to the extent they are inconsistent with either (a) the definitions set forth by Defendants in its answers, or (b) the ordinary and customary meaning of such words and phrases. Similarly, Defendant objects to Plaintiff's purported definitions to the extent they attempt to impose upon Defendants any obligations broader than, or inconsistent with, applicable discovery rules or common law.

4. Defendant objects to these Interrogatories and Requests for Production of Documents to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Any inadvertent disclosure of material protected by any such applicable privilege or discovery immunity is not intended to, and should not be construed to constitute, a waiver of such privilege or immunity.

5. Defendant objects to these Interrogatories and Requests for Production of Documents insofar as they seek discovery of any material that constitutes the mental impressions, conclusions, opinions or legal theories of Defendant's counsel.

6. Defendant objects to these Interrogatories and Requests for Production of Documents insofar as they seek discovery of opinions of law which are beyond the scope of permissible discovery.

7. Defendant does not hereby admit, adopt or acquiesce in any factual or legal contention, presumption, assertion or characterization contained in these Interrogatories and Requests for Production of Documents.

8. Defendant objects to these Interrogatories and Requests for Production of Documents to the extent they purport to impose obligations beyond those imposed by the

Louisiana Rules of Civil Procedure and the Local Rules of this Court.

9. Defendant objects to these Interrogatories and Requests for Production of Documents to the extent they are unreasonably cumulative or duplicative, vague, ambiguous, overly broad, unduly burdensome, or do not specify the information sought with sufficient particularity.

10. Defendant objects to these Interrogatories and Requests for Production of Documents to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

11. Defendant submits these answers without conceding the relevancy or materiality of the subject matter of any Request for Admission, and without prejudice to Defendant's right to object to further discovery or to object to the admissibility of any answer at the time of hearing or trial.

12. Defendant reserves the right to amend or supplement these answers and objections.

13. These general objections are incorporated by reference into each specific answer made by Defendants to Plaintiff's Interrogatories and Requests for Production of Documents.

However, notwithstanding all of the above objections, and without waiving any and/or all of the above stated objections, and; further, subject to any and all of the above stated objections, Defendant answers as follows:

## ANSWERS TO INTERROGATORIES

**INTERROGATORY No. 1:**

Describe how you learned of the existence of the statute you read aloud on November 28, 2023, including the identities of any and all individuals who informed you of the statute.

**RESPONSE TO INTERROGATORY NO. 1:**

I was advised of the existence of the referenced statute by St. John The Baptist Parish ADA Keith Green.

**INTERROGATORY No. 2:**

Identify and all individuals who instructed you to read aloud or describe the statute on November 28, 2023.

**RESPONSE TO INTERROGATORY NO. 2:**

I was not instructed by any person to read aloud the subject statute.

**INTERROGATORY No. 3:**

Identify who printed out the copy of the statute you read aloud on November 28, 2023.

**RESPONSE TO INTERROGATORY NO. 3:**

I have no personal knowledge who printed out the copy of the subject statute I read aloud.

**INTERROGATORY No. 4:**

Identify who provided you with the copy of the statute from which you read at the November 28, 2023 meeting.

**RESPONSE TO INTERROGATORY NO. 4:**

I do not recall who actually provided the physical copy of the statute to me.

**INTERROGATORY No. 5:**

Identify any and all individuals who highlighted or made other notations on the copy of the statute from which you read at the November 28, 2023 meeting.

**RESPONSE TO INTERROGATORY NO. 5:**

I have no personal knowledge of that information.

**INTERROGATORY No. 6:**

If you dispute any portion of the attached transcript, identify the portion and what you believe is inaccurate.

**RESPONSE TO INTERROGATORY NO. 6:**

I do not know what this question is referring to as I do not have any attached transcript nor does this question refer to any specifically described transcript nor what the alleged transcript is supposed to be of.

**INTERROGATORY No. 7:**

Identify any times other than November 28, 2023 that you have read a criminal statute aloud during a member of the public's comment.

**RESPONSE TO INTERROGATORY NO. 7:**

I do not recall any other such time, but I may have done so in past meetings. I just don't recall any specific occasion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All native versions of the La. R.S. document you read from at the November 28, 2023 meeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

I do not know what this request is asking for. I have attached a copy of the statute I referenced.

**REQUEST FOR PRODUCTION NO. 2:**

All public comment rules maintained by the St. John the Baptist Parish Council.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See attached minutes of the May 27, 1993 regular session meeting of the SJBP Council

**REQUEST FOR PRODUCTION NO. 3:**

All correspondence, including emails and text messages, with any member of the St. John the Baptist Parish Council regarding Joy Banner and/or the Descendants Project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

I don't have any such emails or text messages at hand. I will continue to attempt to retrieve the history of my devices and will provide any such communications, if they exist, upon determination.

**REQUEST FOR PRODUCTION NO. 4:**

All correspondence, including emails and text messages, with Jacylyn Hotard regarding Joy Banner and/or the Descendants Project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

I don't have any such emails or text messages at hand. I will continue to attempt to retrieve the history of my devices and will provide any such communications, if they exist, upon determination.

**REQUEST FOR PRODUCTION NO. 5:**

All correspondence, including emails and text messages, with President Hotard on November 28 and 29, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

I don't have any such emails or text messages at hand. I will continue to attempt to retrieve the history of my devices and will provide any such communications, if they exist, upon determination.

**REQUEST FOR PRODUCTION NO. 6:**

All correspondence containing the keywords "42:1141" or "42:1141.4"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

I don't have any such emails or text messages at hand. I will continue to attempt to retrieve the history of my devices and will provide any such communications, if they exist, upon determination.

Defendant reserves the right to supplement and/or amend the above and foregoing and further, to add additional evidence should it become available, and will provide same to all parties and this Honorable Court in a timely fashion.

Respectfully submitted:

ACCARDO LAW FIRM, L.L.C.
325 Belle Terre Blvd., Suite A
LaPlace, Louisiana 70068
(985 359-4300    Fax: (985) 359-4303

_____
SAMUEL J. ACCARDO, JR. (#24007)
accardo@rtconline.com
Attorneys for Defendants:
 St. John The Baptist Parish, Councilman Michael Wright, and Parish President Jaclyn Hotard and St. John the Baptist Parish

### CERTIFICATE OF SERVICE

I, hereby certify that I have served the above and foregoing documents by facsimile transmission, hand delivery, Certified Mail Return Receipt Requested, UPS/Federal Express, Electronic Mail, and/or by U.S. Mail, First Class, postage prepaid, properly addressed to all counsel of record on this **26**th day of **MARCH**, **2024**.

_____
SAMUEL J. ACCARDO, JR