UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOY BANNER, PH.D.**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                         **NO. 23-7296**

**MICHAEL WRIGHT, individually and in official**         **SECTION: "G"(4)**
**capacity, et al.**

**REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS, FOR CONTEMPT OF SUBPOENAS, AND TO COMPEL PRODUCTION OF VERIFICATION PAGES**

In this case, Plaintiff began seeking deposition dates for Defendants in April 2024. Two times Plaintiff scheduled them on dates convenient to Defendants' counsel. Two times Plaintiff took those depositions off calendar as a courtesy to Defendants' counsel Ike Spears.

But then, Mr. Spears would not provide any deposition dates until several months in the future. Given the upcoming January 2025 trial date and given the range of lawyers available to Defendants, Plaintiff was unwilling to wait for several months to continue discovery just because of Mr. Spears' personal schedule. Plaintiff subpoenaed Defendants' depositions. Defendants did not show up. See Ex. A (*Proces Verbal*). Nor did they file a motion to quash or for a motion for a protective order. Accordingly, Plaintiff moved to compel and for contempt of subpoena.

Defendants filed an opposition brief. Rec. Doc. 34. The premise of Defendants' opposition is that if one lawyer says he or she is not available for several months, all discovery in the case must cease and that lawyer's clients can simply ignore any deposition subpoenas rather than ask one of their other lawyers to defend the deposition.

Defendants do not cite any authority for that proposition.

Nor do Defendants provide any authority rebutting the basic premise that a subpoena cannot be ignored without "almost certain" contempt. *See Cypress Prop. v. Jallad*, 2023 U.S. Dist. LEXIS 64230, *6 (E.D. Tex., March 2, 2023), *citing MetroPCS v. Thomas*, 327 F.R.D. 600, 608

1

(N.D. Tex. June 12, 2018) ("When a non-party to a lawsuit ... is served with an overly broad subpoena duces tecum, ... the non-party has four procedural options. First, it may ignore the subpoena. This is the worst option, almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived." (emphasis added)). *See also Burdine v. Johnson*, 262 F.3d 336, 366 (5th Cir. 2001), *citing UAW v. Nat'l Labor Relations Bd*., 459 F.2d 1329, 1339 (D.C. Cir. 1972) ("the adverse inference rule plays a vital role in protecting the integrity of the administrative process in cases where a subpoena is ignored").

In fact, Defendants do not cite to any authority at all anywhere in their brief. Nor do they provide a date by which they will provide the seven-times-requested verification pages.

The motion should be granted.

                    Respectfully submitted,

                    /s/ *William Most*
                    William Most, La. Bar No. 36914
                    David Lanser, La. Bar No. 37764
                    MOST & ASSOCIATES
                    201 St. Charles Ave., Ste. 2500, #9685
                    New Orleans, LA 70170
                    Telephone: (504) 509-5023
                    Fax: (504) 414-6400
                    williammost@gmail.com