UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, PH.D** | **CIVIL ACTION** |
| **VERSUS** | **NO:   23-7296** |
| **MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH** | **SECTION: "G" (4)** |

**ORDER**

Before the Court is a **Motion to Compel (R. Doc. 30)** filed by the Plaintiff seeking to compel Defendants to provide deposition dates, hold Defendants in contempt for their failure to appear at a subpoenaed deposition, and compel production of the verification pages of Defendants' Interrogatory Responses. The Motion is opposed. R. Doc. 34. The Motion was heard on July 10, 2024.

I.    **Introduction**

A.  **Factual Background**

This litigation arises from alleged First Amendment violations. R. Doc. 1. Plaintiff Dr. Joy Banner ("Plaintiff") alleges that the St. John Parish Council held a public council meeting on November 28, 2023, with two agenda items that concerned Plaintiff. *Id.* at 5. First, the Council was scheduled to discuss a dispute between The Descendants Project and St. John the Baptist Parish and St. John the Baptist Parish Counsel", which concerned Plaintiff as she is one of the founders and leaders of The Descendants Project. *Id.* Second, the council was scheduled to discuss an ordinance granting a rezoning application that would rezone property adjacent to Plaintiff's home from residential to industrial, which Plaintiff opposes. *Id.* at 4.

Plaintiff alleges that Chairman Michael Wright cited the language of La. R.S. 42:1141.4(L)(1) when he threatened to arrest her for attempting to make a public comment at this

council meeting and asserts that this statute was held unconstitutional as applied in *King v. Caldwell ex rel. Louisiana*, 21 F.Supp.3d 651 (E.D. La. 2014).

Plaintiff filed suit on December 14, 2023, asserting that Defendants' conduct violated the First Amendment, rights of free speech and petition under the Louisiana Constitution, and Louisiana's Open Meetings Law. R. Doc. 1 at 12-18. In their Complaint, Plaintiff raised claims against Defendant Parish President Jaclyn Hotard, Defendant Chairman Michael Wright, and Defendant St. John the Baptist Parish (collectively, "Defendants"). *Id.* at 1-2.

In response, Defendants filed a Motion to Dismiss that was denied on June 5, 2024. *See* R. Doc. 25. On June 28, 2024, Defendants filed an Answer to Plaintiff's Original and Amended Complaint denying Plaintiff's allegations and asserting that Defendants' action were reasonable, justified, and legally permissible under the circumstances. *See* R. Doc. 31. *See also* R. Doc. 32.

**B.  Subject Motion**

Plaintiff filed the subject Motion on June 25, 2024, seeking to compel Defendants to provide deposition dates, hold Defendants in contempt for their failure to appear at a subpoenaed deposition, and compel production of the verification pages of Defendants' Interrogatory Responses. R. Doc. 30 at 1.

Plaintiff's counsel asserts that they began asking defense counsel for deposition dates in April 2024. R. Doc. 30 at 1. Plaintiff's counsel asserts that they reached out to Defendants' prior counsel on April 12, 2024, to schedule depositions for Defendants Jaclyn Hotard and Michael Wright, along with Parish employee Jackie Landeche. R. Doc. 30-1 at 3. Plaintiff's counsel asserts that they reached an agreement to set the depositions for May 20, 2024. *Id.* Plaintiff's counsel asserts that they agreed to delay these depositions twice as a courtesy when Defendants' prior counsel withdrew and new counsel enrolled in May 2024. R. Doc. 30 at 1.

2

Plaintiff's counsel asserts that defense counsel subsequently refused to provide any deposition dates until the first week of August because this was "not the most pressing case on [his] docket." R. Doc. 30 at 2. Plaintiffs allege that defense counsel asserted that he "wouldn't file a motion to quash – [he] would simply just have [his] clients not show up despite the subpoena, and see if the judge would hold them in contempt." R. Doc. 30-1 at 4. Plaintiff's counsel asserts that they offered to make accommodations, such as taking depositions over zoom, weekends, or evenings. *Id*. Plaintiff's counsel asserts that when defense counsel still refused to provide any deposition dates prior to August, Plaintiff's counsel noticed and subpoenaed the depositions for June 24, 2024. *Id*. This notice of deposition was submitted on June 4, 2024. *See* R. Doc. 30-9.

