UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY BANNER, Ph.D.                                            CIVIL ACTION

VERSUS                                                       NO. 23-7296

MICHAEL WRIGHT, individually and in official                 SECTION: "G"(4)
capacity, et al.

**Memorandum in Support of Plaintiff's Motion in Limine Regarding "Advice of Counsel"**

This case involves "alleged violations of Plaintiff Joy Banner, Ph.D.'s ('Plaintiff') First Amendment right of freedom of speech during a St. John the Baptist Parish ('SJBP') Council meeting."[1] Those violations include Parish Council Chair Michael Wright and Parish President Jaclyn Hotard stopping Dr. Banner from speaking during public comment and threatening her with criminal sanctions based on the content of her speech. This Court, however, had previously ruled the law they cited unconstitutional. The piece of paper in Wright's hand even said "Unconstitutional" at the top.[2]

At deposition, Defendants Michael Wright and Jaclyn Hotard gave testimony suggesting an advice-of-counsel defense. But advice of counsel is an affirmative defense.[3] As such, advice of counsel "must be asserted in an answer under Fed. R. Civ. P. 8(c), or it is waived."[4] Because Defendants did not assert an advice of counsel defense in their answer,[5] it is waived – and therefore should be excluded from trial. Furthermore, any amendment by Defendants to raise an advice of counsel defense now would be futile, given that Defendants' testimony does not meet the elements of that defense. Accordingly, this Court should grant this motion in limine.

---

[1] Rec. Doc. 25 (Order Denying Motion to Dismiss) at 1.
[2] Wright admitted that the paper "included a note that it was included in an Unconstitutional Statutes Biennial Report." Rec. Doc. 26-4 at RFA No. 2.
[3] *U.S. v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) ("advice of counsel is an affirmative defense"), *quoting U.S. v. White*, 281 U.S. App. D.C. 39, 887 F.2d 267, 270 (D.C. Cir. 1989); *Ward v. Succession of Freeman*, 854 F.2d 780, 787 (5th Cir. 1988) ("the affirmative defense of reliance on the advice of counsel.").
[4] *Bd. of Supervisors of LSU v. Apparel*, 2005 U.S. Dist. LEXIS 54703, *5 (E.D. La. Mar. 21, 2005).
[5] Rec. Doc. 32 (Answer).

A.       **Legal Standard for Motions in Limine**

In general, the term "in limine" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[6] A ruling on evidence in limine "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[7] "[It] also may save the parties time, effort and cost in preparing and presenting their cases."[8] "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials."[9]

B.       **The Court should exclude any evidence or argument pertaining to an "advice of counsel" defense, as that affirmative defense was not raised in Defendants' Answer.**

Reliance on "advice of counsel does not serve as an absolute defense to a civil rights action."[10] It can be, however, "among the calculus of facts that a jury is to consider on the issue of good faith."[11] Courts have determined that advice of counsel is an affirmative defense.[12] As such, advice of counsel "must be asserted in an answer under Fed. R. Civ. P. 8(c), or it is waived."[13]

In their answer, Defendants raised four generic affirmative defenses, none of which was advice of counsel.[14] Nor did they raise any "good faith" defense.[15] But at deposition, Defendants

---

[6] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

[7] *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).

[8] *Id*.

[9] *Luce*, 469 U.S. at 41 n. 4.

[10] *Crowe v. Lucas*, 595 F.2d 985, 992 (5th Cir. 1979).

[11] *Id.*

[12] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002), *quoting United States v. White*, 281 U.S. App. D.C. 39, 887 F.2d 267, 270 (D.C. Cir. 1989). *See also Ward v. Succession of Freeman*, 854 F.2d 780, 787 (5th Cir. 1988) ("the affirmative defense of reliance on the advice of counsel."); *Waste Mgmt. of La., L.L.C. v. Jefferson Par.,* No. 13-226, 2014 U.S. Dist. LEXIS 83665, at *2 (E.D. La. June 19, 2014) ("the Parish has raised the affirmative defense of good faith reliance on the advice of counsel").

[13] *Bd. of Supervisors of LSU & A&M Coll. v. Apparel*, No. 04-1593, 2005 U.S. Dist. LEXIS 54703, at *5 (E.D. La. Mar. 21, 2005)

[14] Rec. Doc. 32 at 13-14.

