UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY BANNER, Ph.D.

    Plaintiff,
v.                                                                                    Case No. 23-cv-7296

MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH.

    Defendants.

## MOTION TO QUASH A SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND TO PRODUCE DOCUMENTS

Richard J. Tomeny, Jr., attorney for Darla Gaudet hereby moves this Honorable Court, pursuant to Rule 26(c) and Rule 45(d)(3) of the Federal Rules of Civil Procedure, to quash the Subpoena to Testify at a Deposition in A Civil Matter and to Produce Documents[1] served upon Darla Gaudet, for the following reasons to wit:

Gaudet asserts five separate legal grounds for granting this motion to quash or for protective order, pursuant to Fed.R.Civ.P. 45(d)(3) and 26(b)(l) and (2).

1. Darla Gaudet is a non-party in this case. The Subpoena Imposes an Undue Burden.
2. Plaintiff has failed to show relevancy and good cause for the subpoena of a non-party.
3. The discovery sought from Gaudet is purely and simply a "fishing expedition."
4. The subpoena seeks Gaudet's business and financial records. Gaudet's business records are private, personal and confidential. The subpoena violates her constitutional right to privacy.

---

[1] Gaudet "Exhibit A"

5. Gaudet's cell phone records are private and protected from disclosure. The subpoena seeking these records violates her constitutional right to privacy.

LEGAL STANDARD

Under Rule 26(c) and Rule 45(d)(3) of the Federal Rules of Civil Procedure, the Court has the authority to quash or modify a subpoena that subjects a person to undue burden, requires disclosure of privileged or protected matters, or is otherwise improper. The Court also has broad discretion to limit discovery that is unreasonably cumulative or duplicative or that is obtainable from some other source that is more convenient, less burdensome, or less expensive. The moving party must show that information sought from a non-party is "relevant to the party's claim or defense." Plaintiff has failed to show relevancy and good cause for the subpoena of Gaudet, a non-party. Additionally, the information sought for Gaudet is private and confidential and therefore the subpoena violates her constitutional right to privacy.

In further support of this Motion, Richard J Tomeny, Jr. files, herewith, his Memorandum in Support of the Motion to Quash Subpoenas.

WHEREFORE, For the reasons set forth above and in the Memorandum of Law in Support of the Motion to Quash, mover, Darla Gaudet respectfully prays that this Court grant this motion to quash the Subpoena to Testify at a Deposition in A Civil Matter and to Produce Documents issued by Dr. Joy Banner; and further ordering that Darla Gaudet is not required to give deposition testimony in this case, or produce any documents including those listed in the Subpoena to Testify at a Deposition in A Civil Matter and to Produce Documents

Darla Gaudet prays further that the Court award such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*Richard J Tomeny Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852
Two United Plaza
8550 United Plaza Boulevard, Suite 702
Baton Rouge, Louisiana, 70809
Telephone: (225) 334-8080
Fax: (225) 758-9050
Email: rtomeny@tomenylaw.com.

**Attorney for Darla Gaudet**

CERTIFICATE OF COMPLIANCE WITH
FEDERAL RULES OF CIVIL PROCEDURE 26(C) (1)

I hereby certify that on August 28, 2024, the undersigned and William Most, counsel for the plaintiff conferred, via telephone conference, and afterward, via emails, and made a good faith effort to resolve the issues related to the plaintiff's discovery requests, however, the parties were unable to resolve the dispute. Accordingly, as set forth in this motion court action is required.

*Richard J Tomeny Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852

CERTIFICATE OF SERVICE

I hereby certify that on August 5th, 2024, a true and correct copy of the foregoing Motion to Quash Deposition Subpoena and Memorandum in Support of the Motion was served on all counsel of record via email.

*Richard J Tomeny Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852