**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296-NJB-KWR** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Opposition to Motion to Quash Subpoena**

NOW INTO COURT, through counsel, comes Plaintiff Joy Banner to file this opposition to third-party witness Darla Gaudet's Motion to Quash a subpoena. As explained herein, the motion to quash should be denied for several reasons, including:

- Gaudet failed to timely make the objections required by Fed. R. Civ. P. 45(d)(2)(B). As this Court has held, her objections therefore "are waived."

- Gaudet has identified no undue burden, given that her deposition is expected to be short, limited in scope, and conducted by Zoom to eliminate any travel costs.

- The requested information is relevant to Defendant Hotard's motivation in retaliating against Banner, which is a necessary element of Plaintiff's First Amendment Retaliation claim.

- The subpoena is not a "fishing expedition" as Gaudet suggests, but rather was prompted by Defendant Hotard's denials in her deposition and her Answer.

- Gaudet is wrong to contend that cell phone records are categorically protected from civil discovery.

Given these points, Ms. Gaudet's motion should be denied, and she should be ordered to respond to the subpoena in a reasonable and defined period of time.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joy Banner filed this lawsuit against Jaclyn Hotard, the St. John the Baptist Parish President, and others following an incident at a Parish Council meeting where Defendants threatened to jail Banner for exercising her First Amendment rights.[1] Specifically, Defendants

---

[1] R. Doc. 7 (First Amended Complaint).

violated the United States Constitution and Louisiana's Open Meetings Law when they threatened Banner as she attempted to speak on an agenda item about using taxpayer money to hire legal counsel for "to perform services related to Ethics Laws."[2]

The subject of the agenda item included responding to an ethics complaint Banner filed.[3] That ethics complaint centered around Parish President Hotard's decision to sign and submit a rezoning application to the Planning Commission which would rezone property from residential to industrial. Banner's ethics concern stemmed from the fact that property within the to-be-rezoned area is owned by a company managed by Darla Gaudet, who is Defendant Hotard's mother-in-law.[4] Thus, by signing the rezoning application, Defendant Hotard was significantly increasing the valuation of her mother-in-law's company's property, which is forbidden under Louisiana's Code of Ethics.[5]

Defendant Hotard was asked several questions regarding the property, but refused to admit to any knowledge of her mother-in-law's business beyond denying that "Darla Gaudet is the officer and manager of Gaumet Holdings, LLC" in her Answer.[6] Defendant Hotard also denied having any conversations with Ms. Gaudet regarding her business.[7]

Because Hotard's motivation is central to Banner's First Amendment retaliation claim, and because the Gaudet-Hotard relationship is central to Hotard's motivation, on July 29, 2024, Plaintiff sent a subpoena to Gaudet for records and a deposition.[8]

Plaintiff's counsel met and conferred with Gaudet's counsel. Plaintiff proposed to depose Gaudet on a very limited set of topics, specifically: 1) the basic facts of her ownership interest in

---

[2] *Id*. at ¶ 45.
[3] *See id.* at ¶ 37.
[4] *Id*. at ¶¶ 33-38.
[5] *Id*., citing R.S. 42:1112(B).
[6] R. Doc. 32 at ¶ 33.
[7] R. Doc. 39-5 at 26:22-25, 27:18-29:12, 33:15-20, 34:1-14, 46:1-15.
[8] R. Doc. 40-3.

Gaumet Holdings, 2) a broad description of the type of work the company performs, and 3) conversations between Gaudet and Defendant Hotard regarding the property or the business.[9]

Plaintiff's counsel explained that he understood and respected Gaudet's privacy concerns, and so proposed to "designate the deposition and any produced documents as confidential pursuant to a stipulated confidentiality protective order."[10]

Gaudet's counsel did not send any written objections until September 3, 2024.[11] Gaudet declined the proposal of using a stipulated confidentiality protective order.[12] On September 5, 2024, Gaudet filed a Motion to Quash the subpoena.[13] No Defendant has moved to quash the subpoena.

