

Dave Lanser <david.lanser@gmail.com>

## Darla Gaudet Deposition
5 messages

**William Most** <williammost@gmail.com>  Mon, Sep 2, 2024 at 1:05 PM
To: "Richard J. Tomeny, Jr." <richardtomeny@tomenylaw.com>
Cc: David Lanser <david.lanser@gmail.com>

Richard,

Thanks for speaking with me last week about the third-party discovery to Ms. Gaudet in the *Banner v. Wright* case.

The relevance of Ms. Gaudet's information is for two primary purposes: (1) first, to inform the potential motiviation of Ms. Hotard to retaliate against Dr. Banner; and (2) to determine the truthfulness of Ms. Hotard's denials in her deposition and answer.

For example, in her answer, Ms. Hotard denies that "Darla Gaudet is the officer and manager of Gaumet Holdings, LLC." R. Doc. 32 at para. 33. In her deposition (attached), Ms. Hotard testified that "I don't know about their business or what land they purchase or don't purchase. So anything you would tell me about that company would be a surprised to me."

I propose a deposition of Ms. Gaudet that covers a very limited set of topics:

1. The basic facts of her ownership interest in Gaumet Holdings, LLC and St. John Fleeting, LLC. I do not need to know who any of the other owners are, unless they are family members of Ms. Hotard.

2. A very high-level description of what those companies do, without getting into details. (E.g., the level of detail of the company's website: St. John Fleeting is "a multifunctional inland marine and transportation company" and one of the "top companies for transportation, stevedoring, barge repair, and dock transfers.")

3. Discuss any conversations between Ms. Gaudet and Ms. Hotard about the businesses, to see if it is true that Ms. Hotard has never learned anything about the businesses.

I understand and respect Ms. Gaudet's privacy concerns. For that reason, we could designate the deposition and any produced documents as confidential pursuant to a stipulated confidentiality protective order.

Would that be agreeable to your client?

Thank you,

William

--
William Most
Most & Associates
mostandassociates.com
(504) 509-5023

 **Hotard, Jaclyn.pdf**
1568K

**Richard J. Tomeny, Jr.** <richardtomeny@tomenylaw.com>  Tue, Sep 3, 2024 at 11:57 AM
To: William Most <williammost@gmail.com>, David Lanser <david.lanser@gmail.com>
Cc: Ike Spears <IkeSpears@gmail.com>

William,

Thank you for your email regarding the deposition of my client, Darla Gaudet. As I advised you in our discovery conference, in my opinion, all of the inquiries about my client's business interests and questions to my client related thereto are private and confidential and therefore protected from disclosure. In addition, as to the specific items in your email I respond as follows:

1. *The basic facts of her ownership interest in Gaumet Holdings, LLC and St. John Fleeting, LLC. I do not need to know who any of the other owners are, unless they are family members of Ms. Hotard.* Except as may be seen in the public records, the relationship/ownership interest of individuals in private companies is clearly confidential. Accordingly, and specifically in this case, a non-parties ownership interest is protected from disclosure. The case law I have reviewed confirms this. In a deposition my client would not disclose any information beyond what is contained in the public records. A deposition for this purpose also places an undue burden on my client because of the time and expense involved.

2. *A very high-level description of what those companies do, without getting into details. (E.g., the level of detail of the company's website: St. John Fleeting is "a multifunctional inland marine and transportation company" and one of the "top companies for transportation, stevedoring, barge repair, and dock transfers.")* Again, to the extent that this information is in the public records, you already have everything that would be deemed "discoverable" and therefore a deposition of my client to confirm what is on the website or in other public places is unnecessary. My client has nothing to add to this information. In a deposition my client would not disclose any information beyond what is contained in the public records. A deposition for this purpose also places an undue burden on my client because of the time and expense involved.

3. *Discuss any conversations between Ms. Gaudet and Ms. Hotard about the businesses, to see if it is true that Ms. Hotard has never learned anything about the businesses.* In her deposition, Ms. Hotard was clear numerous times that she does not know about the businesses in question, other than confirming that she knows the company name "St. John Fleeting" as the Gaudet family business name and that it dates back more than fifty years. My client could confirm this fact, but you already know it from the public records. In addition, my client has no way to know what Ms. Hotard may or may not know about St. John Fleeting or Gaumet Holdings LLC because it is possible that Ms. Hotard may have obtained information from other sources (just as your client did). However, even assuming, **for discussion purposes only**, that "*Discuss any conversations between Ms. Gaudet and Ms. Hotard about the businesses*" did occur, it is my position that if any such discussions occurred, the conversations were with "the expectation of privacy" and therefore cannot be discovered in this case.

