UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY BANNER, Ph.D.

    Plaintiff,

v.                                                                          Case No. 23-cv-7296

MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH.

    Defendants

## DARLA GAUDET'S REPLY TO THE OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM

MAY IT PLEASE THE COURT,

Richard J. Tomeny, Jr., attorney for Darla Gaudet (hereafter "Gaudet") hereby submits this Reply to Joy Banner's ("Banner") Opposition to the Motion to Quash Subpoena, pursuant to Rule 26(c) and Rule 45(d)(3) of the Federal Rules of Civil Procedure, and respectfully represents:

Banner opposition to the Motion to Quash asserts five reasons to deny the Gaudet's motion to Quash, none of which have merit. Therefore, for the reasons stated in Gaudet's Motion to Quash, the Court should deny Banner's opposition and grant Gaudet's Motion to Quash the Subpoena.

1. Banner asserts that Gaudet's Motion to Quash is not timely and that Gaudet has waived her right to object to the discovery. "Gaudet failed to timely make the objections required by Fed. R. Civ. P. 45(d)(2)(B). As this Court has held, her objections therefore "are waived." In support of this position Banner attached as exhibits to her opposition, some of the email exchanges between counsel that occurred while the Rule 26 ( c) discovery conference requested by counsel for Gaudet was on going.  However, Banner's counsel did not provide the court with all the correspondence and emails related to Gaudet's

counsel's notice of opposition to the discovery and written request for a discovery conference between counsel. Starting with a letter dated August 15, 2024[1], to Mr. Most requesting a discovery conference Gaudet's counsel formally advised Mr. Most of his opposition to the discovery request and as required by Rule 26 (c ) requested a discovery conference with counsel on August 19, 2024, to see if an out of court resolution could be reached. Mr. Most replied requesting that the conference be held the week of August 26, 2024, because Mr. Most would be in trial the week of August 19, 2024.[2] Counsel for Gaudet agreed provided that Mr. Most agree to continue the deposition of Gaudet to allow time, if needed to file a Motion for Quash the discovery. Mr. Most agreed to this.

The parties held a discovery conference via telephone on August 28, 2024, and continued to work on a resolution until September 3, 2024, when it became clear that they were unable to resolve the discovery issues. Shortly after, on September 5, 2024, counsel for Gaudet filed the Motion to Quash.

      Clearly, under the Federal Rules, the Motion to Quash could not have been filed until the parties attempted to resolve the issues without court intervention. Here, it was not until at least September 3, 2024, that it was clear that no resolution would be possible. In addition, during the time that Mr. Most and undersigned counsel spent discussing the discovery issues, Mr. Most never raised an objection to the timeliness of my objection. On the contrary, Mr. Most agreed to extend the deadlines to provide time for the Court to rule on the objections. Therefore, it appears that Mr. Most has waived his right to object to the motion based on time of filing.

---

[1] Marked as Gaudet Exhibit 1 and filed herewith
[2] Marked as Gaudet Exhibit 2 and filed herewith

2. In her second reason for opposition to the motion to quash, Banner states, "Gaudet has identified no undue burden, given that her deposition is expected to be short, limited in scope, and conducted by Zoom to eliminate any travel costs. The subpoena sent to Gaudet's counsel requires her appearance in New Orleans for her deposition. Counsel has not been informed that the deposition would be taken via zoom conference. However, even a deposition via zoom places an "undue burden" because, Gaudet will still retain counsel to represent her and advise her, both during and before the deposition. Given that Gaudet is a "non-party" who did not attend the meeting in question and has no stake in the outcome of this case she should not be required to sit for a deposition when she has no relevant evidence to offer.

3. Moreover, as pointed out in Banner's opposition the questions to Gaudet will include questions about Gaudet's businesses. Clearly Gaudet's businesses are in no way relevant to the first amendment claims of Banner filed in this case. Banner states:

> "Banner first sought to obtain information regarding Gaumet Holdings, LLC from Defendant Hotard through the discovery process. But Defendant Hotard has provided incomplete and contradictory information regarding her knowledge of Gaudet's business."

For the reasons stated in Gaudet's memorandum in support of the motion to quash, Gaudet's financial interests, business ownerships, and personal dealings are private and confidential. Just because Banner wants this information does not mean that she is entitled to it. As the Courts have held:

> "As the Supreme Court noted in Nixon v. Warner Communications, Inc., 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), courts have the power to insure that their records are not "used to gratify private spite or promote public scandal," and have "refused to permit their files to serve as reservoirs of libelous statements for press consumption." Id. at 598, 98 S.Ct. at 1312 (internal quotation marks and citation omitted) (collecting cases); see also Stevenson v. News Syndicate Co., 276

A.D. 614, 96 N.Y.S.2d 751, aff'd, 302 N.Y. 81, 96 N.E.2d 187 (2d Dep't 1950).[1]
US v. Amodeo, 71 F. 3d 1044 - Court of Appeals, 2nd Circuit 1995.

