UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Memorandum in Support of Plaintiff's Motion in Limine Regarding Off-Topic Rule**

This case involves violations of Plaintiff Joy Banner's freedom of speech during a St. John the Baptist Parish (SJBP) Council meeting.[1] At that meeting, Defendants Michael Wright and Jaclyn Hotard stopped Dr. Banner from speaking during public comment and threatened her with criminal sanctions based on the content of her speech.

Defendants have argued that their actions were justified because Banner was "properly and reasonably restricted to on-topic speech in this particular limited public forum."[2]

In fact, Banner was speaking directly on the topic of the agenda item. But even if she were not, the off-topic nature of her speech could not justify Defendants' actions. That is because it turns out that the Parish has never adopted a rule requiring public comment to be "on topic."

Defendants should be barred from arguing at trial that Banner was violating a rule that does not exist. The motion in limine should be granted.

**A.   Legal Standard for Motions in Limine**

In general, the term "in limine" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[3] A ruling on evidence in limine "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without

---

[1] Rec. Doc. 25 (Order Denying Motion to Dismiss) at 1.
[2] Rec. Doc. 9-1 at 13.
[3] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

1

lengthy argument at, or interruption of, the trial."[4] "[It] also may save the parties time, effort and cost in preparing and presenting their cases."[5] "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials."[6]

**B.      The Court should exclude any evidence or argument that Joy Banner was speaking off-topic – because the Parish does not have an on-topic rule for public comment.**

In terms of First Amendment analysis, a city or parish council meeting is a limited public forum.[7] In such a forum, the government may apply reasonable time, place, and manner restrictions to speech, so long as the restriction "does not discriminate against speech on the basis of viewpoint."[8] For example, a government body may require speakers during public comment at a meeting to remain on-topic.[9] As the Fifth Circuit put it, a governing body "<u>may</u> confine their meetings to specified subject matter."[10] Accordingly, R.S. 42:14(D) says that public comment must be allowed, but that "governing body <u>may</u> adopt reasonable rules and restrictions regarding such comment period." (Emphasis added.)

But just because a governing party *may* adopt an on-topic rule, that does not mean it *must* do so or *has* done so.[11] The question then is: did the St. John Parish Council adopt a rule requiring public comment to be on the topic of an agenda item? The answer, it turns out, is no.

---

[4] *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).
[5] *Id*.
[6] *Luce*, 469 U.S. at 41 n. 4.
[7] *Heaney v. Roberts*, 147 F. Supp. 3d 600, 605 (E.D. La., Dec. 2, 2015) ("A city council meeting is generally recognized to be a 'limited public forum,' which means that the government does not have to allow persons to engage in every type of speech."), citing *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759 (5th Cir. 2010), *affirmed in Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017) (applying limited public forum analysis to Jefferson Parish Council meeting). *See Chiu v. Plano Independent Sch. Dist.*, 260 F.3d 330, 334 (5th Cir. 2001) for an in-depth discussion of the "tripartite forum-based framework to analyze First Amendment issues involving governmentally owned property."
[8] *Heaney, supra,* 846 F.3d at 801-802.
[9] *Chiu v. Plano Independent Sch. Dist.,* 260 F.3d 330, 354-355 (5th Cir. 2001).
[10] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759 (5th Cir. 2010).
[11] *See Chiu, supra*, at 355 ("The fact that the PISD could have controlled expression at Math Nights in a reasonable, viewpoint-neutral manner does not necessarily mean that it did so in the instant case.")

Parish Council meetings are run by Robert's Rules of Order.[12] Defendants concede that Robert's Rules contains no "on topic" rule for public comment.[13]

Nor was an "on topic" rule ever adopted by the Council. In discovery, Plaintiff requested all "rules for public comment maintained by the Parish of St. John the Baptist."[14] Defendants provided only one: a May 1993 meeting in which the council adopted a rule limiting public comment to three minutes – but not an on-topic rule.[15]

Defendant Wright conceded that "if there's no state statute that says the comment has to be on-topic, then the Parish doesn't have such a rule."[16] And there is no state statute that says that comment has to be on-topic; there is only R.S. 42:14(D) that says they <u>may</u> adopt such a rule.

In short: Robert's Rules contains no on-topic rule for public comment. State law contains no on-topic rule for public comment. And the Parish has not adopted any on-topic rule for public comment. Defendants should not be allowed to argue at trial that Joy Banner violated a rule that does not exist. The motion in limine should be granted.

**D.      Conclusion**

The motion should be granted, and Defendants should be barred from raising any evidence or argument that Joy Banner was speaking off-topic.

---

[12] Rec. Doc. 39-4 (Wright Dep.) at 15:15-16 ("We follow Robert's Rules of Order").
[13] Ex. A at RFA 26 ("Robert's Rules of Order does not include an 'on topic' rule. . . . Admitted.")
[14] Ex. B at RFP 2.
[15] Ex. B at 12 ("Mr. Perrilloux moved and Mr. Wolfe seconded the motion to allow the public to speak when motions are made by the Council, with a limitation of 3 minutes per person."); R. Doc. 39-4 (Wright Dep.) at 20:11 ("Q. So based on the discovery response, any written rules for public comment would be in here? A. Yes. . . .  Q There's no, public commenter has to be on topic rule, is there? A No, but I believe that may be in state law. I'm not certain. I don't have it in front of me."
[16] Rec. Doc. 39-4 ("Q Right. And so if there's no state statute that says the comment has to be on-topic, then the Parish doesn't have such a rule, agreed? A Agreed.")

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com