## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOY BANNER, Ph.D.**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 23-7296**

**MICHAEL WRIGHT, individually and in official**         **SECTION: "G"(4)**
**capacity, et al.**

### Memorandum in Support of Plaintiff's Motion in Limine Regarding
### Alleged Legal Violations by Plaintiff

This case involves violations of Plaintiff Joy Banner's freedom of speech during a St. John the Baptist Parish (SJBP) Council meeting.[1] At that meeting, Defendants Michael Wright and Jaclyn Hotard stopped Dr. Banner from speaking during public comment and threatened her with criminal sanctions based on the content of her speech.

Defendants have attempted to justify their actions on the theory that Banner was violating the law with her words. But none of the laws Defendants cited in discovery could plausibly make Banner's words illegal.

For that reason, Defendants should be prohibited from making the argument at trial that Dr. Banner was violating any law with her words.

**A.      Legal Standard for Motions in Limine**

In general, the term "in limine" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[2]  A ruling on evidence in limine "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[3]  "[It] also may save the parties time, effort and

---

[1] Rec. Doc. 25 (Order Denying Motion to Dismiss) at 1.
[2] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).
[3] *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).

cost in preparing and presenting their cases."[4] "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials."[5]

## A.      Factual Background

Plaintiff Joy Banner is a resident of St. John the Baptist Parish. She filed a Board of Ethics complaint against Parish President Jaclyn Hotard.[6] The complaint was based on the fact that Hotard signed a rezoning application that appeared to upzone property owned by Hotard's mother-in-law's LLC.[7]

On November 28, 2023, the Parish Council held a public meeting. One of the agenda items was about hiring a private law firm for matters including the defense of President Hotard against Banner's ethics complaint.[8] Joy Banner gave public comment during that agenda item to object to St. John the Baptist Parish taxpayers being "asked to pay for a personal attorney" for Hotard's ethics defense.[9]

But Defendants would not let Banner complete her public comment. Hotard asked the council chair to "stop this comment" and told Banner that "you're in violation of State law right now."[10] Wright gaveled Banner quiet, and then read to her from a state statute making it "a

---

[4] *Id.*
[5] *Luce*, 469 U.S. at 41 n. 4.
[6] Rec. Doc. 39-4 at 28 ("Q You're aware that she filed an ethics complaint against the Parish President? A Yes.")
[7] Rec. Doc. 39-5 at 25 ("She said at the Council meeting what was the nature of her ethics complaint. Q And what was that? A Was that I signed a rezoning application for a piece of property that belonged to my mother-in-law.") Louisiana Ethics laws include a mother-in-law as part of an "immediate family" for the purpose of prohibiting government officials participation in transactions involving immediate family members. R.S. 42:1112(B).
[8] See Rec. Doc. 39-4 (Wright Dep.) at 29:20-31:14 (agenda was about hiring special counsel for ethics law issues, and the only ethics law issue Wright knew about at the time was the "one involving the ethics complaint against Jaclyn Hotard"); Rec. Doc. 39-5 (Hotard Dep.) at 22:17-19 (special counsel hired for several issues and "one of them" was "Joy Banner's ethics complaint against" Hotard).
[9] Rec. Doc. 43-1 (Stipulated Transcript of Meeting) at 11:18-24.
[10] *Id.* at 8:16-23.

misdemeanor punishable by a fine of not more than $2000 or imprisonment for not more than one year or both" to make a public statement about a Board of Ethics investigation.[11]

Banner said a few more words and sat down, without completing what she had to say.

**B.    The Court should exclude any argument that Banner violated the law with her words, because none of the statutes Defendants cite could plausibly make her words illegal.**

Defendants contend that their actions in stopping Banner from talking and threatening her with criminal sanctions were justified because Banner was "in violation of state law."[12] So in discovery, Banner asked Defendants to identify "any law you contend Joy Banner violated at the November 28, 2023 meeting."[13] Defendants offered two laws and one case:[14]

- R.S. 42:1141;
- R.S. 42:1141.4; and
- *Louisiana Board of Ethics v. Daryl Purpera,* 321 So. 3d. 401 (La. Ct. App. 2021).

