William Most <williammost@gmail.com>

## FW: St. John the Baptist Parish Public Records Request

**Peter Montz** <p.montz@stjohn-la.gov>  Wed, Jan 3, 2024 at 9:38 AM
To: William Most <williammost@gmail.com>

Pursuant to the Louisiana Public Records Law Rev. Statue 44:1, attached please find the documents and/or records responsive to your request dated Thursday, December 14, 2023.

Please do not hesitate to contact me should you have any questions by phone or via email.

Best Regards,

[Quoted text hidden]

**2 attachments**

 **SubmissionReceipt-St.JohnTheBaptistParish-483.pdf**
22K

 **La RS 42_1141_4 L_Ethics Law.pdf**
1770K

# St. John the Baptist Parish

| | |
|---|---|
| **Submitted on** | 14 December 2023, 8:45AM |
| **Receipt number** | 483 |
| **Related form version** | 0 |
| **Applicant Name** | William Most |
| **Organization Name** | Most & Associates |
| **Mailing Address** | 201 St. Charles Ave,, Ste. 2500 #9685 |
| **City** | New Orleans |
| **State** | Louisiana |
| **Zip Code** | 70170 |
| **Email Address:** | williammost@gmail.com |
| **Contact Telephone Number** | 5045095023 |
| **Fax Number** | |
| **Requested Documents (please be as specific as possible)** | The document, and all native versions of drafts of the document, that Michael Wright read from during the November 28, 2023 Parish Council Meeting when he said "I'm going to read R.S. 42:1141 . . ." |

## RS 42:1141.4

NOTE: This provision of law was included in the Unconstitutional Statutes Biennial Report to the Legislature, dated March 14, 2016.

§1141.4. Notice and procedure

A.(1) Any public servant or other person who is to be the subject of a public or private hearing and the complainant shall be given written notification of the pending charges and of the time and place such hearing is to be held. Such notification shall not be less than sixty days prior to the date set for the hearing. Upon the request of a public servant or other person charged, the hearing may be held sooner.

(2) The Ethics Adjudicatory Board shall give public notice of its hearings that are conducted pursuant to R.S. 42:1141.5. The Ethics Adjudicatory Board shall mail a copy of the notice to the address where the subject of the hearing was served with the charges pending before the board or an address provided by the respondent or the respondent's attorney of record after service was made.

B.(1) For purposes of an investigation or a hearing, the Board of Ethics, any panel thereof, or its staff, or the Ethics Adjudicatory Board, or any panel thereof, may administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any records which a board or panel deems relevant or material to the investigation or hearing. Such attendance of witnesses and the production of any such records may be required at any place designated by a board or panel at no cost to the public servant or other person charged as permitted by the rules of the board requiring such attendance or production or the board of the panel requiring such attendance or production.

(2) The Board of Ethics and the Ethics Adjudicatory Board shall adopt rules providing for discovery consistent with Chapter 3 of Title III of Book II of the Code of Civil Procedure, to the extent and in the manner appropriate to its proceedings.

C. In case of contumacy or refusal to obey a subpoena issued to any public servant or other person, any district court of this state within the jurisdiction of which the inquiry is carried on, or within which said public servant or other person is found, resides, or transacts business, upon application by the Board of Ethics or the Ethics Adjudicatory Board shall have jurisdiction to issue to such public servant or other person an order requiring him to appear before the board or its staff and to produce evidence, if so ordered, or to give testimony concerning the matter under consideration. Any failure to obey such order of the court may be deemed by the court as to be contempt of the court.

D.(1) If any public employee willfully refuses or fails to appear before the Board of Ethics or the Ethics Adjudicatory Board or any court authorized to conduct any hearing or inquiry pertaining to the provisions of this Chapter, or having appeared refuses to testify or answer any question specifically, directly, and narrowly relating to the performance of his official duties on the ground that his testimony or answers would tend to incriminate him, or refuses to accept immunity from prosecution on account of any matter about which he may be asked to testify at any such hearing or inquiry, such action shall be grounds for dismissal or forfeiture of his office or position, and if dismissed, he shall not be eligible thereafter for employment by the governmental entity for a period of five years, unless such reemployment is authorized by a majority vote of the membership of the Board of Ethics.

(2) If any elected official willfully refuses or fails to appear before the Board of Ethics or the Ethics Adjudicatory Board or any court authorized to conduct any hearing or inquiry pertaining to the provisions of this Chapter or having appeared refuses to testify or answer any question specifically, directly, and narrowly relating to the performance of his official duties on the ground that his testimony or answers would tend to incriminate him, or refuses to accept immunity from prosecution on account of any matter about which he may be asked to testify at such hearing or inquiry, such action shall be grounds for the imposition of penalties as provided in R.S. 42:1153.

E. Any public servant or other person who is the subject of any hearing may have legal counsel, cross-examine witnesses, call witnesses, and present evidence in his own behalf. If a person receives an advisory opinion from the Board of Ethics and he acts based upon such advisory opinion, the advisory opinion shall be admissible as evidence at the hearing.

F. Any public servant or other person who is the subject of any investigation shall be advised of his right to have an attorney present.

G. Any witness may be accompanied by counsel at investigations or hearings, which counsel may advise the witness of his rights, subject to reasonable limitations to prevent obstruction of or interference with the orderly conduct of the investigation or hearing. His counsel may also submit proposed questions to be asked for his client.

H. Any witness at any investigation or hearing, subject to rules and regulations promulgated by the Board of Ethics or Ethics Adjudicatory Board, shall be entitled to a copy of his testimony when it becomes important and relevant in a criminal proceeding or subsequent investigation or hearing, provided that the furnishing of such copy will not prejudice the public safety or security.

I. In making any official determination of whether any provision of law within the jurisdiction of the Board of Ethics has been violated, the Ethics Adjudicatory Board may consider testimony pursuant to the Louisiana Code of Evidence.

J. Any public servant or other person who is aggrieved by any action taken by a panel of the Board of Ethics may request a review of the panel's decision by the full Board of Ethics within thirty days of the panel's decision. The Board of Ethics shall determine whether or not to review the panel's action within thirty days of the request for review.

K. The records of the Board of Ethics prepared or obtained in connection with investigations and private hearings conducted by the Board of Ethics, including all extracts of minutes and votes to take any matter under consideration in connection therewith, shall be deemed confidential and privileged, except that such records shall be available to each member of the Board of Ethics upon request. Except as provided in this Section and in R.S. 42:1111(E)(2)(c), all records, including the results and conclusions reached in connection with any investigation or hearing, shall be public.

L.(1) It shall be a misdemeanor, punishable by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both, for any member of the Board of Ethics, its executive secretary, other employee, or any other person, other than the person who is subject to the investigation or complaint, to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics without the written request of the public servant or other person investigated.

(2) Upon receipt of a written request by the public servant or person charged, the Board of Ethics shall furnish the requestor with a certified copy of the entire proceedings of a private hearing, including a verbatim transcript of all testimony considered at such hearing, and make public the findings of any private investigation or hearing in connection with the charges.

M. The provisions of the Open Meetings Law shall not apply to investigations and private hearings conducted by the Board of Ethics.

Acts 2012, No. 608, §1, eff. June 7, 2012; Acts 2023, No. 146, §1.