UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **MICHAEL WRIGHT, in his individual and official capacities, et al.** | **SECTION: "G"** |

## ORDER

Plaintiff Joy Banner, Ph.D. ("Plaintiff") brings this suit against Defendants Michael Wright, St. John the Baptist Parish, and Jaclyn Hotard (collectively "Defendants") alleging violations of her First Amendment right to freedom of speech during a St. John the Baptist Parish council meeting.[1] Trial in this matter is scheduled to begin on January 27, 2025. Before the Court is Plaintiff's Motion in Limine to exclude references to an "advice of counsel" defense.[2]

The pending Motion in Limine was filed on August 28, 2024, and set for submission on September 18, 2024.[3] No memorandum in opposition to the Motion to Limine was submitted, timely or otherwise. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the submission date. Accordingly, this motion is deemed unopposed. Defendants have not filed a response to the motion. This Court has authority to grant a motion as unopposed, although it is not required to do so.[4]

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 39.

[3] *Id.*

[4] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 356 (5th Cir. 1993).

Plaintiff states that during Defendants Michael Wright and Jaclyn Hotard's depositions, they gave testimony suggesting an advice-of-counsel defense.[5] Plaintiff contends that advice of counsel is an affirmative defense which must be asserted in an answer under Federal Rule of Civil Procedure 8(c).[6] Plaintiff argues that because Defendants did not assert this defense in their answer, it is waived and should be excluded from trial.[7] Plaintiff avers that any amendment by Defendants would be futile because Defendants' testimony does not meet the elements of an advice-of-counsel defense.[8]

It is unclear whether Defendants intended to raise an advice-of-counsel defense based on the failure to include the defense in their answer. In any event, "[i]t is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule of Civil Procedure 8(c) results in the waiver of that defense and its exclusion from the case."[9] The list of eighteen affirmative defenses in Federal Rule of Civil Procedure 8(c) is not intended to be exhaustive.[10] "Reliance on advice of counsel is an affirmative defense…"[11] Considering the applicable law and Defendants' failure to respond to the instant motion, the Court finds that any reference to "advice of counsel" should be excluded from trial.

---

[5] Rec. Doc. 39-1 at 1.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] 5 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1278 Effect of Failure to Plead an Affirmative Defense, (4th ed.).

[10] *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

[11] *U.S. v. Newell,* 315 F.3d 510, 525 (5th Cir. 2002) (citing *U.S. v. White,* 887 F.2d 267, 270 (D.C. Cir. 1989).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine Regarding Advice of Counsel[12] is **GRANTED.** Any reference to "advice of counsel" is excluded from the trial in this matter.

**NEW ORLEANS, LOUISIANA**, this __15th__ day of October, 2024.

                                                        **NANNETTE JOLIVETTE BROWN**
                                                        **CHIEF JUDGE**
                                                        **UNITED STATES DISTRICT COURT**

---

[12] Rec. Doc. 39.