UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Memorandum in Support of Plaintiff's Motion to Clarify Order on Motion to Quash**

This motion asks the Court to modify its written order on the motion to quash to reflect instructions given by the Court at oral argument.

In this case, Plaintiff subpoenaed the deposition and records of third-party witness Darla Gaudet.[1] On September 5, 2024, Gaudet filed a Motion to Quash the subpoena.[2]

On October 2, 2024, the Court held oral argument on the motion to quash and provided directions to the parties.[3] The next day, the Court issued a written order.[4]

The parties conferred after the hearing, but disagreed about what had been said and what the Court had directed. Plaintiff contended (1) that Ms. Gaudet's counsel had admitted in court that Ms. Gaudet owned the property in question and (2) that the Court had directed that Ms. Gaudet should provide information about the percentage of her ownership in the relevant company.

Ms. Gaudet's counsel denied that he said that, or that the Court directed that.

Plaintiff's counsel therefore requested a transcript of the hearing. The transcript showed that Plaintiff's counsel was correct on both counts. At least three times, Ms. Gaudet's counsel admitted that Ms. Gaudet owned the land in question through her LLC:

- "She owns two narrow strips of land along the river that come up to the river batture . . ."[5]

- "Ms. Gaudet's small piece of property . . ."[6]

---

[1] R. Doc. 40-3.
[2] R. Doc. 40.
[3] R. Doc. 47.
[4] R. Doc. 46.
[5] Ex. A at 7.
[6] *Id*. at 9.

1

- "He has the information about what strips of land she owns and where it's located relevant to this proposed grain elevator."[7]

The transcript also shows that in addition to requiring documents be submitted to the Court in camera, the Court directed Ms. Gaudet to produce to plaintiff's counsel her percentage ownership of the company in question:

> THE COURT: He's not asking her for that. What he wants to know is her communications with the grain company during this period of time and what her ownership interests are, and then he can take that and ask additional questions. You may be right. She may say, "I have no idea. I don't know."
>
> But if the issue is motive, I could see how potentially the communications may provide support for motive. It may not. I don't know. I also don't know how many communications there are.
>
> What I think I'm inclined to do is to tell you, sir, to give them to me for in camera review, but to **produce to Mr. Most — and it doesn't need to be the documents. Just give him the percentage of her holdings in the company.** And I will look at these documents and figure out if they have any relevance to the issue in the case.
>
> If there's no relevance, I'll return the documents to you. If there is relevance, I will explain — we may have a follow-up hearing, and I will explain to you why I think it's relevant and order the release. But I will not release them. I will return them to you for you to release, okay?[8]

Even after being provided the transcript, however, Ms. Gaudet's counsel still refused to provide the percentage of ownership as directed by the Court. His reasoning appeared to be that the Court's directive about the percentage of ownership was not in the written order.

Accordingly, Plaintiff asks that the Court modify its written order to reflect the directive provided at oral argument. This will cause no prejudice to Ms. Gaudet, because her counsel repeatedly admitted in open court that she was the owner. The motion should be granted.

---

[7] *Id*. at 35.
[8] *Id*. at 47-48. Emphasis added.

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com