UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY BANNER, Ph.D.

    Plaintiff,

    v.                                 Case No. 23-cv-7296

MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH.

    Defendants

### DARLA GAUDET'S MEMORANDUM OF LAW IN OPPOSITION TO JOY BANNER'S MOTION TO CLARIFY ORDER ENTERED ON OCTOBER 10, 2024

MAY IT PLEASE THE COURT,

Richard J. Tomeny, Jr., attorney for Darla Gaudet (hereafter "Gaudet") submits this Memorandum of Law in Opposition to the Motion by Joy Banner to Clarify the Order entered on October 10, 2024, following the hearing on Darla Gaudet's Motion to Quash the Subpoena Duces Tecum and respectfully represents:

### LAW AND ARGUMENT

At the close of the arguments of counsel at the hearing on Darla Gaudet's Motion to Quash Subpoena, the Court orally, from the bench, entered its order directing counsel for Mrs. Gaudet to produce the subpoenaed documents to the Court for in-camera review. Then, on October 10, 2024, the Court entered the following written order:

"ORDER re: 40 MOTION to Quash Subpoena for Deposition & Documents: IT IS ORDERED that non-party Darla Gaudet shall provide the Court with copies of all correspondence and documents regarding Greenfield Louisiana LLC, Greenfield's proposed grain terminal in St. John the Baptist Parish, or messages between Ms. Gaudet and Jaclyn Hotard regarding the Council meeting at issue in this litigation, limited to January 8, 2020, through December 31, 2023, for in camera review by no

later than October 23, 2024. These documents shall be sent to the Court's e-File email address, eFile-Roby@laed.uscourts.gov. Signed by Magistrate Judge Karen Wells Roby on 10/9/2024.(pp) (Entered: 10/10/2024)"

The written order is identical to the Court's order issued from the bench at the close of the hearing. Both counsels acknowledged that they understood the Court's order for an in-camera review of subpoenaed materials by the Court <u>before</u> any of the subpoenaed materials would be disclosed to Banner's counsel. Both counsels acknowledged that a written order would be entered into the record to that effect.

Since the entry of the order of October 10, 2024, counsel for non-party Darla Gaudet has provided the Court with copies of all correspondence and documents regarding Greenfield Louisiana LLC, Greenfield's proposed grain terminal in St. John the Baptist Parish, or messages between Ms. Gaudet and Jaclyn Hotard regarding the Council meeting at issue in this litigation, limited to January 8, 2020, to the current date for in-camera review by no later than October 23, 2024.

Now, after the fact, counsel for Banner is asking this Court to clarify its order based upon the transcript of the hearing wherein, the Court was clearly deliberating, on the record, its options before issuing its ruling on the motion. As an example of the Court's deliberations in open court the following exchanges occurred with Mr. Most:

> "MR. MOST: There was another — there were other people in the race. I think four days before the election, there's a good sense of who may win. But you know, the tying it to the First Amendment retaliation claim in this case —
>
> THE COURT: Yeah, tell me how that's connected because I don't know that I understand that."
>
> MR. MOST: Sure. So the First Amendment retaliation claim is about how our client was prohibited from speaking and

threatened with an unconstitutional statute at a parish council meeting.

THE COURT: What does that have to do with the land?

MR. MOST: Sure. Because the topic at issue at that parish council meeting was about hiring outside counsel for the parish president, defending her against an ethics complaint about everything we've just been talking about.
So the land led to an ethics complaint that led to a meeting where they were deciding whether or not to pay for a lawyer to defend the parish president against this ethics complaint. It was at that meeting that my client was threatened with a law that the Eastern District had declared unconstitutional nine years prior.
So we think the reason why the parish president specifically asked that Joy Banner be stopped from talking was because what she was talking about was the ethics complaint which was about the relationship between the mother-in-law and the daughter-in-law.
So, you know, we didn't start by seeking to depose Ms. Gaudet.

THE COURT: I don't understand why getting this information helps your First Amendment claim. It might help an ethics claim, but I don't know why it helps this claim. [1]

MR. MOST: And so we think that's not true, and so we would like to depose the other end of those communications and see, "Do you talk to your daughter-in-law about your business? Does she know anything about it?" Because if there's truly complete separation between those two people —

THE COURT: It sounds like you're fishing. [2]

Later, in another exchange with Mr. Most the Court stated:

MR. MOST: No, Your Honor. The proper — one of the issues in the case is what was the motivation of Jaclyn Hotard in directing the parish president to stop Joy Banner from talking, and what Joy Banner was talking about was the content of the ethics complaint.

_____

[1] Transcript of the Hearing at page14, lines 18-24; Page 15, Lines 1-24
[2] Transcript of the Hearing at page16, lines 5-11
.

THE COURT: I think you're stretching it.[3]

Do these exchanges with Mr. Most constitute a ruling on October 10, 2024, in favor of Mrs. Gaudet? In the exchanges above, it sounded like the Court was going to grant Mrs. Gaudet's motion to quash.

Ultimately, and after these deliberations, the court issued its ruling in open Court, to have an in-camera review of the records, a ruling that both counsels acknowledged that they understood. This ruling was reduced to a written order and entered into the record on October 10, 2024. The order of the Court is clear and unambiguous. No clarification is required.

Additionally, the information that counsel for Banner seeks to confirm is at the heart of Gaudet's Motion to Quash, i.e., her personal, financial, and business information is (1) not relevant to the First Amendment claims of the plaintiff against St. John the Baptist Parish and (2) her personal information is private and confidential and is entitled to be protected from disclosure to third parties.

Moreover, what purpose would an in-camera inspection of the records by the Court serve if the information was given to Banner's counsel <u>before</u> the Court had an opportunity to inspect the information to consider its relevance to the plaintiff's case and the merits of Gaudet's objection to producing it?

<u>CONCLUSION</u>

For the reasons set forth herein and as reflected by the record of this case, this Court should deny the Banner Motion to Clarify its Order of October 10, 2024.

---

[3] Transcript of the Hearing at page17, lines 10-15

Respectfully Submitted,

*Richard J Tomeny Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852
Two United Plaza
8550 United Plaza Boulevard, Suite 702
Baton Rouge, Louisiana, 70809
Telephone: (225) 334-8080
Fax: (225) 758-9050
Email:  rtomeny@tomenylaw.com.

**Attorney for Darla Gaudet**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO JOY BANNER'S  MOTION TO CLARIFY ORDER filed herein has been served upon all known counsel of record via email, facsimile or United States Mail, properly addressed and postage prepaid, this 29th  day October 2024.

*Richard J. Tomeny, Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852