UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D.<br>    Plaintiff<br><br>VERSUS<br><br><br><br>MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH;<br>    Defendants. | Case No. 23-cv-7296<br><br>Judge Nannette J. Brown<br><br>Magistrate Judge Karen W. Roby |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING ALLEGED LEGAL VIOLATIONS BY PLAINTIFF

NOW INTO COURT, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who oppose Plaintiff, Joy Banner's, (hereinafter "Plaintiff" or "Joy Banner"), Motion *in Limine* regarding evidence that one of the reasons why the Defendants interrupted Plaintiff's public comment was due to the fact that she violated Louisiana law, (when she made public comments about an open Louisiana Board of Ethics matter), during the November 28, 2023, Parish Council meeting.

    I.    <u>The Court should not exclude evidence that one of the reasons why Defendants interrupted Plaintiff's public comment was because she illegally commented on an open Louisiana Board of Ethics matter in violation of Louisiana law since such evidence is relevant to the Defendants' defense and Defendants would be prejudiced if they were not allowed to present such evidence</u>

Plaintiff has no legal grounds to request that this Honorable Court exclude evidence that one of the reasons why the Defendants interrupted Plaintiff's public

comment was due to the fact that she violated Louisiana law, (when she made public comments about an open Louisiana Board of Ethics matter), during the November 28, 2023, Parish Council meeting. Plaintiff's Motion *in Limine* lays out arguments that merely go to the credibility or weight that should be afforded the evidence –not its admissibility.

*Federal Rules of Evidence, ("F.R.E."), Rule 402* allows for general admissibility of relevant evidence. In other words, "relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not permissible." [1] On the other hand, *F.R.E. 403* excludes relevant evidence for prejudice, confusion, waste of time, or other reasons.

The trial court is given great discretion in the determination of what evidence may be admitted or used at trial. The Fifth Circuit Court of Appeals has stated the following about Motions *in Limine*:

> A motion *in limine* is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.[2]

In Response to Plaintiff's Third Set of Discovery Request to Michael Wright, the Defendant's Response to Interrogatory No. 10., was the following:

> "INTERROGATORY NO. 10.: Identify any law you contend Joy Banner violated at the November 28, 2023, meeting.

---

[1] F.R.E. Rule 402.
[2] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).

RESPONSE TO INTERROGATORY NO. 10.: *Louisiana Revised Statute 42:1141* and *42:1141.4*. Also see *Louisiana Board of Ethics v. Daryl Purpera*, 321 So.3d 401 (La. Ct. App. 2021)."[3]

Just because Plaintiff disagrees with the Defendants' point of view or interpretation of law does not create a legal reason for this Honorable Court to exclude the conflicting opinions from the trier of facts. Nevertheless, without any legal grounds, the Plaintiff wants this Honorable Court to circumvent the trier of facts' role as the proper arbiter of disputes between conflicting opinions. There are no Federal Rules of Evidence prohibiting the trier of fact in this matter from hearing and deciding the weight to be given to this type of relevant evidence. This court's gatekeeping function does not replace the traditional adversary system or the role of the jury system. [4]

Additionally, Plaintiff has failed to show that the evidence she is trying to exclude should not be admitted pursuant to the United States Constitution, a federal statue, other Federal Rules of Evidence, or other rules prescribed by the Supreme Court, pursuant to *F.R.E. 402*; nor has the Plaintiff asserted that the evidence would be prejudicial, causes confusion, waste of time or needlessly presenting cumulative evidence, as per *F.R.E. 403*.

Furthermore, as a general rule, questions related to the bases and sources of an opinion affect the weight to be assigned to that opinion rather than its admissibility – which should be left for the jury's consideration.[5]

---

[3] *See* Rec. Doc. 48-4.
[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.579,589, 113 S. Ct. 2786, 125 L.Ed. 469 (1993).
[5] *Acres of Land More or Less Situated in Leflore Cnty. Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996).

**II.     There has been no determination by any court that the statute is unconstitutional under the unique facts of our case and there are no legal grounds for exclusion**

In this case, a complaint was made to the Louisiana Board of Ethics by Center for Constitutional Rights attaching an affidavit apparently signed by Joy Banner. Louisiana has a statute that includes mandates that an ethics complaint against a public official will remain confidential during the investigatory phase of the complaint. *See* La. RS. 42:1141.4(K) and (L). When Plaintiff spoke at the St. John the Baptist Parish Council meeting on November 28, 2023, she began to make comments about a pending ethics complaint against a public official that remained in the investigation phase.

