UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D.<br>    Plaintiff<br><br>VERSUS<br><br><br>MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH;<br>    Defendants. | Case No. 23-cv-7296<br><br>Judge Nannette J. Brown<br><br>Magistrate Judge Karen W. Roby |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING THE "ON-TOPIC RULE"

NOW INTO COURT, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who oppose Plaintiff, Joy Banner's, (hereinafter "Plaintiff"), Motion *in Limine* regarding arguments that Plaintiff violated a St. John the Baptist Parish rule requiring public comment to be on the topic of an agenda item.

    I.    **The Court should allow evidence and argument that Joy Banner was speaking off-topic since it is relevant to Defendants' defense, the Defendants would be prejudiced if they were not allowed to present their defense and its probative value outweighs its prejudicial value**

At the heart of Plaintiff's claims, as laid out in her Complaint, is the question of Defendants' intentions when they interrupted Plaintiff's speech during the public comment period of the November 28, 2023, council meeting.[1] In fact, in her Complaint, Plaintiff

---

[1] See Rec. Doc. 7, ¶s 2, 54, 56, 58, 59, 61, 66, 67.

asserts several times that she was "on-topic".[2] Since one of the Defendants' defenses and/or arguments to Plaintiff's allegations, (regarding the fact she was OFF-topic and therefore, one of the reasons why she was *legally* interrupted during the public comment period), it would stand to reason that one of the relevant questions the trier of fact has to decide is whether the Plaintiff's comment was on-topic or not.

If the Defendants are prohibited from putting on a defense – as to the Plaintiff's assertion that her comment was "on-topic"–they would be unduly prejudiced. The result would be an impingement on the Defendants' fundamental right to a fair trial.

*Federal Rules of Evidence, ("F.R.E."), Rule 402* allows for general admissibility of relevant evidence. In other words, "relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not permissible."[3] On the other hand, F.R.E. 403 excludes relevant evidence for prejudice, confusion, waste of time, or other reasons.

The trial court is given great discretion in the determination of what evidence may be admitted or used at trial. The Fifth Circuit Court of Appeals has stated the following about Motions *in Limine*:

> A motion *in limine* is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.[4]

---

[2] Id.
[3] F.R.E. Rule 402.
[4] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).

As Plaintiff correctly notes, a city or parish council meeting is a limited public forum. *Heaney v. Roberts*, 147 F. Supp. 3d 600, 605 (E.D. La., Dec. 2, 2015).

Additionally, germane to this case, the Louisiana State Court of Appeals, Fifth Circuit, in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish*, very recently reversed a trial court's ruling that St. John the Baptist Parish Council violated the Open's Meeting Law wherein a different plaintiff, (regarding the same November 28, 2023, council meeting in question before this Honorable Court), argued that all speech should be allowed during the public comment period at a public meeting. [5] The State Fifth Circuit Court of Appeals disagreed with the plaintiff in that case and instead sided with the defendant. The Court reversed the trial court's ruling in its entirety and dismissed that plaintiff's suit with prejudice at plaintiff's costs.[6]

The *Perrilloux* appeals court found that the testimony and the recorded council meetings, (*which includes this case's November 28, 2023 council meeting*), showed that notice was given to the public prior to the council meeting and during the council meetings, and "that everyone present in the Council chambers was notified by the Chairman, orally and on the TV screens behind the Council, that the public comment period was open, that if anyone desired to speak, they were to approach the podium, and that each citizen would have three minutes to discuss agenda items only."[7] (emphasis added).

---

[5] See Exhibit A, the Louisiana Court of Appeals, Fifth Circuit's ruling in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish*, No. 24-CA-280, (October 18, 2024). The plaintiff in that case had other arguments as well.
[6] Id. at 15.
[7] Id. at 7.

Furthermore, while there is a right of free speech and assembly which is fundamental in our democratic society, the Louisiana Open Meetings Law does not *require* public bodies, when conducting meetings, to allow everyone with opinions and beliefs to express themselves at any public place or at any time. [8] In fact, the intent of the Open Meetings Law is not to give the public a chance to address the public body on issues unrelated to agenda items; as *La. Rev. Stat. §42:14(D)* generally applies to agenda items only. [9]

Additionally, there are no specific statutory requirements in structuring the public comment period; the Open Meetings Law just mandates that the public body's rules, regulations, and restrictions regarding public comments be *reasonable*. *Id*. However, there are no specific statutory requirements; the specifications on how the comment period is to be implemented up to each public body. *Id*.

At trial, Defendants have a right to present this relevant evidence to the trier of fact that the Plaintiff's comment was off-topic, that they complied with current state law, (as stated by *Perrilloux* appeals court); and moreover, the probative value of such relevant evidence highly outweighs any prejudicial effect it may have.

Also, pursuant to *F.R.E. 402*, Plaintiff has failed to show that the evidence she is trying to exclude should not be admitted pursuant to the United States Constitution, a federal statue, other Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Nor has the Plaintiff asserted that the evidence would be prejudicial, causes confusion, waste of time or needlessly presenting cumulative evidence, as per *F.R.E. 403*. Instead, Plaintiff claims that this Court should exclude the Defendants' evidence

---

[8] *Atty. Gen. Op. 01-394.*
[9] *Atty. Gen. Op. 01-367.*

regarding the fact that Plaintiff's comment was off-topic because no such "rule" exists at St. John the Baptist; Plaintiff cites to caselaw that states that public bodies are given the *discretion* of adopting rules that limit the time and topic of public comments. [10]

This court's gatekeeping function does not replace the traditional adversary system or the role of the jury system. [11] As a general rule, questions related to the bases and sources of an opinion affect the weight to be assigned to that opinion rather than its admissibility –which should be left for the jury's consideration.[12] Plaintiff does not dispute that the evidence she is trying to exclude is relevant; nor does she even argue that it has any prejudicial value for it to possibly warrant being excluded under the Federal Rules of Evidence.

Nevertheless, the Plaintiff wants this Honorable Court to circumvent the trier of facts' role as the proper arbiter of disputes between conflicting opinions, (which is not allowed under the Federal Rules of Evidence). At best, Plaintiff's issue with Defendants' arguments about being "off-topic" merely go to the credibility or weight that should be afforded the evidence –not its admissibility.

## II.   Conclusion

Based on the aforementioned, the Defendants respectfully request that this Honorable Court deny Plaintiff's motion *in limine* pertaining to the "on topic rule".

---

[10] *See* Rec. Doc. 48, footnote 7: *Heany v. Roberts* says "a city council meeting is generally recognized to be a 'limited public forum' which means government does not have to allow persons to engage in every type of speech" See also *Fairchild v. Liberty Indep. Sch. Dist.* 597 F.3d 747, 759 which affirmed *Heany*.
[11] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.579,589, 113 S. Ct. 2786, 125 L.Ed. 469 (1993).
[12] *Acres of Land More or Less Situated in Leflore Cnty. Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996)

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone:   (504) 593-9500
Telecopier:   (504) 523-7766
E-mail:ikespears@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on October 30, 2024.

/s/ *Ike Spears*
Ike Spears
