UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, PH.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendants Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St. John the Baptist Parish's (collectively "Defendants") Motion for Leave to File Untimely Oppositions.[1] On October 9, 2024, Plaintiff Joy Banner ("Plaintiff") filed two Motions in Limine,[2] which were set for submission on October 30, 2024. Under Local Rule 7.5, any opposition or response to a motion under submission must be filed at least eight days before the submission date. As such, any response by Defendants were due no later than October 22, 2024. On October 30, 2024, Defendants filed oppositions in response to Plaintiff's Motions in Limine.[3] On October 30, 2024, Plaintiff filed a Motion to Strike Defendants' Untimely Oppositions.[4] On October 30, 2024, Defendants also filed a Motion for Leave to File Oppositions to Plaintiff's Motions in Limine.[5]

---

[1] Rec. Doc. 64.

[2] Rec. Doc. 48; Rec. Doc. 50.

[3] Rec. Doc. 61; Rec. Doc. 62.

[4] Rec. Doc. 63.

[5] Rec. Doc. 64.

1

Defendants state that they erroneously believed that the responses to Plaintiff's motions were due on October 30, 2024.[6] Defendants contend that in the interest of justice, the Court should grant Defendants' motion for leave to file the untimely oppositions.[7] In opposition to the motion for leave to file, Plaintiff argues that Defendants' motion should be denied because Defendants have stated no reason why they believed the responses were due on October 30, 2024.[8] Additionally, Plaintiff submits that the untimely oppositions would leave her with no time to file reply memoranda.[9]

Under Local Rule 7.5, any opposition or response to a motion under submission must be filed at least eight days before the submission date. The noticed date is the date the motion is deemed submitted to the court for decision and after which no further briefing will be allowed, except with prior leave of court.[10] "Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely responses where the party failed to act because of excusable neglect."[11] A number of factors are relevant to a court's excusable neglect inquiry, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[12]

---

[6] Rec. Doc. 64 at 2.

[7] *Id.*

[8] Rec. Doc. 65 at 1.

[9] *Id.* at 2.

[10] Local Rule 7.2.

[11] *Rasco v. Potter*, 265 Fed.Appx. 279, 283 (5th Cir. 2008) (internal quotation marks omitted); *see Vasudevan v. Adm'rs of Tulane Educ. Fund*, No. 17-30160, 2017 WL 3616380, at *3 (5th Cir. Aug. 22, 2017) (applying the "excusable neglect" standard to a district court's ruling on a motion to strike an untimely opposition).

[12] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original). Landry carries the burden of demonstrating excusable neglect. *See Traffic Scan Network, Inc. v. Winston*, No. 92-

As stated above, "Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely responses where the party failed to act because of excusable neglect."[13] As such, the Court exercises its discretion and allow Defendants to file their responses to the pending motions. Trial is scheduled to begin on January 27, 2025, and there is ample time for the Court to rule on evidentiary issues in advance of trial. To cure any perceived prejudice to Plaintiff, the Court will grant Plaintiff until November 13, 2024 to file reply briefs.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave of Court to File Oppositions[14] is **GRANTED.** Defendants' oppositions[15] shall be accepted into the record. Plaintiff is granted leave to file a reply brief on or before November 13, 2024.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Untimely Briefs is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __5th__ day of November, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

2243, 1995 WL 83932, at *1 (E.D. La. Feb. 24, 1995) (Vance, J.) ("The burden of establishing excusable neglect is on the party seeking the enlargement of time.").

[13] *Rasco v. Potter*, 265 Fed.Appx. 279, 283 (5th Cir. 2008) (internal quotation marks omitted); *see Vasudevan v. Adm'rs of Tulane Educ. Fund*, No. 17-30160, 2017 WL 3616380, at *3 (5th Cir. Aug. 22, 2017) (applying the "excusable neglect" standard to a district court's ruling on a motion to strike an untimely opposition).

[14] Rec. Doc. 64.

[15] Rec. Doc. 61; Rec. Doc. 62.