UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. | CIVIL ACTION |
| VERSUS | NO. 23-7296 |
| MICHAEL WRIGHT, individually and in official capacity, et al. | SECTION: "G"(4) |

### Reply in Support of Plaintiff's Motion in Limine Regarding Off-Topic Rule

Plaintiff Joy Banner filed a motion in limine (Rec. Doc. 48) pointing out that the St. John the Baptist Parish Council has never passed a rule requiring public comment to be on the topic of a particular agenda item. Banner therefore asked to exclude any argument that Defendants' actions were justified by Banner speaking "off topic" – because even if Banner was speaking off-topic, she would not have been violating any rule.[1]

In short: Defendants shouldn't be able to argue that Banner broke a rule <u>that does not exist</u>.

Defendants filed an untimely opposition without leave (Rec. Doc. 62), and then sought and obtained leave to file a late opposition (Rec. Docs. 64, 66).

Defendants' opposition does not proffer any evidence that the Council ever passed a rule requiring public comment be "on topic." The Council could pass such a rule, but it never has.

The only thing Defendants point to is a state-court case noting that the council chairman has sometimes said that public comment is to "discuss agenda items only." Rec Doc. 62 at 3, *citing Perrilloux v. St. John*, 24-ca-280 (La. App. 5th 2024). But the council chairman *saying* something does not make it a rule. He admitted that at deposition:

---

[1] Plaintiff was certainly speaking on the topic of the agenda item. The agenda item was about spending public money on private counsel to defend Ms. Hotard against an ethics complaint, and Plaintiff provided public comment that the Parish should not spend its money in that way. *See* Rec. Doc 7 at ¶¶ 59-61, 115. But even if Plaintiff were speaking *off*-topic, she would not have violated any rule.

1

```
     Q    For there to be rules for public
comment in a Parish Council meeting, those
rules would have to be either in state statute
or voted on by the Parish Council, correct?
     A    Yes.
     Q    And so any such rules would have to
be in writing, agreed?
     A    Yes.
```

R. Doc. 39-4 (Deposition of Council Chairman Wright) at 19:9-16. Defendants do not offer any evidence that any on-topic rule appears in state statute, was voted on by the Parish Council, or appears in writing.

To sum up:

1. Any Parish Council rule requiring public comment to be "on topic" would have to be in state statute or voted on by the Parish Council;

2. There is no such rule in state statute or voted on by the Parish Council;

3. It would be irrelevant and prejudicial for Defendants to argue at trial that Plaintiff violated a hypothetical rule that does not exist.

The motion should be granted, and Defendants should be barred from raising any evidence or argument that Joy Banner was speaking off-topic.

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com
