UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

### Reply in Support of Plaintiff's Motion in Limine Regarding Alleged Legal Violations by Plaintiff

In this free speech case, Plaintiff Joy Banner filed a motion in limine asking this Court to bar any argument that she was breaking the law with her words. Rec. Doc. 50. Her reasoning is that statute Defendants cite was declared unconstitutional by a section of this Court years prior. *Id.*

Defendants filed an untimely opposition without leave (Rec. Doc. 61), and then sought and obtained leave to file a late opposition (Rec. Docs. 64, 66).

In their opposition, Defendants argue that Banner violated R.S. 42:1141.4(L)(1) "when she made public comments about an open Louisiana Board of Ethics matter." Rec. Doc. 61 at 1. But as they concede, that statutory section was found to be unconstitutional in *King v. Caldwell ex rel. Louisiana,* 21 F. Supp. 3d 651 (E.D. La. 2014). Defendants admit that the section was found unconstitutional "both as applied to these plaintiffs and on its face, at least in part." Rec. Doc. 61 at 5, citing *King* at 656-657.

But even if the section were *only* unconstitutional as applied and not also on its face, Defendants offer no factual distinction whatsoever between *King* and the facts here. Nor could they: *King* dealt plaintiffs who were threatened for speaking publicly about the complaint they made to the Board of Ethics.[1] The same thing occurred here; Joy Banner was threatened for speaking publicly about the complaint she made to the Board of Ethics. There is no meaningful

---

[1] *See Seals v. McBee*, 2017 U.S. Dist. LEXIS 119553, *6 (E.D. La. July 31, 2017) (explaining that in *King,* the "plaintiffs had been arrested for speaking with the media regarding a claim that they had made to the Louisiana State Board of Ethics").

1

distinction between the facts of *King* and the facts at issue here, and Defendants do not even try to identify one.

Defendants also argue that the legislature did not "repeal or modify the statute" and that the "Green Books" still have the unconstitutional language "without notation." Rec. Doc. 61 at 5.

It is true that the legislature has not repealed or modified the statute, and so it is still "on the books." But that does not affect its constitutionality, as decided two centuries ago in *Marbury v. Madison*.[2] And the "still on the books" argument was also made by defendants in *Rogers v. Smith* and rejected by a section of this Court.[3] The "still on the books" argument is so clearly wrong that a panel of the Fifth Circuit took only six hours and forty-four minutes after oral argument to publish a unanimous affirmance of the trial court's decision in *Rogers*.[4]

Furthermore, while it might be true that the "Green Books" do not have a notation about the statute's unconstitutionality, the piece of paper Defendant Wright was reading from *did* – it had the word "Unconstitutional" at the top.[5]

Given that the only law Defendants contend Banner violated has been declared unconstitutional on its face and also as applied to functionally identical facts, it would be irrelevant and misleading for Defendants to argue that Banner violated the law.

The motion should be granted, and Defendants should be barred from raising any argument that Ms. Banner violated the law with her words.

---

[2] 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the Judicial Department to say what the law is.")
[3] *Rogers v. Smith,* 603 F. Supp. 3d 295, 300 (E.D. La. May 13, 2022) (rejecting defendants' argument that "the law under which Plaintiff was arrested was still on the books").
[4] *See Rogers v. Smith,* 2023 U.S. App. LEXIS 20871 (5th Cir. 2023) (oral argument was at 10:00 a.m. on August 9, 2023; the court's opinion issued at 4:44 p.m. that same day). Defendants also sought certiorari, and it was denied. *Smith v. Rogers*, 144 S. Ct. 501 (2023)
[5] Rec. Doc. 26-4 at RFA No. 2 (Wright admitting that the paper "included a note that it was included in an Unconstitutional Statutes Biennial Report.")

3

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com