UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY BANNER, Ph.D.

    Plaintiff,

v.                                          Case No. 23-cv-7296

MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH.

    Defendants

## DARLA GAUDET'S OPPOSITION TO JOY BANNER'S SUPPLEMENT TO THE RECORD FOR BANNER'S OPPOSITION TO THE GAUDET MOTION TO QUASH SUBPOENA

Richard J. Tomeny, Jr., attorney for Darla Gaudet (hereafter "Gaudet") submits this Opposition to Joy Banner's Supplement of the Record for the Banner Opposition to Gaudet Motion Quash argued before the Court on October 2, 2024, and taken under advisement by the Court for the following reasons to wit:

1. Counsel for Joy Banner states in his Supplemental pleading (Rec.60) that certain statements made by Counsel for Mrs. Gaudet during oral argument regarding the location of the Gaumet Holding LLC property were "false."

2. In support of these erroneous allegations, counsel for Banner incorporates and files "exhibits" which he contends support that false statements were made by Gaudet's counsel during oral argument regarding:

    a. the Gaumet property location in relation to the proposed "Greenfield Grain Elevator facility " and

      b. whether the Gaumet property was needed by Greenfield to build its Grain Elevator facility.

3. Counsel for Gaudet did not make false statements to the Court in his argument on October 2, 2024. In fact, as shown on the Gaudet exhibits filed herewith, the statements made by Gaudet's counsel are true and based on known facts.

4. As shown in Gaudet Exhibit "1" [1] Gaumet Holdings LLC Parcel No. 030001800, (hereafter, P-1800) acquired on December 8, 2015. P-1800 is located <u>up-river</u> from the proposed "Greenfield Grain Elevator facility.

5. As shown in Gaudet Exhibit "2"[2] Gaumet Holdings LLC Parcel No. 0300032690, (hereafter, P-32690) acquired on December 8, 2015. P-32690 is located <u>down-river</u> from the proposed "Greenfield Grain Elevator facility.

6. As shown in Gaudet Exhibit "3"[3] Gaumet Holdings LLC Parcel No. 0300069500, (hereafter, P-69500) acquired on December 8, 2015. P-69500 is located <u>down-river</u> from the proposed "Greenfield Grain Elevator facility.

7. As shown in Gaudet Exhibit "4"[4] Gaumet Holdings LLC Parcel No. 0300038900, (hereafter, P-38900) acquired on December 8, 2015. P-38800 is located <u>down-river</u> from the proposed "Greenfield Grain Elevator facility.

---

[1] Gaudet Exhibit 1 is the identical assessor's map filed by Banner in her Supplemental filing identified as document 60.1, on page 1. Gaudet Exhibit 1 also shows the proposed location of the Greenfield grain elevator facility, not shown on the Banner exhibit, and its relation to the Gaumet property.
[2] Gaudet Exhibit 2 is the identical assessor's map filed by Banner in her Supplemental filing identified as document 60.1, on page 2 . Gaudet Exhibit 2 also shows the proposed location of the Greenfield grain elevator facility, not shown on the Banner exhibit, and its relation to the Gaumet property.
[3] Gaudet Exhibit 3 is the identical assessor's map filed by Banner in her Supplemental filing identified as document 60.1, on page 3. Gaudet Exhibit 3 also shows the proposed location of the Greenfield grain elevator facility, not shown on the Banner exhibit, and its relation to the Gaumet property.
[4] Gaudet Exhibit 4 is the identical assessor's map filed by Banner in her Supplemental filing identified as document 60.1, on page 4. Gaudet Exhibit 4 also shows the proposed location of the Greenfield grain elevator facility, not shown on the Banner exhibit, and its relation to the Gaumet property.

8. As shown in Gaudet Exhibit "5" is a "Project Overview" of the proposed Greenfield Grain Elevator Facility taken from the Greenfield website. The renderings depict the grain elevator and the dock to be located on 56 acres of Greenfield land. The entire grain facility including rails lines consists of approximately 208 acres. (roughly 15% of the total land purchased by Greenfield in 2021[5]).

9. Also shown in Gaudet Exhibit 5 are the locations of Gaumet Parcel P-18000 up-river (Gaudet Exhibit 1) from the Greenfield Facility and Gaumet Parcels P-32690, Gaudet Exhibit 2) P-69500, (Gaudet Exhibit 3) and P-38800, (Gaudet Exhibit 4) down-river from the Greenfield facility.

10. As stated by Counsel for Gaudet in argument before the court on October 2, 2024, and as the Gaudet exhibits clearly show, the proposed Greenfield grain elevator facility (Gaudet Exhibit 5) was to be located <u>between</u> the Gaumet Holding LLC properties, one (1) property on the up-river side (Gaudet Exhibit 1) and three (3) properties (Gaudet Exhibits 2,3,&4) on the down-river side either side of the Greenfield grain elevator facility.

11. Moreover, the Banner assessor's maps included in the Banner motion confirm the locations of the four Gaumet Holding properties. For reasons that are obvious, Mr. Most chose to <u>exclude from his maps</u> the location of the Greenfield elevator facility in relation to the Gaumet Holding properties.[6]

12. Finally, the zoning maps included in his supplemental filing[7] and relied upon by Mr. Most to prove that the Gaumet Holding properties are in the middle of the Greenfield

---

[5] See Gaudet Exhibit 6, Greenfield Act of Sale, July 2021
[6] See Banner Document 60.1
[7] The zoning maps referred to by Banner's counsel in the Supplemental filing were not filed as separate exhibits, rather they were incorporated into the body of the Banner supplement.

project are not maps depicting "property owners" or "property boundaries." The maps are purported to depict "proposed property zoning changes." The yellow lines shown on the maps depicting the Gaumet properties were clearly added by an unknown person.

