UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY BANNER, Ph.D.

    Plaintiff,

v.                                          Case No. 23-cv-7296

MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH.

    Defendants

DARLA GAUDET'S MEMORANDUM OF LAW IN
OPPOSITION TO JOY BANNER'S
SUPPLEMENT TO THE RECORD FOR BANNER'S
OPPOSITION TO THE GAUDET MOTION TO QUASH SUBPOENA

MAY IT PLEASE THE COURT

    Richard J. Tomeny, Jr., attorney for Darla Gaudet (hereafter "Gaudet") submits this Memorandum of Law in Opposition to Joy Banner's Supplement of the Record for the Banner Opposition to Gaudet Motion Quash argued before the Court on October 2, 2024, and taken under advisement by the Court and respectfully represents:

    Gaudet incorporates herein, by reference thereto, all the facts, allegations and arguments contained in her Opposition Joy's Banner Supplement to the Record filed herewith. In addition, Gaudet moves the Court to deny the Banner Supplement to the Record on the grounds of relevancy.

LAW AND ARGUMENT

Scope of Discovery

        Rule 26 authorizes the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Rule 26(b) is not, however, "a license to engage in an unwieldy, burdensome, and speculative fishing expedition." Crosby v. Louisiana Health Service and Indem. Co., 647 F. 3d 258 Court of Appeals, 5th Circuit 2011. While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery. Trident Mgmt. Grp., LLC v. GLF Constr. Corp., No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); see also Crosby, F.3d at 264; Ganpat v. E. Pac. Shipping, PTE, Ltd., No. 18-13556, 611 F.Supp.3d 305, 309-11 (E.D. La. Mar. 4, 2020). Thus, while the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials, Herbert v. Lando, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979), discovery does have "`ultimate and necessary boundaries.' Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). When a party issues a subpoena to a non-party, the issuing party must show that the information sought is relevant to the issues in the case, or otherwise have good cause for the subpoena or deposition. Generally, a showing of relevancy and good cause for production has been required in cases where a party seeks production of records from a nonparty. Ouachita National Bank v. Palowsky, 554 So.2d 108 (La.App. 2nd Cir. 1989). Stolzle v. Safety & Systems Assurance Consultants, Inc., 819 So. 2d 287 - La: Supreme Court 2002.

No Relevancy to the First Amendment Claim

Banner's latest filing, putting at issue the location of the Gaumet property in relationship to the proposed Greenfield grain elevator project, is not only a wildly irrelevant fishing expedition ( often referred to as "a red herring"), but her filing is also fraught with allegations that are miss leading, incomplete or inaccurate. In addition to being inadmissible as evidence, for the reasons stated in the Gaudet Opposition, the Banner Exhibits are also miss leading, incomplete or inaccurate.

The plaintiff's claims in this case against the defendants, St. John Parish, and parish officials, Wright and Hotard  (Gaudet is a non-party in this case)  case are for violations of her First Amendment right to free speech. The <u>plaintiff's claims</u> <u>in this case</u> do not arise out of property ownership disputes, boundary disputes, zoning disputes, or other matters related to the plaintiff's ownership of property in St. John Parish.

How is the location of the Gaumet property relevant to Banner's First Amendment claims? What difference would it make in Banner's First Amendment case if the Gaumet properties were located between or adjacent to the proposed Greenfield Elevator project? Moreover, in August 2024, Greenfield has announced publicly that it was abandoning it proposed grain elevator project in St. John Parish. As a result of this announcement, even if the Greenfield and Gaumet property locations were somehow relevant to Banner's First Amendment claims, Greenfield's abandonment of the project moots the issue entirely.

Finally, to show some relevance to Banner's First Amendment claim, Banner's counsel, relied on the Ethic's Violation complaint the Banner filed against Hotard last year. (another "red herring"). Apparently, based on statements by Banner's counsel in this case, in her complaint Banner raised the issue of the Gaumet property ownership and its location to the proposed

Greenfield grain elevator. Clearly Banner knows what she alleged in her ethic's complaint against Hotard. Ethic's complaints are not published if the Ethic's Board determines that no violation occurred. It has been reported by various news agencies that Banner's ethic's complaint against Hotard has been dismissed with no action being taken against Hotard by the Ethic's Board. This is another circumstance showing that issues related to the Gaumet property ownership and locations, related to the now abandoned Greenfield project are moot.

Finally allowing Banner to Supplement the record, after the case has been submitted will prejudice Gaudet and her counsel because Gaudet's counsel had no opportunity to review the proposed evidence or to object to its inclusion in the record of this case.

## CONCLUSION

For the reasons stated herein and, in her Opposition, Darla Gaudet moves this Court to deny the Banner's Motion to Supplement the Record and to strike Banner Supplement from the record of this case.

Respectfully Submitted,

*Richard J Tomeny Jr.*

Richard J. Tomeny, Jr., La. Bar No. 12852
Two United Plaza
8550 United Plaza Boulevard, Suite 702
Baton Rouge, Louisiana, 70809
Telephone: (225) 334-8080
Fax: (225) 758-9050
Email:  rtomeny@tomenylaw.com.

**Attorney for Darla Gaudet**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing MEMORANDUM IN OPPOSITION TO JOY BANNER'S MOTION TO CLARIFY ORDER filed herein has been served upon all known counsel of record via email, facsimile or United States Mail, properly addressed and postage prepaid, this 7[h] day November 2024.

                *Richard J. Tomeny, Jr.*
       Richard J. Tomeny, Jr., La. Bar No. 12852