UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Memorandum in Support of Plaintiff's Motion in Limine to Exclude Witnesses Not Timely Identified**

This case involves violations of Plaintiff Joy Banner's freedom of speech during a St. John the Baptist Parish (SJBP) Council meeting.[1] At that meeting, Defendants Michael Wright and Jaclyn Hotard stopped Dr. Banner from speaking during public comment and threatened her with criminal sanctions based on the content of her speech.

Defendants only identified two individuals in their initial disclosures: Defendants Jacqueline Hotard and Michael Wright. They never supplemented those initial disclosures. Then, twenty-two days before the close of discovery, they filed an exhibit list that named sixteen witnesses.[2]

Plaintiff's counsel has moved quickly to depose a number of these newly-disclosed witnesses. But Plaintiff's counsel will not be able to depose all of them, and the late disclosure has prevented Plaintiff from seeking written discovery regarding these witnesses.

As a result, the testimony of the witnesses that were never identified in initial disclosures should be barred from trial.

**A.      Legal Standard for Motions in Limine**

In general, the term "in limine" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[3] A ruling

---

[1] Rec. Doc. 25 (Order Denying Motion to Dismiss) at 1.
[2] Rec. Doc. 54.
[3] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

1

on evidence in limine "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[4] "[It] also may save the parties time, effort and cost in preparing and presenting their cases."[5] "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials."[6]

**B.      Factual Background**

Plaintiff Joy Banner is a resident of St. John the Baptist Parish. She filed a Board of Ethics complaint against Parish President Jaclyn Hotard.[7] The complaint was based on the fact that Hotard signed a rezoning application that appeared to upzone property owned by Hotard's mother-in-law's LLC.[8]

On November 28, 2023, the Parish Council held a public meeting. One of the agenda items was about hiring a private law firm for matters including the defense of President Hotard against Banner's ethics complaint.[9] Joy Banner gave public comment during that agenda item to object to St. John the Baptist Parish taxpayers being "asked to pay for a personal attorney" for Hotard's ethics defense.[10]

---

[4] *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).
[5] *Id*.
[6] *Luce*, 469 U.S. at 41 n. 4.
[7] Rec. Doc. 39-4 at 28 ("Q You're aware that she filed an ethics complaint against the Parish President? A Yes.")
[8] Rec. Doc. 39-5 at 25 ("She said at the Council meeting what was the nature of her ethics complaint. Q And what was that? A Was that I signed a rezoning application for a piece of property that belonged to my mother-in-law.") Louisiana Ethics laws include a mother-in-law as part of an "immediate family" for the purpose of prohibiting government officials participation in transactions involving immediate family members. R.S. 42:1112(B).
[9] See Rec. Doc. 39-4 (Wright Dep.) at 29:20-31:14 (agenda was about hiring special counsel for ethics law issues, and the only ethics law issue Wright knew about at the time was the "one involving the ethics complaint against Jaclyn Hotard"); Rec. Doc. 39-5 (Hotard Dep.) at 22:17-19 (special counsel hired for several issues and "one of them" was "Joy Banner's ethics complaint against" Hotard).
[10] Rec. Doc. 43-1 (Stipulated Transcript of Meeting) at 11:18-24.

But Defendants would not let Banner complete her public comment. Hotard asked the council chair to "stop this comment" and told Banner that "you're in violation of State law right now."[11] Wright gaveled Banner quiet, and then read to her from a state statute making it "a misdemeanor punishable by a fine of not more than $2000 or imprisonment for not more than one year or both" to make a public statement about a Board of Ethics investigation.[12] Banner said a few more words and sat down, without completing what she had to say.

Banner later discovered that not only was that law unconstitutional, but the copy Wright was reading from had the word "Unconstitutional" at the top.

C.  **The Court should exclude any testimony from previously undisclosed witnesses appearing on Defendants' Witness and Exhibit List.**

Federal Rule of Civil Procedure 26(a) sets out a process for initial disclosures. Parties are obligated at the onset of litigation to disclose individuals known to have discoverable information.[13] Parties then have a duty to supplement their disclosure in a timely manner "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[14]

Per Federal Rule of Civil Procedure 37(c), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

"Written in mandatory terms, Rule 37(c)(1) was adopted in 1993 to give 'teeth' to a significantly broadened duty to comply with case management orders and Rule 26's disclosure

---

[11] *Id*. at 8:16-23.
[12] *Id*. at 10:20-11:9.
[13] Fed. R. Civ. Proc. Rule 26 (a)(1).
[14] Fed. R. Civ. Proc. Rule 26(e)(1)(A).

requirements."[15] The sanction of exclusion is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."[16]

In their April 2024 initial disclosures, Defendants were required to produce "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[17] In response, Defendants wrote the following, in full:

> The Defendants, St. John the Baptist Parish, and its chief executive Jacqueline Hotard, and Council Chairman Michael Wright, may have discoverable information which it may use to support its defenses. Said information may be in the form of public records already received by Plaintiff.[18]

Defendants never supplemented those initial disclosures. But six months later, and just twenty-two days before the close of discovery, Defendants filed a witness list that listed sixteen witnesses which they intend to call at trial.[19] Of those sixteen, the following eleven are not either (a) designated as experts, or (b) identified in Defendants' initial disclosures, or (c) identified in Plaintiff's witness list:

