UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. * | |
|    Plaintiff * | |
| * | Case No. 23-cv-7296 |
| VERSUS * | |
| * | Judge Nannette J. Brown |
| * | |
| MICHAEL WRIGHT, in his individual and * | Magistrate Judge Karen W. |
| official capacities, JACLYN HOTARD, in her * | Roby |
| individual and official capacities; and * | |
| ST. JOHN THE BAPTIST PARISH; * | |
|    Defendants. * | |
| * | |

*************************************************************************

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESSES

NOW INTO COURT, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who oppose Plaintiff, Joy Banner's, (hereinafter "Plaintiff"), Motion *in Limine* regarding exclusion of witnesses.

**I.    The Court should not exclude testimony from any witness appearing on Defendants' Witness and Exhibit List because Defendants timely disclosed their Witnesses and Exhibits pursuant to this Court's Scheduling Order**

In this case, a Scheduling Conference was held on April 23, 2024. Pursuant to that Scheduling Conference, this Court issued a Scheduling Order.[1] In that Order, this Court mandated that "Counsel for the parties shall file in the record and serve upon their opponents a list of all witness who will be called to testify at trial and all exhibits which

---

[1] Rec. Doc. 13.

will be used at trial no later than **October 28, 2024**."[2] Defendants timely filed their Witness and Exhibit List on October 28, 2024.[3]

Of note, Plaintiff also filed her Witness and Exhibit List on October 28, 2024, after Defendants filed theirs.[4] Plaintiff listed ten witnesses, four of whom were <u>not</u> listed in her Initial Disclosures. Plaintiff accuses Defendants of "untimely disclosure" by including names in their Witness List that were not included in Initial Disclosures, however Plaintiff has also included names in her Witness List that were not included in her Initial Disclosures.

Finally, on June 21, 2024 Defendants propounded discovery on Plaintiff, including Interrogatory No. 7 which read:

> Identify each person you may call as a witness at the trial of this matter, and for each witness, describe the facts that he or she will testify to. If any witness will be tendered as an expert, state the field of expertise the witness will be tendered in, and state the full substance of the opinions such expert will testify to regarding this matter.
> For each witness identified, provide the following:
> a. Their full name;
> b. Their full address;
> c. Their email address;
> d. Their phone numbers (cell/work/home);
> e. Whether this witness will be a fact or expert witness;
> f. If the person is identified as a fact witness, the general facts that they will testify to; and
> g. If the person is tendered as an expert witness, attach a copy of their resume or curriculum vitae, state the field of expertise they will seek to be qualified in, and the full substance of the opinions such expert witness will testify to regarding this matter.

On July 21, 2024, Plaintiff responded to Interrogatory No. 7:

> Plaintiff objects to this request ***to the extent it seeks to usurp the deadlines already imposed in this case to produce witness lists***, and also to the extent it calls for

---
[2] *Id.*
[3] Rec. Doc. 54.
[4] Rec. Doc. 57.

privileged attorney work product. Plaintiff further objects that this request includes multiple discreet subparts.
Emphasis added.

Plaintiff cites this Court's Scheduling Order and/or "deadlines already imposed in this case to produce witness lists" in her objection in her discovery responses, however, in the instant Motion in *Limine*, Plaintiff argues that Defendants' Witness and Exhibit *which was timely filed pursuant to the Scheduling Order* is "untimely." This is disingenuous.

### II. The Court should not exclude testimony from any witness appearing on Defendants' Witness and Exhibit List because many, if not all, of Defendants' witnesses were known to Plaintiff

Plaintiff claims that "because Defendants did not disclose these individuals…until a few weeks before discovery cut-off, Plaintiff does not have adequate time to conduct written discovery and may not be able to complete depositions which would cause substantial prejudice should they be allowed to testify at trial."[5] This argument is disingenuous because Plaintiff was aware of many, if not all of the witnesses she complains were "not timely identified."

