UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

### Plaintiff's Motion to Exclude Defendants' Attorney-Expert Under *Daubert*

Now comes Plaintiff, through counsel, to move to exclude Defendants' expert, attorney Richard Stanley.

To defend themselves in this suit, Defendants retained a lawyer, Richard Stanley, to be an expert witness. They asked Mr. Stanley, a partner at the law firm of Stanley Reuter Alford Owen Munson & Paul, LLC, to issue an opinion about: "whether a person could reasonably believe that a statute, which in one district court case was held to be unconstitutional 'as applied,' was still valid in other applications."[1] He opined yes.[2]

Mr. Stanley's testimony should be excluded from trial for three reasons. First, because his opinion is a legal opinion – and explaining the law to the jury is the province of the judge, not an expert witness. His opinions are so fundamentally legal in nature that Defendants' counsel copied them verbatim and put them into a legal brief in this case.[3] Both *Daubert* and the Federal Rules of Evidence forbid an expert from offering legal conclusions like Mr. Stanley's.

Second, Mr. Stanley's testimony should be excluded because it is not relevant. Defendants offer him to testify about how to interpret a statute that has been found unconstitutional "as applied." But the statute in question was found unconstitutional both "as applied" and also on its face. Mr. Stanley's opinions are further irrelevant because they are about the reasonableness of a "person who is either advised by a lawyer or who has the equivalent information as if they were

---

[1] Ex. A (Stanley Expert Report) at ¶ 11.
[2] *Id.*
[3] *Compare* Exhibit B (Stanley Dep.) at ¶¶ 13-17 *with* R. Doc. 61 at pp. 4-6.

1

advised by a lawyer."[4] But this Court has already excluded any advice-of-counsel defense.[5]

And finally, Mr. Stanley's testimony should be excluded because when confronted with the facts of this case, Mr. Stanley conceded that he could only opine as to "what a reasonable lawyer would do" and not a <u>non</u>-lawyer.[6] Nor could he "opine about what a reasonable person would do in Michael Wright's [or] … Jaclyn Hotard's situation."[7] Thus, he cannot opine about the very thing Defendants intend to offer him for. The motion should be granted.

Wherefore, this Court should grant this motion.

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com
*Counsel for Plaintiff*

---

[4] Ex. B at 20:11-13.
[5] R. Doc. 53.
[6] Ex. B at 45:23-25 ("A. I don't know. I don't know that I can opine what a reasonable person would have done. I know what a reasonable lawyer would do.")
[7] *Id.* at 46:1-13.