# EXPERT REPORT OF RICHARD C. STANLEY

1. I was engaged by attorney Ike Spears to review certain matters in the lawsuit filed by plaintiff in the above-referenced matter. This Report contains my expert opinion pursuant to Fed. R. Civ. P. 26(a)(2).

2. I am an attorney licensed to practice law in the State of Louisiana since 1984, and I am familiar with the prevailing standards of care for lawyers practicing in Louisiana.

3. In 1980, I graduated *summa cum laude* from Louisiana State University, Baton Rouge, Louisiana with a Bachelor of Arts. In 1983, I graduated *cum laude* from Harvard Law School, Cambridge, Massachusetts with a Juris Doctor.

4. My Curriculum Vitae is attached as Exhibit A.

5. I have been an Adjunct Professor of Law at Tulane Law School since 1985, and have taught courses in legal ethics, professional responsibility, and criminal process and practice. I have given seminars on ethics and professionalism topics for the Louisiana State Bar Association, Federal Bar Association, New Orleans Bar Association, Tulane Law School, LSU Law School, Loyola Law School, and the Defense Research Institute.

6. I have been, or am currently, involved in the following professional associations or committees:

    a. Chairman, LSBA Rules of Professional Conduct Committee;

    b. Chairman, LSBA Committee on Codes of Lawyer and Judicial Conduct;

    c. Member, LSBA Ethics 2000 Committee;

    d. Member, Louisiana Supreme Court Committee on Rules Regarding Financial Assistance to Clients;

    e. Member, Louisiana Supreme Court Committee on Advertising Rules;

    f. Member, Louisiana Supreme Court Committee on Class Actions and MDL procedures; and

    g. Chairman, Board of Directors, Metairie Bank & Trust Co.

7. I have authored the following publications in my respective field:

    a. *Age Restrictions in Housing: The Denial of the Family's Right to Its Integrity,* 19 HARV. C.R.- C.L. L. REV. 61 (1984);

      b.    *Albert Tate, Jr.: Judge, Jurist and the Barber in Ville Platte,* 47 LA. L. REV. 1011 (1987);

      c.    *Antitrust Law: Fifth Circuit Symposium,* 35 LOYOLA L. REV. 687 (1989);

      d.    *Antitrust Law: Fifth Circuit Symposium,* 36 LOYOLA L. REV. 665 (1990);

      e.    *Constitutional Law: Fifth Circuit Symposium,* 37 LOYOLA L. REV. 631 (1991);

      f.    *Constitutional Law: Fifth Circuit Symposium,* 42 LOYOLA L. REV. 491 (1996); and

      g.    *A Professional Model of Ethics,* 47 LOYOLA L. REV. 773 (2001).

8. My legal practice has been concentrated in complex commercial litigation since my admission to the Louisiana Bar in 1984. I also have represented lawyers, judges, and law firms in matters involving ethics and professional misconduct at both the trial and appellate levels. My experience also includes cases in products liability, antitrust, securities law, constitutional law, and general civil litigation.

9. I have taught the Constitutional Law section of the BarBri bar examination preparation course in Louisiana for over 20 years. In addition, my practice includes the representation of clients with cases presenting constitutional law issues. My professional responsibility class at Tulane also involves topics that rest upon constitutional law issues, including the First Amendment.

10. I was provided with and have reviewed various documents relating to the underlying litigation, including:

    - First Amended Complaint;
    - June 4, 2024 Order and Reasons;
    - Joint Status Report (Doc. 27);
    - Transcript of Meeting of November 28, 2003:
    - *King v. Caldwell*, 21 F.Supp. 3d 651 (E.D. La. 2014); and,
    - *Perrilloux v. St. John the Baptist Parish Government*, No. 24-CA-280 (La. App. 5th Cir. Oct. 18, 2024).

11. I have been asked whether a person could reasonably believe that a statute, which in one district court case was held to be unconstitutional "as applied," was still valid in other applications. My opinion is that such a conclusion can be reasonable.

