UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. | CIVIL ACTION |
| VERSUS | NO. 23-7296 |
| MICHAEL WRIGHT, individually and in official capacity, et al. | SECTION: "G"(4) |

**Reply in Support of Plaintiff's Motion in Limine to Exclude Witnesses Not Timely Identified**

FRCP 37(c) requires that if a party fails to identify witnesses in initial disclosures, the party is "not allowed" the witnesses at trial "unless the failure was substantially justified or is harmless."

Here, a few weeks before the close of discovery, Defendants offered a witness list that had sixteen witnesses.[1] Fourteen were not identified in initial disclosures. Of those, eleven were not either (a) designated as experts, or (b) identified in Defendants' initial disclosures, or (c) identified in Plaintiff's witness list.

In their opposition brief, Defendants do not make any clear argument that their failure to identify the witnesses was substantially justified. They do point to this Court's scheduling order about witness lists, but they do not cite any authority that a scheduling order excuses a party from the initial disclosure requirements of Rule 26.[2]

Defendants' primary argument is that Plaintiff has not suffered prejudice because she was "aware" of some of the newly-identified witnesses, and has scheduled depositions for some of them.[3] But being aware of the *existence* of person is not the same as being able to anticipate that they might be called as witnesses. For example, Plaintiff was aware of the existence of Carolyn Landry and Mallory Guillot, two employees of the Board of Ethics. But their only intersection

---

[1] Rec. Doc. 54.
[2] Defendants also make a tit-for-tat argument that Plaintiff did not disclose all witnesses in initial disclosures. Rec. Doc. 72 at 2. They are incorrect; Plaintiffs identified fifteen individual names and the category of "individuals present at the November 28, 2023 meeting" in initial disclosures. All of Plaintiffs' witnesses are among those two groups.
[3] Rec. Doc. 72 at 3 *et seq.*

1

with this case is that they were copied on a few emails between Defendant Hotard and the Board of Ethics; Plaintiff had no reason to think they would be called as witnesses, and no reason to conduct any written discovery about them.

Likewise, Plaintiff was aware of the existence of Gray Sexton and Alesia Ardoin, two of Defendant Hotard's personal lawyers. But Plaintiff had no reason to think that they would be called as witnesses in this case – especially after this Court excluded any advice-of-counsel defense.[4]

Furthermore, although Plaintiff's counsel has been able to depose some of the newly-disclosed witnesses, those depositions have been constrained by the absence of information about *why* they were designated as witnesses. FRCP 26(a)(1)(A) requires a party to disclose individuals "likely to have discoverable information" along with the "subjects of that information." But for many of Defendants' witnesses, Defendants have never disclosed the subjects of the information they might know. That, plus the fact that Plaintiff did not have time to conduct written discovery about these witnesses, leaves Plaintiff's counsel having to take depositions in the dark. Plaintiff's counsel has had to ask questions like, "why do you think Defendants identified you as a witness" – with several witnesses being unable to meaningfully respond.  Thus, Defendants' late disclosure is not "harmless," even where Plaintiff has been able to scramble to take depositions in the last few days of the discovery period.

There is one caveat to Plaintiff's request for the exclusion of witnesses. Plaintiff expects, given this Court's order barring any "reference to 'advice of counsel'"[5] at trial, that Defendant Hotard will not be able to testify that the Board of Ethics gave her legal advice. If for some reason she does so testify, Plaintiff intends to call Mallory Guillot as a witness to explain that the Board of Ethics does not and cannot give legal advice.

---

[4] Rec. Doc. 53 (ordering that any "reference to 'advice of counsel' is excluded from the trial in this matter.")
[5] *Id.*

3

                              Respectfully submitted,

                              /s/ *William Most*
                              William Most, 36914
                              David Lanser, 37764
                              MOST & ASSOCIATES
                              201 St. Charles Ave., Ste. 2500, #9685
                              New Orleans, LA 70170
                              Telephone: (504) 509-5023
                              williammost@gmail.com