UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | |
|     Plaintiff | * | |
| | * | Case No. 23-cv-7296 |
| VERSUS | * | |
| | * | Judge Nannette J. Brown |
| | * | |
| MICHAEL WRIGHT, in his individual and | * | Magistrate Judge Karen W. |
| official capacities, JACLYN HOTARD, in her | * | Roby |
| individual and official capacities, and | * | |
| ST. JOHN THE BAPTIST PARISH; | * | |
|     Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully submit their Memorandum in Opposition to Plaintiff, Joy Banner, Ph.D.'s Motion for Partial Summary Judgment.

It is clear that genuine issues of material fact exists and therefore, summary judgment would be improper. As more fully set forth below, Defendants respectfully request that Plaintiff's *Motion for Partial Summary Judgment* be denied.

### I.   PERTINENT FACTS

This lawsuit stems from off-topic comments made by the Plaintiff, Joy Banner, Ph.D. during the public comment period at the November 28, 2023 St. John the Baptist Parish Council Meeting wherein she violated Louisiana's Board of Ethics' confidentiality law by publicly commenting on the contents of an ethics complaint she filed against Parish President Jaclyn

Hotard; at the time the Plaintiff made the public comment, the ethics complaint was still under investigation and she did not received any permission from Parish President Hotard, (the target of said investigation), to speak publicly on the matter. [1]

As the Joint Stipulated Parish Council Meeting video and transcript shows, Plaintiff was allowed to speak over five minutes during the meeting's public comments period; furthermore, she voluntarily stopped speaking and left the lectern on her own volution; she was not escorted out nor forcibly removed from the lectern.[2]

Additionally, as the Joint Stipulated Parish Council Meeting video and transcript demonstrated, Plaintiff approached the lectern and purported to speak on the Parish Council Meeting Agenda "J" Item, which was a general agreement to retain special counsel to perform services related to ethics laws not about a specific ethics complaint; additionally, the legal services of R. Gray Sexton were up for consideration for more than one ethical complaint.[3]

However, instead of staying on topic— about whether she was for or against the hiring that law firm— the Joint Stipulated Parish Council Meeting video and transcription shows that the Plaintiff Joy Banner, Ph. D., decided to publicly comment on the **contents** of the ethics complaint she filed against Parish President Hotard. [4]

Parish President Jaclyn Hotard testified, during her deposition, that the contents of the ethics complaint against her was not on the agenda; the agenda item "J" was just about voting on whether to retain a special ethics attorney for ethics issues the public body faced, which may include more than one outstanding ethics complaints. [5]

---

[1] *Rec. Doc. 39-5, pp. 100- 101;* Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[2] *Rec. Doc. 43 and 43-1, pp.9;* Joint Stipulation of All Parties Regarding Meeting Transcript.
[3] *Rec. Doc. 39-4, pp. 29.* Deposition Transcript of Defendant, Council Chairman Michael Wright; *also see Rec. Doc. 39-5,* pp. 55, 91; Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[4] Rec. Doc. 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.
[5] *Rec. Doc. 39-5,* pp. 55, 91; Deposition Transcript of Defendant, Council President Jaclyn Hotard.

Moreover, Parish President Jaclyn Hotard testified that her name was next to Agenda Item "J" not because she was the alleged subject of the agenda item but because St. John the Baptist Parish's Home Charter designates the Council President as the chief elected official in charge of the day to day operations and therefore, since she is the *current* Council President, her name is and will be on most of the agenda items, as a sponsor. [6]

In addition to not staying on topic to the agenda item she purported to comment on, Defendants reasonably and in good faith believed that Plaintiff Joy Banner, Ph.D.'s public comment was in violation of state law when she publicly spoke about the contents of an ethics compliant she filed against Council President Hotard. Plaintiff's public comment at the November 28, 2023, Parish Council Meeting included factual contents of her Louisiana Board of Ethics complaint against Council President Jaclyn Hotard; however, Council President Jaclyn Hotard had not given the Plaintiff permission to speak publicly about the Louisiana Board of Ethics complaint against her. [7]

Furthermore, Council President Jaclyn Hotard, during many previous council ethics issues had been warned by the Louisiana Ethics Board's Administrator that she could not discuss ethics complaints prior to them deciding whether they are moving forward, that it was a violation of state law to discuss an ethics complaint, that a statute had been provided previously to her by the Louisiana Ethics Board, and that in her experience regarding previous ethics complaints received against parish members, there has always been a cloak of confidentiality that is stated on the correspondence indicating that she is not allowed to disclose the existence of that ethics investigation.

