UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G" (4)** |

**ORDER**

Before the Court is a **Motion to Quash (R. Doc. 40)** filed by non-party Darla Gaudet seeking to quash Plaintiff's subpoena to Darla Gaudet, which requires her appearance at a deposition and production of documents. The Motion is opposed. R. Doc. 41. The Motion was heard on October 2, 2024. For the reasons assigned below, the Motion is **DENIED**.

I.   **Introduction**

   A.  **Factual Background**

This litigation arises from alleged violations of the First Amendment, Louisiana Constitutional rights of free speech and petition, and Louisiana's Open Meetings Law at a St. John the Baptist Parish Council meeting on November 28, 2023. R. Doc. 7. Plaintiff Dr. Joy Banner ("Plaintiff") is a resident of St. John the Baptist Parish and the Co-Founder and Co-Director of The Descendants Project, a nonprofit foundation focused on dismantling the discriminatory economic, environmental, and social systems arising from the legacies of slavery. *Id.* at 2.

 On November 28, 2023, Plaintiff alleges that she attended the Council meeting to speak about an item on the Council's agenda that would authorize the use of taxpayer funds to defend Parish President Jaclyn Hotard from a Board of Ethics investigation that Plaintiff raised against her. *Id.* at 1. Plaintiff further contends that the Council was also scheduled to discuss a dispute between The Descendants Project, St. John the Baptist Parish, and St. John the Baptist Parish Council, which concerned her as one of the organization's founders. *Id.* at 5.

The ethics investigation raised by Plaintiff against Jaclyn Hotard arises from a rezoning application signed by Jaclyn Hotard that would rezone the property adjacent to Plaintiff's home from residential to industrial. R. Doc. 7 at 4. Plaintiff alleges that Jaclyn Hotard signed the rezoning application to "upzone" the property on behalf of her mother-in-law, Darla Gaudet, who is the officer and manager of Gaumet Holdings, LLC, which owns property within the area that would be rezoned from residential to industrial. *Id.* Plaintiff alleges that this rezoning would significantly increase the value of Gaudet's company's property, and that this economic interest is the source of the ethics violation in Plaintiff's ethic's complaint against Jaclyn Hotard. R. Doc. 41 at 2.

Plaintiff alleges that Hotard violated La. R.S. 42:1112(B), which prohibits public servants from participating in transactions involving the government entity that any member of their immediate family has a substantial economic interest in. R. Doc. 7 at 5. Plaintiff further contends that La. R.S. 42:1102(134) defines "immediate family" to include parents of a public official's spouse. *Id.* at 5. The investigation of Plaintiff's ethics complaint remains pending before the Board of Ethics. *Id.*

Plaintiff alleges that when she attempted to speak at the Council meeting, Jaclyn Hotard and Michael Wright, the chair of the Parish Council, repeatedly interrupted her. R. Doc. 7 at 1. Plaintiff alleges that this culminated in Michael Wright directing her to stop talking and threatening her with arrest and prosecution under La. R.S. 42:1141, which was declared unconstitutional[1] a decade ago. *Id.* at 1, 8. Plaintiff alleges that she cut her comment short after this threat, and that other citizens who intended to speak did not speak due to this treat of arrest. *Id.* Plaintiff further

---

[1] Citing *King v. Caldwell ex rel. Louisiana*, No. 13-4913, 21 F.Supp.3d 651, 656 (E.D. La. May 14, 2014) (Feldman, M.) ("The Court hereby declares La. R.S. 42:1141.4(L)(1) invalid insofar as it prohibits "any other person" from "mak[ing] any public statement or giv[ing] out any information concerning a private investigation or private hearing of the Board of Ethics").

2

alleges that the Council then voted to approve taxpayer funding for Jaclyn Hotard's ethics defense. *Id.* at 1.

