UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | |
|     Plaintiff | * | Case No. 23-cv-7296 |
| | * | |
| VERSUS | * | Judge Nannette J. Brown |
| | * | |
| MICHAEL WRIGHT, in his individual and | * | Magistrate Judge Karen W. |
| official capacities, JACLYN HOTARD, in her | * | Roby |
| individual and official capacities, and | * | |
| ST. JOHN THE BAPTIST PARISH; | * | |
|     Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' ATTORNEY EXPERT UNDER *DAUBERT*

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who submits this Memorandum in Opposition to Plaintiff's Motion to Exclude Defendants' Attorney Expert Under *Daubert*.

Plaintiff filed a Daubert Motion seeking to strike Richard Stanley as Defendants' expert witness arguing that his testimony is a legal opinion, irrelevant, and that he allegedly cannot opine about what Defendants claim they intend to offer him for. However, this argument is without merit because Richard Stanley's opinions satisfy *Daubert* and his testimony should not be excluded or limited. For these reasons, this Honorable Court should deny Plaintiff's Motion.

Page **1** of **6**

I.  **LAW AND ARGUMENT**

The requirements for introducing Mr. Stanley's testimony are set forth in Federal Rule of Evidence 702 as amended in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Accordingly, Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> b) the testimony is based on sufficient facts or data;
>
> c) the testimony is the product of reliable principles and methods; and
>
> d) the expert has reliably applied the principles and methods to the facts of the case.[1]

In *Daubert*, the Supreme Court interpreted Rule 702 as assigning the district judge a "gatekeeping role" to ensure that any and all scientific testimony is not only relevant, but reliable.[2] The U.S. Supreme Court established that the trial judge must act as a "gatekeeper" to ensure that expert testimony is both relevant and reliable. The Court identified several factors for determining reliability, including the testability of the theory or technique, its peer review and publication history, the known or potential rate of error, and its general acceptance within the relevant scientific community. While Daubert initially applied to scientific testimony, in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the United States Supreme Court extended the gatekeeping requirement to all expert testimony, regardless of discipline.

The United States Supreme Court's decision in Daubert "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone*

---

[1] Fed. R. Evid. 702.
[2] *Rushing v. Kansas City Southern Ry. Co.,* 185 F.3d 496, 506 (5th Cir. 1999(citing *Daubert,* 509 U.S. at 590-93).

*v. Biomatrix, Inc*., 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the Daubert framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); see *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 1174, 143 L. Ed. 2d 238, 249-50 (1999).

### A) Mr. Stanley is Not Tendered as an Expert to Offer a "Legal Opinion."

Defendants are not offering Mr. Stanley's testimony as a "legal opinion," as Plaintiff contends, but rather, as an expert witness regarding the standard of care of a reasonable lawyer. Attorney Richard Stanley is exceptionally well qualified in the area of Constitutional Law, however he is not being offered as an expert to give a legal opinion. Instead, his testimony is meant to inform the jury of the reasonable standard of care as to whether a person could reasonably believe that a statute, which in a single district court case was held to be unconstitutional "as applied," was still valid in other applications.

In *Jones v. Cannizzaro,* Civil Action No. 18-503 Section "H" (E.D. La. Jan 21, 2021), Judge Jane Triche Milazzo of this Court allowed expert testimony of Attorney Frank DeSalvo as to the standard of care for what plaintiff's criminal trial counsel would have done had they received allegedly suppressed evidence and how it would have affected plaintiff's trial, finding DeSalvo's opinion both helpful and relevant. *Jones* at 28. Similarly in this case, Mr. Stanley's testimony is not being offered to provide legal conclusions, but instead, to educate the jury on the reasonable standard of care as to what a trained attorney faced with facts similar to the facts presented in this case would conclude.

**B) Mr. Stanley's Expert Testimony is Admissible, Reliable, and Relevant.**

The Court has wide discretion in determining the admissibility of expert testimony. Regarding Plaintiff's arguments as to what information Mr. Stanley should consider when rendering his opinion: Plaintiff's criticism is nothing more than her attorneys and/or experts' view of what should be considered relevant to Mr. Stanley's inquiry, which is simply not permissible in a *Daubert* analysis.

As the Court found *Jones* relative to Attorney DeSalvo's opinion, here, Mr. Stanley's opinion is sufficiently reliable based upon his extensive experience and practice in the area of Constitutional Law.[3]

At best, Plaintiff's complaints merely go to the credibility or weight that should be afforded the evidence –not to its admissibility. Expert witness testimony does not have to be irrefutable or absolutely correct in order to be admissible, instead that would go to the weight of the testimony.

**C) Mr. Stanley's Testimony Should Not Be Excluded Because it is Reasonable to Conclude That the Standard of Care for a "Non-Lawyer" Would Be Less Than That of a Lawyer**

Defendants are not asserting an "advice of counsel" defense. Defendants' position is that a reasonable lay person, even without the advice of counsel, would have no reason to conclude that LA R.S. 42:1141.4(L)(1) is unconstitutional in all applications or the particular facts of this case. Plaintiff argues that Mr. Stanley's expert opinion should be excluded because the standard of care upon which he bases his opinion is that of a lawyer/attorney as opposed to a lay person. It is Defendants' position that the standard of care expected of a legally trained attorney is certainly significantly higher than the standard of care one would expect of an ordinary citizen who does not have the benefit of legal training or a law school education. Hence, Plaintiff's argument is without merit and should be dismissed.

---

[3] Ex. A to R. Doc 74 (Stanley Expert Report and Curriculum Vitae)

While a reasonable person would be expected and required to use an average amount of prudence, consideration, and caution while performing or abstaining from a particular action, a trained attorney equipped with the knowledge and experience of a formal law school education can and should be held to a higher standard of care. In this case, neither Defendant Jaclyn Hotard nor Michael Wright are trained attorneys and Mr. Stanley's expert opinion is that their actions in reading LA R.S. 42:1141.4(L)(1) at a public meeting did not fall below the reasonable standard of care under the circumstances.

Moreover, Plaintiff has filed an Open Meetings law challenge and a First Amendment violation case. She has not sued to have the statute declared unconstitutional under the facts of our case. If the Plaintiff were to file a legal challenge to the constitutionality of the statute, Plaintiff would have been required to name the state attorney general as a defendant. That is not what has been done in this case, because this is not a suit to have the statute declared unconstitutional.

The ultimate issue to be decided by the trier of fact in this case is not whether LA R.S. 42:1141.4(L)(1) is constitutional or unconstitutional. Defendants do not concede that the statute is unconstitutional under the facts of this case and have consistently maintained that communication with and correspondence from the LA Board of Ethics contained cautions that investigations by the Board are strictly confidential unless and until a formal ethics charge has been filed. The issues to be decided are 1) whether Defendants violated Open Meetings Law; and 2) whether Defendants violated Plaintiff's First Amendment rights. Mr. Stanley's testimony will be helpful to the jury in deciding whether Michael Wright's recitation of LA R.S. 42:1141.4(L)(1) fell below the reasonable standard of care.

## II.  CONCLUSION

For the reasons set forth, Defendants respectfully request this Honorable Court deny Plaintiff's Motion in *Limine* as she has failed to demonstrate that this evidence is inadmissible.

Respectfully Submitted:
/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail: ikespears@gmail.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 3, 2024.

/s/ *Ike Spears*
Ike Spears