UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Reply in Support of Motion to Exclude Defendants' Attorney-Expert Under *Daubert***

In this case, Defendants hired lawyer Richard Stanley and designated him as their expert witness. Plaintiff moved to exclude his testimony under *Daubert*.[1]

In opposition, Defendants argue that they are not offering Mr. Stanley's "legal opinion," but rather offering him "as an expert witness regarding the standard of care of a <u>reasonable lawyer</u>."[2] They explain that they are offering Mr. Stanley "to educate the jury on the reasonable standard of care as to what a <u>trained attorney</u> faced with facts similar to the facts presented in this case would conclude."[3]

But the standard of care for attorneys has nothing to do with this case. Defendants concede that "neither Defendant Jaclyn Hotard nor Michael Wright are trained attorneys."[4] And this Court has excluded any advice-of-counsel defense.[5]

Defendants' argument appears to be that Mr. Stanley can educate the jury about the standard of care for attorneys, and then the jury can infer something from that about the standard of care for *non*-lawyers.[6] This is not, however, a malpractice or negligence case where breach of a "standard of care" is an element of a claim. This is a First Amendment retaliation and viewpoint discrimination case, in which the "claim turns on the defendant's 'motive or intent in silencing'

---

[1] Rec. Doc. 74.
[2] Rec. Doc. 81 at 3 (emphasis added).
[3] *Id.* (emphasis added).
[4] *Id.* at 5.
[5] Rec. Doc. 53.
[6] Rec. Doc. 81 at 4-5.

1

the plaintiff" – not the breach of a standard of care.[7] Defendants offer no citation to authority for why a "standard of care" is an element of any claim or defense in this case, nor is a "standard of care" referenced in any pleading or order in this case. In sum:

1. Defendants' breach of a standard of care is not an issue in this case.

2. Even if it were, Mr. Stanley's testimony is about the standard of care for attorneys – a standard that Defendants concede does not apply to them.

Plaintiff's motion should be granted, and Mr. Stanley's testimony excluded from trial.

Respectfully submitted,

/s/ *William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Fax: (504) 414-6400
williammost@gmail.com
david.lanser@gmail.com

---

[7] Rec. Doc. 53 (Order Denying Motion to Dismiss) at 13, *citing Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017).