**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296-NJB-KWR** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes Plaintiff to file this memorandum in support of her *Motion for Partial Summary Judgment* on her claim of violation of Louisiana's Open Meetings Law.

The Open Meetings Law requires public bodies to "allow a public comment period" prior to voting on an agenda item.[1]

Here, on November 28, 2023, Plaintiff Joy Banner attended a public meeting of the St. John the Baptist Parish Council. She intended to provide public comment on at least one agenda item and, when the floor was open to the public, began to do so.

But shortly after Dr. Banner began speaking, Defendant Michael Wright gaveled her quiet and read to her from a criminal statute. That statute had been held unconstitutional nine years earlier, and the paper Wright read from said the word "Unconstitutional" at the top. Dr. Banner cut her public comment short as a result of Wright's threat.

No relevant fact regarding this claim is disputed. And so no trial is necessary to determine whether the actions violated the Open Meetings Law because gaveling a commenter quiet and threatening them with an unconstitutional criminal statute is inconsistent with the law's mandate

---

[1] La. R.S. 42:14(D).

to "allow a public comment period," which must be "construed liberally." Partial summary judgment should issue in Plaintiff's favor.

## I.   PROCEDURAL HISTORY

Plaintiff Dr. Joy Banner, Ph.D filed this lawsuit on December 14, 2023, asserting violations of the First Amendment to the United States Constitution, the Louisiana Constitution, and Louisiana's Open Meetings Law.[2] Dr. Banner then filed an Amended Complaint to add Parish President Jaclyn Hotard to the suit on January 4, 2024.[3]

Defendants filed a Motion to Dismiss for failure to state a claim and lack of jurisdiction on February 2, 2024.[4] That Motion was denied.[5]

Plaintiff now brings this Motion for Summary Judgment regarding the cause of action under Louisiana's Open Meetings Law.

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] A disputed fact is material if it has the potential to "affect the outcome of the suit under the governing law."[7]

Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovants to show that summary judgment should not lie.[8] That

---

[2] Rec. Doc. 1.
[3] Rec. Doc. 7.
[4] Rec. Doc. 9.
[5] Rec. Doc. 25.
[6] *United States ex rel King v. Solvay Pharm., Inc.*, 871 F.3d 318, 323 (5th Cir. 2017) (citing Fed. R. Civ. P. 56(a)).
[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
[8] *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994).

burden is discharged by either submitting opposing evidentiary documents or by referring to evidentiary documents already in the record that set out specific facts showing a genuine issue exists.[9] A party cannot, however, defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence.[10]

**B.      Elements of an Open Meetings Law Violation**

"The intent of the open meetings law is to open all meetings of public bodies to the public, unless allowed by this law to be closed."[11] The purpose of Louisiana's Open Meetings Law is explicitly stated in the law, which states that "[i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of any aware of the performance of public officials and the deliberations and decisions that go into the making of public policy."[12] Louisiana law requires that the "provisions of [the Open Meetings Law] shall be construed liberally."[13]

The Open Meetings Law requires public bodies to "allow a public comment period at any point in the meeting prior to the action on an agenda item upon which a vote is to be taken."[14] In addition to the public body's liability, if any member of a public body "knowingly and willfully participates in a meeting conducted" in violation of Open Meetings Law, they are also in violation.[15]

---

[9] *Id*.
[10] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).
[11] *Brown v. East Baton Rouge Parish School Bd.*, 405 So.2d 1148, 1154 (La. App. 1981).
[12] La. R.S. 42:12(A).
[13] *Id.*
[14] La. R.S. 42:14(D).
[15] La. R.S. 42:28.

### III.    Analysis

First, it is undisputed that the St. John the Baptist Parish is a public body subject to Louisiana's Open Meetings Law.[16] It is further undisputed that Michael Wright is a member of the St. John the Baptist Parish Council.[17] Therefore, if the meeting was conducted in violation of Louisiana's Open Meetings Law, the Parish is liable. And if Defendant Wright knowingly and willfully participated in the unlawful meeting, he would be liable as well.

**A.    The motion should be granted because the November 2023 meeting was conducted in violation of the Open Meetings Law by not allowing full public comment.**

All public meetings in Louisiana must include an opportunity for members of the public to comment "on an agenda item upon which a vote is to be taken."[18] Here, Plaintiff attempted to speak on two items – Agenda Item J and an executive session item. Because an executive session item is not voted on, Plaintiff was instructed that she could not comment on that item.[19] Plaintiff agreed to limit her comment to Agenda Item J, which was subject to a vote.[20] The Council ultimately did vote on and approve Agenda Item J. Therefore, Agenda Item J was an item which required the opportunity for public comment.

