UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | |
|     Plaintiff | * | |
| | * | Case No. 23-cv-7296 |
| VERSUS | * | |
| | * | Judge Nannette J. Brown |
| | * | |
| MICHAEL WRIGHT, in his individual and | * | Magistrate Judge Karen W. |
| official capacities, JACLYN HOTARD, in her | * | Roby |
| individual and official capacities, and | * | |
| ST. JOHN THE BAPTIST PARISH; | * | |
|     Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully submits this *Motion for Partial Summary Judgment* seeking a dismissal of some claims asserted by Plaintiff; all with prejudice and on the grounds set forth in the accompanying *Memorandum in Support of Motion for Partial Summary Judgment* pertaining to Plaintiff's Open Meetings Law violation claim.

For the following reasons, as further explained in the accompanying Memorandum in Support, Defendant is entitled to partial summary judgment on the Louisiana Open Meetings Law claims:

- ***Firstly***, because it is undisputed that a Louisiana appeals court has already held that Defendants did not violate the Open Meetings Law during their November 28, 2023,

Parish Council Meeting. [1] More specifically, the *Perrilloux* Appeals Court held that "no violation of the Open Meetings Law occurred at the November 28...2023 meetings relative to the Council's duty under La. R.S. 42:14 (D) to provide a period of public comment, and set reasonable rules and restrictions regarding the public comment period...the statute does not specify how the public comment must be structured...except that it must be prior to voting on agenda items." [2]

- **Secondly**, because it is undisputed that St. John the Baptist Parish Council Meeting, on November 28, 2023, was properly noticed and open to the public as *required* under *La. Rev. Stat.* §42:14 and *La. Rev. Stat.* §42:19, as well as live broadcast as *permitted* under *La. Rev. Stat.* §42:23 to benefit members of the public who chose not to attend the meeting in person.

- **Thirdly**, because it is undisputed that Plaintiff, Joy Banner, Ph.D. was physically present at the public meeting on November 23, 2023 and that she was allowed to speak during the public comment period at the beginning of the meeting, (prior to any action taken by the Parish Council). [3]

- **Fourthly,** because there is no genuine issue of material fact that the Plaintiff was allowed to speak for more than five (5) minutes during the meeting's public comment period, prior to any vote taken by the Parish Council [4] and she spoke until she

---

[1] See *Rec. Doc.* 62. Exhibit A, the Louisiana Court of Appeals, Fifth Circuit's ruling in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish, No. 24-CA-280,* (October 18, 2024).
[2] *Id.* at 9.
[3] *Rec. Doc.* 43-1, Joint Stipulation of All Parties Regarding Meeting Transcript.
[4] Rec. Doc. 43-1, Joint Stipulation of All Parties Regarding Meeting Transcript.

voluntarily stopped speaking and walked away from the lectern; she was not forcibly removed by the Defendants, even though she was not on -topic to any agenda item.[5]

- **Fifthly,** because there is no genuine issue of material fact that the Plaintiff was off-topic since her public comment was a rant about the contents of a specific Louisiana Board of Ethics complaint, (involving Parish Council President Jaclyn Hotard), not on topic to any agenda item. [6]

- **Sixthly,** it is undisputed that the public comment requirement of *La. Rev. Stat. §42:14(D)* only applies to public comments prior to action on an agenda item upon which a vote is to be taken and the intent of the Open Meetings Law is not to give the public a chance to address the public body on issues unrelated to agenda items; as *La. Rev. Stat. §42:14(D)* generally applies to agenda items only. [7]

Respectfully Submitted,

*/s/ Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail:ikespears@gmail.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 6, 2024.



*/s/ Ike Spears*
Ike Spears

---

[5] *Rec. Doc.* 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.
[6] *Rec. Doc. 39-5, pp. 100- 101*; Deposition Transcript of Defendant, Council President Jaclyn Hotard; *see also, Rec. Doc.* 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.
[7] *Atty. Gen. Op. 01-367.*