UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D.<br>    Plaintiff | * | |
| | * | |
| | * | Case No. 23-cv-7296 |
| VERSUS | * | |
| | * | Judge Nannette J. Brown |
| | * | |
| MICHAEL WRIGHT, in his individual and<br>official capacities, JACLYN HOTARD, in her<br>individual and official capacities, and<br>ST. JOHN THE BAPTIST PARISH;<br>    Defendants. | * | Magistrate Judge Karen W.<br>Roby |
| | * | |
| | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff is Joy Banner, Ph. D., (hereinafter "Plaintiff"). Plaintiff filed a suit against Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), claiming that Defendants violated her United States Constitutional First Amendment Right, Louisiana Constitutional Right to Freedom of Speech, and the Louisiana Open Meetings Law during St. John Parish the Baptist's November 28, 2023, Parish Council Meeting. [1] This Partial Motion for Summary Judgment will only address Plaintiff's Open Meetings Law violation claim.

---

[1] *See* Rec. Doc. 1. ¶92-127.

II.  **PERTINENT FACTS**

Defendants, in this matter, are St. John the Baptist Parish Council and its members, Parish Council Chairman Michael Wright and Parish Council President Jaclyn Hotard. The St. John the Baptist Parish Council is by definition a "public body" under the Open Meetings Law. As such, the St. John the Baptist Parish Council complies with the requirements of the Open Meetings Law, and acts within the discretion permitted by statute, to facilitate open access to meetings.

While it is undisputed that the St. John the Baptist Parish Council meeting on November 18, 2023 was properly noticed and open to the public as *required* under *La. Rev. Stat.* §42:14 and *La. Rev. Stat.* §42:19, as well as live broadcast as *permitted* under *La. Rev. Stat.* §42:23 to benefit members of the public who chose not to attend the meeting in person. Plaintiff was able to physically attend the public meeting and she was allowed to speak during the public comment period at the beginning of the meeting, (prior to any action taken by the Parish Council). [2]

Plaintiff's Complaint however, alleges that Defendants violated Louisiana's Open Meetings Law when the Defendants did not allow her to make an uninterrupted off-topic comment during the public comment period of the November 28, 2023 Parish Council Meeting, prior to an action taken on the agenda. [3]

---

[2] *Rec. Doc.* 43-1, Joint Stipulation of All Parties Regarding Meeting Transcript.

[3] Rec. Doc. 1, ¶ 2.3; while Defendants have other arguments and defenses to address all of Plaintiff's allegations contained in her Complaint, this *Partial Motion for Summary Judgment* only deals with their position that Plaintiff's comment was off-topic and that they did not violate the Open Meetings Law, (and

Page **2** of **11**

Despite Plaintiff's allegations, the evidence shows that the Agenda "J" Item, that Plaintiff purported to be commenting on, was about whether to retain special counsel to perform legal services related to ethics law for the Parish Council as whole, including but not limited to ethics complaints; moreover, there was more than one Louisiana Board of Ethics complaint outstanding. [4]

Additionally, the evidence shows that even though Council President Jaclyn Hotard's name was next to Agenda Item "J", it was not because she was the alleged subject of the agenda item but because St. John the Baptist Parish's Council Charter designates the Council President as the chief elected official in charge of the day to day operations and therefore, as the *current* Parish Council President, Jaclyn Hotard's name is generally on most of the agenda items, (sponsoring them). [5] Therefore, Plaintiff's comment, publicly laying out facts and the contents of a specific Louisiana Board of Ethics complaint, (involving Parish Council President Jaclyn Hotard), was off-topic from any agenda item. [6]

Finally, the evidence shows that the Plaintiff was allowed to speak for more than five (5) minutes during the meeting's public comment period, prior to any vote taken by the Parish Council [7] and she spoke until she voluntarily stopped speaking and walked away

---

does not address their position that Plaintiff violated state law by publicly commenting on facts contained within a specific Louisiana Board of Ethics complaint).

[4] *Rec. Doc. 39-4, pp. 29.* Deposition Transcript of Defendant, Council Chairman Michael Wright; *also see* Rec. Doc. 39-5, pp. 55, 91; Deposition Transcript of Defendant, Council President Jaclyn Hotard.

[5] *Rec. Doc. 39-5, pp. 20 and 54;* Deposition Transcript of Defendant, Council President Jaclyn Hotard.

[6] *Rec. Doc. 39-5, pp. 100- 101;* Deposition Transcript of Defendant, Council President Jaclyn Hotard; *see also, Rec. Doc. 43-1,* pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.

