UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. | CIVIL ACTION |
| VERSUS | NO. 23-7296-NJB-KWR |
| MICHAEL WRIGHT, individually and in official capacity, et al. | SECTION: "G"(4) |

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW INTO COURT, through counsel, comes Plaintiff Joy Banner who files this memorandum in support of her *Motion to Strike Defendants' Motion for Partial Summary Judgment*. For the reasons stated herein, Defendants' motion should be stricken from the record.

Federal district courts have the power to enforce or modify their own scheduling orders.[1] This Court has enforced its scheduling orders in the past by striking summary judgment motions that were untimely filed.

For example, in *B&T Timber Invs., LLC v. Bankers Ins. Co.*, No. 23-1667, 2024 U.S. Dist. LEXIS 182065 (E.D. La. Sep. 30, 2024), this Court ordered that "non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than September 18, 2024." When a party filed a summary judgment motion on September 13, 2024, five days before the submission deadline, this Court held that it "must be denied as untimely filed" per L.R. 7.2, which requires that all motions must be "filed not later than the fifteenth day preceding the date assigned for submission." The Court explained that "Parties are expected to be diligent in moving their cases along. The Court reiterates that all deadlines in this matter remain intact and must be

---

[1] *B&T Timber Invs., LLC v. Bankers Ins. Co.*, No. 23-1667, 2024 U.S. Dist. LEXIS 182065, at *3 (E.D. La. Sep. 30, 2024); *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like."); *see also* Fed. R. Civ. Proc. 16(b) (stating that a scheduling order "may be modified only for good cause and with the judge's consent.").

1

adhered to by the parties."

Here we have the same situation as *B&T Timber Invs., LLC*. This Court issued a scheduling order on April 23, 2024 which states, in relevant part, that "All non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **December 11, 2024.**"[2] Per Local Rule 7.2, all motions must be "filed not later than the fifteenth day preceding the date assigned for submission." Therefore, the latest date by which a party could file a motion for summary judgment was November 26, fifteen days before the December 11 submission deadline.

Just as in *B&T Timber Invs., LLC,* Defendants here filed a Defendants' Motion for Partial Summary Judgment on December 6, 2024 five days before the submission deadline.[3] Defendants filed a Notice of Submission with their motion stating that "Defendants' Motion for Partial Summary Judgement [sic] shall be submitted on January 8, 2025," several weeks <u>beyond</u> the deadline.[4] Defendants have not at any time requested or obtained this Court's consent to modify the scheduling order or file a motion for leave for an untimely submission of the motion. Accordingly, the same result should follow as in *B&T Timber Invs., LLC*.

Because Defendants failed to file their motion in accordance with the scheduling order, the Defendants' Motion for Partial Summary Judgment should be stricken from the record.

---

[2] R. Doc. 13 (emphasis in original).
[3] R. Doc. 87.
[4] R. Doc. 87-4.

Respectfully submitted,

/s/ *Dave Lanser*
Dave Lanser (La. Bar No. 37764)
William Most (La. Bar No. 36914)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 533-4521
F: (504) 414-6400
Email: david.lanser@gmail.com
    williammost@gmail.com

*Attorneys for Plaintiff Joy Banner, Ph.D*

3