UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296-NJB-KWR** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joy Banner who files this reply in support of her *Motion for Partial Summary Judgment* regarding violations of Louisiana's Open Meetings Law.

A. <u>The motion should be granted because *Perrilloux v. St. John the Baptist Parish* has little to no relevance to Plaintiff's motion, or this case as a whole.</u>

Defendants rely heavily on a Louisiana State Court of Appeals case, *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish* to claim that Defendants "were well within their right, under the Open Meetings Law to only allow public comments to be three (3) minutes long and confined to agenda items only."[1] But the *Perrilloux* court did not make a determination about the on-topic rule, as Defendants suggest. Rather, immediately after mentioning that Michael Wright announced "that each citizen would have three minutes to discuss agenda items only," the court determined only that "the Council's scheduling of the public comment period, globally at the beginning of the meetings, before specific agenda items are brought up for debate and voting by the Council, is reasonable and fully complies with the Open Meetings Law, specifically La. R.S. 42:14(D)."[2] Plaintiff has never contended that Defendants could not schedule a global public comment period at the beginning of the meeting.

---

[1] R. Doc. 79 at 7.
[2] *Perrilloux v. St. John the Baptist Par. Gov't*, 24-280 (La. App. 5 Cir 10/18/24).

1

The rest of the *Perrilloux* court's holding deals with whether Ms. Perrilloux – not Dr. Banner – was individually provided her full comment period and whether citizens can yield their allotted time to another speaker. Neither of those issues are before this Court and neither has any relevance to the matter at hand.

    B.  <u>The motion should be granted because Defendants are wrong that Plaintiff was allowed to speak for over five minutes or voluntarily end her comment.</u>

Defendants next argue that "Plaintiff was able to speak for over five (5) minutes" and "got to finish what she had to say."[3] Although the basis for this is not explained, it is apparently based on the fact that Dr. Banner first approaches the lectern at approximate 1:35 in the video and leaves at approximately 6:30. But no reasonable interpretation of the video could find that Plaintiff was allowed to speak for that entire time, or even a meaningful portion of it. The video clearly shows Defendants interrupting Dr. Banner mere seconds into her comment. The majority of the five minutes Defendants refers to is then taken up by a discussion among themselves about the public comment period and Dr. Banner attempting to explain why her comment is on-topic before being gaveled quiet. Perversely, a portion of the alleged five minutes that Dr. Banner spoke was *when Michael Wright threatened her with prosecution* by reading the criminal statute.[4]

Dr. Banner intended to speak for her full allotted time and even brought hand-outs to distribute to the council, but was cut short when Defendants threatened her.[5] Other would-be commenters have expressed a similar fear of commenting based on Defendants' threats. There is no basis for the assertion that Plaintiff was allowed to speak for five minutes, or anywhere near her allotted amount of time. This is further specious considering that Defendants also argue that they *did* cut off Plaintiff's comment, but that they were allowed to do so.

    C.  <u>The motion should be granted because Defendants are wrong that Plaintiff was</u>

---

[3] R. Doc. 79 at 9.
[4] R. Doc. 43-1 at 10:19-11:9.
[5] R. Doc. 7 at ¶¶ 48, 72.

<u>forbidden from speaking about the ethics complaint she filed.</u>

Finally, Defendants argue that they were allowed to interrupt Plaintiff's public comment because "Plaintiff was publicly commenting on an ethics complaint she filed against Council President Hotard" and, they claim, that the complaint was "not to be discussed by anyone publicly, other than by the person who is the subject of the investigation or complaint, (or if permission was given by that same person)."[6] This is not true.

Defendants have been asked throughout this litigation to provide *any* basis for their contention that Plaintiff could not discuss the ethics complaint but they have only provided La. R.S. 42:1141, La. R.S. 42:1141.4, and *Louisiana Board of Ethics v. Daryl Purpera*, 321 So. 3d. 401 (La. Ct. App. 2021). As described more fully in Plaintiff's *Memorandum in Support of Plaintiff's Motion in Limine Regarding Alleged Legal Violations by Plaintiff*, none of these support their position.[7]

And even if there was any basis for Defendants' argument, it would only apply to Defendant Hotard's actions, not the other defendants in this matter. Further, the heart of Plaintiff's public comment concerned the vote to hire special counsel, not the details of the ethics complaint, so this simply does not apply.

D. <u>Conclusion</u>

For the reasons stated herein and in her original motion, Plaintiff's *Motion for Partial Summary Judgment* regarding violations of Louisiana's Open Meetings Law should be granted.

---

[6] R. Doc. 79 at 10.
[7] R. Doc. 50-1.

Respectfully submitted,

/s/ *Dave Lanser*
Dave Lanser (La. Bar No. 37764)
William Most (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 533-4521
F: (504) 414-6400
Email:
david.lanser@gmail.com
williammost@gmail.com
*Attorneys for Plaintiff Joy Banner, Ph.D*

4