Gmail

William Most <williammost@gmail.com>

## Re: Banner v. Wright: Sanctions for Discovery Violation and Perjury

**William Most** <williammost@gmail.com>                                    Mon, Dec 9, 2024 at 8:28 AM
To: Ike Spears <ikespears@gmail.com>
Cc: Ike Spears <ike@spearslaw.com>, Dave Lanser <davidlanser@gmail.com>, Alexandra Conlay
<alexandra@spearslaw.com>, Veronica Barnes <veronicasuzannebarnes@gmail.com>

Ike,

Thanks for calling to confer about this topic. I said that the one primary remedy we would seek would be a re-opened
deposition of Ms. Hotard to cover the new information, given that we need to identify who she said she "hates" and who
she wants to "choke," which could be highly relevant in this retaliation case. We also need to identify the year of these
texts, which Ms. Gaudet may or may not be able to provide in her deposition. You said you would not consent to that at
this time. The other primary remedy we will seek is attorneys fees for the work to obtain the information from Ms. Gaudet,
because we would not have had to seek discovery from her at all if Ms. Hotard had been truthful. You said you thought
that was totally separate, and you would not consent to it.

You defended Ms. Hotard's response by contending that you think it is truthful that she does not have these text
messages. You pointed out that some people, like yourself, have their phones set to destroy all text messages after a set
period of time. I pointed out that if that is the case with Ms. Hotard, there is a potential spoliation issue. (Particularly given
that some of the text messages are from the period of time *after* this case was filed, like the texts about Ms. Hotard and
Ms. Gaudet's depositions.)

Furthermore, even if Ms. Hotard does not have these text messages, she still perjured herself. That is because her sworn
discovery response was not "I don't have them," but rather "No such documents exist."

You suggested waiting until after Gaudet's deposition to think about a motion on this topic. I said I thought the impending
trial date made that difficult. You suggested pushing back the trial date, and I indicated we were not in favor of that. You
asked that we send you any caselaw on this topic, and I said I would.

Given that you object to two of the remedies we'll be seeking with our motion, I think we've sufficiently met and conferred
on this topic. But we'll send you caselaw, and if that changes your position, please let us know ASAP.

Thank you!

William


On Fri, Dec 6, 2024 at 8:45 AM Ike Spears <ikespears@gmail.com> wrote:
> William,
>
> I'm in all day CLE today.
>
> I'll reach out to you Monday to discuss your concerns.
>
> Thanks.
>
> **Ike Spears**
> **Spears & Spears**
> 909 Poydras Street
> Suite 1825
> New Orleans, LA 70112
> (504) 593-9500 Office
> (504) 919-7100 Cell
>
> On Thu, Dec 5, 2024 at 9:20 AM William Most <williammost@gmail.com> wrote:

Ike,

In RFP No. 5, plaintiff asked Ms. Hotard for all "correspondence, including emails and text messages, with Darla Gaudet regarding Dr. Joy Banner, The Descendants Project, Greenfield Louisiana LLC, the Greenfield grain elevator project, or the property owned by Gaumet Holdings, LLC in the vicinity of the Greenfield grain elevator project."

Hotard responded "No such documents exist" and swore under oath that the response was true.

We now know that Ms. Hotard had abundant text correspondence with Ms. Gaudet about these topics. This email is to meet and confer about whether Ms. Hotard should be sanctioned for her discovery violation and perjury. If there is any reason she should not, please let us know.

Thank you,

William

--
William Most
Most & Associates
mostandassociates.com
(504) 509-5023