UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED BRIEFING SCHEDULE**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joy Banner, Ph.D who files this memorandum in support of *Motion for Expedited Briefing Schedule*. Due to the nearness of trial, Plaintiff asks for expedited briefing and consideration of her request for a limited re-deposition of Defendant Hotard. Rec. Doc. 92.

Federal district courts have the power to enforce or modify their own scheduling orders.[1] Schedules "may be modified only for good cause and with the judge's consent."[2] Here, there is good cause to modify the scheduling order in order to preserve the trial schedule and not prejudice either party.

Plaintiff filed a *Motion for Sanctions* on December 10, 2024 regarding Defendant Jaclyn Hotard's perjury in stating, under oath, that she had no relevant correspondence with Darla Gaudet or any knowledge of her business.[3] Plaintiff first became alerted to the perjury on December 4, 2024, after Ms. Gaudet's attorney produced text exchanges and other documents, following the denial of a *Motion to Quash* and an in-camera review of the requested documents.[4] Plaintiff attempted to confer before filing the sanctions motion, but parties could not reach common ground.[5]

---

[1] *B&T Timber Invs., LLC v. Bankers Ins. Co.*, No. 23-1667, 2024 U.S. Dist. LEXIS 182065, at *3 (E.D. La. Sep. 30, 2024); *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").
[2] Fed. R. Civ. Proc. 16(b)(4).
[3] R. Doc. 92.
[4] R. Doc. 46; R. Docs. 92-3-16.
[5] R. Doc. 92-17, 92-18.

1

The submission date for the *Motion for Sanctions* is January 8, 2025, with an opposition date of December 31, 2024 and a reply date of January 6, 2025.[6] The trial in this matter is set for January 27, 2025, with a final pretrial conference also on January 8, 2024.[7] If the requested sanctions are granted, specifically the request to re-open Defendant Hotard's deposition, that deposition would have to take place after the final pretrial conference and shortly before trial. This would cause a burden on both parties to prepare for trial on what testimony may be obtained at the deposition. And even if the *Motion for Sanctions* is denied, parties would be burdened with uncertainty on the issue until after the final pretrial conference.

Therefore, as a practical matter, Plaintiff requests an expediated briefing schedule. Specifically, Plaintiff would suggest that Defendants file an opposition by December 19, 2024, and Plaintiffs file a reply the next day, by December 20, 2024.

Plaintiff contacted Defendants' counsel prior to submitting this request who noted that Defendants "strongly opposed" any modification to the schedule.

WHEREFORE, Plaintiff Joy Banner, requests that this Court enter an expedited briefing schedule for her *Motion for Sanctions*.

Respectfully submitted,

/s/ *David Lanser*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Telephone: (504) 533-4521
Fax: (504) 414-6400
williammost@gmail.com
david.lanser@gmail.com

---

[6] R. Doc. 95.
[7] R. Doc. 13.