UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. * | |
|     Plaintiff * | |
| * | Case No. 23-cv-7296 |
| VERSUS * | |
| * | Judge Nannette J. Brown |
| * | |
| MICHAEL WRIGHT, in his individual and * | Magistrate Judge Karen W. |
| official capacities, JACLYN HOTARD, in her * | Roby |
| individual and official capacities, and * | |
| ST. JOHN THE BAPTIST PARISH; * | |
|     Defendants. * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS'** *SUPPLEMENTAL* **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully submits their *Supplemental* Memorandum in Opposition to Plaintiff, Joy Banner, Ph.D.'s *most recently filed* and *revised* Motion for Partial Summary Judgment. [1] This *Supplemental* Memorandum in Opposition to Plaintiff's Motion For Partial Summary Judgment is to supplement their *previously* filed Memorandum In Opposition to Plaintiff's Motion For Partial Summary Judgment.[2]

It is clear that genuine issues of material fact exist therefore, summary judgment would be improper. As more fully set forth below, (and in Defendants' previously filed *Memorandum in Opposition to Plaintiff's Partial Summary Judgment*), Defendants respectfully request that

---

[1] Rec. Docs. 85-2 and 85-3.
[2] Rec. Doc. 79.

Page **1** of 10

Plaintiff's *Motion for Partial Summary Judgment* be denied.

I.   **It Would Be A Rejection Of *Stare Decisis* If This Honorable Court Finds Defendants Violated Louisiana's Open Meetings Law During Their November 28, 2023 Parish Council Meeting By Having And Enforcing Their On-Topic Public Comment Rule**

A Louisiana State appeals court has already decided that there was no violation of the Open Meetings Law, at this same Parish Council meeting of November 28, 2023, which is the same parish council meeting that is the subject before this Honorable Court. [3]

The Louisiana State Court of Appeals, Fifth Circuit, in *Shondrell Perrilloux v. St. John the Baptist Parish*, found that the recording of the November 28, 2023 Parish Council Meeting showed "…that everyone present in the Council chambers was notified by the Chairman, orally and on the TV screens behind the Council, that the public comment period was open, that if anyone desired to speak, they were to approach the podium, and that each citizen would have three minutes to discuss agenda items only." [4] (emphasis added).

Furthermore, the *Perrilloux* appeals court specifically held that there was "…no violation of the Open Meetings Law occurred at the November 28…2023 meetings relative to the Council's duty under La. R.S. 42:14 (D) to provide a period of public comment, and set reasonable rules and restrictions regarding the public comment period…the statute does not specify how the public comment must be structured…except that it must be prior to voting on agenda items."[5]

Plaintiff wants this Honorable Court to ignore the most recent, relevant, and legally binding ruling by the Louisiana Fifth Circuit Court of Appeals. Plaintiff has failed to carry her burden of proof that would warrant summary judgment here.

---

[3] See *Rec. Doc*. 62. Exhibit A, the Louisiana Court of Appeals, Fifth Circuit's ruling in *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish*, No. 24-CA-280, (October 18, 2024).
[4] Id. at pp. 7.
[5] Id. at pp. 9.

## II. Louisiana's Open Meetings Law Does Not Require Public Bodies To Permit Individuals To Use The Public Comment Period To Discuss Non-Agenda Items

The underlying policy expressed by the Louisiana State Legislature in enacting the Open Meetings Law is provided at *La. Rev. Stat.* §42:12, which states: "[i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy." The primary purpose of the Open Meetings Law is to protect citizens from secret decisions made without any opportunity for public input. *Lewnau v. Board of Supervisors of Southern State Univ.*[6]

Again, as stated above, the *Perrilloux* appeals court specifically held that there was "no violation of the Open Meetings Law occurred at the November 28…2023 meetings relative to the Council's duty under La. R.S. 42:14 (D) to provide a period of public comment, and set reasonable rules and restrictions regarding the public comment period…the statute does not specify how the public comment must be structured…except that it must be prior to voting on agenda items." [7]

Here, the Agenda Item "J", at November 28, 2023 Parish Council Meeting, was about a general agreement to retain special counsel to perform services related to ethics laws not about a specific ethics complaint; additionally, the legal services of R. Gray Sexton were up for

---

[6] 19-0943 (La. App. 1 Cir. 1/9/2020), 295 So.3d 419, 424. *See also, Joseph v. Hospital Serv. Dist. No. 2 of the Parish of St. Mary,* 805 So.2d at 409 (holding that Article XII, §3 of the Louisiana Constitution states that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The primary purpose of this constitutional provision insuring the right of citizens to observe the deliberations of public bodies is to protect citizens from secret decisions made without any opportunity for public input. To fulfill the purposes of Article XII, § 3, the Legislature enacted the Open Meetings Law; *Deep South Center for Environmental Justice v. Council of the City of New Orleans*, 19-0774 (La. App. 4th Cir. 2/12/2020), 292 So.3d 973, 978-979 (same).

