**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296-NJB-KWR** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joy Banner, Ph.D who submits the following opposition to Defendants' *Motion for Partial Summary Judgment*. For the reasons stated herein, Defendants' motion should be denied.

On November 28, 2023, the St. John the Baptist Parish Council held a public meeting which included the following agenda item:

> J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute.[1]

Plaintiff Joy Banner is a community member and advocate who wished to speak on the item, specifically regarding how she felt that it was an inappropriate use of taxpayer funds to retain legal services of a private law firm to defend against ethics charges.

One such ethics charge was of particular interest to Plaintiff, as she was the individual who filed it against Defendant Jaclyn Hotard, the St. John the Baptist Parish President. Plaintiff intended to discuss the charge and specifically that, due to the nature of the ethics violation, the Council should vote "no" on the agenda item as it is not an appropriate use of taxpayer funds. Plaintiff even printed out a poster board to show to the Council while making her comment.

Moments after beginning her comment, Defendants interrupted her – Defendant Hotard by

---

[1] Rec. Doc. 39-4 (Wright Dep.) at 32:13-21 (reading agenda item).

talking over her to demand the comment be stopped and Defendant Wright by gaveling her quiet and telling Plaintiff that she must speak about a specific agenda item. Plaintiff attempted to explain why her comments were on-topic but, after a back-and-forth between Defendants, Defendant Wright again gaveled to take control of the room. He then stated

> "I'm going to read RS 42:1141 that I want to make sure the Council is aware of also. 'It shall be a misdemeanor punishable by a fine of not more than $2000 or **imprisonment for not more than one year** or both for any member of the Board of Ethics, it's Executive Secretary, other employee or any other person other than the person who is subject to the investigation or complaint to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation, private hearing of the Board of Ethics without the written request of the public servant or other person investigated."[2]

Fearing prosecution as threatened by Defendant Wright, Plaintiff prematurely ended her comment and returned to her seat, without using the poster board which she brought with her to the lectern.

Plaintiff filed suit, bringing federal First Amendment and state Open Meetings Law claims. This Court denied Defendants' motion to dismiss.[3] The parties later filed cross-motions for summary judgment on Plaintiff's Open Meetings Law claims. As described herein, Defendants' motion should be denied because a meeting where Parish Officials threaten public commenter with prosecution under an unconstitutional statute is definitionally not an open meeting.

## I.    LAW AND ARGUMENT

    a.  <u>Summary Judgment Standard</u>

---

[2] *Id.* at 10:19-11:9 (emphasis added).
[3] Rec. Doc. 25.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A disputed fact is material if it has the potential to "affect the outcome of the suit under the governing law."[5]

Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovants to show that summary judgment should not lie.[6] That burden is discharged by either submitting opposing evidentiary documents or by referring to evidentiary documents already in the record that set out specific facts showing a genuine issue exists.[7] A party cannot, however, defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence.[8]

### b. Louisiana's Open Meetings Law

Louisiana's Open Meetings Law was enacted because "[i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of any aware of the performance of public officials and the deliberations and decisions that go into the making of public policy."[9]

A key requirement of the law is that public bodies must "allow a public comment period at any point in the meeting prior to the action on an agenda item upon which a vote is to be taken."[10] Louisiana law requires that the "provisions of [the Open Meetings Law] shall be construed liberally."[11]

### c. Defendants' motion should be denied because the *Perrilloux* court did not make any ruling relevant to Plaintiff's causes of action.

---

[4] *United States ex rel King v. Solvay Pharm., Inc.*, 871 F.3d 318, 323 (5th Cir. 2017) (citing Fed. R. Civ. P. 56(a)).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[6] *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994).

[7] *Id.*

[8] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

[9] La. R.S. 42:12(A).

[10] La. R.S. 42:14(D).

[11] *Id.*

Defendants wrongly claim that this case should be dictated by *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish*, a Court of Appeals case involving separate incidents at the various meetings, including the November 28, 2023 meeting.[12] But that case handled distinct issues from the ones at issue here. The *Perrilloux* court did <u>not</u> find that there were no violations at the meeting, just none which applied to Ms. Perrilloux.[13] The *Perrilloux* court found that the Council was "the Council's scheduling of the public comment period, globally at the beginning of the meetings, before specific agenda items are brought up for debate and voting by the Council, is reasonable and fully complies with the Open Meetings Law, specifically La. R.S. 42:14(D)," that citizens could not donate their time to other speakers, and other issues specific to Ms. Perrilloux.[14]

But the present case is about Plaintiff *Banner*, not Ms. Perrilloux. The *Perrilloux* case did not address whether the Parish had properly adopted an on-topic rule (only that if they did adopt such a rule it would be reasonable), whether Plaintiff was on-topic, whether Defendants engaged in retaliation, or whether it violated Plaintiff's First Amendment rights when Defendants threatened her with prosecution. The *Perrilloux* case has no relevance here.

