UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296-NJB-KWR** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

### RESPONSE TO DEFENDANTS' STATEMENT OF UNCONTESTED FACTS

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joy Banner, Ph.D who submits the following response to Defendants' *Statement of Uncontested Facts*.

1. A Louisiana State Court of Appeals has already held that Defendants did not violate the Open Meetings Law during the November 28, 2023 Parish Council Meeting and had set reasonable rules and restrictions on its public comment period – specifically, three minutes (3) and on agenda items only – as allowed by law and that La. R.S. 42:14(D) does not specify how the public comment period must be structured except that it must be prior to voting on agenda items.

    **Response**: **DISPUTED**. This statement is a legal conclusion, not a fact. It also misstates the Louisiana State Court of Appeals findings. The referenced opinion found only that "the Council's scheduling of the public comment period, globally at the beginning of the meetings, before specific agenda items are brought up for debate and voting by the Council, is reasonable and fully complies with the Open Meetings Law, specifically La. R.S. 42:14(D)" and that citizens cannot yield their time to other speakers. It also discussed the actions of a citizen, Shondrell Perrilloux, at the meeting.[1] None of these issues are relevant to the case at bar.

2. During the November 28, 2023, St. John the Baptist Parish Council Meeting, (hereinafter "Parish Council Meeting"), the Plaintiff Joy Banner, Ph.D (hereinafter "Plaintiff"), was allowed to speak for more than five (5) minutes during the meeting's public comment period, prior to any vote taken by the Parish Council.

    **Response: DISPUTED.** The video and the transcript show that Plaintiff was cut off from speaking mere seconds into her comment period.[2] The rest of her time standing at the lectern was not public comment, but a discussion (mostly between Defendants) about the on-topic rule and includes the time Defendant Michael Wright spent threatening Plaintiff with prosecution.[3]

3. During the Parish Council Meeting's public comment period, the Plaintiff was allowed to speak until she voluntarily stopped speaking and walked away from the lectern; she

---

[1] R. Doc. 62.
[2] R. Doc. 43-1.
[3] *Id*.

1

was not forcibly removed by the Defendants.

**Response: DISPUTED.** Plaintiff never had the opportunity to voice her intended public comment. She even brought a display board which she intended to share with the council, but could not do so after being forced to prematurely stop her comment.[4] She stopped speaking not voluntarily, but because of the threat of prosecution by Defendants. Undisputed that she was not removed by physical force.

4. In his professional capacity, as Parish Council Chairman, Michael Wright's job is to make sure comments stay on agenda items and maintains order and decorum during Parish Council Meetings.

**Response:** Not disputed that those are some of his duties.

5. The Agenda Item "J" at November 28, 2023 Parish Council Meeting, that Plaintiff purported to comment on, was about a general agreement to retain special counsel to perform services related to ethics laws not about a specific ethics complaint; additionally, the legal services of R. Gray Sexton was up for consideration for more than one ethical complaint.

**Response: Undisputed, but not relevant.** Although the agenda item may have concerned multiple ethics issues, one "specific ethics complaint" for which R. Gray Sexton was being retained under the agenda item was Plaintiff's complaint against Defendant Hotard.[5]

6. Council President Jaclyn Hotard's name was next to Agenda Item "J" for the November 28, 2023 Parish Council meeting, not because she was the alleged subject of the agenda item but because St John the Baptist Parish's Council Charter designates the Council President as the chief elected official in charge of the day to day operations and therefore, generally her name is and will be on most of the agenda items-sponsoring them.

**Response:** Not disputed that that is one reason Defendant Hotard's name could appear next to an agenda item.

7. Plaintiff's public comment at the November 28, 2023 Parish Council Meeting included factual contents of her Louisiana Board of Ethics complaint against Council President Jaclyn Hotard and therefore, her comment was not on topic.

**Response: DISPUTED.** Plaintiff's public comment, had she been allowed to provide it, would have included factual statements about the complaint against Defendant Hotard which is *why* it was on topic.[6]

---

[4] R. Doc. 7 at ¶¶ 48, 72.
[5] R. Doc. 39-5 at 22:8-23:9; R. Doc. 39-4 31:10-14.
[6] R. Doc. 7 at ¶ 47.

Plaintiff also adds the following facts relevant to these issues:

1. Plaintiff Joy Banner attempted to make a public comment at the November 28, 2023 council meeting, but was denied the opportunity to do so.[7]

2. Plaintiff Joy Banner stopped her comment prematurely due to the threat of prosecution.[8]

3. Plaintiff Joy Banner was not allowed to speak for anywhere close to five or even three minutes.[9]

4. The St. John the Baptist Parish Council does not have an "on topic" rule.[10]

5. Plaintiff Joy Banner's intended public comment was on-topic.[11]

6. Agenda Item J concerned, at least in part, Plaintiff's ethics complaint against Defendant Hotard.

Respectfully submitted,

/s/ *David Lanser*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Telephone: (504) 533-4521
Fax: (504) 414-6400
williammost@gmail.com
david.lanser@gmail.com

---

[7] Ex. A at 32:6-11; 32:24-33:6; 36:2; 43:12-24.
[8] *Id.* at 115:11-14.
[9] Rec. Doc. 43-1.
[10] Rec. Doc. 39-4 (Wright Dep.) at 15:15-16 ("We follow Robert's Rules of Order"); Rec. Doc. 48-4 at RFA 26 ("Robert's Rules of Order does not include an 'on topic' rule. . . . Admitted."); Rec. Doc. 48-5 at RFP 2; Rec. Doc. 48-5 ("Mr. Perrilloux moved and Mr. Wolfe seconded the motion to allow the public to speak when motions are made by the Council, with a limitation of 3 minutes per person."); Rec. Doc. 39-4 (Wright Dep.) at 20:11 ("Q. So based on the discovery response, any written rules for public comment would be in here? A. Yes. . . .  Q There's no, public commenter has to be on topic rule, is there? A No, but I believe that may be in state law. I'm not certain. I don't have it in front of me."); Rec. Doc. 39-4 ("Q Right. And so if there's no state statute that says the comment has to be on-topic, then the Parish doesn't have such a rule, agreed? A Agreed.").
[11] Ex. A at 36:8-15.