UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY BANNER, Ph.D.                             )
                                              )
          Plaintiff,                          )
     v.                                       )      Case No. 23-cv-7296
                                              )
MICHAEL WRIGHT, in his individual and         )
official capacities, JACLYN HOTARD, in her    )
individual and official capacities; and       )
ST. JOHN THE BAPTIST PARISH;                  )
                                              )
          Defendants.                         )
                                              )

**JOINT PRETRIAL ORDER**

## I.    DATE OF PRETRIAL CONFERENCE

January 15, 2025 at 2:00 p.m.

## II.    APPEARANCE OF COUNSEL AND PARTY REPRESENTED

Plaintiff, Joy Banner, Ph.D:
William Most (#36914)
David Lanser (#37764)

Defendants Michael Wright, Jaclyn Hotard, Parish of St. John the Baptist:
Ike Spears (#17811)

## III.    DESCRIPTION OF PARTIES

Plaintiff Joy Banner is an individual of the full age of majority. She resides in St. John the Baptist Parish, Louisiana.

Defendant Michael Wright is an individual of the full age of majority. He resides in St. John the Baptist Parish, Louisiana.

Defendant Jaclyn Hotard is an individual of the full age of majority. She resides in St. John the Baptist Parish, Louisiana.

Defendant St. John the Baptist Parish is a political subdivision of the State of Louisiana.

1

IV.     **JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §

1983.

V.     **PENDING/CONTEMPLATED MOTIONS OR SPECIAL ISSUES FOR DETERMINATION IN ADVANCE OF TRIAL**

   a.  **Rec. Doc. 48:** Plaintiff has filed a motion in limine seeking to bar any argument regarding any "on-topic rule." Plaintiff argues that governing bodies *may* adopt an on-topic rule, but that Defendant St. John the Baptist Parish has not done so. Defendants counter that there is caselaw to support the existence of an "on-topic" rule.

   b.  **Rec. Doc. 50:** Plaintiff has filed a motion in limine seeking to bar any argument regarding her alleged legal violations.

   c.  **Rec. Doc 71:** Plaintiff has filed a motion in limine to exclude witnesses which Plaintiff alleges Defendants did not timely identify. Defendants contend they timely filed their witness list pursuant to the Court's Scheduling Order. Plaintiff contends that Defendants also had to identify potential witnesses in their initial disclosures, and did not.

   d.  **Rec. Doc. 74**: Plaintiff has filed a *Daubert* motion seeking to exclude the testimony of Attorney-Expert Richard Stanley.

   e.  **Rec. Doc. 77:** Plaintiff has filed a motion for partial summary judgment regarding her claim that Defendants violated Louisiana's Open Meetings Law.

   f.  **Rec. Doc. 87:** Defendants have filed a motion for partial summary judgment on Plaintiff's Open Meetings Law claim on several grounds.

   g.  **Rec. Doc. 92:** Plaintiff has filed a Motion for Sanctions, seeking leave for a limited re-deposition of Defendant Hotard and attorneys fees.

VI.     **BRIEF SUMMARY OF MATERIAL FACTS CLAIMED**

   a.  **By Plaintiff Joy Banner:**

Plaintiff Joy Banner, Ph.D is a community leader in St. John the Baptist Parish who has

frequently participated in public meetings for several years. She is an active member of the

community who is especially concerned with corruption issues in her home parish. In 2023, Dr.

Banner filed an ethics complaint against Parish President Defendant Jaclyn Hotard. The complaint alleges that Defendant Hotard signed a rezoning application which was submitted to the Planning Commission which would directly affect the value of property owned by Gaumet Holdings, LLC. Gaumet Holdings is owned and operated by Defendant Hotard's mother-in-law, Darla Gaudet. Ms. Gaudet's LLC's land ran right through the middle of the area to be rezoned. Because of the then-expected $800 million Greenfield grain terminal project, this re-zoning effort would significantly increase the property owned by Defendant Hotard's close relative.

On November 28, 2023, the St. John the Baptist Parish Council held a public meeting. One agenda item at that meeting read: "J) Jaclyn Hotard – Authorization to retain Legal Services with the Law Firm, R. Gray Sexton, as Special Council, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute." Dr. Banner intended to use her public comment time to discuss the impropriety of using taxpayer money to hire a private defense lawyer to defend a Parish employee against ethical misconduct charges. Defendants have conceded that the agenda item concerned, at least in part, the ethics investigation filed by Dr. Banner. Dr. Banner printed out pamphlets which she intended to distribute to the Council and a blown-up posterboard exhibit to display, both at her own expense.

