UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. <br>     Plaintiff <br><br> VERSUS <br><br> MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities, and ST. JOHN THE BAPTIST PARISH; <br>    Defendants. | * <br> * <br> *    Case No. 23-cv-7296 <br> * <br> *    Judge Nannette J. Brown <br> * <br> *    Magistrate Judge Karen W. <br> *    Roby <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully submit their Memorandum in Opposition to Plaintiff, Joy Banner, Ph.D.'s Motion for Sanctions.

Plaintiff propounded discovery requests to Defendant Jaclyn Hotard, (hereinafter "Ms. Hotard"), including the following:

> REQUEST FOR PRODUCTION No. 5:  All correspondence, including emails and text messages, with Darla Gaudet regarding Dr. Joy Banner, The Descendants Project, Greenfield Louisiana, LLC, the Greenfield grain elevator project, or the property owned by Gaumet Holdings, LLC in the vicinity of the Greenfield grain elevator project.
>
> RESPONSE TO REQUEST FOR PRODUCTION No. 5: No such documents exist. There are no letters, correspondences, memorandums, or documents which are responsive to REQUEST FOR PRODUCTION No. 5. ***No such documents exist.*** Nonetheless, there are, however, several text message exchanges between Jaclyn Hotard and her mother-in-law Darla Gaudet which arguably could be

responsive to this request. As detailed in Ms. Hotard's attached affidavit ("Exhibit A"), it was an inadvertent oversight that caused her failure to locate and produce these text messages.

A separate subpoena seeking the same material was issued to Darla Gaudet. Ms. Gaudet subsequently disclosed records of approximately fifteen text exchanges between herself and Ms. Hotard which occurred between October 2023 and June 2024. These text message exchanges are arguably responsive to Plaintiff's REQUEST FOR PRODUCTION No. 5.[1] Counsel for Plaintiff has already deposed Darla Gaudet extensively relative to the content and context of these text message exchanges. Hence, his request to re-open the deposition of Ms. Hotard should be denied. Additionally, his request for attorney's fees should be denied as his time and effort to secure documents and records from third-party witness Darla Gaudet was opposed by Ms. Gaudet's attorney, not Ms. Hotard.

Based on Ms. Gaudet's document production, Plaintiff accuses Ms. Hotard of giving willfully inaccurate deposition testimony and providing willfully inaccurate discovery responses, as follows:

(i)  Plaintiff accuses Ms. Hotard of deliberately concealing the fact that she communicated with her mother-in-law, Darla Gaudet, about the Greenfield project and deliberately concealing her (alleged) detailed knowledge of the property in which her mother-in-law had an interest;

(ii) Plaintiff asserts that Ms. Gaudet assisted Ms. Hotard in Ms. Hotard's deposition preparation and accuses Ms. Hotard of deliberately concealing the (alleged) fact that she received Ms. Gaudet's assistance;

(iii) Plaintiff accuses Ms. Hotard of deliberately concealing "hundreds" of text messages between herself and Ms. Gaudet which should have been produced as a response to plaintiff's requests for production. [2]

---

[1] Plaintiff describes the production as "hundreds" of text messages, which is inaccurate. Ms. Gaudet's production includes approximately fifteen exchanges between Ms. Gaudet and Ms. Hotard between October 2023 and August 2024. Each of the exchanges consists of a series of text messages, with the number of text messages in each exchange ranging from 4 to 12 messages. The total number of text messages, counted individually, is approximately one hundred.

[2] Defendants will again point out that Plaintiff's claim that the two women exchanged "hundreds" of text messages is inaccurate. What is in question is approximately a dozen exchanges between Ms. Gaudet and Ms. Hotard between October 2023 and August 2024. Each of the exchanges consists of a series of text messages, with the number of text messages in each exchange ranging from 4 to 12 messages. The total number of text messages, counted individually, is approximately one hundred.

Plaintiff seeks sanctions for the alleged deliberate misconduct. However, Defendants show that there has been no deliberate misconduct and no penalties are warranted. Furthermore, counsel for Plaintiff has already deposed Darla Gaudet extensively relative to the content and context of these text message exchanges. For this reason, Plaintiff's counsel should not be given the opportunity to re-open the deposition of Jaclyn Hotard relative to these text exchanges.

## I.  *Relevant Facts*

On September 21, 2023, Jaclyn Hotard, as St. John Parish President, submitted a zoning change application relating to the Greenfield project at the directive of a duly adopted resolution of the St. John Parish Council. She simply had a general understanding, based on communications from Planning and Zoning, that the zoning change was related to the Greenfield project. (Document 39-5: Hotard depo. 40-42).

