UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY BANNER, Ph.D.         )
                          )
    Plaintiff,        )
v.                        )    Case No. 23-cv-7296
                          )
MICHAEL WRIGHT, in his individual and )
official capacities, JACLYN HOTARD, in her )
individual and official capacities; and )
ST. JOHN THE BAPTIST PARISH; )
                          )
    Defendants.       )
                          )

**UPDATED JOINT PRETRIAL ORDER**

### I. DATE OF PRETRIAL CONFERENCE

    January 15, 2025 at 2:00 p.m.

### II. APPEARANCE OF COUNSEL AND PARTY REPRESENTED

    Plaintiff, Joy Banner, Ph.D:
    William Most (#36914)
    David Lanser (#37764)

    Defendants Michael Wright, Jaclyn Hotard, Parish of St. John the Baptist:
    Ike Spears (#17811)

### III. DESCRIPTION OF PARTIES

    Plaintiff Joy Banner is an individual of the full age of majority. She resides in St. John the Baptist Parish, Louisiana.

    Defendant Michael Wright is an individual of the full age of majority. He resides in St. John the Baptist Parish, Louisiana.

    Defendant Jaclyn Hotard is an individual of the full age of majority. She resides in St. John the Baptist Parish, Louisiana.

    Defendant St. John the Baptist Parish is a political subdivision of the State of Louisiana.

IV. **JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

V. **PENDING/CONTEMPLATED MOTIONS OR SPECIAL ISSUES FOR DETERMINATION IN ADVANCE OF TRIAL**

   a. **Rec. Doc. 48:** Plaintiff has filed a motion in limine seeking to bar any argument regarding any "on-topic rule." Plaintiff argues that governing bodies *may* adopt an on-topic rule, but that Defendant St. John the Baptist Parish has not done so. Defendants counter that there is caselaw to support the existence of an "on-topic" rule.

   b. **Rec. Doc. 50:** Plaintiff has filed a motion in limine seeking to bar any argument regarding her alleged legal violations.

   c. **Rec. Doc 71:** Plaintiff has filed a motion in limine to exclude witnesses which Plaintiff alleges Defendants did not timely identify. Defendants contend they timely filed their witness list pursuant to the Court's Scheduling Order. Plaintiff contends that Defendants also had to identify potential witnesses in their initial disclosures, and did not.

   d. **Rec. Doc. 74**: Plaintiff has filed a *Daubert* motion seeking to exclude the testimony of Attorney-Expert Richard Stanley.

   e. **Rec. Doc. 77:** Plaintiff has filed a motion for partial summary judgment regarding her claim that Defendants violated Louisiana's Open Meetings Law.

   f. **Rec. Doc. 87:** Defendants have filed a motion for partial summary judgment on Plaintiff's Open Meetings Law claim on several grounds.

   g. **Rec. Doc. 92:** Plaintiff has filed a Motion for Sanctions, seeking leave for a limited re-deposition of Defendant Hotard and attorneys fees.

VI. **BRIEF SUMMARY OF MATERIAL FACTS CLAIMED**

The plaintiff in this case is Dr. Joy Banner. The defendants are St. John the Baptist Parish, its Parish President Jaclyn Hotard, and the Chair of its Parish Council, Michael Wright.

The case involves a St. John the Baptist Parish Council meeting held on November 28, 2023. At the meeting, Plaintiff Banner approached the podium to speak during the public comment

period, specifically on an agenda item seeking to retain counsel "to perform services related to Ethics Laws." This was of interest to Plaintiff Banner, as she had previously filed an ethics complaint against Defendant Hotard.

Shortly after Plaintiff Banner began speaking, Defendants stated that she was "off topic" and in "violation of state law." Defendant Wright then read aloud a state statute which states, in part, that a violator may be punished "by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both." Plaintiff Banner ended her comment shortly thereafter.

Plaintiff contends that this violated her right to the freedom of speech, and Louisiana's Open Meetings Law. Defendants maintain that Plaintiff's comments were "off topic," and Chairman Wright has a responsibility to maintain order and to keep public comments "on topic" and within the allotted time period. Defendants further maintain that there was no violation of the Louisiana Open Meetings Law and that Plaintiff's First Amendment rights were not violated.[1]

## VII. SINGLE LISTING OF UNCONTESTED MATERIAL FACTS

a. The St. John the Baptist Parish Council is a public body subject to Louisiana's Open Meetings Law.[2]

b. The Parish Council held a public meeting on November 28, 2023.[3]

c. Defendant Michael Wright was the council chair at the November 28, 2023 meeting.[4]

d. Defendant Jaclyn Hotard was elected St. John the Baptist Parish President in October 2019.

---

[1] Parties conferred and agreed that, if Plaintiff's *Motion in Limine* regarding the "on topic" rule (R. Doc. 48) is granted, that this summary should be updated to delete all "on-topic" and "off-topic" references.
[2] *Cf*. R. Doc. 79 at 13 (Defendants' Response to Material Facts, noting that this fact is "Undisputed.")
[3] *Id*.
[4] *Id*.

