UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **MICHAEL WRIGHT, in his individual and official capacities, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiff Joy Banner, Ph.D. ("Plaintiff") brings this suit against Defendants Michael Wright, St. John the Baptist Parish, and Jaclyn Hotard (collectively "Defendants") alleging violations of her First Amendment right to freedom of speech during a St. John the Baptist Parish council meeting.[1] Trial in this matter is scheduled to begin on January 27, 2025. Before the Court is Plaintiff's Motion in Limine to exclude references to an "on-topic" rule.[2]

Plaintiff argues that any reference by Defendants to an "on-topic" rule should be excluded because no such rule exists.[3] While Defendants argue that their actions during the November 28, 2023 Parish Council meeting were justified because Plaintiff was properly restricted to on-topic speech, Plaintiff contends that the Parish has never adopted a rule requiring public comment to be on-topic.[4] While jurisprudence has established that a governing body may confine meetings to a specific subject matter, Plaintiff argues that St. John the Baptist Parish has not adopted such a

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 48.

[3] *Id.* at 1.

[4] Rec. Doc. 48-1 at 1.

rule.[5] For these reasons, Plaintiff avers that any reference to an "on-topic" rule be excluded from trial.[6]

In opposition, Defendants argue that whether Plaintiff's comments were on-topic is central to their defense, and they would be prejudiced if they are restricted from referencing evidence of motive or intent in interrupting Plaintiff during the Parish Council meeting.[7] Defendants state that in the Complaint, Plaintiff asserts several times that she was speaking on-topic during the meeting.[8] Defendants contend that one of their defenses is that Plaintiff was off-topic and this was the reason why Plaintiff was interrupted.[9]

Defendants argue that Federal Rule of Evidence 402 allows for general admissibility of relevant evidence.[10] Defendants point out that the Louisiana Fifth Circuit Court of Appeal recently reversed a trial court's ruling that St. John the Baptist Parish Council violated the Open Meetings Law at the November 28, 2023 Parish Council meeting in a case involving a different plaintiff.[11] According to Defendants, the Louisiana Fifth Circuit Court of Appeals found that "each citizen would have three minutes to discuss agenda items only."[12] Defendants argue that the Louisiana

---

[5] *Id.* at 1–2.

[6] *Id.* at 3.

[7] Rec. Doc. 62 at 1.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3.

[12] *Id.*

Open Meetings Law does not require public bodies to allow everyone with opinions to express themselves at any public place at any time.[13]

Defendants aver that they have a right to present relevant evidence to the trier of fact that Plaintiff's comment was off topic, that they complied with current state law, and that the probative value of said evidence outweighs any prejudicial effect it may have.[14] Defendants contend that Plaintiff has failed to show any authority that the evidence she is attempting to exclude should not be admitted.[15] Defendants contend that Plaintiff's arguments go to the credibility or weight of the evidence, not its admissibility.[16] Defendants assert that the Court should deny Plaintiff's motion.[17]

In further support of the motion, Plaintiff argues that Defendants should not be able to argue that Plaintiff broke a rule that does not exist.[18] According to Plaintiff, Defendants' memorandum in opposition to the motion fails to offer any evidence that the Council passed a rule requiring public comment to be on topic.[19] Plaintiff contends that there is no state statute requiring that public comment be on topic, and it would be irrelevant and prejudicial for Defendants to argue at trial that Plaintiff violated a hypothetical rule.[20]

In this litigation, Plaintiff asserts several causes of action against Defendants, including a claim for violations of her First Amendment Right to Freedom of Speech. For First Amendment

---

[13] *Id.* at 4.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 5.

[17] *Id.*

[18] Rec. Doc. 67.

[19] *Id.* at 1.

[20] *Id.* at 2.

purposes, "[t]he existence of a right of access to public property and the standard by which limitations upon such a right must be evaluated differ depending on the character of the property at issue."[21] It is undisputed that the subject St. John the Baptist Parish Council meeting was a limited public forum.[22] When a public body establishes a limited public forum of this sort, the body may restrict the expression that takes place within the forum so long as the restriction (1) does "not discriminate against speech on the basis of viewpoint" and (2) is "reasonable in light of the purpose served by the forum."[23] "Viewpoint discrimination is thus an egregious form of content discrimination. The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction."[24] "Plainly, public bodies may confine their meetings to specified subject matter…"[25]

Consequently, a determination of whether Plaintiff's First Amendment Rights were violated requires an assessment of Defendants' intent in interrupting Plaintiff's public comment at the November 28, 2023 Council meeting. Evidence of Defendants' motive or intent in interrupting Plaintiff is relevant to Plaintiff's First Amendment claim, and thus, admissible pursuant to Federal Rule of Evidence 402. The weight or sufficiency of Defendants' explanation for interrupting Plaintiff during the meeting is to be determined by the jury. To restrict Defendants from offering any evidence or argument that Plaintiff was speaking off-topic would be improper and unduly prejudicial to Defendants.

Accordingly,

---

[21] *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 44 (1983).

[22] *See* Rec. Doc. 25.

[23] *Good News Club v. Milford Central School,* 533 U.S. 98 (2001).

[24] *Rosenberger v. Rector & Visitors of Univ. of Va.,* 515 U.S. 819, 828–29 (1995).

[25] *City of Madison v. Wisconsin Emp. Relation Comm.,* 429 U.S. 167, 175 n. 8 (1976).

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine Regarding an On-Topic Rule[26] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this ___8th___ day of January, 2025.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[26] Rec. Doc. 48.