**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOY BANNER, Ph.D.**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 23-7296**

**MICHAEL WRIGHT, individually and in official**        **SECTION: "G"(4)**
**capacity, et al.**

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joy Banner, Ph.D who

files this memorandum in support of her request that this Court exclude the following:

1. Testimony by witnesses not included in the Updated Pre-Trial Order (Rec. Doc. 107);

2. Any reference to the case *Perrilloux v. St. John the Baptist Parish Government;*

3. Any reference to Attorney General Opinions or use of them as exhibits;

4. Any reference Plaintiff or her non-profit's finances; and

5. Any reference to counsel's wealth, office, schooling, or other descriptors lacking relevance
   to the case at hand.

This case involves violations of Plaintiff Joy Banner's freedom of speech during a St. John

the Baptist Parish (SJBP) Council meeting.[1] At that meeting, Defendants Michael Wright and

Jaclyn Hotard stopped Dr. Banner from speaking during public comment and threatened her with

criminal sanctions based on the content of her speech, using a statute declared unconstitutional

nearly a decade earlier.

### A.      Legal Standard for Motions in Limine

In general, the term "in limine" "refer[s] to any motion, whether made before or during

trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[2] A ruling

on evidence in limine "aid[s] the trial process by enabling the Court to rule in advance of trial on

---

[1] Rec. Doc. 25 (Order Denying Motion to Dismiss) at 1.
[2] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

1

the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[3] "[It] also may save the parties time, effort and cost in preparing and presenting their cases."[4] "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials."[5]

**B.    The Court should bar any testimony by individuals not listed on the Updated Joint Pre-Trial Order.**

<u>In short</u>: Defendants have been trying to serve at least one person with a trial subpoena who is not on any witness list.

In the Pre-Trial Notice, this Court asked counsel to list in the Pre-Trial Order "A 'will call' list of witnesses for all parties" and further stated that "the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders."[6] The parties submitted a Joint Pre-Trial Order which erroneously listed both "will-call" and "may call" witnesses.[7] The Court ordered the parties to revise the Pre-Trial Order to "not include witnesses they may call at this stage; only witnesses they *will* call, unless they can provide an explanation."[8]

The parties then submitted an Updated Joint Pre-Trial Order correcting the error.[9] Defendants chose to cut their four "may call" witnesses and not list them in the Updated Pre-Trial Order.[10]

---

[3] *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).
[4] *Id*.
[5] *Luce*, 469 U.S. at 41 n. 4.
[6] Rec. Doc. 13-1 at 6-7.
[7] Rec. Doc. 104.
[8] Rec. Doc. 105 (emphasis in original).
[9] Rec. Doc. 107.
[10] *Id*. at 9.

One of the witnesses which Defendants decided not to list, Justin Kray, contacted Plaintiff's counsel on January 10, 2025, to report that marshals had attempted to serve him at his place of business, but that he was not present. Plaintiff's counsel contacted Defendants' counsel to correct the error, but Defendants' counsel insisted that Mr. Kray is still a witness – even though he appears nowhere in the updated PTO.

"Federal district courts have the inherent power to enforce their scheduling orders, and Federal Rule of Civil Procedure 16(b) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'"[11] Here, the deadline to list witnesses on the Updated Pretrial Order was January 3, 2025 by 4:00 p.m.[12] Defendants neglected to do so and, in fact, affirmatively *removed* several witnesses before filing.

This leaves Plaintiff in a precarious position, as her counsel does not know what witnesses may be presented and therefore cannot prepare cross-examination.[13] Therefore, this Court should bar testimony from any witness not listed on either party's Updated Pre-Trial Order witness list.

### C. The Court should bar any reference to *Shondrell Perrilloux v. St. John the Baptist Parish Government* as it has no relevance to this case, will confuse the issues, and is impermissible expert testimony.

<u>In short</u>: It is expected that Defendants will question witness Shondrell Perrilloux about a different lawsuit that does not bear on this case.

