UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. | CIVIL ACTION |
| VERSUS | NO. 23-7296-NJB-KWR |
| MICHAEL WRIGHT, individually and in official capacity, et al. | SECTION: "G"(4) |

# [Plaintiff's Proposed] Jury Instructions

# January 27, 2025

## Jury Charge Number 1[1]

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

---

[1] Fifth Circuit Pattern Jury Instructions (Civil), § 3.1.

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Case 2:23-cv-07296-NJB-KWR    Document 112    Filed 01/13/25    Page 3 of 19

## Jury Charge Number 2 (Burden of Proof)[2]

Plaintiff Joy Banner has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

---

[2] Fifth Circuit Pattern Jury Instructions (Civil), § 3.2.

## Jury Charge Number 3 (Evidence)[3]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

[3] Fifth Circuit Pattern Jury Instructions (Civil), § 3.3.

## Jury Charge Number 4 (Witnesses)[4]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

---

[4] Fifth Circuit Pattern Jury Instructions (Civil), § 3.4.

## Jury Charge Number 5 (Stipulations of Fact)[5]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

---

[5] Fifth Circuit Pattern Jury Instructions (Civil), § 2.3.

**Jury Charge Number 6 (Expert Witnesses)[6]**
*Only to be used if Defendants' expert testifies.*

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

---

[6] Fifth Circuit Pattern Jury Instructions (Civil), § 3.5.

## Jury Charge Number 7 (First Amendment Retaliation)

As general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out.[7]

If an official takes adverse action against someone based on that forbidden motive, and non-retaliatory grounds are in fact insufficient to provoke the adverse consequences, the injured person may generally seek relief by bringing a First Amendment claim.[8]

A government official's words that are reasonably understood to be a coercive threat can be the kind of action that violates the First Amendment. To determine if an official's words can be reasonably understood to be a coercive threat, you may look to factors including (1) word choice and tone; (2) the existence of regulatory authority; (3) whether the speech was perceived as a threat; and, perhaps most important, (4) whether the speech refers to adverse consequences.[9] A realistic threat of arrest is enough to chill First Amendment rights.[10]

---

[7] *Miller v. Salvaggio* (5th Cir. 2024), *quoting Hartman v. Moore*, 547 U.S. 250, 256 (2006).
[8] *Miller v. Salvaggio* (5th Cir. 2024), *quoting Nieves v. Bartlett*, 587 U.S. 391, 398 (2019).
[9] Rec. Doc. 25 at 14 (Order on Motion to Dismiss), *citing Vullo*, 2024 WL 2751216, at *10 (*citing Nat'l Rifle Ass'n of Am. v. Vullo*, 49 F. 4th 700, 715 (2022)).
[10] *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1056 (7th Cir. 2004) (citing *City of Hous., Tex. v. Hill*, 482 U.S. 451, 459 n.7, 107 S. Ct. 2502, 96 L. Ed.2d 398 (1987))

## Jury Charge Number 8 (Viewpoint Discrimination)

In terms of First Amendment analysis, a city or parish council meeting is a limited public forum.[11] In such a forum, a government may apply reasonable time, place, and manner restrictions to speech, so long as the restriction does not discriminate against speech on the basis of viewpoint.[12] Viewpoint discrimination exists when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.[13]

A public body may have a "stay on topic" rule for public comment, but it may not selectively enforce that rule in a manner that constitutes viewpoint discrimination.[14]

If Defendants engaged in coercive threats aimed at punishing or suppressing disfavored speech, then they have violated the First Amendment.[15] Speech restrictions with a political motivation or restricting speech on an issue of public concern are especially violative of the First Amendment.[16]

---

[11] Rec. Doc. 25 at 13, *citing Fairchild*, 597 F.3d at 759

[12] Rec. Doc. 25 at 13, *citing Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017).

[13] *Id.*

[14] *Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017); *Calvary Chapel Dayton Valley v. Sisolak*, 591 U.S. ____ (2020), Kavanaugh, J., dissenting from denial of application for injunctive relief (there "are certain constitutional red lines that a State may not cross even in a crisis. Those red lines include racial discrimination, religious discrimination, and content-based suppression of speech.")

[15] Rec. Doc. 25 at 15 ("The Supreme Court has held that where, as here, the complaint plausibly alleges coercive threats aimed at punishing or suppressing disfavored speech, the plaintiff states a First Amendment claim."), *citing Vullo*, 2024 WL 2751216, at *18.