Plaintiff alleges that although Defendants had failed to file a Motion to Quash or seek a Protective Order, neither defense counsel nor the Defendants attending the noticed, subpoenaed deposition on June 24, 2024. R. Doc. 30 at 2. Plaintiff's counsel asserts that despite defense counsel's multi-month unavailability to defend any depositions, defense counsel has been propounding discovery of Plaintiff. R. Doc. 30-1 at 7. Accordingly, Plaintiff requests that the Court compel Defendants to provide deposition dates and award sanctions for contempt of subpoena. R. Doc. 30 at 2. Finally, Plaintiff requests that the Court compel Defendants to provide verification pages for Defendants' Interrogatory responses, which have been requested by Plaintiff's counsel seven (7) times to date. R. Doc. 30-1 at 11.

Defendants oppose the Motion and allege that Plaintiff's counsel refused to accept the deposition dates offered by defense counsel and has attempted to unilaterally select deposition dates that defense counsel is unavailable for. R. Doc. 34 at 2. Defendants assert that their former counsel withdrew in May 2024 and their current counsel was substituted as counsel of record on May 30, 2024. R. Doc. 21. Defendants assert that defense counsel was unavailable for the entirety

of June. *Id.* Defendants further assert that defense counsel was unavailable in July due to multiple state court trials and a previously scheduled multi-day convention out of town. *Id.* at 2-3. Defense counsel asserts that they informed Plaintiff's counsel of these conflicts multiple times verbally and in writing, and yet Plaintiff's counsel unilaterally selected and noticed a deposition for June 24, 2024. *Id.* Defendants also point out that Plaintiff's counsel has refused to accept deposition dates for defendants Jaclyn Hotard, Michael Wright, and Jackie Landeche for the week of July 29, 2024, but agreed to reschedule the deposition of witness Darla Gaudet to a date "sometime in August." *Id.* at 3.

Defendants assert that an admonition or award of attorneys' fees is inappropriate because of defense counsel's repeated email and telephone communications with Plaintiff's counsel in an attempt to resolve this issue. R. Doc. 34 at 3. Defense counsel further asserts that the conduct of Plaintiff's counsel in this matter is "extremely frustrating and unprofessional[.]" *Id.* at 2. Finally, Defendants assert that Plaintiff's counsel has already been informed that defense counsel will provide verification pages for his clients and asserts that these discovery responses were submitted by the previous counsel prior to current counsel's enrollment. *Id*. at 3

## II.   Standard of Review

A party who wishes to depose a person by oral questions must give reasonable written notice to every other party. FED. R. CIV. P. 30(b)(1). The Federal Rules of Civil Procedure provide that the Court may order sanctions if "a party or a party's officer, director, or managing agent -- or a person designated under Rule 30(b)(6) or 31(a)(4) -- fails, after being served with proper notice, to appear for that person's deposition[.]" FED. R. CIV. P. 37(d)(1)(A)(i). Rule 37 further provides that such a failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule

4

26(c)." FED. R. CIV. P. 37(d)(2). Regarding subpoenas to non-parties, the Federal Rules of Civil Procedure provides that a noticing party may be held in contempt when a person was served with the subpoena fails to obey without adequate excuse. FED. R. CIV. P. 45(g).

Rule 37 provides that the Court may refer to the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), or "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). The sanctions listed in Rule 37(b)(2)(A)(i)-(vi) are as follows: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; or (vi) rendering a default judgment against the disobedient party. However, Rule 37 is clear that the Court cannot order such payment if the movant filed the motion before attempting to resolve the dispute in good faith, the opposing party's failure to appear was substantially justified, or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5).