[15] *Id.* Courts will sometimes construe a "good faith" defense to implicitly include advice of counsel. See, e.g., *Bd. of Supervisors of LSU & A&M Coll., supra.* But Defendants did not plead a good faith defense.

repeatedly gave testimony suggesting an advice-of-counsel defense. For example, Defendant Wright testified that:

- "Yes, based on legal counsel's advice, I made the decision to read."[16]

- "I did not. I followed advice of legal counsel."[17]

- "I did not, following advice of legal counsel."[18]

Similarly, Defendant Hotard talked about the "advisement of the District Attorney's Office"[19] and being "advised by the Ethics Board."[20]

Given that Defendants did not raise an advice-of-counsel defense in their answer, or even a related "good faith" defense, they should be barred from offering evidence or argument at trial regarding such a defense.

**C.      The Court should deny any request to amend the Answer to add an "advice of counsel" defense, as that would be futile.**

The elements of an advice-of-counsel defense are that:

(1) the advice was sought and received before taking the alleged action;

(2) the defendant sought the advice of a professional in good faith;

(3) with the purpose of determining whether the conduct was lawful;

(4) the professional was apprised of all material facts which the defendant knew; and

(5) the defendant acted strictly in accordance with the advice of the professional.[21]

Here, any amendment of Defendants' answer to add an advice-of-counsel defense would be futile, because they do not meet all of the elements above.

---

[16] Ex. A at 12:11-12

[17] *Id*. at 53:5-6

[18] *Id*. at 53:18-19

[19] Ex. B at 14:10-11.

[20] *Id*. at 63:2-5.

[21] *United States v. Akula*, No. 21-98, 2023 U.S. Dist. LEXIS 178728, at *3-4 (E.D. La. Oct. 4, 2023), *citing United States v. Hagen*, 542 F. Supp. 3d 515, 518 (N.D. Tex. 2021)

For example, Defendant Wright testified that Assistant District Attorney Keith Green (who advises the Parish Council) advised him to read the unconstitutional criminal statute aloud.[22] But Wright admitted that Green advised him to read the statute "to constrain what the Council members would say" – and <u>not</u> what a member of the public would say.[23] Wright admitted that Green did not advise him to read the statute <u>during public comment</u>,[24] or advise him to gavel Joy Banner silent during her public comment.[25] Accordingly, Wright fails Element 5 of advice of counsel: that "the defendant acted strictly in accordance with the advice of the professional."

Wright also fails Element 3, which requires that the "defendant sought the advice." Here, Wright conceded that he did not have "any recollection that [he] sought [Green's] advice."[26] Given that Wright did not testify that he sought Green's advice, and did not act in accordance with Green's advice, any invocation of advice of counsel by Wright would be futile.

So too with Hotard. Hotard violated Banner's rights by directing Wright to "stop this comment" and threatening Banner that "you're in violation of State law right now."[27] At deposition, Hotard conceded she was not advised to do that.[28] She also did not recall whether she sought Green's advice or not.[29] Similarly, although she referred to advice from the Ethics Board, she conceded that the Ethics Board is "not [her] lawyer" and she did not "seek their legal advice."[30]

---

[22] Ex. A at 12-:3-5.

[23] Ex. A at 54:20-55:26 ("Q So Keith Green advised you to read this to constrain what the Council members would say, right? A Yes. Q And then you chose to read it during Joy Banner's public comment, right? A Yes.").

[24] *Id*. at 12:19-20 ("Q Did Keith Green advise you to read it aloud during Joy Banner's public comment? A He did not."); see also 62:23-63:1 ("Q And you don't recall him advising you about using the statute during public comment, right? A. I do not recall.")

[25] *Id*. at 36: 20-22 ("Q Did anyone advised you to gavel during Joy Banner's comment? A No, not to my recollection.")

[26] *Id*. at 65:4-6 ("Q So you don't have any recollection that you sought his advice? A I do not.")

[27] R. Doc. 7 (Complaint) at ¶ 5.

[28] Ex. B at 56:10-11 ("Q Did anyone advise you to say that? A No."); id. at 57:8-15 ("Q Whether or not you needed to or not, my question was: You didn't seek any attorney's advice about whether to ask the Chairman to stop Joy Banner's comment, correct? A Not at that moment, no. Q At any other moment? A No.")

[29] *Id*. at 86:19-21 ("Q So you don't recall if you sought Mr. Green's advice or not, right? A I don't recall.")

[30] *Id*. at 65:19-23.

And both Wright and Hotard cannot satisfy Element 4 because, at the time before the meeting when the advice was allegedly provided, Mr. Green could not have been aware of the content of Plaintiff's speech and therefore could not advise whether to read the statute in that particular circumstance. Accordingly, any invocation of advice of counsel by Wright or Hotard – which they have not yet plead - would be futile.

**D.      Conclusion**

The motion should be granted, and Defendants should be barred from raising any evidence or argument in support of an advice-of-counsel defense. If they ask for leave to amend their answer to add an advice-of-counsel defense, that should be denied as futile.

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com