## II.    LAW AND ARGUMENT

Federal Rule of Civil Procedure 45 allows a party to subpoena a non-party to produce documents and to attend and testify in a deposition. The non-party must comply, unless they timely file written objections.[14] The moving party may quash the subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[15]

The moving party bears the burden of proving they should not be made to comply with a subpoena based on "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden

---

[9] Exhibit. A.
[10] Ex. A at 2-3.
[11] *Id*. at 1.
[12] *Id*. at 2.
[13] R. Doc. 40.
[14] Fed. R. Civ. P. 45(d)(2)(B).
[15] Fed. R. Civ. P. 45(d)(3)(A).

imposed" as well as the "expense and inconvenience" if they are a non-party."[16] Regardless, "modification of a subpoena is preferable to quashing it outright."[17]

**A.     The Motion to Quash should be denied because Gaudet failed to make the timely objections required by Fed. R. Civ. P. 45(d)(2)(B). As this Court has held, any objections therefore "are waived."**

Fed. R. Civ. P. 45(d)(2)(B) requires that any objection to a properly served subpoena for documents "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." A "failure to object within the fourteen day period usually results in waiver of the contested issue. However, the district court, in its discretion, may entertain untimely objections if circumstances warrant."[18] For example, in *Duplantier v. Bisso Marine Co., Inc.*, Judge Roby found that when a party "did not formally object to the subpoena and instead filed the instant motion . . . fifteen (15) days after the final day in which to serve objections" the "objections are waived."[19]

Here, Gaudet's was served by counsel on July 29, 2024.[20] Gaudet's counsel did serve any objections to the subpoena until September 3, 2024.[21] That is 22 days after the deadline to serve objections, and substantially beyond the 15-day period that this Court found untimely in *Duplantier.* In her motion, Gaudet does not make any argument that the circumstances warrant excusing her failure to make timely objections. As a result, Gaudet has waived her right to object

---

[16] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).
[17] *Id.*
[18] 9A C. Wright, A. Miller, M. Kane, R. Marcus, A. Spencer, A. Steinman, Federal Practice and Procedure § 2463 (3d ed. 2017) (""); see also *Payne v. Forest River, Inc.*, No. 13-679-JWD-RLB, 2014 U.S. Dist. LEXIS 176710, 2014 WL 7359059 (M.D. La. Dec. 23, 2014) (A "failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege."), *Louisiana Generating, L.L.C. v. Illinois Union Ins.* Co., No. 10-516, 2011 U.S. Dist. LEXIS 143679, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011). It is worth noting, however, that some judges disagree with this interpretation of the rule. *See Arthur J. Gallagher & Co. v. O'Neill*, No. 17-2825, 2017 U.S. Dist. LEXIS 194655 (E.D. La. Nov. 27, 2017) (M.J. Wilkerson) (concluding that failure to object within the fourteen day period does not waive arguments).
[19] No. 09-8066, 2011 U.S. Dist. LEXIS 70548, 2011 WL 2600995 (E.D. La. June 30, 2011)
[20] R. Doc. 40-3.
[21] Ex. A.

to the subpoena, and the motion should be denied.

**B.    The Motion to Quash should be denied because Gaudet has not identified any undue burden, and because the deposition is expected to be short, limited in scope, and conducted by Zoom to eliminate any travel costs.**

Gaudet claims that compliance with the subpoena would be an undue burden because "Gaudet has been required to hire counsel to represent her and respond to the subpoenas in a case" and "will incur additional legal fees and expenses to have her legal counsel present with her at a deposition."[22] Gaudet does not provide support for why hiring counsel would be a burden that would overcome the need for her testimony, except to say that the requested information is not relevant to this case. Because, for the reasons listed herein, the information is relevant, Gaudet would not experience an undue burden by complying with the subpoena. That is particularly so because the deposition is expected to be short and Plaintiff is willing to conduct it by Zoom so that Gaudet need not incur any attorney-travel-time costs.

**C.    The Motion to Quash should be denied because the information sought is relevant to Defendant Hotard's motivations in retaliating against Dr. Banner.**

Gaudet next argues that the information sought is not relevant to Banner's lawsuit and is therefore "outside the scope of permissible discovery form a non-party" because it is a First Amendment suit in which neither Gaumet Holdings, LLC nor Daudet is a defendant.[23] But for Banner to succeed on her retaliation claim, she must show that Defendant Hotard acted with retaliatory animus.[24] Banner's theory of the case is, in part, that Defendant Hotard demanded that her public comment be stopped because she did not want Banner speaking publicly about her mother-in-law's property. Defendant Hotard first interrupted Banner after she mentioned the signature on the rezoning application. After being told to stay on topic, Banner explained to

---

[22] R. Doc. 40-2 at 6.
[23] *Id.* at 7.
[24] *Hartman v. Moore*, 547 U.S. 250, 252, 126 S. Ct. 1695, 1699 (2006).