In addition to the above reasons, I do not believe that my client has any information (confidential or otherwise) that is relevant to your client's claims and causes of action in this case. It appears that your inquiry to my client is directed toward finding evidence to support the ethics complaint that your client filed against Ms. Hotard, not this lawsuit where you seek my client's deposition. As you know, the State of Louisiana Ethics Board has jurisdiction to investigate potential ethics code violations by "public officials." In that regard, the Ethics Board has the exclusive authority to conduct its own investigation to discover facts that may be relevant to the complaint. I am unaware of any authority for the complainant to conduct its own discovery.

Also, as you know, as of August 2024, the Greenfield project that your client has been opposing for years, has been abandoned by the property owner. This fact alone makes property ownership and property zoning moot points. In light of this fact, a deposition of my client regarding property ownership and property zoning is not even remotely relevant to your client's constitutional claims against the defendant, "public officials" in this case.

Finally, regarding your suggested protective order of "confidentiality" of the information disclosed, I have no confidence in your client's ability or willingness to keep the information confidential.

For all these reasons, I object to your discovery requests (the deposition subpoena and the subpoena duces tecum) and I ask that you voluntarily recall these subpoenas and cancel my client's deposition. If you insist on going forward with the discovery from my client, I will file an appropriate motion with the court asking that the subpoenas be quashed. I will also ask the court to award attorneys fees and costs that my client has incurred to respond to your discovery requests.
Please advise me.

Thank you.
*Richard*


Richard J. Tomeny, Jr.

Attorney at Law
8550 United Plaza Boulevard, Ste 702
Baton Rouge, Louisiana 70809

Baton Rouge Office: (225) 334-8080
New Orleans Office: (504) 535-7350
Mobile Phone:         (504) 583-8638
Email: rtomeny@tomenylaw.com

Of Counsel, The Becknell Law Firm, Metairie, Louisiana

***ATTENTION - PRIVILEGED AND CONFIDENTIAL, ATTORNEY WORK PRODUCT***

This electronic message transmission contains information from the law firm of **Richard J Tomeny Jr Attorney at Law** that may be confidential or privileged. The information is intended to be for the exclusive use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please delete the message and notify the sender by telephone (*225-334-8080*) or by electronic mail immediately.

[Quoted text hidden]


Hotard, Jaclyn.pdf
1568K

---

**William Most** <williammost@gmail.com>                                    Tue, Sep 3, 2024 at 12:19 PM
To: "Richard J. Tomeny, Jr." <richardtomeny@tomenylaw.com>
Cc: David Lanser <david.lanser@gmail.com>, Ike Spears <IkeSpears@gmail.com>

Richard,

I think you are confusing your legal analyses. The issue of "the expectation of privacy" relates to whether a Fourth Amendment search is reasonable. It is not a standard for when information can or "cannot be discovered" in visit discovery. Indeed, almost all information typically subject to civil discovery is private; if it were public, discovery would not be needed. If you wish to share the "case law [you] have reviewed," please do so.

And we are not asking you to trust our client's "ability or willingness to keep the information confidential." Our proposal is to have a court order designating the information as confidential, enforceable by contempt power. Judge Roby's sample is here: https://www.laed.uscourts.gov/sites/default/files/pdfs/roby/Sample_for_Protective_Order.pdf

Does that change matters?

Thank you,

William
[Quoted text hidden]

---

**Richard J. Tomeny, Jr.** <richardtomeny@tomenylaw.com>                    Tue, Sep 3, 2024 at 4:15 PM
To: William Most <williammost@gmail.com>, David Lanser <david.lanser@gmail.com>
Cc: Ike Spears <IkeSpears@gmail.com>

William,
Thank you for your email. I am not confused in my legal analysis, but perhaps I did not explain it clearly in my earlier email.

Here are the important points.

1. My client is a non-party. As such, the discovery rules (federal and state) and applicable case law require a higher showing of relevancy to the case, when seeking discovery from non-parties. I do not believe your discovery requests

to my client about her private business interests are relevant to your constitutional claims against the defendants. You have the burden in this case to demonstrate the relevancy of your discovery from my client, a non-party. I don't believe you have made a showing here. Additionally, you do not need the additional (private) information requested from my client to prove your case.

See:
- "Many courts have ruled that parties have a personal interest in the confidentiality of their financial records that is sufficient to confer standing to challenge a subpoena directed to a third-party.") (internal quotation marks omitted); Mancuso v. Florida Metro. Univ., Inc., No. 09-61984-CIV, 2011 WL 310726, at *1-2 (S.D. Fla. Jan. 28, 2011); Keybank Nat'l Ass'n v. Perkins Rowe, L.L.C., No. 09-497 JJB-SR, 2011 WL 90108, at *3 (M.D. La. Jan. 11, 2011); ST. BERNARD PORT, HARBOR & TERMINAL DISTRICT v. VIOLET DOCK PORT, INC., LLC, No. 2014-CA-0286. Court of Appeals of Louisiana, Fourth Circuit.
August 27, 2014.
- Stolzle v. Safety & Systems Assurance Consultants, Inc., 819 So. 2d 287 - La: Supreme Court 2002
- Generally, a showing of relevancy and good cause for production has been required in cases where a party seeks production of records from a nonparty. See Ouachita National Bank v. Palowsky, 554 So.2d 108 (La.App. 2nd Cir. 1989).
- Hendricks v. Wells Fargo Ins., 366 So. 3d 376 - La: Court of Appeals, 4th Circuit 2021