Banner has not stated any compelling reason why Gaudet's private financial and business relationships are relevant to Banner's first amendment claims against public officials of St. John the Baptist Parish. Perhaps as noted by the Courts it is only "to gratify private spite or promote public scandal,"

4. The Fishing Expedition

In her opposition Banner states:

"Gaudet also argues that Banner is "fishing" for information to support her ethics complaint. Banner agrees with Gaudet, however, that ethics "claims are prosecuted by the Commission on Ethics, not the person filing the ethics complaint."29 Banner has already filed the ethics complaint and it is currently in the hands of the Ethics Commission. What Banner seeks here is evidence supporting her First Amendment retaliation claim in this Court."

Gaudet's testimony will not produce evidence to support Banner's "First Amendment retaliation claim in this Court." Gaudet was not present at the meeting in question when the First Amendment violations allegedly occurred.

5. Discovery Statutes

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Discovery statutes are intended to be construed broadly, unless there is a need to protect an individual from annoyance, embarrassment, or expense."

Courts have limited the board scope of discovery cited above in cases where discovery is sought from a "non-party." To obtain discovery from a non-party the mover must make a showing of relevancy to the information being sought.

Rule 26(b) is not, however, "a license to engage in an unwieldy, burdensome, and

speculative fishing expedition." Crosby v. Louisiana Health Service and Indem. Co., 647 F. 3d 258 Court of Appeals, 5th Circuit 2011. While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery. Trident Mgmt. Grp., LLC v. GLF Constr. Corp., No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); see also Crosby, F.3d at 264; Ganpat v. E. Pac. Shipping, PTE, Ltd., No. 18-13556, 611 F.Supp.3d 305, 309-11 (E.D. La. Mar. 4, 2020). Thus, while the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials, Herbert v. Lando, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979), discovery does have "`ultimate and necessary boundaries.' Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

The mover must also demonstrate that the information cannot be obtained from other sources.

> To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed "Whether a burdensome subpoena is reasonable `must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." Modification of a subpoena is generally preferable to quashing it outright. Crescent City Remodeling V. CMR Construction, 643 F. Supp. 3d 613 - Dist. Court, ED Louisiana 2022.

As noted in the Memorandum in Support of the Motion to Quash, Plaintiff has already obtained information about Gaudet and her companies from the public records (an alternative

source), thereby making the deposition of Gaudet and the production of documents unnecessary.[3] Accordingly, the subpoenas to Gaudet are also cumulative. Therefore, good grounds exist to quash the subpoena issued to Gaudet.

6. Cell Phone Records are Private

The cases cited in our original memorandum of law are clear, cell phone records are private and entitled to protection from disclosure. The U.S. Supreme Court has recognized this privacy right in certain criminal cases. Carpenter v. US, 585 US 296 – Supreme Court 2018.

CONCLUSION

For the reasons outlined above and in the Motion to Quash, Darla Gaudet respectfully requests that this Court grant the motion to quash the subpoena duces tecum served by Dr. Joy Banner protecting her rights against undue burden, privileged disclosure, and unnecessary exposure of confidential information.

Respectfully Submitted,

*Richard J Tomeny Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852
Two United Plaza
8550 United Plaza Boulevard, Suite 702
Baton Rouge, Louisiana, 70809
Telephone: (225) 334-8080
Fax: (225) 758-9050
Email:  rtomeny@tomenylaw.com.

**Attorney for Darla Gaudet**

---

[3] Rec.Doc. 7. Paragraph 35, Footnote 1. "President Hotard's mother-in-law is also President and CEO, as well as manager, agent, and officer of St. John Fleeting, LLC. She is also the owner St. John Fleeting, LLC. See M/V Edith Pearl, LLC v. St. John Fleeting, Inc., 12-cv-02962, R. Doc. 156 at fn. 2 (E.D. La. June 14, 2014). That company which describes itself as "a multifunctional inland marine and transportation company" and one of the "top companies for transportation, stevedoring, barge repair, and dock transfers." Given Ms. Gaudet's interests in a business that provides services to heavy industry, including grain terminals, there is also a concern that she would stand to benefit financially through St. John Fleeting if the property were rezoned."

CERTIFICATE OF SERVICE

I hereby certify that on September 18th, 2024, a true and correct copy of the foregoing Reply Memorandum in Support of the Motion was served on all counsel of record via email.

*Richard J Tomeny Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852