None of these provide any basis to contend that Ms. Banner violated any law. R.S. 42:1141 sets out the procedure for Louisiana Board of Ethics complaints and investigations. It identifies the number of Board members on a panel, the voting of the panels, how complaints are made and considered, etc. Nothing in 42:1141 purports to restrict speech in any way, other than subsection (B)(3) which provides penalties for making a knowingly false complaint to the Board of Ethics. That could not apply here, as Ms. Banner was offering public comment at a Parish council meeting, not submitting a complaint to the Board of Ethics.

By contrast, R.S. 42:1141.4(L)(1) <u>does</u> purport to contain a speech restriction. That is the section that Defendant Wright read aloud during Banner's public comment.[15] That section

---

[11] Id. at 10:20-11:9.

[12] See Rec. Doc. 39-5 (Hotard Dep) at 61:7-11 ("Q And do you recall saying – speaking directly to Ms. Banner, saying, 'Ms. Banner, first of all, you're in violation of state law right now.' A I absolutely said that.")

[13] Rec. Doc. 48-4 at Interr. 10.

[14] *Id.*

[15] See Rec. Doc. 43-1 (Stipulated Transcript) at 10:20-11:9. At the hearing, Mr. Wright said he was reading from R.S. 42:1141, but what he read was actually a quote from R.S. 42:1141.4(L)(1).

suggests that it is a misdemeanor for any person other than the subject of an ethics complaint to "to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics without the written request of the public servant or other person investigated."

But that section is unconstitutional. R.S. 42:1141.4(L)(1) was held unconstitutional as applied in *King v. Caldwell ex rel. Louisiana,* 21 F. Supp. 3d 651 (E.D. La. 2014). In that case, a section of this Court held:

> The Court is persuaded that La. R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part. Insofar as the statute makes it a crime for "any other person," besides the subject of an ethics investigation, "to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics" absent the subject of the investigation's written request, the statute is impermissibly overbroad. Even accepting the State's proffered interests as sufficiently compelling, the State fails to show that the means selected are the least restrictive appropriate to the task.

> Accordingly, IT IS ORDERED: that plaintiffs' motion for summary judgment is GRANTED. The Court hereby declares La. R.S. 42:1141.4(L)(1) invalid insofar as it prohibits "any other person" from "mak[ing] any public statement or giv[ing] out any information concerning a private investigation or private hearing of the Board of Ethics."

*Id*. at 656-657 (citations omitted).

*King* dealt with nearly identical facts – plaintiffs who were threatened with prosecution for speaking publicly about the complaint they made to the Board of Ethics.[16]

Indeed, the very piece of paper that Defendant Wright read from when he threatened Ms. Banner with criminal penalties had the word "Unconstitutional" at the top, in the note that the law was included in the Unconstitutional Statutes Biennial Report:[17]

---

[16] *Seals v. McBee*, 2017 U.S. Dist. LEXIS 119553, *6 (E.D. La. July 31, 2017) (explaining that in *King,* the "plaintiffs had been arrested for speaking with the media regarding a claim that they had made to the Louisiana State Board of Ethics").

[17] Ex. A at 3. See also Rec. Doc. 26-4 at RFA No. 2 (Wright admitting that the paper "included a note that it was included in an Unconstitutional Statutes Biennial Report.")

> **RS 42:1141.4**
>
> NOTE: This provision of law was included in the Unconstitutional Statutes Biennial Report to the Legislature, dated March 14, 2016.

Defendants should not be allowed to argue at trial that Banner violated a law held unconstitutional nine years earlier.

Finally, Defendants write "Also see *Louisiana Board of Ethics v. Daryl Purpera,* 321 So. 3d 401 (La. Ct. App. 2021)."[18] That case dealt with the appeal of a judgment that denied the Louisiana Legislative Auditor "access to statutorily privileged and confidential documents prepared and/or used by the Louisiana Board of Ethics."[19] The case addressed the conflict between R.S. 42:1141.4(K) (which protects certain Ethics Board documents or records) and R.S. 24:513 (which enables the Auditors to conduct audits). It does not apply to the fact pattern here.

Thus, Defendants only cited one law restricting speech that could plausibly apply to Banner's words – and that law was declared unconstitutional on the same fact pattern. Defendants therefore should not be allowed to argue at trial that their actions were justified by any law-breaking by Ms. Banner.

**D.     Conclusion**

The motion should be granted, and Defendants should be barred from raising any argument that Ms. Banner violated any law.

---

[18] Rec. Doc. 48-4 at Interr. 10.
[19] *Louisiana Board of Ethics, supra,* 321 So. 3d at 402.

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com