Defendant, Parish President Jaclyn Hotard, ("President Hotard"), told Joy Banner that her comments about the pending complaint could be in violation of the confidentiality provisions of state law, and then Defendant Michael Wright, ("Chairman Wright"), read aloud to Joy Banner the provisions of La. R.S. 42:1141.4(L)(1), but not before Joy Banner had already publicly mentioned the pendency of the complaint. Joy Banner alleges that she curtailed her comments based on Chairman Wright's statement to her.

Joy Banner's claim principally rests upon *King v. Caldwell ex rel Louisiana,* 21 F. Supp. 3d 651 (E.D. La. 2014). In *King*, the Louisiana Attorney General had initiated, then dismissed by *nolle prosequi*, a criminal proceeding against King for disclosing information about a Louisiana ethics board complaint filed by the plaintiff that remained in the investigatory phase under La. R.S. 42:1141.4(L)(1). After the criminal complaint had been dismissed, King filed a lawsuit in federal court seeking declaratory and injunctive relief that La. R.S. 42:1141.4(L)(1) was constitutionally invalid.

The district court rejected the state's defenses of abstention and standing based on

mootness and held that the statute was unconstitutional "as applied to these plaintiffs and on its face, at least in part" to the extent that the confidentiality rule applied to "any other person." *King*, 21 F. Supp. 3d at 656. The court then enjoined the Attorney General and his agents from "enforcing this provision." *Id.* At 657. The decision was not appealed, and there is no subsequent history on this provision. The legislature did not repeal or modify the statute, and the "Green Books" retain the language of La. R.S. 42:1141.4(L)(1) without notation or modification.

A statute may be unconstitutional "as applied" to a particular plaintiff, which is distinct from a "facial challenge" that finds a statute is unconstitutional in all of its applications and "lacks any plainly legitimate sweep." *U.S. v. Stevens*, 559 U.S. 460, 473 (2010). In *King*, the court held that La. R.S. 42:1141.4(L)(1) was invalid both "as applied to these plaintiffs and on its face, at least in part." *King*, 21 F. Supp. 3d at 656. It appears that the court's intent was to exclude from the (L)(1) prohibition any person other than the persons listed elsewhere in the subsection of the statute. The district court's finding that the statute was unconstitutional "as applied" to King, however, was a sufficient bases for its judgment granting declaratory and injunctive relief. The additional holding that the statute also was facially invalid "at least in part" was, therefore, unnecessary to the holding and could reasonably be construed as *dictum*. The district court further accepted that the state's proffered interests supporting the statute's confidentiality rule could be accepted as "sufficiently compelling," but were not the least restrictive means to accomplish the state's interests in that case. *Id.* At 657. The state's compelling interest, of course, recognizes that persons and organizations have may potential motivations for making a complaint that a public servant violated the Code of Ethics, not all of which are

legitimate, and that publication of an ethics complaint prior to investigation can irreparably damage the reputation of the public servant and diminish the public's confidence in government particularly if the complaint is later determined to be without merit, as was the case with Joy Banner's complaint against President Hotard [6].

Moreover, Plaintiff has filed an Open Meetings law challenge and a First Amendment violation case. They have not sued to have the statute declared unconstitutional under the facts of our case. If the Plaintiff were to file a legal challenge to the constitutionality of the statute, Plaintiff would have been required to name the state attorney general as a defendant. That is not what has been done in this case, because this is not a suit to have the statute declared unconstitutional.

Finally, Plaintiff does not even dispute that the evidence she is trying to exclude is relevant; nor does she even argue that it has any prejudicial value for it to possibly warrant being excluded under the Federal Rules of Evidence. If the Defendants are prohibited from putting on a defense – as to one of the reasons why they interrupted Plaintiff's public comment was due to the fact that she violated Louisiana law when she commented on an open Louisiana Board of Ethics matter–they would be unduly prejudice and would create an impingement on the Defendants' fundamental right to a fair trial.

### III. Conclusion

Based on the aforementioned, the Defendants respectfully request that this Honorable Court deny Plaintiff's Motion *in limine* pertaining to excluding Defendants' evidence regarding one of the reasons why Defendants interrupted Plaintiff's public comment, during the November 28, 2023 Parish meeting, was due to Plaintiff's violation

---

[6] See Exhibit A.

of Louisiana law when she commented about an open Louisiana Board of Ethics matter, and dismiss same, at Plaintiff's expense.

Respectfully Submitted,

/s/ Ike Spears
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone:   (504) 593-9500
Telecopier:   (504) 523-7766
E-mail: ikespears@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on October 30, 2024.

/s/ Ike Spears
Ike Spears