13. The zoning maps do not show, as contended by Mr. Most, that the Gaumet properties run through the middle of the property where Greenfield planned to build its grain elevator. Rather, even the zoning maps, with the yellow property lines added, clearly how that the Gaumet properties were on either side of the proposed site for the grain elevator facility, as counsel for Gaudet described to the Court in his oral argument.

14. Again, noticeably absent from this rendering is the proposed location of the Greenfield grain elevator. Why? Obviously if the location of the proposed Greenfield grain elevator were show on this map, it would confirm that the Gaumet properties do not run through the middle of the grain elevator facility as Mr. Most has stated.

15. Moreover, these map depictions contain a note from an "unknown author" below the picture of the map stating, *"the thick redline in not explained in text or the legend in the land use report…"* In other words, the author of the article showing the map with the red lines did not know what the red lines meant or what information it was intended to convey. Neither do we.

16. The Court should deny this motion because the Banner maps and exhibits are not admissible here and should be stricken from the record because:

    a. The exhibits were not offered at the time of the hearing and therefore counsel for Gaudet was given no opportunity to object to the introduction of the exhibits

or to cross examine the creators of the exhibits to determine if the exhibits were in fact proper evidence.

b. Allowing the exhibits to be introduced now will prejudice Counsel for Gaudet.

c. The exhibits are clearly hearsay.

d. The exhibits are offered without any foundation.

e. The exhibits have not been authenticated.

f. The information contained in the exhibits is incomplete, not accurate or reliable.

g. Even as hearsay evidence, the exhibits do not demonstrate or prove the matters for which they are offered; that is, the locations of the Greenfield and Gaumet properties in relation to each other.

   i. None of the "exhibits" offered by Banner show the location of the Greenfield property or the proposed grain elevator facility.

   ii. None of the "exhibits" offered by Banner show the location of the Greenfield property or proposed location of the grain elevator facility on the Greenfield Property, in relation to the property owned by Gaumet.

   iii. The two "exhibits" relied upon by Banner's counsel to show the Gaumet property locations were not prepared to show <u>property ownership</u>. Rather, both maps state at the bottom that they were prepared to show existing and proposed changes to <u>"property zoning."</u>

   iv. Clearly, someone, perhaps Mrs. Banner added the "yellow" lines purporting to show the property owned by Gaumet. Neither exhibit

    shows the Greenfield property location. Clearly the exhibits are hearsay and inadmissible.

17. Counsel for Banner has no evidence to prove that any parcel of Gaumet property is in the center of the proposed location of the Greenfield grain elevator facility.

18. Counsel for Banner has no evidence to prove that statements made by Gaudet's counsel during oral argument were "false".

19. Evidence presented here to rebut the allegation that false statements were made shows that the statements made by counsel for Gaudet are in fact true and correct.

20. As shown on Gaudet Exhibits, 1,2,3, and 4, Counsel for Gaudet was correct in stating that the Gaumet property is located "adjacent to" the proposed Greenfield grain elevator facility.

21. The facts show that on July 12, 2021, Greenfield acquired approximately 1,362 acres of land (hereafter the "Property") and paid forty million dollars, to one family that owned several large tracts of land in St. John the Baptist Parish. (Act of Cash Sale recorded on July 12, 2021, Instrument # 38172, St. John the Baptist Parish, filed herewith and marked as "Gaudet Exhibit 6")

22. The facts show that on October 29, 2021, Greenfield submitted its Permit Application for Work within the Louisiana Coastal Zone, to the US Army Corps of Engineers and the Louisiana Department of Natural Resources seeking approval of its plans to develop 208 acres of its land (approximately 15% of the land purchased) to build a grain elevator on the Property. (filed herewith and marked as "Gaudet Exhibit 7")

23. The facts show that Greenfield was proceeding with its development of a grain elevator facility on 208 acres, only a small portion of its property. The grain elevator facility

was to be located on 58 acres of land located between three (3) Gaumet tracts on one side (down-river) of the 208 acres and one (1) Gaumet tract on the other side (up-river) of the planned facility.[8]

24. These facts show that counsel for Gaudet was correct in stating that Greenfield did not need the Gaumet property to proceed with its development of the proposed grain elevator on its property.

For the reasons stated herein and in her Memorandum of Law in Opposition Darla Gaudet moves this Court to deny the Banner's Motion to Supplement the Record and to strike Banner Supplement from the record of this case.

Respectfully Submitted,

*Richard J Tomeny Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852
Two United Plaza
8550 United Plaza Boulevard, Suite 702
Baton Rouge, Louisiana, 70809
Telephone: (225) 334-8080
Fax: (225) 758-9050
Email: rtomeny@tomenylaw.com.

**Attorney for Darla Gaudet**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing OPPOSITION TO JOY BANNER'S MOTION TO CLARIFY ORDER filed herein has been served upon all known counsel of record via email, facsimile or United States Mail, properly addressed and postage prepaid, this 7[h] day November 2024.

*Richard J. Tomeny, Jr*.
Richard J. Tomeny, Jr., La. Bar No. 12852

---

[8] See Gaudet Exhibit 5, Project Overview