1) Jackie Landeche;

2) Lucien Gauff;

3) Shondrell Perrilloux;

4) Tim Matthews;

5) Crystal Harris;

6) R. Gray Sexton;

---

[15] *Dunn v. Agrisompo N. Am., Inc.*, No. 4:21-cv-136-JMV, 2023 U.S. Dist. LEXIS 165191, at *39 (N.D. Miss. Sep. 18, 2023), *citing St. Romain v. Governor's Office of Homeland Sec. & Emergency Preparedness*, 2017 U.S. Dist. LEXIS 89978, 2017 WL 2438844, at *8 (M.D. La. 2017).
[16] *Dunn, supra, citing Mandawala*, 2022 U.S. Dist. LEXIS 229395, 2022 WL 17835056, at *4 (W.D. Tex. Dec. 21, 2022).
[17] Fed. R. Civ. Proc. Rule 26(a)(1)(A).
[18] Exhibit A (Initial Disclosures of St. John the Baptist Parish, Jacqueline Hotard, and Michael Wright).
[19] Rec. Doc. 54.

7) Alesia M. Ardoin;

8) Justine Kray;[20]

9) Carolyn Abadie Landry;

10) Mallory A. Guillot; and

11) Lynda Van Davis Greenstone.

"In evaluating the propriety and necessity for exclusion of evidence pursuant to Rule 37(c) the Court looks to: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[21] In this case, each factor is either neutral or in favor of barring the witnesses' testimony.

Regarding factors 1 (the importance of the evidence), Defendants have largely failed to offer an explanation for why these witnesses are relevant. Some of them do not appear to be relevant at all; Lucien Gauff, for example, is the Assessor of St. John the Baptist Parish. Defendants' counsel has suggested he might be called to testify about the value of the grain elevator's land – but that is not an issue in this case. Justin Kray is an expert hired in a different lawsuit; he has not been designated as an expert in this case. Defendants have withdrawn Lynda Van Davis Greenstone as a witness. Given that most of these people have only a tangential relationship to any issue in this case, this factor weighs in favor of exclusion.

Factor 2 (the prejudice to the opposing party of including the evidence) also favors exclusion. The discovery cut-off in this matter is November 18, 2024.[22] Defendants' Witness and

---

[20] Defendants list "Justine Kray." Plaintiffs assume this refers to Justin Kray, an expert hired by Joy Banner's non-profit in a separate state-court lawsuit.
[21] *Cox v. Columbia Cas. Co.*, No. 12-306-SDD-SCR, 2015 U.S. Dist. LEXIS 31782, at *3 (M.D. La. Mar. 16, 2015) (quoting *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *Patterson v. Houston Indep. Sch. Dist.*, 570 F. App'x 367, 369 (5th Cir. 2014)) (internal quotations omitted).
[22] Rec. Doc. 13.

Exhibit list was submitted on October 28, just 21 days before the cut-off.[23] Plaintiff is attempting to depose some of these witnesses in the final few weeks of discovery. Plaintiff's counsel has already deposed Ms. Greenstone, and has depositions scheduled for Sexton, Ardoin, Landry, and Guillot. But Plaintiff does not have time to propound written discovery about these witnesses, given that written discovery has a 30-day response period. This constitutes a substantial prejudice, as Plaintiff's cannot adequately prepare for each witness' testimony. Plaintiff's counsel is going into these depositions essentially blind, with little or no insight into why they were listed as witnesses or what they might know. In addition to not being disclosed, some of these potential witnesses are counsel to Defendants (Sexton, Ardoin)[24] or attorneys for the Louisiana Board of Ethics (Abadie, Guillot) who are such unusual choices that Plaintiff could never have anticipated their inclusion in this suit. This factor weighs in favor of exclusion.

Factor 3 (the possibility of curing such prejudice by granting a continuance) also favors exclusion. Trial for this matter is scheduled to begin on January 27, 2025, and there are various pretrial deadlines upcoming as soon as November 26, 2024.[25] It is not feasible to extend the discovery deadline enough to allow for adequate written discovery and depositions in time to adhere to the trial schedule.

Factor 4 (the explanation for the party's failure to disclose) also favors exclusion. Defendants have not offered any explanation for why they declined to disclose these witnesses in their initial disclosures, or through subsequent supplements.

For these reasons, and because Defendants lack any justification for the delay in identifying the witnesses, this Motion should be granted.

---

[23] Rec. Doc. 54.
[24] *See e.g.,* Rec. Doc. 39-5 (Deposition of Jaclyn Hotard) at 21:4-10 ("This item was introduced to retain the Law Office of Gray Sexton as special counsel to perform any and all services related to ethics laws, ethics issues, any that would arise. Mr. Sexton's office has been retained in the past by St. John the Baptist Parish Council.").
[25] Rec. Doc. 13.

6

**D.    Conclusion**

The motion should be granted, and Defendants should be barred from using any of the witnesses who are not either (a) designated as experts, (b) identified in Defendants' initial disclosures, or (c) identified in Plaintiff's witness list.

        Respectfully submitted,

*/s/ William Most*
William Most (La. Bar No. 36914)
David Lanser (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 509-5023
T: (504) 533-4521
F: (504) 414-6400
Email:  williammost@gmail.com
       david.lanser@gmail.com