The specific witnesses Plaintiff claims should be excluded are as follows: Jackie Landeche, Lucien Gauff, Shondrell Perrilloux, Tim Matthews, Crystal Harris, R. Gray Sexton, Alesia M. Ardoin, Justine (or Justin) Kray, Carolyn Abadie Landry, Mallory A. Guillot, and Lynda Van Davis Greenstone.

1. Jackie Landeche

Plaintiff cannot claim any prejudice by any alleged untimely disclosure because not only has Plaintiff been aware of this witness for several months, Plaintiff has already taken her deposition on August 6, 2024.[6] In fact, even prior to the August 6, 2024 deposition,

---

[5] Rec. Doc. 71
[6] *See* Exhibit A

Witness Jackie Landeche was the subject of Plaintiff's Motion to Compel Compliance with Subpoenas, which was filed on June 25, 2024.[7] The appearance of Jackie Landeche on Defendants' Witness and Exhibit List could not lead to "substantial prejudice" to the Plaintiff because the Plaintiff has already conducted discovery pertaining to this witness.

2. Lucien Gauff

Lucien Gauff is the Assessor of St. John the Baptist Parish. Counsel for Defendants has candidly discussed Lucien Gauff's potential trial testimony with Counsel for Plaintiffs, indicating that if called, Lucien Gauff would testify regarding land that was the subject of a rezoning application relative to the grain elevator project in St. John Parish. Plaintiff claims "that is not an issue in this case," however, in her "Factual Background" section of her brief in support of this very motion, she writes:

> Plaintiff Joy Banner is a resident of St. John the Baptist Parish. She filed a Board of Ethics complaint against Parish President Jaclyn Hotard. The complaint was based on the fact that Hotard signed a rezoning application that appeared to upzone property owned by Hotard's mother in law's LLC.[8]

By her own summation of the relevant facts of this case, Plaintiff indicates that the valuation of the land is an issue in this case. Lucien Gauff is a public official known to Plaintiff. Plaintiff cannot claim to be prejudiced by Lucien Gauff's testimony.

3. Shondrell Perrilloux

Shondrell Perrilloux is well known to Plaintiff's counsel and has been known to Plaintiff since the inception of this case, as she is one member of the public who spoke at the November 28, 2023 Council Meeting in addition to Joy Banner. She is clearly identified in the meeting video and Stipulated Transcript of that meeting.[9] Not only did Shondrell

---

[7] Rec. Doc. 30
[8] Rec. Doc. 71
[9] Rec. Doc. 43

Perrilloux speak at the November 28, 2023 Council Meeting, she appeared to be present with Joy Banner, as both individuals clearly interact with each other during the course of the meeting and appear to express similar speech in their respective public comments at the meeting.

Plaintiff cannot claim to be surprised "with little or no insight into why they were listed as witness or what they might know" regarding Shondrell Perrilloux's trial testimony. Furthermore, based on the public comment made by Shondrell Perrilloux at the Novemebr 28, 2023 meeting, one could reasonably infer that Shondrell Perrilloux may very well be a "hostile witness" for the Defendants. Plaintiff is not prejudiced by Shondrell Perrilloux's testimony.

4. Tim Matthews

"Tim Matthews" is listed on Defendants' Witness and Exhibit List, with the additional information of a mailing address listed as 593 Hwy. 18, Edgard, LA. This witness is listed because an individual who spoke at the November 28, 2023 meeting identified himself and stated his address.[10] The Stipulated Transcript identifies this speaker as "Kim Matthieu."[11] Counsel for Defendants inadvertently misspelled the speaker's name on Defendants' Witness and Exhibit List. Plaintiff lists "Kim Mathieu" on her Witness and Exhibit List.[12] Because it appears as though Plaintiff and Defendants both listed this witness, Plaintiff is not prejudiced by the testimony of this witness and this Court should not exclude his testimony.

---

[10] *Id.* P. 21, l. 4
[11] *Id.*
[12] Rec. Doc. 57

5. Crystal Harris

As with Shondrell Perrilloux and Kim Matthieu, Crystal Harris was one of the speakers who gave public comment at the November 28, 2023 meeting and is clearly identified in the Stipulated Transcript.[13] Plaintiff cannot claim to be surprised "with little or no insight into why they were listed as witness or what they might know" regarding Crystal Harris' trial testimony. Plaintiff is not prejudiced by the trial testimony of this witness.