12. In this case, a complaint was made to the Louisiana Board of Ethics by Center for Constitutional Rights attaching an affidavit apparently signed by Dr. Banner. Louisiana has a statute that includes mandates that an ethics complaint against a public official will remain confidential during the investigatory phase of the complaint. *See* La. R.S. 42:1141.4(K) and (L). When Dr. Banner spoke at the St. John the Baptist Parish Council meeting on November 28, 2023, she began to make comments about a pending ethics

complaint against a public official that remained in the investigation phase. President Hotard told Dr. Banner that her comments about the pending complaint could be in violation of the confidentiality provisions of state law, and then Mr. Wright read aloud to Dr. Banner the provisions of La. R.S. 42:1141.4(L)(1), but not before Dr. Banner had already publicly mentioned the pendency of the complaint. Dr. Banner alleges that she curtailed her comments based on Mr. Wright's statement to her.

13. The plaintiff's claim principally rests upon *King v. Caldwell ex rel. Louisiana*, 21 F. Supp. 3d 651 (E.D. La. 2014). In *King*, the Louisiana Attorney General had initiated, then dismissed by *nolle prosequi*, a criminal proceeding against King for disclosing information about a Louisiana ethics board complaint filed by the plaintiff that remained in the investigatory phase under La. R.S. 42:1141.4(L)(1). After the criminal complaint had been dismissed, King filed a lawsuit in federal court seeking declaratory and injunctive relief that La. R.S. 42:1141.4(L)(1) was constitutionally invalid.

14. The district court rejected the state's defenses of abstention and standing based on mootness, and held that the statute was unconstitutional "as applied to these plaintiffs and on its face, at least in part" to the extent that the confidentiality rule applied to "any other person." *King*, 21 F. Supp. 3d at 656. The court then enjoined the Attorney General and his agents from "enforcing this provision." *Id.* at 657. The decision was not appealed, and there is no subsequent history on this provision.

15. The legislature did not repeal or modify the statute, and the "Green Books" retain the language of La. R.S. 42:1141.4(L)(1) without notation or modification.

16. A statute may be unconstitutional "as applied" to a particular plaintiff, which is distinct from a "facial challenge" that finds a statute is unconstitutional in all of its applications and "lacks any plainly legitimate sweep." *U.S. v. Stevens*, 559 U.S. 460, 473 (2010). In *King*, the court held that La. R.S. 42:1141.4(L)(1) was invalid both "as applied to these plaintiffs and on its face, at least in part." *King*, 21 F. Supp. 3d at 656. It appears that the court's intent was to exclude from the (L)(1) prohibition any person other than the persons listed elsewhere in the subsection of the statute. The district court's finding that the statute was unconstitutional "as applied" to King, however, was a sufficient basis for its judgment granting declaratory and injunctive relief. The additional holding that the statute also was facially invalid "at least in part" was, therefore, unnecessary to the holding and could reasonably be construed as *dictum*. The district court further accepted that the state's proffered interests supporting the statute's confidentiality rule could be accepted as "sufficiently compelling," but were not the least restrictive means to accomplish the state's interests in that case. *Id.* at 657. The state's compelling interest, of course, recognizes that persons and organizations have many potential motivations for making a complaint that a public servant violated the Code of Ethics, not all of which are legitimate, and that publication of an ethics complaint prior to investigation can irreparably damage the reputation of the public servant and diminish the public's confidence in government particularly if the complaint is later determined to be without merit, as was the case here.