---

[6] *Rec. Doc. 39-5*, pp. 20 and 54; Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[7] *Rec. Doc. 39-5*, pp. 100- 101; Deposition Transcript of Defendant, Council President Jaclyn Hotard.

Likewise, regarding the subject ethics complaint in this suit, Council President Jaclyn Hotard had been advised by the Louisiana Board of Ethics that the investigation was confidential, not to be discussed by anyone publicly, other than by the person who is the subject of the investigation or complaint, (or if permission was given by that same person), and it was under that same directive and law that she expressed that Plaintiff Joy Banner, Ph. D. was in violation of same. [8]

Finally, Parish Council Chairman Michael Wright's, job as the Parish Council Chair, is to make sure comments stay on agenda items and maintain order and decorum.[9] Therefore, when he took the floor, banged the gavel and cited the same law given by the Louisiana Board of Ethics, both Parish Council Chairman Michael Wright and Parish Council President Jaclyn Hotard had reasonably relied on information given to them that the Plaintiff's comments were in violation of state law and in good faith, advised her, the rest of the council, and the public of same.

## II.   LAW AND ARGUMENT

### A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] As a general rule, the moving party has the initial burden to prove that there are no issues of material fact, but may discharge this burden by citing to materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, [and] interrogatory answers," that establish the absence

---

[8] *Rec. Doc. 39-5, pp. 93-94; 97;* Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[9] *Rec. Doc. 39-4, pp. 42;* Deposition Transcript of Defendant, Council Chairman Michael Wright.
[10] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); *Poole v City of Shreveport,* 691 F.3d 624, 627 (5th Cir. 2012).

of a genuine dispute, or showing the absence of evidence necessary to support an essential element of the nonmoving party's case.[11] The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing the existence of a genuine issue of material fact.[12]

The facts and inferences drawn are from the facts must be viewed in the light most favorable to the nonmoving party. *Abeita v. TransAmerica Mailings, Inc.* 159 F.3d 246, 250 (6th Cir. 1998)(*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587(1986).

A genuine issue for trial exists if, "evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). Once a moving party produces evidence establishing lack of a genuine issue of material fact, the non-moving party must 'set forth specific facts showing that there is a genuine issue for trial." *Id.* The mere existence of a "scintilla of evidence" in support of a plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson*, 477 U.S. at 252.

## B. Plaintiff is not entitled to Partial Summary Judgment as a matter of law because there are genuine issues of material fact that would make Summary Judgement improper

Summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on field, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lillie v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994).

Notably, "(a) genuine issue of a material fact exists, '[i]f the evidence is such that a

---

[11] Fed. R. Civ. P. 56(c)(1).
[12] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986); *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 184 (5th Cir. 1995); Fed. R. Civ. P. 56(e).

reasonable jury could return a verdict for the nonmoving party." *Pylant v. Hartford Life and Accident Insurance Company,* 497 F. 3d 536, 538 (5th Cir. 2007). All reasonable factual inferences are drawn in favor of the nonmoving party. *Galindo v. Precision American Corp.,* 754 F. 2d 1212, 1216 (5th Cir. 1985).

However, this partial summary judgement is not proper since the facts in this case are still disputed; Furthermore, *Plaintiff's Statement of Undisputed Facts* are not facts, but rather arguments since she failed to produce any admissible evidence regarding any of her assertions.

1) **Plaintiff cannot prove that Defendants violated Louisiana's Open Meetings Law, during their November 28, 2023 Parish Council Meeting since a Louisiana State Court of Appeals has already ruled that they were within their rights under La. R.S. 42:14(D) when they set reasonable rules and restrictions during the public comment period for the November 28, 2023 Parish Council Meeting—specifically regarding the three (3) minutes allocated per person and restricting public comments for agenda items only; therefore, Defendants were well within their rights to enforce them**

The Louisiana State Court of Appeals, Fifth Circuit, in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish,* very recently reversed a trial court's ruling that St. John the Baptist Parish Council violated the Open's Meeting Law wherein a different plaintiff, (but regarding the same November 28, 2023, Parish Council Meeting in question before this Honorable Court), argued that all speech should be allowed during the public comment period at a public meeting. The State Fifth Circuit Court of Appeals disagreed with the plaintiff in that case and instead sided with the defendant; it reversed the trial court's ruling in its entirety, dismissed that plaintiff's suit with prejudice at plaintiff's costs. [13]

---

[13] See *Rec. Doc.* 62. Exhibit A, the Louisiana Court of Appeals, Fifth Circuit's ruling in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish, No. 24-CA-280,* (October 18, 2024).