Plaintiff filed suit against Michael Wright, in his individual and official capacities, and St. John the Baptist Parish on December 14, 2023, and later amended her complaint to include Jaclyn Hotard as a named Defendant in this matter (collectively "Defendants"). *See* R. Doc. 1. *See also* R. Doc. 7. Therein, Plaintiff raised claims under the First Amendment, the Louisiana Constitution, and Louisiana's Open Meetings Law. *Id.* at 14-18.

Defendants deny Plaintiff's allegations, including her allegations regarding Darla Gaudet's interest in the rezoning application that formed the basis of Plaintiff's ethics complaint, which she sought to speak about at the meeting at issue. R. Doc. 32 at 4. Defendants further contend that their actions were reasonable, justified, and legally permissible under the circumstances and that Plaintiff has failed to establish that she was deprived of any federal or state rights under the United States Constitution, Louisiana Constitution, or 42 U.S.C. 1983. *Id.* at 13-14.

**B. Subject Motion**

Darla Gaudet ("Gaudet") filed the subject Motion on September 5, 2024, seeking to quash Plaintiff's July 29, 2024, subpoena for Gaudet's deposition and documents. R. Doc. 40 at 1. As written, Plaintiff's subpoena seeks "all documents reflecting the ownership of Gaumet Holdings, LLC; and all correspondence (mail, email, text message, etc.) and documents regarding (1) Greenfield Louisiana, LLC or (2) Greenfield's proposed grain terminal in St. John the Baptist Parish (unless already provided)." R. Doc. 40-3.

In support of the subject Motion, Gaudet alleged that the subpoena imposed an undue burden on her as a non-party in this case, that it seeks irrelevant evidence, and that Plaintiff has failed to establish good cause for the issuance of the subpoena. R. Doc. 40 at 1-2. Gaudet alleges

3

that the subpoena is merely a "fishing expedition" that seeks her business, financial, and cellphone records in violation of her right to privacy. *Id.*

Plaintiff opposes the Motion, contending that Gaudet's objections are waived due to her failure to timely raise the objections under FED. R. CIV. P. 45(d)(2)(B) and that the subpoena seeks evidence relevant to Plaintiff's First Amendment Retaliation claim. R. Doc. 41 at 1. Plaintiff further contends that the subpoena does not pose an undue burden, given that the deposition is expected to be short, limited in scope, and conducted by Zoom to eliminate any travel costs. *Id.* Finally, Plaintiff alleges that the subpoena was prompted by Jaclyn Hotard's deposition testimony along with the Defendants' Answer, and that cell phone records are not categorically protected from civil discovery. *Id.*

II.     **Standard of Review**

Federal Rules of Civil Procedure Rule 26(b)(1) sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) further specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discovered." *Id.*

Regarding relevance, the Federal Rules of Evidence provides that "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." FED. R. EVID. 401. Additionally, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Regarding proportionality, Rule 26 provides that discoverability is balanced by considerations of the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Federal Rules of Civil Procedure Rule 45 governs the procedure for obtaining discovery from non-parties. Under Rule 45, a non-party served with a subpoena duces tecum may object by sending written objections to the issuing party by the earlier of fourteen days from service or fourteen days before the return date. FED. R. CIV. P. 45(d)(2)(B). Rule 45 further provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that…requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." FED. R. CIV. P. 45(d)(3).

### III.   Analysis

#### A. Timeliness

Gaudet contends that the subpoena should be quashed and that she did not waive her right to object. R. Doc. 42 at 1-2. In support, Gaudet contends that prior to filing the subject Motion, her counsel submitted written objections to Plaintiff's counsel on August 15, 2024. *Id.* Gaudet further contends that a discovery conference was held on August 28, 2024, to see if the parties could resolve the issue without judicial intervention, and that such efforts continued until September 3, 2024, when it became clear that they were unable to resolve the discovery dispute. *Id.*

Gaudet contends that the subject Motion was filed on September 5, 2024, and is therefore timely. R. Doc. 42 at 1-2. More specifically, Gaudet contends that the Motion could not have been filed until the parties attempted to resolve the issues without judicial intervention and that

Plaintiff's counsel waived his right to object to the Motion on the basis of timeliness due to his failure to raise this issue until Plaintiff's Opposition to the subject Motion. *Id*.