Agenda Item J read, in full:

> J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute.[21]

---

[16] La. R.S. 42:13(A)(3).
[17] Rec. Doc. 39-4 (Wright Dep.) at 9:4-5.
[18] La. R.S. 42:14(D).
[19] See Rec. Doc. 43-1 (Stipulated Transcript) at 3:17-19 ("First off -- Ms. Banner, first off, there is no public comment on Executive Session.")
[20] *Id*. at 3:21 ("Okay. Well, then I'll go to Agenda Item J.")
[21] Rec. Doc. 39-4 (Wright Dep.) at 32:13-21 (reading agenda item).

But Plaintiff was not afforded the opportunity to freely comment on Agenda Item J. Instead, once Dr. Banner began speaking, Defendants Hotard and Wright intervened to stop her. Specifically, Defendant Hotard called for a point of order because, she claimed "That item – that is not on the agenda," and requested that Defendant Wright stop the comment.[22] Defendant Wright did so by gaveling and stating "I'm going to ask for order. I – I'm taking the floor right now. Ms. Banner, I'm going to ask you to please hold on your public comment."[23] Following a back-and-forth on whether Plaintiff's comments were on-topic, Michael Wright stated "I'm going to read RS 42:1141 that I want to make sure the Council is aware of also. 'It shall be a misdemeanor punishable by a fine of not more than $2000 or imprisonment for not more than one year or both for any member of the Board of Ethics, it's Executive Secretary, other employee or any other person other than the person who is subject to the investigation or complaint to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation, private hearing of the Board of Ethics without the written request of the public servant or other person investigated."[24]

As a direct result of Defendant Wright reading a criminal statute into the record that states, in part, that Plaintiff would be fined and/or arrested for up to a year, Plaintiff prematurely stopped her public comment. Plaintiff was never allowed an opportunity to participate in the public comment period before the vote without the threat of prosecution.

Defendants have suggested that Plaintiff was not stopped from providing public comment, so long as the comment was on-topic. But there are several issues with that defense.

---

[22] Rec. Doc. 43-1 (Stipulated Transcript) at 4:24-5:3.
[23] *Id.* at 5:9-12
[24] *Id.* at 10:19-11:9.

First, the Council *does not have an on-topic rule*. It is not disputed that any rules for public comment at Parish Council meetings must be in writing.[25] It is also not disputed that the only sources of public comment rules for the St. John the Baptist Parish Council are in state law or were adopted at the May 27, 1993 regular session meeting.[26] Parties agree that no on-topic rule was adopted at that session[27] and Defendants have not been able to identify any source of law which instituted an on-topic rule.[28] It was also not the Council's custom to enforce any such rule, as members of the public frequently speak off-topic, but are not threatened with prosecution.[29] And even if the Council had adopted Robert's Rules of Order, parties agree that those Rules do not include an "on topic" requirement.[30] Therefore, there is no on-topic rule and Plaintiff could not have violated a rule that did not exist.

Second, even if there were an on-topic rule, Plaintiff's comment *was on-topic*. Agenda Item J clearly states that the Council was going to vote on whether to hire R. Gray Sexton "to perform services related to Ethics Laws." It is not disputed that R. Gray Sexton had been previously retained by the Council to handle ethics issues and that Plaintiff's ethics complaint against Jaclyn Hotard was one issue for which the Council sought advice in this instance.[31] Plaintiff specifically stated at the meeting that she was trying to comment that taxpayer funds should not be used to hire an attorney for ethics reasons – the exact purpose of Agenda Item J:

> MR. GREEN: Public comment must be contained with the agenda
> item. The authorization issue –

---

[25] Rec. Doc. 39-4 (Wright Dep.) at 19:14-16.

[26] *Id.* at 19:22-20:14.

[27] *Id.* at 21:9-22:10.

[28] Defendants have referenced some Attorney General Opinions they contend as a source of law, but they are merely advisory and, in any event, do not support their position. *Dipaola v. Municipal Police Employees' Retirement System*, 2014-0037 (La. App. 1st Cir. 9/25/14), 155 So.3d 49, 53 n. 4.

[29] Rec. Doc. 39-4 (Wright Dep.) at 17:25-18:7.

[30] Michael Wright Response to Request for Admission No. 26 (Request: "Robert's Rules of Order does not include an 'on topic' rule." Response: "Admitted.").

[31] Rec. Doc. 39-4 (Wright Dep.) at 30:7-10

MS. BANNER: How is that not part of it – how is that not part of the agenda item?

UNKNOWN SPEAKER: It is.

MR. GREEN: Mr. Chairman, they can only speak on the retaining legal counsel for –

MS. BANNER: That's what I'm speaking on, but I can't get to my point … if you don't let me finish. Okay So she – **we as tax payers should not be asked to pay … for her lawyer**.

…

COUNCIL CHAIRMAN WRIGHT: The comments is going to be related to the agenda item only.