[7] Rec. Doc. 43-1, Joint Stipulation of All Parties Regarding Meeting Transcript.

from the lectern; she was not forcibly removed by the Defendants. [8]

## III.    LAW AND ARGUMENT

### A.    Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] As a general rule, the moving party has the initial burden to prove that there are no issues of material fact, but may discharge this burden by citing to materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, [and] interrogatory answers," that establish the absence of a genuine dispute, or showing the absence of evidence necessary to support an essential element of the nonmoving party's case.[10] The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing the existence of a genuine issue of material fact.[11]

The facts and inferences drawn are from the facts must be viewed in the light most favorable to the nonmoving party. *Abeita v. TransAmerica Mailings, Inc.* 159 F.3d 246, 250 (6th Cir. 1998) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587(1986).

---

[8] *Rec. Doc*. 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.
[9] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); *Poole v City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).
[10] Fed. R. Civ. P. 56(c)(1).
[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986); *Floors Unlimited. Inc. v. Fieldcrest Cannon. Inc.*, 55 F.3d 181, 184 (5th Cir. 1995); Fed. R. Civ. P. 56(e).

A genuine issue for trial exists if, "evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). Once a moving party produces evidence establishing lack of a genuine issue of material fact, the non- moving party must 'set forth specific facts showing that there is a genuine issue for trial." *Id.* The mere existence of a "scintilla of evidence" in support of a plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson*, 477 U.S. at 252.

**B. Louisiana's Open Meetings Law**

The underlying policy expressed by the Louisiana State Legislature in enacting the Louisiana Open Meetings Law, *La. Rev. Stat. §42:11, et seq.* (the "Open Meetings Law"), is provided at *La. Rev. Stat. §42:12*, which states: "[i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy."

Pursuant to *La. Rev. Stat. §42:11, et seq.* the requirements for an Open Meeting are: 1) to have notice of the meeting at least 24 hours before the meeting via placement of a copy of the notice at the place of the meeting or at the body's official office; 2) allow for some means of public comment; *La. Rev. Stat. §*42:19 (D) requires each public body (except school boards) conducting a meeting that is subject to the notice requirement of *La. Rev. Stat. §*42:19 (A) to allow a public comment period prior to action on an agenda item upon which a vote is to be taken. The governing body may adopt reasonable rules and

restrictions regarding this comment period; 3) allow for recording of the meeting by the audience; 4) record minutes of the proceedings; and 5) have "open meetings— that is observable to the public with an opportunity for public participation; public bodies may not close their meetings to the public absent narrowly defined exceptions.

Additionally, the public comment requirement, pursuant to *La. Rev. Stat. §42:14(D)* only applies to public comments prior to action on an agenda item upon which a vote is to be taken. Therefore, while there is a right of free speech and assembly which is fundamental in our democratic society, the Open Meetings Law does not *require* public bodies, when conducting meetings, to allow everyone with opinions and beliefs to express themselves at any public place or at any time.[12] In fact, the intent of the Open Meetings Law is not to give the public a chance to address the public body on issues unrelated to agenda items; as *La. Rev. Stat. §42:14(D)* generally applies to agenda items only. [13]

Also, more on point to this matter, a Louisiana appeals court has already held that Defendants did not violate the Open Meetings Law during their November 28, 2023, Parish Council Meeting; the Louisiana State Court of Appeals, Fifth Circuit, in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish,* very recently reversed a trial court's ruling that St. John the Baptist Parish Council violated the Open's Meeting Law wherein a different plaintiff,

---

[12] *Atty. Gen. Op. 01-394.*
[13] *Atty. Gen. Op. 01-367.*

(regarding the same November 28, 2023, Parish Council Meeting in question before this Honorable Court), argued that all speech should be allowed during the public comment period at a public meeting.[14] The State Fifth Circuit Court of Appeals disagreed with the plaintiff in that case and instead sided with the Defendants; it reversed the trial court's ruling in its entirety and dismissed that plaintiff's suit with prejudice at plaintiff's costs.[15]

The *Perrilloux* Appeals Court found that the testimony and the recorded council meetings, (*which included this case's November 28, 2023 council meeting*), showed that notice was given to the public prior to the council meeting and during the council meetings, and "that everyone present in the Council chambers was notified by the Chairman, orally and on the TV screens behind the Council, that the public comment period was open, that if anyone desired to speak, they were to approach the podium, and that each citizen would have three minutes to <u>discuss agenda items only</u>."[16] (emphasis added).