[7] Atty. Gen. Op. 01-394.

consideration for more than one ethical complaint. [8]

Additionally, Council President's Jaclyn Hotard's name was next to Agenda Item "J" for the November 28, 2023 Parish Council meeting, not because she was the alleged subject of the agenda item but because St. John the Baptist Parish's Council Charter designates the Council President as the chief elected official in charge of the day to day operations and therefore, generally her name is and will be on most of the agenda items- sponsoring them. [9]

However, Plaintiff decides to go off -topic when she publicly launched into the <u>contents</u> of an individual ethical complaint she filed against Parish Council President Howard during the public comment period of the November 28, 2023 Parish Council Meeting.[10]

So of course, Parish Council Chairman Michael Wright was well within the mandate of the Open Meetings Law to try to reign in Plaintiff's comments to agenda items only; and therefore, there was no violation of the Open Meetings Law when he interrupted, banged on the gavel, and took back the floor— all in trying to bring order and decorum and to get Plaintiff to comment about an agenda item.

III. **All of the evidence shows that during the November 28, 2023 Parish Council Meeting that the Plaintiff had an opportunity to speak during the public comment period and she spoke for over five (5) minutes before she voluntarily stopped speaking and walked away from the lectern even though her comment was off-topic**

The evidence shows that during the November 28, 2023, Parish Council Meeting, Plaintiff was allowed to speak for more than five (5) minutes during the meeting's public comment period, prior to any vote taken by the Parish Council. [11] Albeit, even though Plaintiff's

---

[8] Rec. Doc. 39-4, pp. 29. Deposition Transcript of Defendant, Council Chairman Michael Wright; also see Rec. Doc. 39-5, pp. 55, 91; Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[9] *Rec. Doc. 39-5, pp. 20 and 54;* Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[10] *Rec. Doc*. 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.
[11] Rec. Doc. 43-1, Joint Stipulation of All Parties Regarding Meeting Transcript.

public comment was off-topic to any agenda item, she voluntarily stopped speaking and walked away from the lectern; she was not forcibly removed by the Defendants.[12]

Even the *Perrilloux* Appeals Court, in its review of the video of the November 28, 2023 Parish Council Meeting, mentioned that the Plaintiff Joy Banner, Ph. D. being present and had an opportunity to address the Parish Council; that she "…was recognized by the Council Chairman. She stood at the podium addressing the Council regarding an ethics claim issue."[13]

IV. **Defendants Parish Council Chairman Michael Wright and Parish Council President Jaclyn did not intentionally and/or willfully participate in an unlawful meeting since the November 28, 2023 Parish Council Meeting was not conducted in violation of the Open Meetings Law**

As stated in Defendants' original Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Plaintiff failed to offer any affidavits, deposition testimony, or other competent evidence showing that Parish Council Chairman Michael Wright and Parish Council President knowingly and/or willfully participated in the unlawful meeting; as stated clearly above and in previous filings, there was no unlawful meeting; there was no violation of the Open Meetings Law.

V. **CONCLUSION**

Based on the aforementioned, Defendants pray that Plaintiff's *Motion for Partial Summary Judgment* be denied, at her expense.

Respectfully Submitted:

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766

---

[12] *Rec. Doc*. 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.
[13] Shondrell Perrilloux v. St. John the Baptist, pp. at 8.

E-mail:ikespears@gmail.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 13, 2024.

        /s/ *Ike Spears*
        Ike Spears

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOY BANNER, Ph.D.** | * | |
|     Plaintiff | * | |
| | * | Case No. 23-cv-7296 |
| **VERSUS** | * | |
| | * | Judge Nannette J. Brown |
| | * | |
| **MICHAEL WRIGHT, in his individual and** | * | Magistrate Judge Karen W. |
| **official capacities, JACLYN HOTARD, in her** | * | Roby |
| **individual and official capacities, and** | * | |
| **ST. JOHN THE BAPTIST PARISH;** | * | |
|     **Defendants.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully without waiving and expressly reserving any and all defenses, objections, exceptions, motions and arguments, submit this Supplemental Opposition to expressly controvert Plaintiff, Joy Banner, Ph.D.'s "*Statement of Undisputed Material Facts*" in support of her *Motion for Partial Summary Judgment,* (Rec. Doc. 85-3).

Defendants contend that Plaintiff has asserted several conclusions of law or has purported to assert "facts" that are otherwise inadequate to support Plaintiff's partial Motion for Summary Judgment. Defendant expressly objects to Plaintiff's "*Statement of Undisputed Material Facts*" to the extent that the list contains legal conclusions or merely quotes, cites, or refers to limited and select language contained in statutes or constitutional provisions and, therefore, are not proper under Local Rule 56.1.