> d. <u>Defendants' motion should be denied because the Parish has not adopted an on-topic rule and, regardless, Plaintiff was on-topic.</u>

Defendants' motion relies on their incorrect assumption that Plaintiff was off topic during her comment. Plaintiff's comment was <u>on</u> topic, but even if it were not, the Parish never adopted an on-topic rule.

The parties agree that a parish council meeting is a limited public forum in which the

---

[12] Rec. Doc. 87-1; *Perrilloux v. St. John the Baptist Par. Gov't*, 24-280 (La. App. 5 Cir 10/18/24).

[13] *Perrilloux v. St. John the Baptist Par. Gov't*, 24-280 (La. App. 5 Cir 10/18/24).

[14] *Id.*

council may apply reasonable time, place, and manner restrictions to speech.[15] One such restriction, as noted by the *Perrilloux* court, is an on-topic rule.[16] Accordingly, R.S. 42:14(D) says that public comment must be allowed, but that "governing body may adopt reasonable rules and restrictions regarding such comment period." (Emphasis added.)

A governing party *may* adopt an on-topic rule, but that does not mean it *must* do so or *has* done so.[17] St. John the Baptist Parish Council has never adopted such a rule.

Parties agree that that the council meetings are run by Robert's Rules of Order and that Robert's Rules does not contain an on-topic rule.[18] Plaintiff requested all "rules for public comment maintained by the Parish of St. John the Baptist" in discovery,[19] but Defendants conceded that the *only* meeting in which the Council officially adopted such a rule was : a May 1993 meeting in which the council adopted a rule limiting public comment to three minutes – but not an on-topic rule.[20] Therefore, the only source for such a rule would be in statute, or, as stated by Defendant Wright: "if there's no state statute that says the comment has to be on-topic, then the Parish doesn't have such a rule."[21] But no such statute exists – only R.S. 42:14(D) which *allows* councils to adopt such a rule if they desire. Plaintiff could not have violated a rule which does not exist.

But even if the Council had adopted an on-topic rule, *Plaintiff's comment was on-topic.* Agenda Item J set a vote for whether to hire a law firm "to perform services related to Ethics

---

[15] *Heaney v. Roberts*, 147 F. Supp. 3d 600, 605 (E.D. La., Dec. 2, 2015).

[16] *Chiu v. Plano Independent Sch. Dist.,* 260 F.3d 330, 354-355 (5th Cir. 2001).

[17] *See Chiu, supra*, at 355 ("The fact that the PISD could have controlled expression at Math Nights in a reasonable, viewpoint-neutral manner does not necessarily mean that it did so in the instant case.")

[18] Rec. Doc. 39-4 (Wright Dep.) at 15:15-16 ("We follow Robert's Rules of Order"); R. Doc. 48-4 at RFA 26 ("Robert's Rules of Order does not include an 'on topic' rule. . . . Admitted.").

[19] Rec. Doc. 48-5 at RFP 2.

[20] Rec. Doc. 48-5 ("Mr. Perrilloux moved and Mr. Wolfe seconded the motion to allow the public to speak when motions are made by the Council, with a limitation of 3 minutes per person."); Rec. Doc. 39-4 (Wright Dep.) at 20:11 ("Q. So based on the discovery response, any written rules for public comment would be in here? A. Yes. . . . Q There's no, public commenter has to be on topic rule, is there? A No, but I believe that may be in state law. I'm not certain. I don't have it in front of me.").

[21] Rec. Doc. 39-4 ("Q Right. And so if there's no state statute that says the comment has to be on-topic, then the Parish doesn't have such a rule, agreed? A Agreed.")

Laws." It is not disputed that Plaintiff's ethics complaint against Jaclyn Hotard was one issue for which the Council sought advice in this instance.[22] Plaintiff specifically stated at the meeting that she was trying to comment that taxpayer funds should not be used to hire an attorney for ethics reasons, including for handling the ethics charge against Defendant Hotard, which was the exact purpose of Agenda Item J:

> MR. GREEN: Public comment must be contained with the agenda item. The authorization issue –
>
> MS. BANNER: How is that not part of it – how is that not part of the agenda item?
>
> UNKNOWN SPEAKER: It is.
>
> MR. GREEN: Mr. Chairman, they can only speak on the retaining legal counsel for –
>
> MS. BANNER: That's what I'm speaking on, but I can't get to my point … if you don't let me finish. Okay So she – **we as tax payers should not be asked to pay … for her lawyer**.
>
> …
>
> COUNCIL CHAIRMAN WRIGHT: The comments is going to be related to the agenda item only.
>
> MS. BANNER: And this is an item. It is the Board – **if you're retaining an attorney for a Board of Ethics violation**. Your Parish President, our Parish President is currently under investigation for a Board of Ethics charge. How is that not relevant, because she signed off on an application for a rezoning of her mother-in-law's land, **and so now we as the tax payers are going to have to pay**.[23]