At the November 28 meeting, Defendant Michael Wright was acting in his capacity as the Council Chairman and Defendant Hotard attended in her capacity as Parish President. Both positions are elected. Defendant Michael Wright had been a member of the council since 2011 and had presided over at least dozens of meetings in the capacity as chairman. Defendant Hotard has also attended dozens of meetings in her capacity as Parish President.

Defendant Wright opened the meeting with a prayer and called for public comment. After

waiting only two seconds, he closed the public comment period. Dr. Banner was already approaching the lectern and requested to be heard. Defendant Wright re-opened public comment and Dr. Banner gave her name and address and stated that she wanted to speak on Agenda Item J and an executive session item. Defendant Wright explained that she could not speak on an executive session item and Dr. Banner agreed to only speak on Agenda Item J.

Seconds after Dr. Banner began speaking on Agenda Item J, she was interrupted by Defendant Hotard who stated that she was off-topic. Defendant Wright banged his gavel and took the floor, asking her to hold public comment. Dr. Banner complied. Defendants told Dr. Banner that she must stay on topic. Dr. Banner explained that she was on topic, specifically that taxpayers should not have to pay for an attorney to defend against an ethics investigation. After a brief exchange in which Dr. Banner was gaveled quiet again and Defendant Hotard interrupted Dr. Banner, Defendant Wright re-took the floor and read La. R.S. 42:1121 into the record. The statute, which was declared unconstitutional according to a notice printed on the top of the page from which Defendant Wright read, stated that Dr. Banner could be fined and/or imprisoned for discussing an ethics complaint. Interpreting this as a threat, Dr. Banner finished her comment prematurely and sat down.

Shortly after, Defendant Wright cleared the chambers. During the recess, the Deputy Director of Public Safety, who answers to Defendant Wright, told Dr. Banner that she needed to calm down.

As a result, several individuals who came to speak on Agenda Item J decided not to do so out of fear of prosecution, including Dr. Banner's twin sister, Jo.

Further, Defendants concede that the Parish has never explicitly adopted an on-topic rule, nor maintained such a rule in writing.

a. **By Defendants:**

Plaintiff, Joy Banner, (hereinafter referred to as "Plaintiff"), filed a suit against Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St.John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), claiming that Defendants violated her United States Constitutional First Amendment Right, Louisiana Constitutional Right to Freedom of Speech, and the Louisiana Open Meetings Law during St. John the Baptist Parish's November 28, 2023, Parish Council Meeting.

Defendants strongly maintain that there has been no violation of the Louisiana Open Meetings Law and that Plaintiff's First Amendment rights were not violated, either under the Louisiana or the United States Constitution, during their November 28, 2023, Parish Council Meeting.

    I.   <u>Defendants' Response to Plaintiff's Open Meeting Law Violation Claims</u>

Firstly, Plaintiff alleges that Defendants violated the Open Meetings Law during their November 28, 2023 Parish Council Meeting.

Pursuant to *La. Rev. Stat. §42:11*, *et seq.* the requirements for an Open Meeting are: 1) to have notice of the meeting at least 24 hours before the meeting via placement of a copy of the notice at the place of the meeting or at the body's official office; 2) allow for some means of public comment; *La. Rev. Stat. §42:19 (D)* requires each public body (except school boards) conducting a meeting that is subject to the notice requirement of *La. Rev. Stat. §42:19 (A)* to allow a public comment period prior to action on an agenda item upon which a vote is to be taken. The governing body may adopt reasonable rules and restrictions regarding this comment period; 3) allow for recording of the meeting by the audience; 4) record minutes of the proceedings; and 5) have "open

meetings— that are observable to the public with an opportunity for public participation; public bodies may not close their meetings to the public absent narrowly defined exceptions.

The underlying policy expressed by the Louisiana State Legislature in enacting the Open Meetings Law is provided at *La. Rev. Stat.* §42:12, which states: "[i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy." To give effect to the underlying policy, the Legislature prescribes in some detail what a public body is *required* to do in some instances, and what a public body is *permitted* to do in other instances, in conducting public business.