In October 2023, Joy Banner filed a complaint with the Louisiana Board of Ethics asserting that Ms. Hotard had improperly acted under a conflict of interest when she signed the zoning change. Ms. Banner spoke publicly about the ethics complaint, posted on Facebook relating to the complaint, etc. (Document 39-5: Hotard depo. 47). On November 28, 2023, the confrontation giving rise to the current litigation occurred. Thus, in fall 2023, the alleged ethics transgression became a hot topic of public discussion (Document 39-5: Hotard depo. 82-83). The ethics complaint in question was subsequently dismissed by the Louisiana Board of Ethics, and no violation was found. This brings us to the first of Plaintiff's three accusations against Ms. Hotard:

## II.  *Did Ms. Hotard, in her deposition, deliberately conceal the fact that she communicated with her mother-in-law, Darla Gaudet, about the Greenfield project? Did Ms. Hotard deliberately conceal her detailed knowledge of the property in which her mother-in-law had an interest?*

Ms. Hotard, at her deposition, testified that, once the subject became a matter of public interest, she talked to a number of people about the subject and may also have texted and emailed them, but she doesn't recall the details (Document 39-5: Hotard depo. 82-83):

Q: On November 28th, 2023, there was an incident where Joy Banner was making public comment ... Have you talked to anyone about this incident, other than an attorney?

A: I'm sure I have.

Q: Like who?

A: I don't know.

Q: Have you texted with anybody about that incident?

A: I don't recall.

A (p. 83):   ... **it was a very public meeting.  Everybody was talking about it.** *(emphasis added)*

Plaintiff's counsel asked specifically whether Ms. Hotard had spoken to her mother-in-law about it, and Ms. Hotard replied as follows (Document 39-5: Hotard depo. 28):

> **Q:  You ever talk to Darla Gaumet** *(sic – Ms. Hotard's mother-in-law is actually named Darla Gaudet)* **about the Greenfield Grain Elevator Project?**
>
> **A:   I spoke with her, maybe, after the lawsuit was filed. I don't remember when a conversation --- I say, "Conversation."  When it came up between she and I after – I don't remember at what point ...**

Plaintiff now asserts that these text messages prove Ms. Hotard's testimony was willfully false. However, Ms. Hotard's testimony (that she communicated with Ms. Gaudet about the topic after it became a matter of public discussion) is consistent with the text messages.

Plaintiff, going further, insists that the text messages prove that, contrary to her deposition testimony, Ms. Hotard was thoroughly familiar with every detail of her mother-in-law's business. As proof of this, Plaintiff states that Ms. Hotard texted her mother-in-law a detailed map which shows the property in which her mother-in-law had an interest, carefully labelled as part of the Greenfield tract.   According to Plaintiff (Plaintiff's memorandum p. 4):

> (C)ontrary to Hotard's testimony that she didn't know "what land (Gaudet's business) purchase or don't purchase," the text messages show that Hotard texted her mother-in-law a map of Gaudet LLC's land highlighted on a map and listed by parcel number.

Plaintiff is mistaken. The map appears in only one place in the text messages and, to be precise, a review of the text messages, in context, will show that on December 5, 2023, Ms. Hotard texted her mother-in-law a newspaper article relating to the Greenfield controversy. The complete newspaper article occupies eleven (11) screens and has several illustrative photographs and advertisements inserted into the body of the article (Exhibit B: Bates stamp pages 106-127). The most striking photographs, at the beginning of the article, are photographs of Dr. Banner and supporters. The maps to which Plaintiff gives such great weight are small marginally legible inserts on page six of this eleven page article (Exhibit B: Bates stamp 121).

Ms. Gaudet then texted to Ms. Hotard, "They are the gift that keeps on giving" which, in context, appears to be a reference to the photograph of Dr. Banner and her supporters at the beginning of the article. This short text exchange, consisting of two text messages, does not prove that Ms. Hotard actually read the complete article. Most importantly, it does not justify the re-opening of Hotard's deposition. In sum, Ms. Hotard's testimony is consistent with the text messages.

This brings us to Plaintiff's second accusation.

III. <u>Did Ms. Hotard consult with Ms. Gaudet as part of her deposition preparation and then deliberately conceal the fact that Ms. Gaudet helped her prepare for the deposition?</u>

During her deposition, Plaintiff's counsel asked Ms. Hotard what she did to prepare for her deposition, resulting in the following exchange (Hotard depo. 7-9):

Q: Roughly, how long did you spend, ballpark, preparing for this deposition?

A: Thirty minutes.

Q: Aside from talking to a lawyer, what did you do during that preparation time?

A: I re-watched the Council meeting video, the November 28th Council meeting. That's really it.

Q: Did you look at any documents to prepare for this depo?

A: I looked at one or two excerpts from Ms. Banner's deposition …

Q (p. 9): … Other than an attorney, did you talk to anyone to prepare for today's deposition?

A: No, sir.