3

    e. Jaclyn Hotard attended the November 28, 2023 meeting in her capacity as Parish President.

    f. Prior to the meeting, Dr. Banner filed an ethics charge against Jaclyn Hotard.

    g. The ethics charge alleged that Jaclyn Hotard had signed a rezoning application that would significantly affect the value of her mother-law's LLC's property, in violation of state ethics law.

    h. Agenda Item J at the November 28, 2023 meeting read "J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as Special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute."

    i. During the public comment period of the meeting, Dr. Banner walked to the podium and began to speak.[5]

    j. Jaclyn Hotard told Dr. Banner during her public comment that she was in "violation of state law" and asked Chairman Wright to "stop this comment."[6]

    k. Chairman Wright read La. R.S. 42:1141.4(L)(1) aloud during Dr. Banner's public comment.[7]

    l. La. R.S. 42:1141.4(L)(1) states, in part, that a violator may be punished "by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both."

    m. In 2014, a federal judge determined that "R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part."[8]

## VIII. SINGLE LISTING OF CONTESTED MATERIAL FACTS

    a. The extent to which Dr. Banner was prevented from speaking.

    b. Whether Dr. Banner voluntarily stopped speaking or if it was due to the threats of prosecution.

---

[5] R. Doc. 43-1 (Stipulated Transcript) at 3.
[6] R. Doc. 43-1 (Stipulated Transcript) at 8.
[7] R. Doc. 43-1 (Stipulated Transcript) at 10-11.
[8] *King v. Caldwell ex rel. La., AG,* 21 F. Supp. 3d 651, 656 (E.D. La. 2014) ("The Court is persuaded that La. R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part.")

    c. Whether the Parish or State has a rule requiring public commenters to remain on topic.

    d. Whether Defendants threatened Dr. Banner with prosecution.

    e. Whether Defendants had a "motive or intent in silencing" the plaintiff.[9]

    f. Whether Defendants' statements could be reasonably understood to be a coercive threat.[10]

    g. The Louisiana Board of Ethics has since dismissed Dr. Banner's complaint after a very brief investigation, finding that Parish President Jaclyn Hotard did not commit any ethics violations.

## IX. SINGLE LISTING OF CONTESTED ISSUES OF LAW

    a. Whether and to what extent La. R.S. 42:1141.4 (L)(1) was held to be unconstitutional.

    b. Whether and to what extent La. R.S. 42:1141.4 (L)(1) is unconstitutional under the facts of this case.

    c. Whether it was illegal for Dr. Banner to discuss the ethics complaint she filed against Defendant Hotard.

    d. Whether Defendants violated Louisiana's Open Meetings Law in how they conducted the Parish Council meeting on November 23, 2023.

    e. Whether Defendants violated Dr. Banner's First Amendment rights in restricting her speech during public comment.

    f. Whether Defendants engaged in viewpoint discrimination.

    g. Whether Defendants retaliated against Dr. Banner.

---

[9] See Rec. Doc. 25 (Order Denying Motion to Dismiss) at 13.
[10] *Id*. at 14.

## X.   LISTS OF EXHIBITS

a. Joint Exhibits

| Ex. | Description |
|---|---|
| J1 | Video of November 28, 2023 council meeting |
| J2 | November 28, 2023 council meeting agenda |
| J3 | Stipulated transcript of the November 28, 2023 council meeting |
| J4 | October 26, 2023 Complaint from Joyceia Banner/Pam Spees to the Louisiana Board of Ethics (with its attached exhibits) |
| J5 | Louisiana Legislative Auditor "White Paper," Open Meetings Law, RS 42:11-42:28 |

b. On behalf of Plaintiff Joy Banner

| Ex. | Description | Obj. to Admissibility | Obj. to Authenticity |
|---|---|---|---|
| P1 | Highlighted copy of Revised Statute 42:1141.4 | Object to relevancy | |
| P2 | Public Records Response and Highlighted copy of Revised Statute 42:1141.4 | Object to relevancy | |
| P3 | Apple Watch photos and data | Object to relevancy | Object to authenticity |
| P4 | Excerpts from Defendants' Discovery Responses | | |
| P5 | Text messages between Darla Gaudet and Jaclyn Hotard | Object to relevancy | |
| P6 | Gaumet Holdings LLC operating agreement | Object to relevancy | |
| P7 | Assessor Parcel Maps | Object to relevancy | |
| P8 | Joy Banner Demonstrative from November 28, 2023 | Object to relevancy | |
| P9 | Official proceedings of May 27, 1993 council meeting | | |
| P10 | King v. Caldwell ex rel. Louisiana (if *Daubert* motion denied) | Object to relevancy | |
| P11 | List of Darla Gaudet Businesses from SoS | Object to relevancy | |
| P12 | Nov. 9, 2021 Letter from Greenfield to Gaumet Holding | Object to relevancy | |
| P13 | Gaumet Holdings Assessor Listings | Object to relevancy | |
| P14 | Map of 0300038900 | Object to relevancy | |
| P15 | Hotard Letter of Support | | |