Defendants have argued that the open meetings law claim in this case is essentially moot because a different person, Shondrell Perrilloux, lost a state-court lawsuit arguing that her rights were infringed at the meeting in question, among other meetings.[14] But the *Perrilloux* did not, as Defendants state, find that there were no violations at the meeting, just none that Ms. Perrilloux

---

[11] *Robert v. Maurice*, No. 18-11632, 2022 U.S. Dist. LEXIS 184769, at *8-9 (E.D. La. Mar. 14, 2022).
[12] Rec. Doc. 105.
[13] One factor courts consider in curing this issue is a continuance of trial. Plaintiff would oppose such a continuance, as it is less than two weeks before trial is set to begin. *Robert*, 2022 U.S. Dist. LEXIS 184769, at *9.
[14] *Perrilloux v. St. John the Baptist Par. Gov't*, 24-280 (La. App. 5 Cir 10/18/24)

raised. Ms. Perrilloux complained about a number of issues, including whether the Council could schedule one public comment period for all agenda items, whether speakers could donate their time to other citizens, and other issues applying only to Ms. Perrilloux. Plaintiff has not claimed any violation of the Open Meetings Law which would be implicated in the *Perrilloux* holding.

Despite this, Defendants have listed Ms. Perrilloux as a witness. Ms. Perrilloux was present at the November 28, 2023, meeting and could be asked questions regarding what she witnessed. But "[u]nder the Federal Rules of Evidence, speculative opinion testimony by law witnesses – i.e. testimony not based upon the witness's perception – is generally considered inadmissible."[15] Testimony regarding a ruling in a different case would speak to an ultimate legal issue in this case, as Defendants have attempted to frame it as controlling. Therefore, neither Ms. Perrilloux nor any other witness should not be allowed to opine about the ruling in a separate, unrelated lawsuit.

Further, neither Ms. Perrilloux nor any other witness should be allowed to testify about the existence of the other lawsuit at all. The *Perrilloux* lawsuit had not been filed at the time of the events in question and therefore could not have been in Defendants' minds at the meeting. Mentioning another lawsuit which stems from the same meeting but a different set of facts is likely to confuse the issues for the jury, who are not being asked to decide Ms. Perrilloux's case.

Defendants should be barred from asking Ms. Perrilloux, or other witnesses, about the suit as it has no relevance to this case and, depending on the line of questioning, would constitute expert testimony rendering a legal opinion.

**D.    The Court should bar any testimony about Attorney General Opinions regarding on-topic rules as Defendants were not aware of those opinions when they threatened Plaintiff and, regardless, are not precedent.**

<u>In short</u>: Defendants have included in their exhibit list several legal opinions of attorneys they have not designated as experts or listed as witnesses.

---

[15] *Washington v. Dep't of Transp.*, 88 F.3d 296, 300 (5th Cir. 1993) (citing FRE 701).

Defendants have listed the three Attorney General opinions on their exhibit list for trial. This Court considered and denied a motion in limine barring any testimony of the nonexistent on-topic rule.[16] In doing so, this Court noted that "a determination of whether Plaintiff's First Amendment Rights were violated requires an assessment of Defendants' intent in interrupting Plaintiff's public comment at the November 28, 2023 Council meeting. Evidence of Defendants' motive or intent in interrupting Plaintiff is relevant."[17]

There is no indication, however, that Defendants knew about these Attorney General opinions as of the time of the public meeting. At deposition, Defendants were asked several times about what laws required Plaintiff to remain on-topic. At no point did they refer to any Attorney General opinion.[18] Because they were not aware of the Attorney General opinions on November 28, 2023, they could not have factored into their intent.

There are other problems with using the Attorney General opinions as exhibits. First of all, they are irrelevant: none of them clearly say there is any "on-topic rule" in the absence of a public body adopting such a rule. Second, even if opinions did say that, and even if Defendants did know about the opinions and rely on them, any questioning on that topic would violate this Court's order excluding any advice of counsel defense.[19] Furthermore, the opinions are "merely advisory and not binding authority."[20] They are also hearsay, as they are out-of-court statements offered for the truth of the matter asserted. And finally, they are *opinions* – of persons that Defendants have not identified as experts or called as witnesses. This Court should exclude them.