[16] *Barr v. American Assn. of Political Consultants, Inc*., 591 U.S. ____ (2020), Breyer, J., concurring in judgment, citing *Buckley v Am. Constitutional Law Foundation, Inc*., 525 U.S. 182, 186–187 (1999) (heightened protection for "core political speech"); *Rosenberger v. Rector and Visitors of Univ. of Va*., 515 U.S. 819, 829–830 (1995) (government discrimination on basis of "particular views taken by speakers on a subject" presumptively unconstitutional); *Boos v. Barry*, 485 U.S. 312, 321 (1988) ("content-based restriction[s] on political speech in a public forum" subject to "most exacting scrutiny" (emphasis deleted)); *Perry Ed. Assn. v. Perry Local Educators' Assn*., 460 U.S. 37, 45–46 (1983) (content-based exclusions in public forums subject to strict scrutiny); *Chiu v. Plano Independent Sch. Dist*., 260 F.3d 330, 334 (5th Cir. 2001).

## Jury Charge Number 9 (Parish Liability)[17]

In addition to her claims against Parish officials, Plaintiff Joy Banner is suing the St. John the Baptist Parish itself. A parish is not liable for a constitutional violation of its employees unless the violation was caused by a parish policy or custom, or the action of parish policymakers themselves violated a constitutional right.

---

[17] Fifth Circuit Pattern Jury Instructions (Civil), § 10.5, modified to incorporate the "involvement of a policymaker" method of satisfying *Monell*. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999) ("official policy" requirement under *Monell* can be satisfied if "the action of the policymaker itself violated a constitutional right."); *Anderson v. Larpenter*, 16-13733 (E.D. La. July 18, 2017) (local governments can be liable under Monell when "the action of the policymaker itself violated a constitutional right.")

## Jury Charge Number 10 (Open Meetings Law)

Louisiana has an Open Meetings Law. "The intent of the open meetings law is to open all meetings of public bodies to the public, unless allowed by this law to be closed."[18]

The St. John the Baptist Parish Council is a public body subject to Louisiana's Open Meetings Law and the meeting at issue in this litigation was a public meeting.[19]

The Open Meetings Law requires public bodies to "allow a public comment period at any point in the meeting prior to the action on an agenda item upon which a vote is to be taken."[20]

In addition to the public body's liability, if any official of a public body "knowingly and willfully participates in a meeting conducted" in violation of Open Meetings Law, they are also in violation.[21]

Louisiana law requires that the provisions of the Open Meetings Law shall be construed liberally.[22] "Liberally" in this context means in favor of open meetings.

---

[18] *Brown v. East Baton Rouge Parish School Bd.*, 405 So.2d 1148, 1154 (La. App. 1981).
[19] R. Doc. 107 (Updated Joint Pretrial Order – Single Listing of Uncontested Material Facts) at 3.
[20] La. R.S. 42:14(D).
[21] La. R.S. 42:28.
[22] *Id.*

## Jury Charge Number 11 (Emotional Distress Damages)[23]

To recover compensatory damages for mental and emotional distress, Plaintiff Joy Banner must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Joy Banner must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

---

[23] Fifth Circuit Pattern Jury Instructions (Civil), § 10.13.

## Jury Charge Number 12 (Evidence of Emotional Distress)[24]

As I have mentioned to you, there is no practical way to introduce evidence as to the general damages which Plaintiff's claims for pain and suffering and for mental distress. There is no precise standard to fix these damages or assign some kind of value to them. Rather, your job is to determine an amount that will be fair and just on the basis of evidence of Plaintiff's injuries and treatment that you have heard, and that will fairly compensate Plaintiff for any damage he may have suffered.

---

[24] Verbatim from *Howard v. J&B Hauling, LLC,* 22-cv-993-NJB-MBN, Rec. Doc. 143-2 (Oct. 23, 2024).

## Jury Charge Number 13 (Punitive Damages)[25]

If you find that Defendant Wright or Hotard is liable for Plaintiff Banner's injuries, you must award Plaintiff Banner the compensatory damages that she has proved. You may, in addition, award punitive damages if you find that Defendant Wright or Hotard acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff Banner has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Banner has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Wright or Hotard's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

> 1. the reprehensibility of Defendant Wright or Hotard's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant

---

[25] Fifth Circuit Pattern Jury Instructions (Civil), § 15.7.

15

Wright or Hotard's conduct was motivated by a desire to augment profit;

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3. the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of Defendants Wright or Hotard in fixing the amount of punitive damages.

You may impose punitive damages against one or more of Defendants Wright and Hotard and not others. You may also award different amounts against Defendants Wright and Hotard.

## Jury Charge Number 14 (Duty to Deliberate, Notes)[26]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

---

[26] Verbatim from *Howard v. J&B Hauling, LLC,* 22-cv-993-NJB-MBN, Rec. Doc. 143-2 (Oct. 23, 2024). Drawn from Fifth Circuit Pattern Jury Instructions (Civil), § 3.7.

17

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Respectfully submitted,

/s/ *William Most*_____
Dave Lanser (La. Bar No. 37764)
William Most (La. Bar No. 36914)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 533-4521
F: (504) 414-6400
Email: david.lanser@gmail.com
williammost@gmail.com

*Attorneys for Plaintiff Joy Banner, Ph.D*