Additionally, a Motion to Compel under Rule 37(a) must allege that the responding party has failed to properly cooperate with discovery and "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1).

### III. <u>Analysis</u>

In this case, Plaintiff requests that the Court (1) compel Defendant Jaclyn Hotard, Defendant Michael Wright, and non-party Parish employee Jackie Landeche to appear for a deposition within two weeks of the Court's Order on a date of Plaintiff's choosing; (2) compel Defendants to provide verification pages for Defendants' Interrogatory responses; (3) order Defendants to pay Plaintiff's costs incurred in raising the subject Motion and preparing/attending the June 24, 2024 deposition; and (4) issue the admonition that failure to appear for the rescheduled deposition will be a violation of the Court's Order and grounds for contempt/sanctions, as provided by the Court in *McCoy v. SC Tiger Manor, LLC*, No. 19-723, R. Doc. 156 (M.D. La. Apr. 8, 2021). R. Doc. 30-1 at 11-14.

#### A. Deposition Dates

As stated above, Plaintiff requests that the Court compel Defendant Jaclyn Hotard, Defendant Michael Wright, and non-party Parish employee Jackie Landeche to appear for a deposition within two weeks of the Court's Order on a date of Plaintiff's choosing. R. Doc. 30-1 at 13. In support, Plaintiff's counsel asserts that they have been seeking deposition dates since April and have already delayed the depositions twice as a curtesy to defense counsel. *Id.* at 4-5. Plaintiff's counsel further asserts that defense counsel refused to provide deposition dates prior to the first week of August or accept their offer to make accommodations for defense counsel's schedule, such as taking depositions over zoom, weekends, or evenings. *Id*.

Defendants oppose the Motion and allege that Plaintiff's counsel refused to accept defense counsel's offer to schedule the depositions for the week of July 29, 2024, and has attempted to unilaterally select deposition dates that defense counsel is unavailable for. R. Doc. 34 at 2.

Defendants assert that defense counsel was unavailable for the entirety of June and communicated this conflict to Plaintiff's counsel from the beginning of his involvement in May 2024. *Id.* at 2-3.

At the hearing on this matter, counsel reached an agreement to hold the depositions of Defendant Jaclyn Hotard, Defendant Michael Wright, and non-party Parish employee Jackie Landeche between August 5-7, 2024. Specifically, counsel agreed to be available to conduct the depositions all day on August 5, 2024, and beginning at 1:00pm on August 6-7, 2024. Therefore, the Court grants Plaintiff's request to compel deposition dates to the extent that the parties shall conduct the depositions of Defendant Jaclyn Hotard, Defendant Michael Wright, and non-party Parish employee Jackie Landeche between August 5-7, 2024, as agreed by counsel.

### B. Verification Pages

Plaintiff requests that the Court compel Defendants to provide verification pages for their Interrogatory Responses. R. Doc. 30. In support, Plaintiff's counsel asserts that they made seven (7) requests for Defendants' verification pages, on May 31, June 7, June 10, June 17, June 20 (in both phone and writing), and June 24, 2024. R. Doc. 30-1 at 11.

In response, Defendants assert that Plaintiff's counsel has already been informed that defense counsel will provide the verification pages and that the delay was due to complications in communicating with Defendants' prior counsel prior who filed the Interrogatory responses at issue. R. Doc. 34 at 3

At the hearing on this matter, Plaintiff's counsel asserted that defense counsel had provided verification pages for Defendants Jaclyn Hotard and Michael Wright, in their individual capacities, at 7:00pm the evening before the hearing. Therefore, Plaintiff's counsel requested that the Court compel Defendants to produce a verification page for St. John the Baptist Parish's Interrogatory

responses. Defense counsel asserted that the verification pages for Defendants Jaclyn Hotard and Michael Wright, along with verification by him as counsel on behalf of the Parish, was sufficient.