Defendant Wright that she was trying to speak about retaining counsel to defend an ethics charge "which refers to Jaclyn Hotard and her signature on an application which was her mother-in-law's land that's part of the re-zoning," referring to the Gaumet Holdings LLC property. Defendant Hotard restricted Banner's speech specifically *because* of Gaudet's business dealings.

Banner first sought to obtain information regarding Gaumet Holdings, LLC from Defendant Hotard through the discovery process. But Defendant Hotard has provided incomplete and contradictory information regarding her knowledge of Gaudet's business. For instance, in her answer, Defendant Hotard affirmatively denies that "Darla Gaudet is the officer and manager of Gaumet Holdings, LLC."[25] But at deposition, Defendant Hotard testified that "I don't know about their business or what land they purchase or don't purchase. So anything you would tell me about that company would be a surprised to me."[26] Therefore, Gaudet's testimony is necessary in order to determine the veracity both of Defendant Hotard's statement that Gaudet is not an officer and manager and her testimony that she has never discussed the business with Gaudet. This information is highly relevant to Defendant Hotard's motivations in preventing Banner from exercising her free speech at a public meeting.

**D.      The Motion to Quash should be denied because it is not a "fishing expedition," but rather prompted by Defendant Hotard's own on-the-record responses and testimony.**

The requests are also not a "fishing expedition," as claimed by Gaudet. Rather, the requests are narrowly tailored to get at the root of specific concerns which were raised through Defendant Hotard's testimony in this litigation.

Gaudet first claims that Banner is "fishing" for information because she "has been a vocal opponent of a proposed land development project on land located in St. John the Baptist Parish

---

[25] R. Doc. 32 at ¶ 33.
[26] R. Doc. 39-5 at 34:1-5.

and owned by Greenfield Louisiana LLC."[27] As Gaudet points on in her Motion, that project has since been scrapped.[28] That does not, however, moot the issues in this case, which turn in part on Hotard's motivation in November 2023, while the project was still alive.

Gaudet also argues that Banner is "fishing" for information to support her ethics complaint. Banner agrees with Gaudet, however, that ethics "claims are prosecuted by the Commission on Ethics, not the person filing the ethics complaint."[29] Banner has already filed the ethics complaint and it is currently in the hands of the Ethics Commission. What Banner seeks here is evidence supporting her First Amendment retaliation claim in this Court.

Banner has sought to work with Gaudet on limiting the scope as much as practicable and suggested entering into a protective order to protect any sensitive information. Because the requests are relevant and limited in scope, this is not a "fishing expedition" and Gaudet should comply with the subpoena. The motion should be denied.

**E.**     **The Motion to Quash should be denied because Gaudet's privacy concerns can be addressed with a stipulated protective order.**

Gaudet further argues that the subpoenas seek "confidential and proprietary information" while advancing arguments repeated elsewhere in their Motion, namely that Banner is on a "fishing expedition" and that Gaudet does not have to comply without a showing of good cause and relevancy.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party."[30] Discovery statutes are intended to be construed broadly,[31] unless there is a need to protect an individual from annoyance,

---

[27] R. Doc. 40-2 at 8.
[28] *Id.* at 8.
[29] *Id.* at 9 (internal quotations omitted).
[30] La. Code Civ. Proc. art. 1422
[31] *Hodges v. Southern Farm Bureau Cas. Ins. Co.*, 433 So. 2d 125 (La. 1983).

embarrassment, or expense.[32]

Gaudet expresses general complaints about the right to privacy under the Louisiana Constitution, mostly centered around a concern that the subpoena is "designed to gather information to support the plaintiff's opposition to the Greenfield project in St. John the Baptist Parish.[33] (But as Gaudet points out, that project has since been scrapped – and so it is unclear how the requested evidence could support Plaintiff's opposition to a canceled project.)[34]