Stolzle and St. Bernard Port demonstrate that the party seeking discovery from a non-party must show good cause or the subpoena will be quashed. Federal cases specifically addressing motions to quash subpoenas for cell phone records Winter v. Bisso Marine Co., Inc., 13-CV-5191, 2014 WL 3778833, (E.D. La. July 29, 2014) and Scott v. Complete Logistical Services, LLC, No. 19-CV-11672, 2021 WL 2402161 (E.D. La. June 11, 2021), are guidance for this Court on the issue.

2.  Under the Louisiana Constitution my client has a constitutionally protected Right of Privacy, even in civil matters. The information you are seeking from her is private and confidential in nature. Louisiana courts, including the Federal District Courts and the Louisiana Supreme Court have recognized a person's right to privacy in many areas, including the person's business and financial affairs.

See: Cases above, and;
US v. Amodeo, 71 F. 3d 1044 - Court of Appeals, 2nd Circuit 1995,
In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public. In Joy v. North, for example, the involvement of a publicly owned company and management's relationship to the public shareholders weighed in favor of unsealing a special litigation committee's report. See 692 F.2d at 894.

- The Louisiana Constitution of 1974, Art. I, § 5, entitled "Right to Privacy," provides in pertinent part: "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy."

- BANK RECORDS OF NON- PARTIES
- OUACHITA NAT. BANK IN MONROE v. Palowsky, 554 So. 2d 108 - La: Court of Appeals, 2nd Circuit 1989

- CELL PHONE RECORDS ARE PRIVATE
- Numerous cases have held that cell phone records are private and protected from disclosure.
- See, e.g., Savoie v. Inland Dredging Co., LLC, No. 20-2294, 2022 WL 1238678,  (E.D. La. Apr. 27, 2022);
- Scott v. Complete Logistical Servs., LLC, No. 19-11672, 2021 WL 2402161,  (E.D. La. June 11, 2021) (citations omitted), aff'd, No. 19-11672, 2021 WL 3013611 (E.D. La. July 16, 2021);
- Howard v. Seadrill Americas, Inc., No. 15-2441, 2016 WL 7012275,  (E.D. La. Dec. 1, 2016) (citation omitted);
- Winter v. Bisso Marine Co., No. 13-5191, 2014 WL 3778833,  (E.D. La. July 29, 2014) (collecting cases); see also
- Blackmon v. Bracken Constr. Co., No. 18-142, 2019 WL 5866070,  (M.D. La. Nov. 8, 2019) (citations omitted)

 I have used protective orders and NDA's in other cases where my client is a party and confidential information of "the parties" in the litigation is either relevant or may lead to relevant evidence to be used at the trial. This is different because (1) my client is a non-party  and (2) her private and confidential information is not relevant to your case, and (3)  I believe that for discovery from non-parties you (the mover)  have to show relevance to the claims, not just "possible relevancy"  to get the discovery.  Moreover, regarding my client's right to assert privacy of the information, the defendants do not have the right to assert my client's privacy rights, now, or at pre-trial or trial of the case. Neither I nor my client have the right nor want the additional burden of participation in pre-trial disclosures and motions in limine, etc. to further protect the information from possible disclosure at trial especially when it is not relevant to your

case. Accordingly, I do not find comfort in a protective order.

Again, I ask that you voluntarily recall the subpoenas.

*Thank you.*
*Richard*

Richard J. Tomeny, Jr.
Attorney at Law
8550 United Plaza Boulevard, Ste 702
Baton Rouge, Louisiana 70809

Baton Rouge Office: (225) 334-8080
New Orleans Office: (504) 535-7350
Mobile Phone:          (504) 583-8638
Email: rtomeny@tomenylaw.com

Of Counsel, The Becknell Law Firm, Metairie, Louisiana

**ATTENTION - PRIVILEGED AND CONFIDENTIAL, ATTORNEY WORK PRODUCT**

This electronic message transmission contains information from the law firm of **Richard J Tomeny Jr Attorney at Law** that may be confidential or privileged. The information is intended to be for the exclusive use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please delete the message and notify the sender by telephone (*225-334-8080*) or by electronic mail immediately.

[Quoted text hidden]

---

**William Most** <williammost@gmail.com>   Wed, Sep 4, 2024 at 7:57 PM
To: "Richard J. Tomeny, Jr." <richardtomeny@tomenylaw.com>
Cc: David Lanser <david.lanser@gmail.com>, Ike Spears <IkeSpears@gmail.com>

Richard,

Thank you for sharing that. We do not intend to withdraw the subpoenas.

Thank you,

William
[Quoted text hidden]