6. R. Gray Sexton

This witness is well known to Plaintiff's counsel, as his retention by St. John Parish as an Ethics Attorney was the subject of Agenda Item J at the November 28, 2023 Council Meeting at the heart of this case. Plaintiff has already noticed a deposition of this witness on November 15, 2024.[14] The noticed deposition date is prior to the discovery cut-off date. Plaintiff suffers no prejudice by any alleged "untimely disclosure" because discovery is still able to be conducted prior to the cut-off date.

7. Alesia M. Ardoin

This witness is also well known to Plaintiff's counsel, as she is an attorney with the law firm of R. Gray Sexton and the firm's retention by St. John Parish as an Ethics Attorney was the subject of Agenda Item J at the November 28, 2023 Council Meeting at the heart of this case. Plaintiff has already noticed a deposition of this witness on November 15, 2024.[15] The noticed deposition date is prior to the discovery cut-off date. Plaintiff suffers

---

[13] Rec. Doc. 43, P. 26, l. 12.
[14] *See* Exhibit B
[15] *See* Exhibit B

no prejudice by any alleged "untimely disclosure" because discovery is still able to be conducted prior to the cut-off date.

8. Justine (or Justin) Kray

Justin Kray is known to Plaintiff, as Defendants only learned of this witness' existence through the deposition of Plaintiff, wherein she identified Justin Kray as an expert with whom she had conferred regarding land valuation vis-à-vis the rezoning application at the heart of her Ethics Complaint against President Hotard. Plaintiff, more than Defendants, would have access to the substance of Justin Kray's testimony in absence of any pre-trial deposition (in fact, Defendants have not sought to depose Justin Kray). Plaintiff is not prejudiced by this witness' appearance on Defendants Witness and Exhibit List, because Plaintiff already has access to whatever relevant information this witness has regarding this case.

9. Carolyn Abadie Landry

Plaintiff has already noticed a deposition of this witness on November 15, 2024.[16] However, due to a death in her family, this witness' deposition has been rescheduled to November 18, 2024. The noticed deposition date is prior to the discovery cut-off date. Plaintiff suffers no prejudice by any alleged "untimely disclosure" because discovery is still able to be conducted prior to the cut-off date.

10. Mallory A. Guillot

Plaintiff has already noticed a deposition of this witness on November 15, 2024.[17] The noticed deposition date is prior to the discovery cut-off date. Plaintiff suffers no

---

[16] *See* Exhibit C
[17] *See* Exhibit C

prejudice by any alleged "untimely disclosure" because discovery is still able to be conducted prior to the cut-off date.

### 11. Lynda Van Davis Greenstone

Defense counsel has repeatedly advised counsel for Plaintiff, both verbally and in writing, of the intent to withdraw Lynda Van Davis Greenstone as a witness.[18] Despite that disclosure, Plaintiff elected to proceed with taking her deposition.[19] Plaintiff conducted the deposition of this witness on November 8, 2024.

### III. Defendants do not object to this Court extending any deadlines to accommodate Plaintiff conducting additional discovery relative to any witness that Plaintiff has not yet deposed

Plaintiff cannot claim to have suffered any harm as a result of the timely disclosure of Defendants' witnesses. To the extent this Court does find Plaintiff to be in need of additional time to conduct and complete discovery in this matter, Defendants do not object to the Court granting additional time to Plaintiffs to conduct discovery relative to any witness she has not yet deposed.

### IV. Conclusion

Based on the aforementioned, the Defendants respectfully request that this Honorable Court deny Plaintiff's motion *in limine* pertaining to the exclusion of witnesses.

[SIGNATURE ON FOLLOWING PAGE]

---

[18] *See* Exhibit D-1
[19] *See* Exhibit D-2

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail:ikespears@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on November 13, 2024.

/s/ *Ike Spears*
Ike Spears