17. Several factors lead to my opinion that the defendants could have reasonably believed that La. R.S. 42:1141.4(L)(1) was not unconstitutional in all of its applications.[1] First, the practical circumstance that the statute remains "on the books" and has never been repealed would support a belief that some applications of the statute remain valid. Second, unlike *King*, no person with authority to enforce the law had threatened Dr. Banner with prosecution under it. The reading of a statute, valid or invalid, by a person without authority to enforce it is distinct from a case where a prosecution under the statute was in fact initiated. Third, the complaint to the Board of Ethics,[2] which was subsequently dismissed, could fall within a narrow view of the state's compelling interest to prevent public dissemination of ethics complaints against public servants that are without merit given that the complaint was subsequently dismissed.[3] Fourth, the reading of the statute apparently had no impact on the plaintiff's effort to disclose the information about the ethics investigation. Fifth, Mr. Wright read the statute at page 10 of the transcript. Prior to his doing so. Ms. Banner already had disclosed that there was an "ethics investigation" of Jaclyn Hotard (at 4); twice mentioned that it involved the Board of Ethics (at 5); stated that the investigation referred to "Jaclyn Hotard and her signature on an application" involving "her mother-in-law's land" that "is part of the rezoning" (at 5); asked rhetorically whether Ms. Hotard was being investigated by the State Board of Ethics for a violation of the Code of Ethics (at 6); argued that "we as taxpayers should not be allowed to pay . . . for her lawyers" (at 7); and pointed out that the Council was considering "retaining an attorney for a Board of Ethics violation" (at 8). Plainly, the reading of the statute after these remarks had no impact on the speech that already had taken place. Finally, Dr. Banner in fact published her viewpoint, and had other avenues to publish her beliefs, thus she was not deprived of all channels of communication. For these reasons, a reasonable person in the position of the defendants could have concluded that La. R.S. 42:1141.4(L)(1) could be valid in this specific application notwithstanding the *King* decision.

18. In the last four years, I have been engaged as an expert by deposition in one case, *Chapel Hill Aggregates, LLC v. Staines & Eppling, APLC, et al.*, No. 709-159, 24th Judicial District Court for the Parish of Jefferson, and in *Benton Energy Services Co. v. Ted Anthony, et al.*, No. C-2020-5098, 15th Judicial District Court for the Parish of Lafayette.

---

[1] The Fifth Circuit has noted that "[c]onfusion abounds over the scope of as-applied and other types of First Amendment challenges . . . ." *Justice v. Hosemann*, 771 F.3d 285, 292–93 (5th Cir. 2014). The distinction turns not on "what must be pleaded in a complaint," but rather on "the breadth of the remedy employed by the Court." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010). Thus, where a statute is held unconstitutional as applied to a particular plaintiff, it is reasonable to rely on that statute in other contexts: "[i]t is axiomatic that a statute may be invalid as applied to one state of facts and yet valid as applied to another." *Ayotte v. Planned Parenthood of Northern New England*, 546 U.S. 320, 329 (2006).

[2] Another distinction is that the Complainant could be construed as the Center for Constitutional Rights rather than Dr. Banner herself.

[3] Significantly, the Louisiana State Law Institute Unconstitutional Statutes Committee did not recommend that the legislature repeal La. R.S. 42:1141.4(L)(1). In fact, it noted that "[t]he Legislature may wish to consider whether any other categories of individuals can or should be prohibited from making a public statement or giving out information concerning a private investigation or private hearing of the Board of Ethics." Unconstitutional Statutes Biennial Report to the Legislature 38 (2016).

19. My hourly rate of compensation for expert work is $500.00.

20. I reserve the right to modify or amend this report and my opinions should new information come to my attention.

Dated: Oct. 25, 2024

_____
Richard C. Stanley

**Richard C. Stanley**

(504) 523-1580

rcs@stanleyreuter.com

Rick Stanley represents clients throughout Louisiana and the surrounding region in complex commercial litigation and in the representation of lawyers and law firms in connection with issues of ethics and professional liability.