The *Perrilloux* appeals court found that the testimony and the recorded council meetings, (*which includes this case's November 28, 2023 council meeting*), showed that notice was given to the public prior to the council meeting and during the council meetings, and "that everyone present in the Council chambers was notified by the Chairman, orally and on the TV screens behind the Council, that the public comment period was open, that if anyone desired to speak, they were to approach the podium, and that each citizen would have three minutes to <u>discuss agenda items only</u>."[14] (emphasis added).

Furthermore, the *Perrilloux* appeals court specifically held that there was "no violation of the Open Meetings Law occurred at the November 28…2023 meetings relative to the Council's duty under La. R.S. 42:14 (D) to provide a period of public comment, and set reasonable rules and restrictions regarding the public comment period…the statute does not specify how the public comment must be structured…except that it must be prior to voting on agenda items."

Plaintiff failed to carry her burden of proof that would warrant summary judgment here; Defendants, as stated by a Louisiana State Appeals Court, were well within their right, under the Open Meetings Law to only allow public comments to be three (3) minutes long and confined to agenda items only.

As stated by the *Perrilloux* appeals court, there are no specific statutory requirements in structuring the public comment period; the Open Meetings Law just mandates that the public body's rules, regulations, and restrictions regarding public comments be reasonable and leaves the specifications on how the comment period is to be implemented up to each public body. The Defendants complied by creating reasonable rules and restrictions; it was properly noticed on the

---

[14] Id. at pp. 7.

agenda and published to the public; as well as posted on the board during the public hearing. The Open Meetings Law does not require the rules to be codified, as Plaintiff seems to be arguing.

Additionally, the public comment requirement pursuant to *La. Rev. Stat. §42:14(D)* only applies to public comments prior to action on an agenda item upon which a vote is to be taken. So, while there is a right of free speech and assembly which is fundamental in our democratic society, the Open Meetings Law does not *require* public bodies, when conducting meetings, to allow everyone with opinions and beliefs to express themselves at any public place or at any time. In fact, the intent of the Open Meetings Law is not to give the public a chance to address the public body on issues unrelated to agenda items; as *La. Rev. Stat. §42:14(D)* generally applies to agenda items only. [15]

Here, the agenda item "J", at November 28, 2023 Parish Council Meeting was about a general agreement to retain special counsel to perform services related to ethics laws not about a specific ethics complaint; additionally, the legal services of R. Gray Sexton were up for consideration for more than one ethical complaint. [16]

However, Plaintiff went instead off-topic, from any agenda item, when she publicly launched into the contents of an ethical complaint she filed against Parish Council President Howard— which was not on the agenda; public comments period at a public meeting is not a free for all; and public bodies have a right - a duty- under the Open Meetings Law - to maintain order and decorum during public meetings.

Therefore, Parish Council Chairman Michael Wright was well within the mandate of the Open Meetings Law to try to reign in Plaintiff's comments to agenda items only; there was no

---

[15] *Atty. Gen. Op. 01-394.*

[16] *Rec. Doc. 39-4, pp. 29. Deposition Transcript of Defendant, Council Chairman Michael Wright; also see* Rec. Doc. 39-5, pp. 55, 91; Deposition Transcript of Defendant, Council President Jaclyn Hotard.

violation of the Open Meetings Law when he interrupted, banged on the gavel, and took back the floor— all in trying to bring order and decorum and to get Plaintiff to comment about an agenda item—per the Parish Council's publicly noticed rules and restrictions regarding the public comments period. Therefore, there was no violation of the Open Meetings Law and summary judgment is not warranted.

> **2)  Plaintiff cannot prove that Defendants violated Louisiana's Open Meetings Law during their November 28, 2023 Parish Council Meeting since the evidence shows that Plaintiff was allowed to participate in the public comment period; Plaintiff was able to speak for over five (5) minutes, was able to finish what she had to say, voluntarily stopped speaking and walked away from the lectern all before any action was taken on Agenda Item, "J"**

As aforementioned, Plaintiff was off - topic during the public comment period of the November 28, 2023 Parish Council Meeting; she kept commenting publicly about the contents of an ethical complaint she filed against Parish Council President Hotard instead of staying on topic with an agenda item; Parish Council Chairman Michael Wright tried to bring order and decorum back to the public meeting by interrupting Plaintiff, banging on the gavel, and taking the floor back no avail.