Plaintiff contends that Gaudet's objections to the subpoena are waived since Gaudet failed to serve objections within the fourteen-day timeline specified by Rule 45 nor has she raised any valid excuse for her failure to timely object. R. Doc. 41 at 4. Therefore, Plaintiff contends that Gaudet has waived her right to object to the subpoena and the subject Motion should be denied. *Id.* at 4-5. In support, Plaintiff cites to *Duplantier v. Bisso Marine Co., Inc.,* in which this Court found that when a party "did not formally object to the subpoena and instead filed the instant motion . . . fifteen (15) days after the final day in which to serve objections" the "objections are waived." No. 09-8066, 2011 WL 2600995, at *3 (E.D. La. Jun. 30, 2011) (Roby, M.J.). Plaintiff's subpoena was issued on July 29, 2024, and seeks to set a deposition for Gaudet on September 24, 2024. R. Doc. 40-3. Counsel for both parties purportedly consented to scheduling Gaudet's deposition on this date. R. Doc. 40-2 at 3.

The Court however, notes that in the *Duplantier* case the Court found that the subpoena at issue was unduly burdensome because there was no temporal limitation. No. 09-8066 at *3. The Court therefore limited the scope of the subpoena for records to a two-year temporal limitation. *Id.* Therefore, the mere fact that Gaudet failed to provide written objections within fourteen days of receipt of the subpoena does not limit the Court's discretion to evaluate Plaintiff's subpoena in the subject Motion.

Further, recent jurisprudence demonstrates a split regarding timeliness under Rule 45. In *Sines v. Kessler*, Judge Wilkinson specifically disagreed with the findings of *Duplantier* and held that a non-party is not required to serve written objections and may instead file a motion to quash the subpoena at issue. No. 18-4044, 325 F.R.D. 563, 566-68 (E.D. La. May 17, 2018). Judge

Wilkinson further found that a non-party's motion to quash is not subject to the fourteen-day requirement, and instead must be filed prior to the date of compliance with the subpoena to be timely. *Sines,* 325 F.R.D. at 566-68. Regardless of the application of the fourteen-day rule, the Court finds that under the factual circumstances of this case, the subject motion was timely.

### B. Relevancy

Gaudet next contends that the subpoena should be quashed because it seeks her business records, which are not relevant to Plaintiff's claims. R. Doc. 42 at 3. Gaudet contends that she is not employed by the Parish of St. John the Baptist, has never held public office, is not involved with the administration of the St. John the Baptist Parish government, and did not attend the meeting at issue. R. Doc. 40-2 at 7. Gaudet further alleges that such discovery amounts to a "fishing expedition" that serves no purpose except to intimidate and harass Jaclyn Hotard and her family members, including Gaudet. *Id.* at 7-8.

Gaudet acknowledges that the subpoena seeks evidence to support Plaintiff's opposition to a proposed development of the property owned by Greenfield Louisiana LLC, a property adjacent to Plaintiff's property. R. Doc. 40-2 at 8. Gaudet alleges that Plaintiff has been a vocal opponent of this proposed development. *Id.* Gaudet contends that Gaumet Holdings LLC owns land near the site of this proposed project, and that the project was abandoned on August 7, 2024. *Id.* Therefore, Gaudet contends that even if Plaintiff could connect her opposition to the proposed project to her claims in this case, that opposition is moot given that the project has been abandoned. *Id.* at 8-9.