MS. BANNER: And this is an item. It is the Board – **if you're retaining an attorney for a Board of Ethics violation**. Your Parish President, our Parish President is currently under investigation for a Board of Ethics charge. How is that not relevant, because she signed off on an application for a rezoning of her mother-in-law's land, **and so now we as the tax payers are going to have to pay**.[32]

Agenda Item J sought to retain legal services to handle ethics violations, including the investigation into Defendant Hotard. Plaintiff was commenting that the Council should vote "no" because taxpayers should not bear the financial burden of handling ethics issues. That is plainly on topic, even though there was no requirement that Plaintiff was required to speak on topic.

In short, it is undisputed that Plaintiff attempted public comment. It is undisputed that during her public comment, she was gaveled quiet. It is undisputed that the Council Chair read to her from a criminal statute purporting to criminalize speech. It is undisputed that a section of this Court found that statute unconstitutional on its face and as applied nearly a decade earlier.

---

[32] Rec. Doc. 43-1 (Stipulated Transcript) at 6:20-8:14 (emphasis added).

The question then is a legal one: do these facts meet the Open Meetings Law's mandate of an open "public comment period"? The Open Meetings Law provides guidance, setting out that:

> It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of this Chapter shall be construed liberally.[33]

Construed liberally in favor of open meetings, such conduct fails the public comment mandate. For that reason, the meeting was conducted in violation of Open Meetings Law, which is enough for the Parish's liability. For Wright's personal liability, it must also be shown that he knowingly and willfully participated.

**B.      The motion should be granted because Defendant Wright knowingly and willfully participated in the unlawful meeting.**

La. R.S. 42:28 provides for individual liability of any "member of a public body who knowingly and willfully participates in a meeting conducted in violation" of the Open Meetings Law. The text of the statute requires only that the member knowingly and willfully participate in the meeting; it does not say that they have to knowingly and willfully participate in the legal violation. Two Louisiana First Circuit opinions, however, suggest that members have to knowingly participate in the legal violation to be liable.[34] It does not appear that any other circuits have followed the First Circuit.

---

[33] R.S. 42:12(A).

[34] *Burns v. La. Auctioneer's Licensing Bd.*, 2014-1166 (La. App. 1 Cir 08/19/15) ("Thus, we cannot say that the LALB members 'knowingly and willfully' violated the Open Meetings Law, as they were acting upon legal advice."); *Courvelle v. La. Rec. & Used Motor Vehicle Comm'n,* 2008-0952 (La. App. 1 Cir 06/19/09), 21 So. 3d 340, 347 ("Thus, the commissioners must not only violate the open meetings laws to be fined, they must have done it 'knowingly and wilfully.''")

Here, Defendant Wright was elected as a councilmember in 2011[35] and has served as Council chairman for several years, presiding over at least dozens of meetings.[36] In that capacity, Defendant Wright is the decisionmaker regarding order and decorum and is in charge of opening and closing public comment.[37] Defendant Wright had never before read a criminal statute aloud during public comment, despite members of the public frequently going off-topic. But he made an independent decision to do so during Plaintiff's comment.[38]

So Defendant Wright not only participated in the meeting – he was in charge. Wright chose to stop Plaintiff's comment and read into the record a criminal statute that threatened her with fines and/or imprisonment. He chose to do so even though that statutory section was found to be unconstitutional in *King v. Caldwell ex rel. Louisiana*, 21 F. Supp. 3d 651 (E.D. La. 2014). He chose to do so even though the paper he was holding said the word "Unconstitutional" at the top.[39]

Especially considering Defendant Wright's extensive experience on the Council and having never done such an overt act to interrupt a comment, his actions were knowing and willful.

## IV.    Conclusion

This Court should conclude that the Parish failed to allow an open public comment period per La. R.S. 42:14(D), and grant Plaintiff partial summary judgment against the Parish on her Open Meetings Law claim. This Court should further conclude that Defendant Wright "knowingly and wilfully participate[d] in a meeting conducted in violation" of the Open Meetings Law, and grant Plaintiff partial summary judgment against Wright on her Open Meetings Law claim.

---

[35] Rec. Doc. 39-4 at 9:4-5.
[36] *Id*. at 9:13-11:25
[37] Rec. Doc. 39-4 (Wright Dep.) at 15:19-16:1.
[38] *Id*. at 12:6-12.
[39] Rec. Doc. 26-4 at RFA No. 2 (Wright admitting that the paper "included a note that it was included in an Unconstitutional Statutes Biennial Report.")

Respectfully submitted,

/s/ *Dave Lanser*
Dave Lanser (La. Bar No. 37764)
William Most (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 533-4521
F: (504) 414-6400
Email: david.lanser@gmail.com
　　　　williammost@gmail.com
*Attorneys for Plaintiff Joy Banner, Ph.D*