Furthermore, the *Perrilloux* Appeals Court specifically held that there was "no violation of the Open Meetings Law occurred at the November 28…2023 meetings relative to the Council's duty under La. R.S. 42:14 (D) to provide a period of public comment, and set reasonable rules and restrictions regarding the public comment period…the statute does

---

[14] See *Rec. Doc.* 62. Exhibit A, the Louisiana Court of Appeals, Fifth Circuit's ruling in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish, No. 24-CA-280,* (October 18, 2024).
[15] *Id.*
[16] *Id.* at 7.

not specify how the public comment must be structured…except that it must be prior to voting on agenda items." [17]

The *Perrilloux* Appeals Court, in its review of the video of the November 28, 2023 Parish Council Meeting, even mentioned that the Plaintiff Joy Banner, Ph. D. being present and had an opportunity to address the Parish Council; that she "…was recognized by the Council Chairman. She stood at the podium addressing the Council regarding an ethics claim issue." [18]

1) **<u>Partial Summary Judgment is proper here since there are no genuine issues of material fact that would prove that Defendants violated Louisiana's Open Meetings Law during the November 28, 2023 St. John the Baptist Parish Council Meeting</u>**

Plaintiff will not be able to carry her burden of proof that would defeat partial summary judgment here; Defendants, as stated by a Louisiana State Appeals Court, did not violate Louisiana's Open Meetings Law during their November 28, 2023, Parish Council Meeting.

Plaintiff does not claim that the St. John the Baptist Parish Council meeting on November 18, 2023 was not properly noticed or not open to the public as *required* under *La. Rev. Stat.* §42:14 and *La. Rev. Stat.* §42:19, as well as live broadcast as *permitted* under §42:23 to benefit members of the public who chose not to attend the meeting in person. In

---

[17] *Id.* at 9.
[18] *Id.* at 8.

fact, the evidence clearly shows that Plaintiff was physically present at the public meeting and that she had an opportunity to speak during the public comment period, which was at the beginning of the meeting, (prior to any action taken by the Parish Council).[19]

Moreover, it is well settled that there are no specific statutory requirements in structuring the public comment period; the Open Meetings Law just mandates that the public body's rules, regulations, and restrictions regarding public comments be reasonable and leaves the specifications on how the comment period is to be implemented up to each public body.[20]

As a Louisiana Appeals Court already decided, the Defendants complied with the Open Meetings Law by creating reasonable rules and restrictions for their public comments period during the November 28, 2023, Parish Council Meeting; they did not violate the Open Meetings Law by their restrictions of public comments limited to three (3) minutes per person and to agenda items only.[21]

Finally, the Agenda Item "J" at November 28, 2023 Parish Council Meeting was about a general agreement to retain special counsel to perform services related to ethics laws; it was not about a specific ethics complaint; Council President Jaclyn Hotard's name

---

[19] Rec. Doc. 43-1. Joint Stipulation of All Parties Regarding Meeting Transcript: See also *Rec. Doc.* 62. Exhibit A at 8.
[20] *Rec. Doc.* 62. Exhibit A at 9.
[21] *Id.*

was next to the Agenda item – as a sponsor, (as it was with other agenda items since she is the Parish Council President). [22]

Therefore, Plaintiff's public rant about the specific facts pertaining to an open Louisiana Board of Ethics complaint was well off -topic and not on the agenda; and as the Open Meeting Law does not *require* public bodies, when conducting meetings, to allow everyone with opinions and beliefs to express themselves at any public place or at any time, the Parish Council Chairman, Michael Wright, was well within his right to interrupt her and try to steer her to stick to an agenda item; to the Defendants' credit, even though Plaintiff was off-topic for most of her public comment, Defendants did not attempt to forcibly remove her; she was allowed to stay at the lectern for over five (5) minutes, until she said everything she wanted to say and voluntarily walked away.[23]

## IV.    **CONCLUSION**

Based on the aforementioned, Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish respectfully requests that this Honorable Court grant their Motion for Partial Summary Judgment and dismiss Plaintiff's allegation related to the alleged Open Meetings Law violation.

---

[22] *Rec. Doc.* 39-4. pp. 29. Deposition Transcript of Defendant. Council Chairman Michael Wright; also see *Rec. Doc.* 39-5. pp. 55, 91; Deposition Transcript of Defendant. Council President Jaclyn Hotard.
[23] *Rec. Doc.* 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.

**WHEREFORE,** Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, respectfully pray and request this Honorable Court grant their Motion for Partial Summary Judgment and dismiss the Plaintiff's Open Meetings Law violation claim against all Defendants, with prejudice, at Plaintiff's costs.

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail:ikespears@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 6, 2024.

/s/ *Ike Spears*
Ike Spears