Unless expressly admitted by Defendants, they expressly oppose every statement contained in Plaintiff's "*Statement of Undisputed Material Facts*".  Plaintiff's statements are addressed as follows:

1. The St. John the Baptist Parish Council is a public body subject to Louisiana's Open Meetings Law.
   **Response: Undisputed.**

2. The St. John the Baptist Parish Council held a public meeting on November 28,2023.
   **Response: Undisputed.**

3. Michael Wright was elected as a councilmember in 2011 and has presided over at least dozens of meetings in the capacity as Council chairman.
   **Response: Undisputed.**

4. Michael Wright was the council chair at the November 28, 2023 meeting.
   **Response: Undisputed.**

5. Item J on the November 28, 2023 meeting agenda read:
   "J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute."
   **Response: Disputed to the extent this statement asserts a statement of fact, Defendants expressly object to the statement on the grounds of Best Evidence Rule. Additionally, as clarified by Parish Council President Jaclyn Hotard, the Agenda Item "J" at November 28, 2023 Parish Council Meeting, that Plaintiff purported to comment on, was about a general agreement to retain special counsel to perform services related to ethics laws not about a specific ethics complaint; additionally, the legal services of R. Gray Sexton was up for consideration for more than one ethical complaint**. [14]
   **Furthermore, Council President's Jaclyn Hotard's name was next to Agenda Item "J" for the November 28, 2023 Parish Council meeting, not because she was the alleged subject of the agenda item but because St. John the Baptist Parish's Council Charter designates the Council President  as the chief elected official in charge of the day to day operations and therefore, generally her name is and will be on most of the agenda items- sponsoring them.** [15]

6. Agenda Item J was an item subject to a vote.
   **Response: Undisputed.**

---

[14] *Rec. Doc. 39-4, pp. 29. Deposition Transcript of Defendant, Council Chairman Michael Wright; also see* Rec. Doc. 39-5, pp. 55, 91; Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[15] *Rec. Doc. 39-5, pp. 20 and 54;* Deposition Transcript of Defendant, Council President Jaclyn Hotard.

7. Joy Banner attempted to make a public comment on Agenda Item J.
   **Response: Disputed. To the extent this statement asserts a statement of fact, Defendants expressly objects to the statement on the grounds of lack of foundation, lack of authentication, assumes facts in evidence, improper characterization, and hearsay.**
   **Additionally, the evidence is clear, Plaintiff Joy Banner, Ph.D. had an opportunity to make a comment during the public comment period of the November 28, 2023 Parish Council Meeting; however, even though her comment was off-topic to any of the agenda items, she was at the lectern, speaking for over five (5) minutes, until she voluntarily stopped speaking and walked away. [16]**

8. Michael Wright then banged his gavel and stated "I'm going to ask for order. I – I'm taking the floor right now. Ms. Banner, I'm going to ask you to please hold on your public comment."
   **Response: Disputed. To the extent this statement asserts a statement of fact, Defendants expressly object to the statement on the grounds of Best Evidence Rule, improper characterization and/or taken out of context and hearsay. Missing prior off-topic comments made by Plaintiff. [17]**

9. Following a back-and-forth about whether the comment was on topic, Jaclyn Hotard stated "Chairman, Mr. Chairman, I'm going to ask you stop this comment. That is completely false."
   **Response: Disputed. To the extent this statement asserts a statement of fact, Defendants expressly object to the statement on the grounds of Best Evidence Rule, improper characterization and/or taken out of context and hearsay. Missing prior off-topic comments made by Plaintiff. [18]**

10. Jaclyn Hotard then stated "Ms. Banner, first of all you're in violation of State law right now."
    **Response: Disputed. To the extent this statement asserts a statement of fact, Defendants expressly object to the statement on the grounds of Best Evidence Rule, improper characterization and/or taken out of context and hearsay. Missing prior off-topic comments made by Plaintiff.[19]**

11. Michael Wright then took the floor and stated "I'm going to read RS 42:1141 that I want to make sure the Council is aware of also. 'It shall be a misdemeanor punishable by a fine of not more than $2000 or imprisonment for not more than one year or both for any member of the Board of Ethics, it's Executive Secretary, other employee or any other

---

[16] *Rec. Doc*. 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.
[17] *Id.*
[18] *Id.*
[19] *Id.*

person other than the person who is subject to the investigation or complaint to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation, private hearing of the Board of Ethics without the written request of the public servant or other person investigated."
**Response:** **Disputed. To the extent this statement asserts a statement of fact, Defendants expressly object to the statement on the grounds of Best Evidence Rule, improper characterization and/or taken out of context and hearsay. Missing prior off -topic comments made by Plaintiff.[20]**

12. Michael Wright has never read a criminal statute aloud during public comment, except for the November 28, 2023 meeting.
**Response:** **Disputed. To the extent this statement asserts a statement of fact, Defendants expressly object to the statement on the grounds of Best Evidence Rule, improper characterization and/or taken out of context and hearsay. Missing prior off -topic comments made by Plaintiff.[21]**

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail: ikespears@gmail.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 13, 2024.

/s/ *Ike Spears*
Ike Spears

---

[20] *Id.*
[21] *Id.*