Agenda Item J sought to retain legal services to handle ethics violations, including the investigation into Defendant Hotard. Plaintiff was commenting that the Council should vote "no" because taxpayers should not bear the financial burden of handling ethics issues, including for her complaint against Defendant Hotard which was one of the issues for which R. Gray Sexton

---

[22] Rec. Doc. 39-4 (Wright Dep.)  at 30:7-10.
[23] Rec. Doc. 43-1 (Stipulated Transcript) at 6:20-8:14 (emphasis added).

was explicitly retained.[24] That is plainly on topic, even though there was no requirement that Plaintiff was required to speak on topic. Therefore, Defendants had no basis for which to stop Plaintiff's public comment, much less to do so by threatening her with prosecution.

      e.   <u>Defendant's motion should be denied because Plaintiff ended her comment prematurely as a result of Defendants' threats of prosecution.</u>

Defendants claim that Plaintiff "was allowed to stay at the lectern for over five (5) minutes, until she said everything she wanted to say and voluntarily walked away."[25] This is provably false.

While it is true that Plaintiff was physically standing at the lectern for approximately five minutes, only a few seconds could be reasonably construed as her public comment. The majority of the time involved Defendants discussion the alleged on-topic rule and included several periods where Defendant Wright had gaveled Plaintiff quiet and stated that he was taking the floor.[26] The five minutes even includes the time that Defendant Wright read a statute allowed threatening Plaintiff with prosecution if she continued speaking.[27] The only comments that Plaintiff was allowed to make were not part of her public comment, but in direct response to Defendants' statements telling her that she was off topic.[28]

It is also clear that Plaintiff did not say "everything she wanted to say" as she brought a posterboard with her to display to the Council, but never got an opportunity to display it:

---

[24] Exhibit A (deposition of Plaintiff Joy Banner) at 36:8-15 ("There are several of us that are concerned about the zoning and concerned about Jaclyn Hotard signing off on that application and the board of ethics investigation and **we're concerned about taxpayer money, our money, being used to defend her against something that was ultimately impacting here.**") (emphasis added).
[25] Rec. Doc. 87-1 at 10.
[26] Rec. Doc. 43-1.
[27] *Id*.
[28] *Id*.



[29]

Plaintiff intended to show the council the information on the posterboard, so that she did

not do so suggests that she did *not* get to comment in full.[30]

Plaintiff also made it clear several times throughout her deposition that she was not allowed

to make her comment:

- "I don't believe what – what I – what took place was saying that I was given the opportunity for public comment. I would not consider that being – someone allowing public comment."[31]
- "I made attempts to speak and verbalize, I tried to. But I was – but as far as that being public comment, no, because I was instantly – almost as I started to talk, I was immediately interrupted. So that's debatable whether we can call that actually being able to speak."[32]
- "We were not allowed to speak."[33]
- "That was not public comment … Public comment is you have three minutes to say – if it's relevant to the agenda item, you have three minutes uninterrupted to say what you have to say. That did not take place. … No, I did not have three minutes. I did not have three minutes uninterrupted and unchallenged without the threat of arrest."[34]

Plaintiff was also afraid that if she kept speaking, she would be arrested: "[Defendant

---

[29] R. Doc. 9-4 at 06:38.

[30] Ex. A at 96:17-21 ("Q. And you also had a posterboard … that you wanted to show the council. A. Uh-huh (affirmative).").

[31] Ex. A at 32:6-11.

[32] *Id.* at 32:24-33:6.

[33] *Id.* at 36:2.

[34] *Id.* at 43:12-24.

Wright] said 'Imprisonment.' When I heard imprisonment, I felt imprisonment, and there's cops surrounding us, so imprisonment means imprisonment."[35]

The video, Plaintiff's testimony, and common sense make it clear that she did not voluntarily stop speaking – she was threatened with imprisonment, despite explaining how her comment was on-topic.

## II.    CONCLUSION

The question for this Motion is whether the undisputed facts show that Defendants are entitled to judgment as a matter of law on Plaintiff's Open Meetings Law claim. The Open Meetings Law requires that public bodies "allow a public comment period" before making decisions. And a public comment period where the Parish President orders "stop this comment" and the Chair of the Parish Council threatens the commenter with prosecution and imprisonment is not a true public comment period. At the very least, a reasonable jury could conclude that these facts violate the Open Meetings Law. Accordingly, Defendants' Motion should be denied in full.

Respectfully submitted,

/s/ *David Lanser*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Telephone: (504) 533-4521
Fax: (504) 414-6400
williammost@gmail.com
david.lanser@gmail.com

---

[35] *Id.* at 115:11-14.