The St. John the Baptist Parish Council is by definition a "public body" under the Open Meetings Law. As such, the St. John the Baptist Parish Council complies with the requirements of the Open Meetings Law, and acts within the discretion permitted by statute, to facilitate open access to meetings.

All the evidence shows that Defendants did not violate the Open Meetings Law during their November 28, 2023 Parish Council Meeting; they complied with all the requirements as laid out in *La. Rev. Stat. §42:11*, *et seq.*

There is no dispute that the St. John the Baptist Parish Council meeting on November 28, 2023 was properly noticed and open to the public as required under *La. Rev. Stat.* §42:14 and *La. Rev. Stat.* §42:19, as well as live broadcast as permitted under *La. Rev. Stat.* §42:23 to benefit members of the public who chose not to attend the meeting in person. It is also undisputed that Plaintiff was physically present at the public meeting, that she was able to observe the public

meeting, and that she was allowed to speak during the public comment period at the beginning of the meeting, prior to any action taken by the Parish Council.

Moreover, a Louisiana Fifth Circuit Court of Appeal has already held the these same Defendants complied with the Open Meetings Law during this very same November 28, 2023 Parish Council Meeting; the state appeals court held that the Defendants' rules and restrictions on the public comment period, (specifically, the three (3) minutes per public comment and limited to on-topic comments only), was reasonable and within the legal limits of the Open Meetings Law; that the public had prior notice on the properly noticed agenda and that that everyone present in the Council chambers was notified by the Chairman, orally and on the TV screens behind the Council and there was no violation. [1]

Plaintiff's complaint is that the Defendants should have allowed her unfettered access to the public comments period so she could rant and rave about the allegations of an individual ethics complaint–which was not an agenda item; even though Plaintiff claimed to commenting on Agenda "J" –which was only up to vote on about whether to a retain a specific attorney to perform legal services related to ethics law for the Parish Council as whole, (which would include, but not limited to, representation of a couple ethics complaints), it was clear from the evidence that she was not on topic to the agenda item; her public comment included specific allegations about an individual ethics complaint. Chairman Michael Wright has a duty and obligation to maintain order during Council meetings and has to make sure that speakers remain on topic.

Furthermore, while that is clear that the public comment requirement, pursuant to *La. Rev. Stat. §42:14(D),* only applies to public comments prior to action on an agenda item upon which a

---

[1] *Shondrell Perrilloux v. St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish, No. 24-CA-280,* (October 18, 2024)

vote is to be taken and that the Open Meetings Law does not *require* public bodies, when conducting meetings, to allow everyone with opinions and beliefs to express themselves at any public place or at any time, even though the Plaintiff's public comment was clearly off- topic, she was allowed to speak for more than five (5) minutes, prior to any vote taken by the Parish Council; she spoke until she voluntarily stopped speaking, walked away from the lectern on her own, and she was not forcibly removed by the Defendants.

Finally, since there was no violation of the Open Meetings Law during the November 28, 2023 Parish Council Meeting, Defendants, (in their official capacity and personally), could not have intentionally and/or willfully participated in an unlawful hearing.

II.    Defendants' Response to Plaintiff's First Amendment Violation Claim

Secondly, Plaintiff alleges that Defendants violated her First Amendment rights during public comment during the November 28, 2023 meeting.

Council Chair, Defendant Michael Wright, recognized and allowed Plaintiff more than her allotted three (3) minutes time limit at the podium for public comment on Agenda Item J. Wright was respectful and calm in demeanor throughout his exchanges with both Plaintiff and all other commentors in continually requesting that Banner, and all speakers, stay on topic by limiting their comments to the actual agenda item as is required by Council rule and Louisiana statutes on open meetings. Plaintiff overtly stated, and insisted, that her comments were going to be specifically related to the ethics complaint instituted by her against Parish President Hotard.

Certain members of the public, who appeared at the above meeting, shouted comments at the council throughout the meeting and while Plaintiff was at the podium for comment. Another person, identifying herself as Shondrell Perrilloux, rose to the podium after Plaintiff voluntarily left the podium. Perrilloux proceeded to give her public comment. However, both Plaintiff and

Perrilloux refused to stay on topic and address the specific agenda item. Instead, both Plaintiff and Perrilloux chose to make personal and inflammatory allegations and comments against Hotard and the Parish Council.