The text messages between Ms. Hotard and Ms. Gaudet include exactly one exchange relating to Ms. Hotard's deposition. On August 5, 2024, Ms. Hotard texts Ms. Gaudet a screen shot of Dr. Banner at the November 28th Council meeting and states:

*I'm rewatching this for my deposition tomorrow.*

This is consistent with Ms. Hotard's deposition testimony that she "re-watched the Council meeting video" in preparation for her deposition.

What Ms. Hotard said was truthful. Plaintiff reasons that Ms. Hotard testified that the only person she talked to "to prepare for today's deposition" was her attorney, and this text message proves Ms. Hotard also talked to Ms. Gaudet "to prepare for today's deposition." But the text message simply doesn't support Plaintiff's interpretation. The text is merely a one-sentence description of what Ms. Hotard is doing. The text does not suggest, let alone prove, that Ms. Gaudet and Ms. Hotard talked in order to "prepare (*Ms. Hotard*) for today's deposition."

IV. <u>**Did Ms. Hotard deliberately conceal "hundreds" of text messages between herself and Ms. Hotard which should have been produced as a response to plaintiff's requests for production?**</u>

Appended hereto as "Exhibit A" is Ms. Hotard's affidavit in which she explains that her failure to locate and produce copies of several text messages as part of her discovery response was inadvertent. Defendants would show that inadvertent errors of this type are common and there is

nothing inherently incredible in Ms. Hotard's affidavit.

As detailed hereinbelow, the now disclosed text messages between Jaclyn Hotard and her mother-in law, Darla Gaudet, constitute 15 exchanges between October 16, 2023, and September 14, 2024. Most of these exchanges are irrelevant to the underlying litigation or unresponsive to the discovery request in question. Darla Gaudet has already been deposed and questioned extensively by Plaintiff's counsel regarding the content and context of these emails. Hence, the re-opening of Ms. Hotard's deposition, even for a limited purpose, is completely unnecessary.

Plaintiff's counsel's representation that there are "hundreds" of text messages at issue is simply misleading and inaccurate. Specifically:

1) Text Exchange #1 (**October 16, 2023** – Bates # 00094-00098):

    This is an extended text exchange between Ms. Hotard and Ms. Gaudet wherein they discuss comments being made at the planning commission meeting regarding the re-zoning impact on property values. They point out the irony that the opponents said the property values would decrease and the proponents stated the property values would increase.

    The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

    The text exchange offers no new information that would potentially impact the outcome of the current litigation. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

2) Text Exchange #2 (**October 23, 2023** – Bates # 00099-00105:

    This is a text exchange wherein Ms. Gaudet shared a news story published by Lobservateur.com discussing the Banner ethics complaint against Ms. Hotard. Ms. Gaudet and Ms. Hotard both express concern that the reporter did not reach out for comment before publication.

    The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

This exchange is clearly irrelevant to the contested issues in this case. Furthermore, the context is clear and unequivocal. Its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

3) Text Exchange #3 (**December 5, 2023** – Bates # 00106-00127):

This text exchange consists of two online news articles sent from Ms. Hotard to Ms. Gaudet. The first is a *Nola.com* article discussing the litigation and ethics complaint around the proposed Greenfield Grain Elevator. The second is a *thelensnola.com* article discussing Joy Banner being told to curtail her remarks at the November 28th Parish Council meeting. The only additional comment was a text from Ms. Gaudet stating, "They are the gift that keeps on giving" followed by two poop emojis.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

This exchange is clearly irrelevant to the contested issues in this case. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

4) Text Exchange #4 (**December 14, 2023** – Bates # 00128-00131):

This is a text exchange between Ms. Hotard and Ms. Gaudet wherein Ms. Hotard advised:

   i. The electricity is out at the courthouse, and Entergy is trying to get it restored;
   ii. Judge Snowdy has taken a Motion for New Trial under advisement and will rule in 14 days; and
   iii. Judge Snowdy ruled to consolidate all the pending cases.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

5) Text Exchange #5 (**December 28, 2023** – Bates # 00132-00134):

This is a brief text exchange sharing a social media post noting that The Descendants Project and other non-profit organizations which are opposing the Greenfield project are tax-exempt and pay no taxes.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

6) Text Exchange #6 (**February 16, 2024** – Bates # 00135-00138:

This is a brief text exchange regarding whether Ms. Gaudet still has time to make it to a meeting that is currently underway.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

7) Text Exchange #7 (**March 19, 2024** – Bates # 00139-00140):

This is a brief text exchange with Ms. Gaudet inquiring whether the Greenfield matter is "going before the Council today for approval" and who voted NO for Greenfield.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

8) Text Exchange #8 (**April 4, 2024** – Bates # 00141-00141):