      a. On behalf of Defendants

| Ex. | Description | Obj. to Admissibility | Obj. to Authenticity |
|---|---|---|---|
| D1 | Minutes (Official Proceedings) St. John the Baptist Parish Council, Tuesday November 28, 2023 | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| D2 | Roberts Rules of Order, 12th Edition | *Id.* | |
| D3 | *Louisiana Board of Ethics v. Daryl G. Purpera, in His Official Capacity as Legislative Auditor for the Louisiana Auditor's Office*, 321 So.3d. 401 | *Id.* | |
| D4 | Louisiana Attorney General Opinion 01-367 (Ops. La. Atty. Gen. Jan. 23, 2002) | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). Hearsay and violation of Order in Limine (Rec. Doc. 53) | |
| D5 | Louisiana Attorney General Opinion 01-394 (Ops. La. Atty. Gen. Nov. 8, 2001) | *Id.* | |
| D6 | Louisiana Attorney General Opinion 04-0107 (Ops. La. Atty. Gen. Apr. 27, 2004) | *Id.* | |
| D7 | Official Proceedings of St. John the Baptist Parish Council State of Louisiana, Taken at its First Meeting of its Second Term, Held on Monday, January 11, 1988 | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| D8 | November 7, 2023 Letter from Louisiana Board of Ethics (Carolyn Landry) to Jaclyn Hotard | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). Hearsay and violation of Order in Limine (Rec. Doc. 53). | |
| D9 | February 2, 2024 Letter from Louisiana Board of Ethics (Shannon McLean) to Jaclyn Hotard | *Id.* | |
| D10 | Louisiana Board of Ethics Notice of Confidentiality | *Id.* | |

| | | | |
|---|---|---|---|
| D11 | E-mail exchange between Jaclyn Hotard and Louisiana Board of Ethics, November 17, 2023-November 27, 2023 | *Id.* | |
| D12 | September 10, 2024 Letter from Louisiana Board of Ethics (Mallory Guillot) to Jaclyn Hotard | *Id.* | |
| D13 | Social Media Postings (Facebook, Instagram, X-formerly known as Twitter) of Joyceia Banner | Relevance (Fed. R. Evid. 402). Not produced in discovery; produced to Plaintiff for the first time on December 23, 2024. | |

## XI. DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE

None, except any portions used for cross examination, rebuttal, and/or impeachment.

## XII. LIST OF CHARTS, GRAPHS, MODELS OR SCHEMATIC DESIGNS

Plaintiff anticipates uses enlarged copies of exhibits, discovery responses, and/or deposition testimony. Plaintiff also anticipates using a Powerpoint demonstrative during opening and closing.

Defendants do not anticipate using charts, graphs, models, or schematic designs.

## XIII. LISTS OF WITNESSES

a. By Plaintiff Joy Banner:

   i. Joy Banner

   ii. Michael Wright;

   iii. Jaclyn Hotard;

   iv. Jo Banner;

   v. Kim Mathieu;

   vi. Tonia Schnyder;

   vii. Darla Gaudet;

       viii. Mallory Guillot;

         ix. William Banner; and

          x. Harriett Banner.

  b. By Defendants

           i. Jaclyn Hotard

         ii. Michael Wright

        iii. Jackie Landeche

        iv. Joyceia "Joy" Banner

          v. Jocyntia "Jo" Banner

        vi. Shondrell Perrilloux

       vii. Richard Stanley

      viii. R. Gray Sexton

         ix. Alesia M. Ardoin

          x. Carolyn Abadie Landry

         xi. Mallory A. Guillot

## XIV. MODE OF TRIAL

This case has been designated as a jury trial.[11]

## XV. STATEMENT OF TRIAL OF SEPARATE ISSUES

This trial has not been bifurcated, and no issues are to be separately tried.

## XVI. OTHER PERTINENT MATTERS

None.

---

[11] Rec. Doc. 29 (Order that the "January 27, 2025 bench trial is converted to a trial by jury.")

### XVII. COMMENCEMENT OF TRIAL

Trial shall commence on January 27, 2025 at 9:00 a.m. Trial is estimated to last three to four days.

### XVIII. FORMULATION OF PRETRIAL ORDER

The pre-trial order has been formulated after conference of counsel. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by the Court, or by order of the Court to prevent manifest injustice.

### XIX. POSSIBILITY OF SETTLEMENT

The parties appeared for a settlement conference on December 20, 2024 at 10:00 a.m. No settlement was reached.

Respectfully submitted,

*/s/ Ike Spears*
IKE SPEARS, #17811
SPEARS & SPEARS, LLC
909 Poydras Street, Suite 1825
New Orleans, LA 70112
Office: (504) 593-9500
Facsimile: (504) 523-7766
Email: ikespears@gmail.com
*Attorney for Defendants*


*/s/ William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com
*Attorney for Plaintiff*