---

[16] Rec. Doc. 109.

[17] *Id*. at 4.

[18] They referred generally to the "Louisiana Open Meetings Law," the Council meeting agenda, and that it is "the Chairman's job … to keep things on topic and to keep some order and decorum in the meeting." Rec. Doc. 39-4 (Deposition of Michael Wright) at 24:4-10; 26:20-27:3; 37:12-23; Rec. Doc. 39-5 (Deposition of Jaclyn Hotard) at 16:7-19; 17:5-11.

[19] Rec. Doc. 53.

[20] *Dipaola v. Municipal Police Employees' Retirement System*, 2014-0037 (La. App. 1st Cir. 9/25/14), 155 So.3d 49, 53 n. 4, writ denied, 2014-2575 (La. 2/27/15), 159 So.3d 1071.

**E.    The Court should bar any testimony regarding Plaintiff's or The Descendants' Project's finances as it lacks relevance.**

This Court recently ordered third party witness Darla Gaudet to produce a series of text messages with Defendant Jaclyn Hotard.[21] Among those texts was an exchange in which Ms. Gaudet and Defendant Hotard criticized The Descendants Project, a non-profit organization for which Plaintiff is a co-founder and co-director, for not paying taxes, for instance stating "Must be nice to make that much money and not have to pay taxes!!"[22] The exchange also included a screenshot of Plaintiff's financial records.[23] At Plaintiff's deposition, Defendants' counsel also inquired into her financial situation, specifically regarding donations to her candidacy bid to become a St. John the Baptist Parish councilmember.[24]

Neither Plaintiff's nor The Descendant's Project's finances are not an issue in this litigation. Plaintiff has not claimed a loss of income or other economic damages which would be affected by her financial outlook, much less the finances of a non-profit organization which has little relation to this case. The only reason for Defendants to seek testimony about the finances is to prejudice the jury against Plaintiff because her non-profit organization is tax-exempt.

Financial information about either Plaintiff or The Descendants Project is not relevant to any claim or defense, would not assist the jury in determining the facts at issue, and would potentially prejudice the jury against Plaintiff. Therefore, Defendants should be barred from seeking testimony about either Plaintiff's or The Descendants' Project's finances.

---

[21] Rec. Doc. 80.
[22] Rec. Doc. 92-8.
[23] *Id*.
[24] Rec. Doc. 103-1 (Deposition of Joy Banner) at 129:19-131:25.

**F.    The Court should bar any comment regarding counsel's finances, office, schooling, etc., as they are irrelevant and distract from the jury's fact-finding mission.**

Defendants and Defendants' counsel should be barred from making any comments about counsel's financial situation, office, schooling, or similar issues lacking relevance to this matter.

Throughout this litigation, Defendants' counsel has made remarks about Plaintiff's counsel. For example, Defendants' counsel commented at deposition: "Forgive me, I don't have the high-end color copiers like Mr. Most and the gang. We only have a black and white machine"[25] and "Even some people with Ivy League law degrees are not that smart."[26]

He has also made self-deprecating comments about his own wealth, such as "I cannot afford an Apple watch"[27] and "I can't afford an Apple watch or a good Mac."[28]

Such comments do not provide any assistance to the finder or fact, serve only to distract the jury and, at worst, prejudice the jury against Plaintiff for her selection of counsel. Because these comments lack any relevance, this Court should bar any such comments.

**G.    Conclusion**

For the reasons stated herein, Plaintiff Joy Banner requests that the above motions in limine be granted.

Respectfully submitted,

/s/ *William Most*
David Lanser, 37764
William Most, 36914
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Fax: (504) 414-6400
williammost@gmail.com

---

[25] Rec. Doc. 103-1 at 79:15-18
[26] *Id.* at 141:14-15.
[27] *Id.* at 110:23.
[28] *Id* at 144:18-20.

7