The Court finds that the verification pages for Defendants Jaclyn Hotard and Michael Wright and verification by defense counsel are insufficient to verify St. John the Baptist Parish's Interrogatory responses. Rule 33 is clear that "[t]he person who makes the answers must sign them." FED. R. CIV. P. 33(b)(5). Therefore, the Court grants Plaintiff's request to compel production of a verification page for St. John the Baptist Parish's Interrogatory responses.

### C. Contempt

Plaintiff requests that the Court award sanctions and issue an admonition for contempt of the subpoenaed deposition. R. Doc. 30 at 2. Plaintiff further asserts that an award of attorneys' fees is appropriate pursuant to Rule 37, since Defendants did not provide any of the requested verification pages until after the subject Motion was filed. R. Doc. 30-1 at 9. Plaintiff alleges that Defendants failure to appear for the noticed and subpoenaed the depositions on June 24 constitutes civil contempt, since Defendants had failed to file a Motion to Quash or seek a Protective Order. *Id*. Therefore, Plaintiff requests that the Court award Plaintiff's attorneys' fees incurred in raising the subject Motion along with preparing for and attending the June 24 deposition. *Id.* at 14. Plaintiff further requests that the Court issue an admonition that failure to appear for the rescheduled deposition will be a violation of the Court's Order and grounds for contempt/sanctions, as provided by the Court in *McCoy v. SC Tiger Manor, LLC*, No. 19-723, R. Doc. 156 (M.D. La. Apr. 8, 2021). *Id.*

Defendants oppose Plaintiff's request and assert that an admonition or award of attorneys' fees is inappropriate because of defense counsel repeatedly communicated with Plaintiff's counsel in an attempt to resolve this issue. R. Doc. 34 at 3.

Federal jurisprudence is clear that the Court may order sanctions for a party's failure to appear for a noticed, subpoenaed deposition. FED. R. CIV. P. 37(d)(1)(A)(i). However, upon review of counsel's correspondence, the Court finds that defense counsel clearly communicated to Plaintiff's counsel from the beginning of their involvement in May 2024 that they were not available to conduct the depositions at issue until the week of July 29, 2024. *See* R. Doc. 39-5. Plaintiff's counsel argued that this was an unacceptable delay considering the Court's Order requiring Plaintiff's counsel to file their expert reports as soon as possible with a deadline of September 30, 2024. *See* R. Doc. 13 at 3. Plaintiff's counsel went ahead and scheduled the deposition for Plaintiff's preferred week, knowing that defense counsel was not available. Thereby, Plaintiff's counsel tactically used the rules to facially suggest contempt. Furthermore, the discovery deadline in this matter is not until November 18, 2024, so the Court is not persuaded that urgency was a valid basis for refusing defense counsel's offer to schedule the depositions for the week of July 29, 2024. *Id.* at 4.

Therefore, the Court declines to award attorneys' fees or find Defendants in civil contempt. However, the Court cautions defense counsel that the Court may award attorneys' fees if this issue arises again.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel (R. Doc. 30)** is **GRANTED IN PART and DENIED IN PART.**

**IT IS GRANTED** to the extent that Plaintiff's request to compel Defendants to provide deposition dates and a verification page for St. John the Baptist Parish's Interrogatory Responses is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants must provide a verification page for St. John the Baptist Parish's Interrogatory Responses **within fourteen (14) days of the signing of this Order.**

**IT IS FURTHER ORDERED** that the depositions of Defendant Jaclyn Hotard, Defendant Michael Wright, and non-party Parish employee Jackie Landeche shall be conducted within the following dates: **the full day of August 5, 2024; beginning at 1:00pm on August 6, 2024; and beginning at 1:00pm on August 7, 2024.**

**IT IS DENIED** to the extent that Plaintiff's request to find the Defendants in civil contempt, request to admonish, and request for attorneys' fees are **DENIED.**

New Orleans, Louisiana, this 11th day of July 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**