But regardless, Banner has from the outset offered to enter into a protective order to ensure that any information gathered from the subpoena could be made public. As stated in the initial e-mail from Banner's counsel to Gaudet's counsel: "I understand and respect Ms. Gaudet's privacy concerns. For that reason, we could designate the deposition and any produced documents as confidential pursuant to a stipulated confidentiality protective order."[35] Plaintiff's counsel specifically suggested using the sample protective order provided by the Court.[36]

Nearly all material provided in discovery is "confidential" in the sense that it is not publicly available – otherwise, there would be no need to seek it through discovery in the first place. That is why this Court has offered a draft confidentiality protective order to use when information is sensitive. The use of such an order can address Ms. Gaudet's legitimate confidentiality concerns. The motion should be therefore denied.

**F.   The Motion to Quash should be denied because Gaudet is wrong to suggest that cell phone records are categorically protected from disclosure.**

Finally, Gaudet argues that cell phone records are exempt from disclosure because "persons using these methods of communication has a reasonable expectation of privacy which is protected

---

[32] *Laburre v. East Jefferson Gen. Hosp.*, 555 So. 2d 1381 (La. 1990).
[33] R. Doc. 40-2 at 13.
[34] *Id.* at 8.
[35] Ex. A at 3.
[36] *Id.* at 1, citing www.laed.uscourts.gov/sites/default/files/pdfs/roby/Sample_for_Protective_Order.pdf

by the Fourth Amendment to the US Constitution and the Louisiana Constitution."[37] He further argues that "[n]umerous cases have held that cell phone records are private and protected from disclosure." It is unclear why Gaudet believes the Fourth Amendment is implicated, given that that Amendment protects against unreasonable searches and seizures by the government, rather than civil discovery.

But Gaudet is wrong. There is no categorical protection from disclosure; rather, cell phone records are discoverable so long as the request is proportional to the needs of the case.[38] Each case must therefore be weighed based on its specific facts and several cases have ordered cell phone records to be produced.[39] In fact, some cases Gaudet cites in support found that some cell phone records were "relevant and highly important" and merely limited the scope of the request.[40] Others determined that the information was discoverable, but since the information was available to the requesting party from other sources the records served no purpose.[41]

As explained in this opposition, the records sought are relevant and, especially in light of the proposed protective order, are proportional to the needs of the case versus Gaudet's privacy interests.

---

[37] R. Doc. 40-2 at 13.

[38] Fed. R. Civ. Proc. 26(b)(1); *see also Van Wright v. Hornbeck Offshore Servs., L.L.C.*, No. 19-13426, 2020 U.S. Dist. LEXIS 233097, at *9 (E.D. La. Dec. 11, 2020).

[39] *See, e.g., Alexander v. Canon Cochran Mgmt. Servs.*, No. 09-4614-KDE-SS, 2010 U.S. Dist. LEXIS 122275 (E.D. La. Nov. 18, 2010); *Van Wright v. Hornbeck Offshore Servs., L.L.C.*, No. 19-13426, 2020 U.S. Dist. LEXIS 233097 (E.D. La. Dec. 11, 2020); *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613 (E.D. La. 2022).

[40] *Savoie v. Inland Dredging Co., LLC*, No. 20-2294, 2022 U.S. Dist. LEXIS 76281, at *6-7 (E.D. La. Apr. 27, 2022) (finding that nonparty cell phone records were "relevant and highly important," but should be limited in scope).

[41] *Scott v. Complete Logistical Servs., LLC*, 2021 U.S. Dist. LEXIS 109672 (finding that cell phone records were not necessary to establish a medical issue because the evidence could be obtained through other records); *Howard v. Seadrill Ams., Inc*., 2016 U.S. Dist. LEXIS 165799 (finding that the need for the extremely limited scope of information – the timing of a phone call – was not proportional to a broad request for cell phone records and that the information could be obtained elsewhere); *Winter v. Bisso Marine Co*., 2014 U.S. Dist. LEXIS 103281, *5 (finding that Defendant's hope that cell phone records would "reflect the frequency and duration of plaintiff's use of the cell phone and therefore will reflect the degree of his impairments after the accident" was "too tenuous.");

### III.     CONCLUSION

Ms. Gaudet's motion should be denied, and she should be ordered to respond to the subpoena in a reasonable and defined period of time.

Respectfully submitted,

/s/ *David Lanser*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com