Mr. Stanley handles cases in both state and federal courts at the trial and appellate levels. His clients include two of Louisiana's largest electric utilities (Entergy and Cleco), as well as numerous out-of-state clients with litigation in Louisiana. He has been recognized as Lawyer of the Year by Best Lawyers in America in multiple categories, including Bet-The-Company Litigation (2019), Real Estate Litigation (2020), Legal Malpractice Law - Defense (2014, 2016, 2018, 2022, 2024, 2025) and Antitrust (2012, 2015, 2023). As an appellate lawyer, Mr. Stanley serves as Chair of the LSBA Appellate Section and as a member of the Louisiana Board of Legal Specialization's Appellate Practice Advisory Commission.

Mr. Stanley graduated from Louisiana State University *summa cum laude* and received the University Medal for academic achievement. He graduated *cum laude* from Harvard Law School, where he received the Oberman Award for legal writing. After graduation, he served as law clerk to the late Honorable Albert Tate, Jr. on the United States Fifth Circuit Court of Appeals.

Since 1985, Mr. Stanley has taught on a part-time basis on the adjunct faculty of Tulane Law School. As an adjunct Professor of Law, his courses have included Criminal Process and Practice, Trial Advocacy, Legal Ethics, and Professional Responsibility. He currently teaches an upper-class seminar on Professional Responsibility.

## Education

J.D., *cum laude,* Harvard Law School, Cambridge, MA (1983)
- Irving Oberman Award
- Harvard Defenders, President
- Board of Student Advisors, Legal Research and Writing Chairman

B.A., *summa cum laude,* Louisiana State University, Baton Rouge, LA (1980)
- University Medal

## Experience/Clerkships

Stanley Reuter Alford Owen Munson & Paul, LLC (1997 – present)

Stone, Pigman, Walther, Wittmann & Hutchinson (1984 – 1997)

1

Law Clerk, Honorable Albert Tate, Jr., U.S. Fifth Circuit Court of Appeals (1983-1984)

**Instruction**

Tulane Law School, Professor of Law, Adjunct Faculty (1985 – present)
- Courses including Legal Ethics, Professional Responsibility Seminar, and Criminal Process and Practice

BARBRI, Instructor
- Constitutional Law

Seminar Speaker on Ethics and Professionalism topics for the:
- Louisiana State Bar Association
- New Orleans Bar Association
- Tulane Law School
- LSU Law School
- Loyola Law School
- Defense Research Institute

**Practice Areas**

- Complex commercial litigation in both state and federal courts at both the trial and appellate levels
- Class action litigation
- Representation of lawyers, judges, and law firms involving ethics and professional liability
- Case Experience; products liability, antitrust, securities law, constitutional law, MDL litigation, general civil litigation

**Representative Matters**

- Recent Legal Malpractice Matters
  - *Jennifer Rickerson, et al. v. Sherif K. Sakla, et al.*, No. 2021-CA-0246, (La. App. 4 Cir. 11/10/21), 331 So. 3d 986, *writ denied* 2021-1835 (La. 2/8/22), 332 So. 3d 667 (district court dismissal of malpractice claim based on peremption affirmed on appeal)
  - *Renton Properties, LLC v. 213 Upland, LLC, et al.*, No. 20-C-133, (La. App. 5 Cir. 10/5/20), 304 So. 3d 1083, *writ denied* 2020-1395 (La. 1/26/21), 309 So. 3d 345 (summary judgment in favor of Mr. McHenry on the ground that no duty was owed to an opposing party granted on appeal; case dismissed with prejudice)
  - *Cardiovascular Care Group, Inc., et al. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, Case no. 14288-004, Arbitration Proceeding (all aspects of $11 million claim rejected after contested arbitration tried in 3 phases)
  - *Marc S. Milano, in his Capacity as Trustee of an Inter Vivos Trust Created by Raymond John Brandt v. Chaffe McCall, LLP, et al.*, No. 2020-9898, Civil District Court for the Parish of Orleans, and *Zachary S. Hartline, et al. v. Chaffe McCall,*

2

*LLC, et al.*, No. 2021-03548, Civil District Court for the Parish of Orleans (two cases currently pending in CDC) (defending firm against two claims by two non-clients)
- *Kerbau Leonards, LLC, et al. v. Chaffe McCall, LLP, et al.*, No. 2019-10131, Civil District Court for the Parish of Orleans (case settled prior to hearing on exception of prescription)