However—despite Plaintiff's failure to abide by the highly publicized rules and restrictions of the public comments period— to stay on topic— Plaintiff was never removed from the lectern; the joint stipulated video and transcript of the November 28, 2023 shows that Plaintiff had a full opportunity to participate at meeting's public comments period. Plaintiff was able to speak for over five (5) minutes; she got to finish what she had to say, voluntarily stopped speaking, and walked away from the lectern. She was never kicked out or prevented from attending the Parish Council Meeting. Since Plaintiff cannot prove an Open Meetings Law violation and there are issues of material fact summary judgment is not proper here.

3) **Defendants Parish Council Chairman Michael Wright and Parish Council President Jaclyn Hotard had a right to interrupt Plaintiff's public comment since she was off topic and they reasonably relied on information given to them that Plaintiff was violating state law when Plaintiff publicly commented on the contents of an ethical complaint she filed against Parish Council President Hotard**

Finally, Plaintiff failed to offer any affidavits, deposition testimony, or other competent evidence showing that Parish Council Chairman Michael Wright and Parish Council President knowingly and/or willfully participated in the unlawful meeting.

As already mentioned, during the public comment period of the November 28, 2023 Parish Council Meeting, the evidence shows that Plaintiff was publicly commenting on an ethics complaint she filed against Council President Hotard.

Furthermore, Council President Jaclyn Hotard had been advised by the Louisiana Board of Ethics that the investigation was confidential, not to be discussed by anyone publicly, other than by the person who is the subject of the investigation or complaint, (or if permission was given by that same person), and it was under that same directive and law that she expressed that Plaintiff Joy Banner, Ph. D. was in violation of same.[17] Plaintiff's public comment at the November 28, 2023 Parish Council Meeting included factual contents of her Louisiana Board of Ethics complaint against Council President Jaclyn Hotard; however, Council President Jaclyn Hotard had not given the Plaintiff permission to speak publicly about the Louisiana Board of Ethics complaint against her.[18]

Therefore, Council President Hotard had a good faith basis to believe and to reasonably rely on the information given to her by the Louisiana Board of Ethics regarding laws involving ethics complaints and the confidentiality nature of them; based on that advice and information, Parish Council President Hotard and Parish Council Chairman Wright acted accordingly.

---

[17] *Rec. Doc.* 39-5, pp. 93-94; 97; Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[18] *Rec. Doc.* 39-5, pp. 100-101; Deposition Transcript of Defendant, Council President Jaclyn Hotard.

Moreover, Defendants assert that there was nothing illegal about the November 28, 2023 Parish Council; However, if this Honorable Court believes otherwise, then Defendants assert that they did not knowingly or willingly participate in an illegal public meeting. Plaintiff failed to cite to any facts or evidence to demonstrates otherwise; she even cited to caselaw wherein acting upon legal advice negates the required knowingly or willfully.[19]

### III.    CONCLUSION

Based on the aforementioned, Defendants pray that Plaintiff's *Motion for Partial Summary Judgment,* be denied, at her expense.

Respectfully Submitted:

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail:ikespears@gmail.com
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 3, 2024.



/s/ *Ike Spears*
Ike Spears

---

[19] *See Rec. Doc.* 77-1, pp. 8. Footnote 34.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | |
|    Plaintiff | * | |
| | * | Case No. 23-cv-7296 |
| VERSUS | * | |
| | * | Judge Nannette J. Brown |
| | * | |
| MICHAEL WRIGHT, in his individual and | * | Magistrate Judge Karen W. |
| official capacities, JACLYN HOTARD, in her | * | Roby |
| individual and official capacities, and | * | |
| ST. JOHN THE BAPTIST PARISH; | * | |
|    Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully without waiving and expressly reserving any and all defenses, objections, exceptions, motions and arguments, submit this Opposition to expressly controvert Plaintiff, Joy Banner, Ph.D.'s "*Statement of Undisputed Material Facts*" in support of her *Motion for Partial Summary Judgment*, (Rec. Doc. 77-2).

Defendants contend that Plaintiff has asserted several conclusions of law or has purported to assert "facts" that are otherwise inadequate to support Plaintiff's partial Motion for Summary Judgment. Defendant expressly objects to Plaintiff's "*Statement of Undisputed Material Facts*" to the extent that the list contains legal conclusions or merely quotes, cites, or refers to limited and select language contained in statutes or constitutional provisions and, therefore, are not proper under Local Rule 56.1.