Gaudet further contends that discovery in this matter should not be used as a forum to gather evidence to support Plaintiff's ethics complaint filed before the Louisiana Ethics Board. R. Doc. 40-2 at 9-10. Gaudet asserts that Plaintiff's opposition to the project is not an issue, claim, or cause of action in this case, and that Plaintiff appears to have already obtained information about

Gaudet and her companies from the public records.[2] R. Doc. 40-2 at 9. Gaudet alleges that there is therefore good cause to quash Plaintiff's subpoena, since the requested deposition and production of documents are cumulative, seek irrelevant evidence, and fall outside the scope of permissible discovery from a non-party under Rule 26(b)(1). *Id.*

Plaintiff, in contrast, contends that the subpoena seeks evidence that is relevant to her retaliation claim, namely Jaclyn Hotard's motivation in retaliating against her at the Council meeting at issue. R. Doc. 41 at 2. Plaintiff contends that Jaclyn Hotard has refused to admit to any knowledge of Gaudet's business beyond denying that she is the officer and manager of Gaumet Holdings LLC in the Defendants' Answer. *Id.* Citing R. Doc. 32 at ¶33.

Plaintiff contends that Jaclyn Hotard has also denied having any conversations with Gaudet regarding her business. R. Doc. 41 at 2. Plaintiff also denies that the requested discovery is a "fishing expedition" because the requests seek evidence of Plaintiff's First Amendment retaliation claim, not her ethics complaint. *Id.* at 7. Therefore, Plaintiff contends that information and documentation from Gaudet is relevant to establishing Jaclyn Hotard's motivation for the purposes of her First Amendment retaliation claim. *Id.* at 2.

Federal jurisprudence provides that "[i]f an official takes adverse action against someone in retaliation for engaging in protected speech, and non-retaliatory grounds are insufficient to provoke the adverse consequences, the injured person may generally bring a First Amendment claim." *Kokesh v. Curless*, 422 F.Supp.3d 1124, 1131-32 (E.D. La. Oct. 24, 2019) (Lemmon, M.). To succeed on this claim, the plaintiff must establish that such adverse action would not have been

---

[2] Citing R. Doc. 7, ¶35, Footnote 1: "President Hotard's mother-in-law is also President and CEO, as well as manager, agent, and officer of St. John Fleeting, LLC. She is also the owner St. John Fleeting, LLC. See M/V Edith Pearl, LLC v. St. John Fleeting, Inc., 12-cv-02962, R. Doc. 156 at fn. 2 (E.D. La. June 14, 2014). That company which describes itself as "a multifunctional inland marine and transportation company" and one of the "top companies for transportation, stevedoring, barge repair, and dock transfers." Given Ms. Gaudet's interests in a business that provides services to heavy industry, including grain terminals, there is also a concern that she would stand to benefit financially through St. John Fleeting if the property were rezoned."

taken but for the defendant's retaliatory motive. *Kokesh,* 422 F.Supp.3d at 1131-32 (denying a motion to dismiss the plaintiff's First Amendment retaliation claim where the plaintiff alleged that he were arrested in retaliation for his use of a camera to record a police officer's conduct).

In this case, Plaintiff has raised a First Amendment claim arising from Defendants' conduct at a Council Meeting on November 28, 2023. R. Doc. 7 at 1, 14-16. Therein, Plaintiff cites to jurisprudence regarding the First Amendment's prohibition against retaliatory actions, including threatened prosecution. *Id.* at 15. More specifically, Plaintiff contends that Defendants' interruptions and threats violated her rights under the First Amendment and "were substantially motivated against Plaintiffs' exercise of constitutionally protected conduct." *Id.* at 16.

In essence, Plaintiff alleges that Jaclyn Hotard demanded that her public comment be stopped because she did not want Plaintiff speaking publicly about Gaudet's property and business dealings. R. Doc. 41 at 5-6. Plaintiff further alleges that Jaclyn Hotard has provided incomplete and contradictory information regarding her knowledge of Gaudet's business, such as denying that Gaudet is an officer and manager of Gaumet Holdings LLC in the Defendants' Answer and providing deposition testimony that she has no knowledge of what Gaudet's business. *Id.* at 6. Therefore, Plaintiff alleges that Gaudet's testimony is necessary to determine the truth of Jaclyn Hotard's statements and her motivation in preventing Plaintiff from exercising her free speech at the Council meeting at issue. *Id.*