Defendant Wright continued to remind the public to limit their comment to the specific agenda items. Plaintiff and Perrilloux insisted on making direct accusations, unsubstantiated allegations, and comments directly against Defendant Hotard during public comment. Such actions and behavior were in violation of the reasonable "on-topic" public comment rules and decorum policy long established by the Council.

Defendant Wright, in an attempt to maintain order, decorum, and have commentors stay on topic, as is his obligation as Chair, read his layperson appreciation of a published Louisiana statute related to discussion of ethics matters in Louisiana. Defendant Wright is not an attorney. Defendant Hotard is also not an attorney. Defendant Hotard, however, has always been advised by the staff at the Louisiana Board of Ethics that investigations are strictly confidential and not to be disclosed. Defendant Wright's rendition of the statute was simply by reference out of concern that neither the Council, nor any person in public comment, were in violation of any rules or Louisiana law.

At no time did either Defendant Wright or Defendant Hotard ever threaten Plaintiff, or any other person, with arrest or prosecution under the statute. No defendant herein ever requested, nor ordered, any person or law enforcement officer to remove Plaintiff or any other persons from the podium or the Council meeting.

## VII.    SINGLE LISTING OF UNCONTESTED MATERIAL FACTS

a.  The St. John the Baptist Parish Council is a public body subject to Louisiana's Open Meetings Law.[2]

b.  The Parish Council held a public meeting on November 28, 2023.[3]

c.  Defendant Michael Wright was the council chair at the November 28, 2023 meeting.[4]

d.  Defendant Jaclyn Hotard was elected St. John the Baptist Parish President in October 2019.

e.  Jaclyn Hotard attended the November 28, 2023 meeting in her capacity as Parish President.

f.  Prior to the meeting, Dr. Banner filed an ethics charge against Jaclyn Hotard.

g.  The ethics charge alleged that Jaclyn Hotard had signed a rezoning application that would significantly affect the value of her mother-law's LLC's property, in violation of state ethics law.

h.  Agenda Item J at the November 28, 2023 meeting read "J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as Special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute."

i.  During the public comment period of the meeting, Dr. Banner walked to the podium and began to speak.[5]

j.  Jaclyn Hotard told Dr. Banner during her public comment that she was in "violation of state law" and asked Chairman Wright to "stop this comment."[6]

k.  Chairman Wright read La. R.S. 42:1141.4(L)(1) aloud during Dr. Banner's public comment.[7]

l.  La. R.S. 42:1141.4(L)(1) states, in part, that a violator may be punished "by a fine

---

[2] *Cf.* R. Doc. 79 at 13 (Defendants' Response to Material Facts, noting that this fact is "Undisputed.")
[3] *Id*.
[4] *Id*.
[5] R. Doc. 43-1 (Stipulated Transcript) at 3.
[6] R. Doc. 43-1 (Stipulated Transcript) at 8.
[7] R. Doc. 43-1 (Stipulated Transcript) at 10-11.

of not more than two thousand dollars or imprisonment for not more than one year, or both."

m. In 2014, a federal judge determined that "R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part."[8]

## VIII.  SINGLE LISTING OF CONTESTED MATERIAL FACTS

a. The extent to which Dr. Banner was prevented from speaking.

b. Whether Dr. Banner voluntarily stopped speaking or if it was due to the threats of prosecution.

c. Whether the Parish or State has a rule requiring public commenters to remain on topic.

d. Whether Defendants threatened Dr. Banner with prosecution.

e. Whether Defendants had a "motive or intent in silencing" the plaintiff.[9]

f. Whether Defendants' statements could be reasonably understood to be a coercive threat.[10]

g. The Louisiana Board of Ethics has since dismissed Dr. Banner's complaint after a very brief investigation, finding that Parish President Jaclyn Hotard did not commit any ethics violations.

## IX.  SINGLE LISTING OF CONTESTED ISSUES OF LAW

a. Whether and to what extent La. R.S. 42:1141.4 (L)(1) was held to be unconstitutional.

b. Whether and to what extent La. R.S. 42:1141.4 (L)(1) is unconstitutional under the facts of this case.

c. Whether it was illegal for Dr. Banner to discuss the ethics complaint she filed against Defendant Hotard.

d. Whether Defendants violated Louisiana's Open Meetings Law in how they

---

[8] *King v. Caldwell ex rel. La., AG,* 21 F. Supp. 3d 651, 656 (E.D. La. 2014) ("The Court is persuaded that La. R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part.")
[9] See Rec. Doc. 25 (Order Denying Motion to Dismiss) at 13.
[10] *Id*. at 14.

conducted the Parish Council meeting on November 23, 2023.

    e.   Whether Defendants violated Dr. Banner's First Amendment rights in restricting her speech during public comment.

    f.   Whether Defendants engaged in viewpoint discrimination.

    g.   Whether Defendants retaliated against Dr. Banner.