This is a brief text exchange wherein Ms. Hotard advised Ms. Gaudet that Judge "Snowdy probably won't rule today" and she won't make it back from Covington in time for dinner at the Mexican restaurant.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange. The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

9) Text Exchange #9 (**April 9, 2024** – Bates # 00142-00145):

This is a brief text exchange with Ms. Gaudet inquiring whether the Greenfield matter was on the Council agenda tonight. Ms. Hotard later advised that the re-zoning passed by a vote of 7-2.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange. The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

10) Text Exchange #10 (**May 28, 2024** –Bates # 00146-00148):

This is a brief text exchange with Hotard informing Ms. Gaudet that she has just learned that attorney William Most wants to subpoena Ms. Gaudet for a deposition in the state court Greenfield re-zoning case.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange. The text exchange offers no new information that would potentially impact the outcome of the current federal court litigation. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

11) Text Exchange #11 (**June 17, 2024** – Bates # 00149-00152):

This is a brief text exchange wherein Ms. Gaudet informs Ms. Hotard that, "someone tried to serve papers on me today at the office!!" Ms. Gaudet is not sure if it is relative to the Greenfield matter or an unrelated "death" case.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

The text exchange offers no new information that would potentially impact the outcome of the current federal court litigation. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

12) Text Exchange #12 (**June 24, 2024** – Bates # 00153-00153):

This is a brief text exchange wherein Ms. Hotard provided the contact card for her attorney and Ms. Gaudet provided the name of her attorney.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

13) Text Exchange #13 (**August 5, 2024** – Bates # 00154-00155):

In this text, Ms. Hotard simply sends Gaudet a screenshot of the Parish Council meeting with Joy Banner speaking, and advises, "I'm rewatching this for my deposition tomorrow." There is no further comment or exchange.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. It also occurred after the July 2, 2024, submission of Ms. Hotard's response to REQUEST FOR PRODUCTION No. 5. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

14) Text Exchange #14 (**August 6, 2024** – Bates # 00156-00157):

This text is merely a press release from Greenfield announcing that it is halting the development of its Wallace Grain Facility. There are no additional texts or comments. The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange. The text exchange offers no new information that would potentially impact the outcome

of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. It also occurred after the July 2, 2024, submission of Ms. Hotard's response to REQUEST FOR PRODUCTION No. 5. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

15) Text Exchange #15 (**Sept 14, 2024** – Bates # 00158-00158):

This is a brief text exchange wherein Ms. Hotard advises Ms. Gaudet that the Ethics Board found no violation and the case is closed.

The context and content of this text exchange is already available to Plaintiff as Plaintiff's Counsel has previously deposed Ms. Gaudet regarding this text exchange.

The text exchange offers no new information that would potentially impact the outcome of the current litigation. It occurred after the subject Parish Council meeting of November 28, 2023. It also occurred after the July 2, 2024, submission of Ms. Hotard's response to REQUEST FOR PRODUCTION No. 5, and after Ms. Hotard's August 6, 2024, deposition in this matter. Furthermore, its disclosure does not warrant a re-opening of Ms. Hotard's deposition.

In sum, as demonstrated above, Plaintiff has not established any basis for sanctioning Ms. Hotard or for re-opening her deposition.

### V. *Should Plaintiff be permitted to take a supplementary deposition?*

Plaintiff asks for the opportunity to take a supplementary deposition as a sanction. Defendants have already demonstrated that there is no basis for sanctioning Ms. Hotard. In addition, Defendants would point out that there is nothing in the text messages which opens up a new line of questioning different from the questions asked at the original deposition.

For example, the contents of the December 5, 2023, newspaper article discussed above – the article containing the maps of the property in which Ms. Gaudet has an interest - were public information known to all parties prior to Ms. Hotard's original deposition. Plaintiff could have asked Ms. Hotard, at her original deposition, whether she had read this article, whether she had studied the maps reproduced in the article, etc. Plaintiff chose not to ask these questions. There

is no reason to re-open the deposition to permit plaintiff to ask, belatedly, questions which could have been asked at the previous deposition.

Hence, the request by Plaintiff's counsel to re-open the deposition of Ms. Hotard should be denied. The context and content of the now disclosed text exchanges have been thoroughly explored by Plaintiff's counsel in his court ordered deposition of Ms. Gaudet. Additionally, his request for attorney's fees should be denied as his time and effort to secure documents and records from third-party witness Darla Gaudet was not opposed by Ms. Hotard. This effort was opposed solely by Ms. Gaudet, through her counsel.

### VI. *Conclusion*

Based on the aforementioned, Defendants pray that Plaintiff's Motion for Sanctions be denied.

Respectfully Submitted:

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail:ikespears@gmail.com
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on December 31, 2024.

/s/ *Ike Spears*
Ike Spears