- Representative Appellate Matters
  - *In re: Deepwater Horizon*, No. 18-30243, United States Court of Appeals for the Fifth Circuit
  - *Pardee v. Connick*, No. 2018-CA-718, Louisiana Fifth Circuit Court of Appeal
  - *Weyerhaeuser Company v. US Fish and Wildlife Service*, No. 17-71, Supreme Court of the United States (Brief only in U.S. Supreme Court)
  - *Argument before the United States Court of Appeals for the Fifth Circuit, sub no. Markle Interest LLC, et al. v. U.S. Fish and Wildlife Service, et al.*, No. 14-31008 c/w 14-31021
  - *Montgomery v. St. Tammany Parish Government by and through St. Tammany Parish Council*, No. 2017-C-1811, Louisiana Supreme Court
  - *In re: Deepwater Horizon*, No. 16-30717, United States Court of Appeals for the Fifth Circuit
  - *Edwards v. Continental Casualty Co.*, No. 15-30827, United States Court of Appeals for the Fifth Circuit
  - *Plaia v. Stewart Enterprises, Inc.*, No. 2014-0159, Louisiana Fourth Circuit Court of Appeal
  - *Cal Dive International, Inc., et al. v. Andrew Schmidt, et al.*, No. 15-30300, United States Court of Appeals for the Fifth Circuit
  - *Woodfox v. Cain*, No. 15-30506, United States Court of Appeals for the Fifth Circuit
  - *Law Office of Paul C. Miniclier, PLC v. Louisiana State Bar Association*, No. 2014-C-1162, Louisiana Fourth Circuit Court of Appeal
  - *In re: Deepwater Horizon*, No. 14-31299, United States Court of Appeals for the Fifth Circuit
  - *Woodfox v. Cain*, No. 13-30266, United States Court of Appeals for the Fifth Circuit
  - No. 13-30315 & 13-30329, *In re: Deepwater Horizon*, United States Court of Appeals for the Fifth Circuit
  - *Glaxo Smith Kline, LLC v. Caldwell*, No. 12-CA-1790, Louisiana First Circuit Court of Appeal

- Representative Trial Court Matters
  - *The City of New Orleans v. Apache Louisiana Minerals, LLC, et al.*, No. 19-cv-8290, United States District Court for the Eastern District of Louisiana
  - *United States of America, et al. v. William LaCorte & Wyeth Pharmaceuticals, Inc., et al.*, No. 6-cv-11724, United States District Court for the District of Massachusetts
  - *Payton v. Entergy Corp.*, No. 2012-8368, Civil District Court for the Parish of Orleans

3

- *Kevin Govan Work v. Louisiana State Board of Medical Examiners*, No. 2015-8321, Civil District Court for the Parish of Orleans
- *Casey Billieson, et al. v. City of New Orleans, Housing Authority of New Orleans, et al.*, No. 1994-19231, Civil District Court for the Parish of Orleans
- *Delta Fence, Inc. v. Echelon Construction Services LLC*, No. 2009-10498, 22nd Judicial District Court of Louisiana
- *Kennair v. Entergy New Orleans*, No. 2008-10079, Civil District Court for the Parish of Orleans
- *New Orleans Scottish Rite Foundation, Inc. v. University of New Orleans Foundation* (Arbitration)
- *Balmoral Cinema, Inc. v. Allied Artists Pictures Corp.*, United States District Court for the Western District of Tennessee
- *Denkmann Associates v. IP Timberlands Operating Co., LTD.*, No. 354-869, 19th Judicial District Court