Unless expressly admitted by Defendants, Defendnats expressly oppose every statement contained in Plaintiff's "*Statement of Undisputed Material Facts*". Plaintiff's statements are addressed as follows:

1. The St. John the Baptist Parish Council is a public body subject to Louisiana's Open Meetings Law.
   **Response: Undisputed.**

2. The St. John the Baptist Parish Council held a public meeting on November 28,2023.
   **Response: Undisputed.**

3. Michael Wright was elected as a councilmember in 2011 and has presided over at least dozens of meetings in the capacity as Council chairman.
   **Response: Undisputed.**

4. Michael Wright was the council chair at the November 28, 2023 meeting.
   **Response: Undisputed.**

5. Item J on the November 28, 2023 meeting agenda read:
   "J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute."
   **Response: Disputed. This statement fails to comply with Local Rule 56 because it does not cite to any pleading, deposition, answer to interrogatory, admission, or affidavit before the court. Furthermore, to the extent this statement asserts a statement of fact, Defendants expressly object to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, Best Evidence Rule, improper characterization, and hearsay.**

6. Agenda Item J was an item subject to a vote.
   **Response: Disputed. This statement fails to comply with Local Rule 56 because it does not cite to any pleading, deposition, answer to interrogatory, admission, or affidavit before the court. Furthermore, to the extent this statement asserts a statement of fact, Defendants expressly objects to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, Best Evidence Rule, improper characterization, and hearsay.**

7. Joy Banner attempted to make a public comment on Agenda Item J.
   **Response: Disputed. This statement fails to comply with Local Rule 56 because it does not cite to any pleading, deposition, answer to interrogatory, admission, or affidavit before the court. Furthermore, to the extent this statement asserts a statement of fact,**

Defendants expressly objects to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, Best Evidence Rule, improper characterization, and hearsay.

8. Michael Wright then banged his gavel and stated "I'm going to ask for order. I – I'm taking the floor right now. Ms. Banner, I'm going to ask you to please hold on your public comment."
**Response:** **Disputed. This statement fails to comply with Local Rule 56 because it does not cite to any pleading, deposition, answer to interrogatory, admission, or affidavit before the court. Furthermore, to the extent this statement asserts a statement of fact, Defendants expressly objects to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, Best Evidence Rule, improper characterization, and hearsay.**

9. Following a back-and-forth about whether the comment was on topic, Jaclyn Hotard stated "Chairman, Mr. Chairman, I'm going to ask you stop this comment. That is completely false."
**Response:** **Disputed. This statement fails to comply with Local Rule 56 because it does not cite to any pleading, deposition, answer to interrogatory, admission, or affidavit before the court. Furthermore, to the extent this statement asserts a statement of fact, Defendants expressly objects to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, Best Evidence Rule, improper characterization, and hearsay.**

10. Jaclyn Hotard then stated "Ms. Banner, first of all you're in violation of State law right now."
**Response:** **Disputed. This statement fails to comply with Local Rule 56 because it does not cite to any pleading, deposition, answer to interrogatory, admission, or affidavit before the court. Furthermore, to the extent this statement asserts a statement of fact, Defendants expressly objects to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, Best Evidence Rule, improper characterization, and hearsay.**

11. Michael Wright then took the floor and stated "I'm going to read RS 42:1141 that I want to make sure the Council is aware of also. 'It shall be a misdemeanor punishable by a fine of not more than $2000 or imprisonment for not more than one year or both for any member of the Board of Ethics, it's Executive Secretary, other employee or any other person other than the person who is subject to the investigation or complaint to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation, private hearing of the Board of Ethics without the written request of the public servant or other person investigated."
**RESPONSE:** **Disputed. This statement fails to comply with Local Rule 56 because it does not cite to any pleading, deposition, answer to interrogatory, admission, or affidavit before the court. Furthermore, to the extent this statement asserts a**

statement of fact, Defendants expressly objects to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, Best Evidence Rule, improper characterization, and hearsay.

12. Michael Wright has never read a criminal statute aloud during public comment, except for the November 28, 2023 meeting.
**RESPONSE**: Disputed. This statement fails to comply with Local Rule 56 because it does not cite to any pleading, deposition, answer to interrogatory, admission, or affidavit before the court. Furthermore, to the extent this statement asserts a statement of fact, Defendants expressly objects to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, Best Evidence Rule, improper characterization, and hearsay.

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail: ikespears@gmail.com
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 3, 2024.