The Court finds that the information sought is relevant to the issues in the case. The subpoena seeks communications and documents between Gaudet and her daughter in law Jaclyn Hotard, who happens to also be the Parish President of St. John Parish, about a development project in St. John Parish. The purpose of the subpoena is to seek information to establish whether Gaudet's business interests in the project affected Hotard's motivation to prevent Plaintiff's public

9

comment at the Council meeting. The Court finds that Jaclyn Hotard's knowledge of Gaudet's business interests in the land subject to the re-zoning application is relevant to Plaintiff's retaliation claim under the First Amendment. Therefore, discovery into Gaudet's business interests and communications with Jaclyn Hotard is relevant. However, any such relevant evidence remains subject to the boundaries imposed by Rule 26, which are further discussed below.

### C. Confidentiality

Gaudet next contends that the subpoena should be quashed because it seeks cellphone records and records of ownership in Gaumet Holdings LLC which are private and confidential in nature and not subject to disclosure. R. Doc. 40-2 at 10. In support, Gaudet cites to *U.S. v. Amodeo*, an almost thirty-year old case from the Second Circuit that merely discusses the appropriate balancing test for requests for private records in the course of discovery and has faced significant negative treatment in the following decades. 71 F.3d 1044 (2nd Cir. 1995). *Id.* at 11-12.

In contrast, Plaintiff alleges that Gaudet's privacy concerns are properly addressed with a protective Order. R. Doc. 41 at 7-8. Plaintiff further alleges that there is no categorical protection prohibiting disclosure of cellphone records. *Id.* at 8-9. Plaintiff alleges that the records sought are relevant and proportional to the needs of the case and outweigh Gaudet's privacy interests in this matter. *Id.* at 9.

Upon review, Gaudet position that cellphone records are *de facto* withheld from civil discovery is contrary to the law. There are countless cases showing that cellphone records are discoverable as long as the request is proportional to the needs of the case and seeks relevant evidence. *See Scott v. Complete Logistical Services, LLC*, No. 19-11672, 2021 WL 3013111, at *2 (E.D. La. Jul. 16, 2021) (Guidry, G.) (quashing subpoena for cellphone records due to overbreadth but clarifying that "parties may obtain cell phone records during discovery where, among other

10

things, the subpoena is proportional and relevant enough to expand the scope of discovery"). *See also Blackmon v. Bracken Construction Company*, Inc., No. 18-142, 2019 WL 5866070, at *3 (M.D. La. Nov. 8, 2019) (Bourgeois, M.J.) (finding that subpoena for cellphone records was relevant and proportional to the needs of the case, subject to a temporal and subject matter limitation imposed by the Court). This Court has similarly held that business records are discoverable where they are relevant and proportional to the needs of a case. *See Premium Parking Service, L.L.C. v. Olivier et al*, No. 23-3405, R. Doc. 45 (E.D. La. Apr. 16, 2024) (Roby M.J.).

Dr. Banner has alleged that Gaudet's cellphone records are relevant to establishing Gaudet's economic interest in the land subject to rezoning and Jaclyn Hotard's knowledge of Gaudet's business interest. She further alleges that this evidence goes toward the motive behind Jaclyn Hotard's conduct at the Council meeting at issue. Therefore, confidentiality alone is not a valid basis for quashing Plaintiff's subpoena. *See Premium Parking Service, L.L.C.,* No. 23-3405, R. Doc. 45 (finding that an "attorneys' eyes only" provision was appropriate to address concerns of confidentiality). However, the Plaintiff's request is not sufficiently temporally limited as will be discussed below.

**D. Undue Burden**

Gaudet alleges that requiring her to give deposition testimony in this matter, as a non-party private citizen, is an undue burden upon her and that requiring her to respond to the subpoena also constitutes an undue burden. R. Doc. 40-2 at 6. Gaudet alleges that she did not attend the meeting in question, did not witness the events at issue in this case, and has no relevant information about these events. *Id.* Gaudet alleges that Plaintiff's subpoena has forced her to hire counsel to represent her and respond to the subpoenas in this case, and that a deposition would force her to incur additional legal fees and expenses. *Id.* Therefore, Gaudet contends that a deposition poses an undue

burden because her testimony and documents are irrelevant to Plaintiff's First Amendment claims in this matter. *Id.* at 6-7.