## X.    <u>LISTS OF EXHIBITS</u>

    a.   <u>Joint Exhibits</u>

| Ex. | Description |
|-----|-------------|
| J1 | Video of November 28, 2023 council meeting |
| J2 | November 28, 2023 council meeting agenda |
| J3 | Stipulated transcript of the November 28, 2023 council meeting |
| J4 | October 26, 2023 Complaint from Joyceia Banner/Pam Spees to the Louisiana Board of Ethics (with its attached exhibits) |
| J5 | Louisiana Legislative Auditor "White Paper," Open Meetings Law, RS 42:11-42:28 |

    b.   *On behalf of Plaintiff Joy Banner*

| Ex. | Description | Obj. to Admissibility | Obj. to Authenticity |
|-----|-------------|-----------------------|----------------------|
| P1 | Highlighted copy of Revised Statute 42:1141.4 | Object to relevancy | |
| P2 | Public Records Response and Highlighted copy of Revised Statute 42:1141.4 | Object to relevancy | |
| P3 | Apple Watch photos and data | Object to relevancy | Object to authenticity |
| P4 | Excerpts from Defendants' Discovery Responses | | |
| P5 | Text messages between Darla Gaudet and Jaclyn Hotard | Object to relevancy | |
| P6 | Gaumet Holdings LLC operating agreement | Object to relevancy | |
| P7 | Assessor Parcel Maps | Object to relevancy | |
| P8 | Joy Banner Demonstrative from November 28, 2023 | Object to relevancy | |
| P9 | Official proceedings of May 27, 1993 council meeting | | |
| P10 | King v. Caldwell ex rel. Louisiana (if *Daubert* motion denied) | Object to relevancy | |
| P11 | List of Darla Gaudet Businesses from SoS | Object to relevancy | |
| P12 | Nov. 9, 2021 Letter from Greenfield to Gaumet Holding | Object to relevancy | |

| | | | |
|---|---|---|---|
| P13 | Gaumet Holdings Assessor Listings | Object to relevancy | |
| P14 | Map of 0300038900 | Object to relevancy | |
| P15 | Hotard Letter of Support | | |
| | Any documents listed by Defendants | | |
| | Any documents necessary for impeachment (e.g., deposition transcripts) | | |

      a.   On behalf of Defendants

| Ex. | Description | Obj. to Admissibility | Obj. to Authenticity |
|---|---|---|---|
| D1 | Minutes (Official Proceedings) St. John the Baptist Parish Council, Tuesday November 28, 2023 | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| D2 | Roberts Rules of Order, 12th Edition | *Id.* | |
| D3 | *Louisiana Board of Ethics v. Daryl G. Purpera, in His Official Capacity as Legislative Auditor for the Louisiana Auditor's Office*, 321 So.3d. 401 | *Id.* | |
| D4 | Louisiana Attorney General Opinion 01-367 (Ops. La. Atty. Gen. Jan. 23, 2002) | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). Hearsay and violation of Order in Limine (Rec. Doc. 53) | |
| D5 | Louisiana Attorney General Opinion 01-394 (Ops. La. Atty. Gen. Nov. 8, 2001) | *Id.* | |
| D6 | Louisiana Attorney General Opinion 04-0107 (Ops. La. Atty. Gen. Apr. 27, 2004) | *Id.* | |
| D7 | Official Proceedings of St. John the Baptist Parish Council State of Louisiana, Taken at its First Meeting of its Second Term, Held on Monday, January 11, 1988 | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| D8 | November 7, 2023 Letter from Louisiana Board of Ethics | Relevance (Fed. R. | |