**MDL Experience**

- MDL 417    Marine Construction Antitrust Litigation (plaintiff)
- MDL 863    Taxable Municipal Bond Securities Litigation (defense)
- MDL 1098   Masonite Corp. Hardboard Siding Products Liability Litigation (defense)
- MDL 1657   Vioxx Products Liability Litigation (defense)
- MDL 2047   Chinese Manufactured Drywall Products Liability Litigation (defense)
- MDL 2179   Oil Spill by the Oil Rig "Deepwater Horizon" (counsel for the Economic Settlement Claims Administrator)
- MDL 2328   Pool Products Antitrust Litigation (Special Master)

**Recognitions/Awards**

- Best Lawyers in America 2025 for:
    - Appellate Practice (2 years);
    - Bet-the-Company Litigation (15 years);
    - Commercial Litigation (18 years);
    - Ethics and Professional Responsibility Law (3 years);
    - Legal Malpractice Law – Defendants (14 years);
    - Litigation – Antitrust (14 years);
    - Litigation – First Amendment (14 years);
    - Litigation – Real Estate (14 years);
    - Litigation – Securities (14 years); and
    - Professional Malpractice Law – Defendants (3) years.

- Best Lawyers' Lawyer of the Year Recognition (New Orleans) for:
    - Bet The Company Litigation (2019)
    - Legal Malpractice Law – Defendants (2014, 2016, 2018, 2022, 2024, 2025)
    - Litigation – Antitrust (2012, 2015, 2023)
    - Litigation – Real Estate (2020)

- New Orleans Bar Association, Arceneaux Professionalism Award (2018)

4

- LSBA President's Award (2005, 2010)
- LSBA Distinguished Service to the Profession Award (2009)
- Harvard Law School Irving Oberman Award (1983)
- Harvard Defenders
    - President (1981-1982)
    - Appeals Officer (1980-1981)
- Board of Student Advisors; Chairman of Harvard's Legal Research Training Program (1981-1982)

**Publications/Presentations**

- *Age Restrictions in Housing; The Denial of the Family's Right to Its Integrity,* 19 HARV.C.R. - C.L. REV. 61 (1984).
- *Albert Tate, Jr.; Judge, Jurist and the Barber in Ville Platt,* 47 LA. L. REV. 1011 (1987).
- *Antitrust Law: Fifth Circuit Symposium,* 35 LOYOLA L. REV. 687 (1989).
- *Antitrust Law: Fifth Circuit Symposium,* 36 LOYOLA L. REV. 665 (1990).
- *Constitutional Law: Fifth Circuit Symposium,* 37 LOYOLA L. REV. 631 (1991).
- *Constitutional Law: Fifth Circuit Symposium,* 42 LOYOLA L. REV. 491 (1996).
- *A Professional Model of Ethics,* 47 LOYOLA L. REV. 773 (2001).

**Professional and Civic Associations/Committees/Court Appointments**

- Professor of Law, Adjunct Faculty, Tulane Law School (1985 – present)
- Special Master, *In Re: Pool Products Antitrust Litigation,* MDL 2328 (E.D. La.)
- Chairman, Magistrate Merit Selection Panel, United States District Court for the Eastern District of Louisiana (2018)
- Chairman, LSBA Rules of Professional Conduct Committee (2004 – present)
- Chairman, LSBA Committee on Codes of Lawyer and Judicial Conduct (2002 – 2004)
- Member, Louisiana Appellate Practice Advisory Commission (2017 – present)
- Member, LSBA Ethics 2000 Committee
- Member, Louisiana Supreme Court Class Action Committee
- Member, Louisiana Supreme Court Committee on Rules Regarding Financial Assistance to Clients
- Member, Louisiana Supreme Court Committee on Advertising Rules
- Chairman, Board of Directors, Metairie Bank & Trust Co.
- Session, Metairie Ridge Presbyterian Church

**Admissions**

- Admitted to practice in all Louisiana state courts and federal courts
- Admitted to practice in the United States Fifth Circuit Court of Appeals
- Admitted to practice in the United States Supreme Court
- Member, New Orleans Bar Association
- Member, Louisiana State Bar Association
- Member, American Bar Association