/s/ *Ike Spears*
Ike Spears

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D.<br>Plaintiff<br><br>VERSUS<br><br>MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities, and ST. JOHN THE BAPTIST PARISH;<br>Defendants. | *<br>*<br>*  Case No. 23-cv-7296<br>*<br>*  Judge Nannette J. Brown<br>*<br>*  Magistrate Judge Karen W.<br>*  Roby<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **DEFENDANTS' STATEMENT OF DISPUTED MATERIAL FACTS**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), submits that the following disputed material facts exist that preclude the granting of summary judgment in this case:

1. A Louisiana State Court of Appeals has already held that the Defendants did not violate the Open Meetings Law during the November, 28, 2023 Parish Council Meeting and had set reasonable rules and restrictions on its public comment period —specifically, three minutes (3) and on agenda items only —as allowed by law and that La. R.S. 42:14 (D) does not specify how the public comment period must be structured except that it must be prior to voting on agenda items. [20]

2. During the November 28, 2023, St. John the Baptist Parish Council Meeting, (hereinafter "Parish Council Meeting"), the Plaintiff Joy Banner, Ph. D., (hereinafter "Plaintiff"), was allowed to speak for more than five (5) minutes during the meeting's public comment period, prior to any vote taken by the Parish Council. [21]

---

[20] See *Rec. Doc.* 62. Exhibit A, the Louisiana Court of Appeals, Fifth Circuit's ruling in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish*, No. 24-CA-280, (October 18, 2024).

[21] Rec. Doc. 43-1, Joint Stipulation of All Parties Regarding Meeting Transcript.

3. During the Parish Council Meeting's public comment period, the Plaintiff was allowed to speak until she voluntarily stopped speaking and walked away from the lectern; she was not forcibly removed by the Defendants. [22]

4. During the Parish Council Meeting's public comment period, the Plaintiff failed to stay on topic. [23]

5. In his professional capacity, as Parish Council Chairman, Michael Wright's job is to make sure comments stay on agenda items and maintains order and decorum during Parish Council Meetings. [24]

6. The Agenda Item "J" at November 28, 2023 Parish Council Meeting, that Plaintiff purported to comment on, was about a general agreement to retain special counsel to perform services related to ethics laws not about a specific ethics complaint; additionally, the legal services of R. Gray Sexton was up for consideration for more than one ethical complaint. [25]

7. Council President's Jaclyn Hotard's name was next to Agenda Item "J" for the November 28, 2023 Parish Council meeting, not because she was the alleged subject of the agenda item but because since St. John the Baptist Parish's Council Charter designates the Council President as the chief elected official in charge of the day to day operations and therefore, generally her name is and will be on most of the agenda items- sponsoring them. [26]

8. Plaintiff's public comment at the November 28, 2023 Parish Council Meeting included factual contents of her Louisiana Board of Ethics complaint against Council President Jaclyn Hotard; however, Council President Jaclyn Hotard had not given the Plaintiff permission to speak publicly about the Louisiana Board of Ethics complaint against her. [27]

9. Council President Jaclyn Hotard had been advised by the Louisiana Board of Ethics that the ethics investigation was confidential, not to be discussed by anyone publicly, other than by the person who is the subject of the investigation or complaint, (or if permission was given by that same person), and it was under that same directive and advice that she was operating under and in good faith reasonably believed that Plaintiff

---

[22] *Rec. Doc. 43-1, pp. 4-8*; Joint Stipulation of All Parties Regarding Meeting Transcript.
[23] *Rec. Doc. 43-1, pp. 4-8*; Joint Stipulation of All Parties Regarding Meeting Transcript.
[24] *Rec. Doc. 39-4, pp. 42* Deposition Transcript of Defendant, Council Chairman Michael Wright.
[25] *Rec. Doc. 39-4, pp. 29. Deposition Transcript of Defendant, Council Chairman Michael Wright; also see* Rec. Doc. 39-5, pp. 55, 91; Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[26] *Rec. Doc. 39-5, pp. 20 and 54;* Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[27] *Rec. Doc. 39-5, pp. 100- 101;* Deposition Transcript of Defendant, Council President Jaclyn Hotard.

was in violation of same at the November 28, 2023, Parish Council Meeting, after Plaintiff publicly commented about the contents of the ethics complaint against her. [28]

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone:   (504) 593-9500
Telecopier:   (504) 523-7766
E-mail:ikespears@gmail.com
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 3, 2024.

/s/ *Ike Spears*
Ike Spears

---

[28] *Rec. Doc. 39-5, pp. 93-94; 97; Deposition Transcript of Defendant, Council President Jaclyn Hotard*