Plaintiff, however, contends that Gaudet has failed to provide support for why hiring counsel would be a burden that overcomes the need for her testimony. R. Doc. 41 at 5. Plaintiff contends that the requested information and documents are relevant to Plaintiff's claims in this matter, that the deposition is expected to be short and conducted by Zoom to avoid any attorney-travel-time costs. *Id.* However, the subpoena itself lists a New Orleans address as the place of the deposition and does not indicate that Zoom attendance is appropriate. R. Doc. 40-3.

Federal jurisprudence is clear that the party seeking to quash a subpoena has the burden of proving that compliance would impose undue burden and must do so by more than "mere unsupported generalizations, conclusory statements, or assertions." *See Dupont v. Costco Wholesale Corporation*, No. 17-4469, 2019 WL 8158471, at *3 (E.D. La. Oct. 15, 2019) (Roby, M.J.). In determining whether a subpoena poses an undue burden, the court considers: (1) the relevance of the requested information; (2) the need for the subpoenaed materials; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested materials; and (6) the burden imposed. *Dupont,* No. 17-4469 at *3. Since Gaudet is a non-party in this matter, the Court may also consider the expense and inconvenience that compliance with Plaintiff's subpoena would case*. Id.*

In this case, Plaintiff's subpoena seeks "all documents reflecting the ownership of Gaumet Holdings, LLC; and all correspondence (mail, email, text message, etc.) and documents regarding (1) Greenfield Louisiana, LLC or (2) Greenfield's proposed grain terminal in St. John the Baptist Parish (unless already provided)." R. Doc. 40-3. As discussed above, it appears that Plaintiff has established that the requested information is relevant, and that they have not been able to acquire

12

the requested information from Jaclyn Hotard in the course of discovery thus far. However, Plaintiff's subpoena appears overly broad, since it fails to provide any temporal limitation.

Additionally, Plaintiff also has not clearly articulated how Greenfield Louisiana LLC or its proposed project are relevant to her claims in this matter. Plaintiff has explained that Jaclyn Hotard's potential motivation in retaliating against her at the Council meeting is relevant to her First Amendments claims in this matter but has not explained how Greenfield Louisiana LLC or its proposed project are relevant to this motivation. R. Doc. 41 at 2. It could be implied that the project is relevant to Gaudet's economic interest in the land adjacent to the project site, but Plaintiff has not articulated such reasoning in the pleadings before this Court.

Plaintiff contends that they have offered to limit the deposition to: (1) the basic facts of Gaudet's ownership interest in Gaumet Holdings, LLC; (2) a broad description of the type of work the company performs; and (3) conversations between Gaudet and Jaclyn Hotard regarding the property or business. R. Doc. 41 at 2-3. Plaintiff further contends that they offered to designate the deposition and any produced documents as confidential pursuant to a protective order. *Id.* Plaintiff contends that these offers were rejected by Gaudet's counsel. *Id.*

Upon review, these offers address some but not all of the potential issues of overbreadth in Plaintiff's subpoena. Notably, Plaintiff does not propose any temporal limitation on the requested information or documents. Plaintiff's counsel agreed to limit the request for these documents to the time period running from the date that Defendant Jaclyn Hotard took office as Parish President of St. John the Baptist Parish to the date of the Council Meeting at issue in this litigation.