| | | | |
|---|---|---|---|
| | (Carolyn Landry) to Jaclyn Hotard | Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). Hearsay and violation of Order in Limine (Rec. Doc. 53). | |
| D9 | February 2, 2024 Letter from Louisiana Board of Ethics (Shannon McLean) to Jaclyn Hotard | *Id.* | |
| D10 | Louisiana Board of Ethics Notice of Confidentiality | *Id.* | |
| D11 | E-mail exchange between Jaclyn Hotard and Louisiana Board of Ethics, November 17, 2023-November 27, 2023 | *Id.* | |
| D12 | September 10, 2024 Letter from Louisiana Board of Ethics (Mallory Guillot) to Jaclyn Hotard | *Id.* | |
| D13 | Social Media Postings (Facebook, Instagram, X-formerly known as Twitter) of Joyceia Banner | Relevance (Fed. R. Evid. 402). Not produced in discovery; produced to Plaintiff for the first time on December 23, 2024. | |
| | Any exhibit listed or introduced by Plaintiff | | |
| | Any documents produced by Defendants during discovery in this matter | Plaintiff objects to this catch-all category as not providing sufficient notice of what is intended for use at trial. | |
| | Any documents received from Plaintiffs during discovery in this matter. Any documents necessary for impeachment of any witness. | Plaintiff objects to the catch-all category of any documents received from Plaintiff as not providing sufficient notice of what is intended for use at trial. | |

## XI.    DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE

None, except any portions used for cross examination, rebuttal, and/or impeachment.

## XII. <u>LIST OF CHARTS, GRAPHS, MODELS OR SCHEMATIC DESIGNS</u>

Plaintiff anticipates uses enlarged copies of exhibits, discovery responses, and/or deposition testimony. Plaintiff also anticipates using a Powerpoint demonstrative during opening and closing.

Defendants do not anticipate using charts, graphs, models, or schematic designs.

## XIII. <u>LISTS OF WITNESSES</u>

a. By Plaintiff Joy Banner:

    i. <u>Will Call</u>

        1. Joy Banner

        2. Michael Wright;

        3. Jaclyn Hotard;

        4. Jo Banner;

    ii. <u>May Call</u>

        1. Stephenie Aubert;

        2. Kim Mathieu;

        3. Tonia Schnyder;

        4. Darla Gaudet;

        5. Mallory Guillot;

        6. William Banner; and

        7. Harriett Banner.

    iii. Any other witness identified by any party.

b.  By Defendants

    i.  <u>Will Call</u>

       1.  Jaclyn Hotard

       2.  Michael Wright

       3.  Jackie Landeche

       4.  Joyceia "Joy" Banner

       5.  Jocyntia "Jo" Banner

       6.  Shondrell Perrilloux

       7.  Richard Stanley

       8.  R. Gray Sexton

       9.  Alesia M. Ardoin

       10. Carolyn Abadie Landry

       11. Mallory A. Guillot

    ii.  <u>May Call</u>

       1.  Lucien Gauff

       2.  Kim Matthieu

       3.  Justine Kray

       4.  Crystal Cook (formerly identified as Crystal Harris)

       5.  Any witness listed by Plaintiff

**XIV.**  **<u>MODE OF TRIAL</u>**

This case has been designated as a jury trial.[11]

**XV.**  **<u>STATEMENT OF TRIAL OF SEPARATE ISSUES</u>**

---

[11] Rec. Doc. 29 (Order that the "January 27, 2025 bench trial is converted to a trial by jury.")

This trial has not been bifurcated, and no issues are to be separately tried.

## XVI.  OTHER PERTINENT MATTERS

Plaintiff objects to Crystal Cook being listed as a witness by Defendant, because she was not identified in initial disclosures and her correct name was only provided to Plaintiff on December 23, 2024.

## XVII.  COMMENCEMENT OF TRIAL

Trial shall commence on January 27, 2025 at 9:00 a.m. Trial is estimated to last three to four days.

## XVIII. FORMULATION OF PRETRIAL ORDER

The pre-trial order has been formulated after conference of counsel. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by the Court, or by order of the Court to prevent manifest injustice.

## XIX.  POSSIBILITY OF SETTLEMENT

The parties appeared for a settlement conference on December 20, 2024 at 10:00 a.m. No settlement was reached.

Respectfully submitted,


*/s/ Ike Spears*
IKE SPEARS, #17811
SPEARS & SPEARS, LLC
909 Poydras Street, Suite 1825
New Orleans, LA 70112
Office: (504) 593-9500
Facsimile: (504) 523-7766
Email: ikespears@gmail.com
*Attorney for Defendants*

_/s/ William Most_____
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com
_Attorney for Plaintiff_