On October 3, 2024, the Court ordered non-party Darla Gaudet to provide the Court with copies of all correspondence and documents regarding Greenfield Louisiana LLC or Greenfield's proposed grain terminal in St. John the Baptist Parish, limited to January 8, 2020, through

November 28, 2023, for *in camera* review. See R. Doc. R. Doc. 46. After receiving the initial response by Gaudet's counsel, the Court determined that the production was too restricted and that Gaudet's counsel relied only on his client's assessment of what was relevant rather than looking for the information himself. Further, Gaudet's first set of documents produced for *in camera* review was too restrictive and limited to corporate documents. Gaudet's counsel indicated that no other responsive documents were available to produce.

Due to the limited production of documents, the Court issued a supplemental order noting that although Plaintiff's counsel agreed to limit the request to November 28, 2023, this limitation does not allow the Court to review any documentation following the hearing at issue that may be responsive to Plaintiff's subpoena. Additionally, the Court finds that any correspondence between Ms. Hotard and Ms. Gaudet regarding the St. James Parish Council meeting in controversy, if any, may be responsive to Plaintiff's subpoena and must be produced to the Court for review.

In addition to the supplemental order, the Court's staff thereafter communicated with Gaudet's counsel by email on October 7, 2024, to determine if he exercised his duty to the Court and looked at Gaudet's phone and email accounts for responsive documents. He confirmed that Ms. Gaudet but not counsel checked her phone and email accounts. Therefore, by email on October 8, 2024, the Court staff advised Gaudet's counsel that he had a duty to check his client's email and text messages himself and he requested additional time to do so. Gaudet's counsel requested additional time to respond by October 23, 2024, to provide this supplemental production for *in camera* review. Plaintiff's counsel did not object to the proposed deadline of October 23, 2024.

Upon review of the final production in compliance with the supplemental order, the Court finds that fifteen (15) communications ranging from October 16, 2023, through September 14,

2024[3], are relevant to the issues in the case. The Court further finds that the following documents are relevant and responsive to Plaintiff's subpoena: (1) the Greenfield Exports LLC Letter to Gaumet Holdings LLC dated November 9, 2021; (2) the Gaumet Holdings LLC Charter dated February 19, 2013; and (3) the Gaumet Holdings LLC operating agreement and exhibits, dated February 19, 2013. Therefore, the Motion to Quash is denied.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that non-party Darla Gaudet's **Motion to Quash (R. Doc. 40)** is **DENIED.**

**IT IS ORDERED** that Darla Gaudet is **TO PRODUCE** to the Plaintiff fifteen (15) communications ranging from October 16, 2023, through September 14, 2024, because they are relevant to the issues in the case **no later than Thursday, December 5, 2024, at noon**.

**IT IS FURTHER ORDERED THAT** Darla Gaudet shall produce to the Plaintiff: (1) the Greenfield Exports LLC Letter to Gaumet Holdings LLC dated November 9, 2021; (2) the Gaumet Holdings LLC Charter dated February 19, 2013; and (3) the Gaumet Holdings LLC operating agreement and exhibits, dated February 19, 2013, **no later than Thursday, December 5, 2024, at noon**.

---

[3] The documents subject to production are identified as Text messages between Hotard and Gaudet and are described generally as follows: 1. October 16, 2023 - Bates #00094-00098; 2. October 23, 2023 - Bates #00099-00105; 3. December 5, 2023 – Bates #00106-00127; 4. December 14, 2023 - Bates #00128-00131; 5. December 28, 2023 - Bates #00132-00134; 6. February 16, 2024 - Bates #00135-00138; 7. March 19, 2024 - Bates #00139-00140; 8. April 4, 2024 - Bates #00141-00141; 9. April 9, 2024 - Bates #00142-00145; 10. May 28, 2024 - Bates #00146-00148; 11. June 17, 2024 - Bates #00149-00152; 12. June 24, 2024 - Bates #00153-00153; 13. August 5, 2024 - Bates #00154-00155; 14. August 6, 2024 - Bates #00156-00157; 15. September 14, 2024 - Bates #00158-00159.

**IT IS FURTHER ORDERED** that Darla Gaudet shall be **deposed no later than ten (10) days** from the signing of this order.

New Orleans, Louisiana, this 3rd day of December 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**