UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **MICHAEL WRIGHT, in his individual and official capacities, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiff Joy Banner, Ph.D. ("Plaintiff") brings this suit against Defendants Michael Wright, St. John the Baptist Parish, and Jaclyn Hotard (collectively "Defendants") alleging violations of her First Amendment right to freedom of speech during a St. John the Baptist Parish council meeting.[1] Trial in this matter is scheduled to begin on January 27, 2025. Before the Court is Plaintiff's Motion in Limine to exclude argument that Plaintiff was violating any law with her public comment at the Council meeting.[2]

Plaintiff states that during the November 28, 2023 Parish Council meeting, Defendants Michael Wright ("Wright") and Jaclyn Hotard ("Hotard") stopped Plaintiff from speaking during public comment and threatened her with criminal sanctions based on the content of her speech.[3] While Defendants argue that Plaintiff was interrupted because she was in violation of the law, Plaintiff contends that none of the laws cited in discovery could plausibly make Plaintiff's words illegal.[4]

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 50.

[3] *Id.*

[4] *Id.*

1

According to Plaintiff, Defendants cited the following authority in support of their argument: (1) Louisiana Revised Statute § 42:1141; (2) Louisiana Revised Statute § 42:1141.4; and (3) *Louisiana Board of Ethics v. Daryl Purpera*.[5] First, Plaintiff contends Louisiana Revised Statute § 42:1141 sets out the procedure for Louisiana Board of Ethics complaints and investigations, and nothing in the statute purports to restrict speech in any way.[6] Second, Plaintiff states Louisiana Revised Statute § 42:1141.4(L)(1), the provision that was read aloud by Wright at the Council meeting, suggests that it is a misdemeanor for any person other than the subject of an ethics complaint to make public the testimony taken at a private investigation or hearing of the Board of Ethics without the written request of the public servant or other person investigated.[7] However, Plaintiff avers the statute was held unconstitutional in *King v. Caldwell ex rel. Louisiana*.[8] Plaintiff contends that the facts of this case are similar to *King*, and the paper Wright read from had the word "Unconstitutional" at the top.[9] Plaintiff asserts Defendants should not be allowed to argue that Plaintiff violated a law that was held unconstitutional nine years ago.[10] Third, Plaintiff contends that *Purpera,* does not apply to the fact pattern here.[11] Therefore, Plaintiff argues that Defendants should not be allowed to argue that she violated any law.[12]

---

[5] Rec. Doc. 50-1 at 3 (citing La. Rev. Stat. § 42:1141; La. Rev. Stat. § 42:1141.4; *Louisiana Board of Ethics v. Daryl Purpera,* 321 So. 3d 401 (La. App. 1 Cir. 2021)).

[6] *Id.*

[7] *Id.* at 3–4.

[8] *Id.* at 4 (citing *King v. Caldwell ex rel. Louisiana,* 21 F. Supp. 3d 651 (E.D. La. 2014)).

[9] *Id.*

[10] *Id.* at 4–5.

[11] *Id.* at 5.

[12] *Id.*

In opposition to the motion, Defendants argue that the Court should admit evidence that one of the reasons why Plaintiff was interrupted was because she illegally commented on an open Louisiana Board of Ethics matter in violation of Louisiana law.[13] Defendants argue that such evidence is relevant pursuant to Federal Rule of Evidence 402.[14] Defendants contend that Plaintiff fails to cite authority to support the exclusion of evidence related to Plaintiff's alleged violation of the law.[15] Defendants argue that questions related to the bases and sources of an opinion affect the weight of that opinion, and should be left for the jury's consideration.[16]

Defendants argue that the contents of the underlying ethics complaint were to remain confidential pursuant to Louisiana Revised Statute § 42:1141.4(K) and (L).[17] Defendants state that the court in *King* held that Louisiana Revised Statute § 42:1141.4(L)(1) was unconstitutional "as applied to these plaintiffs and on its face, at least in part…"[18] Defendants aver that Plaintiff has not filed challenges to the Open Meetings law and the First Amendment.[19] Defendants assert that they would be unduly prejudiced if they are prohibited from presenting evidence of their defense.[20]

---

[13] Rec. Doc. 61 at 1.

[14] *Id.* at 2.

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.* at 5.

[19] *Id.* at 6.

[20] *Id.*

3

In further support of the motion, Plaintiff points out that Defendants offer no factual distinction between *King* and the facts of this case.[21] Given that the only law Defendants contend Plaintiff violated has been declared unconstitutional on its face and also as applied to functionally identical facts, Plaintiff asserts it would be irrelevant and misleading for Defendants to argue that Plaintiff violated the law.[22]

Defendants attempt to place the interpretation of Louisiana law in the hands of fact witnesses, and ultimately place the conclusion of law with the jury. However, a question regarding the application or interpretation of a question of law is an issue that is to be resolved by the judge.[23] "In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law."[24] Allowing fact witnesses to tell the jury that Plaintiff "violated the law" would be inappropriate and would impede the role of the Court to instruct the jury on the law.

The proposed pretrial order lists as contested issue of law: (1) "[w]hether and to what extent La. R.S. 42:1141.4 (L)(1) was held to be unconstitutional" and (2) "[w]hether and to what extent La. R.S. 42:1141.4 (L)(1) is unconstitutional under the facts of this case." These issues must be resolved by the Court, and the Court will present the law to the jury through jury instructions. Fact witnesses may not tell the jury that Plaintiff was "violating the law" or that a law is

---

[21] Rec. Doc. 68 at 1.

[22] *Id.* at 2.

[23] *Question of law,* Wex Legal Directory/Encyclopedia (August 2023).

[24] *Herron v. Southern Pacific Co.*, 283 U.S. 91, 95 (1931).

unconstitutional. These are questions of law for the Court to decide. The Court must instruct the jury on the law applicable to this case.

It is unclear to the Court whether Plaintiff is seeking to exclude all fact witnesses from making any reference to Louisiana Revised Statute § 42:1141.4(L)(1). It appears undisputed that during Plaintiff's comment, Wright read the statute to Plaintiff, and that the document he was reading from had the word "Unconstitutional" above the statute. These are highly relevant facts. A determination of whether Plaintiff's First Amendment rights were violated requires an assessment of Defendants' intent in interrupting Plaintiff's public comment. Defendants may present evidence of what occurred during the meeting, and they may explain how they interpreted Plaintiff's comment. To the extent that the comment was interrupted because Defendants believed it was a violation of the law, this evidence is relevant to their intent. Plaintiff has not shown that the probative value of the evidence, when offered for that purpose, is substantially outweighed by a danger of unfair prejudice or misleading the jury as required by Federal Rule of Evidence 403. Fact witnesses may not tell the jury that Plaintiff was "violating the law" or that a law is constitutional. The Court will instruct the jury on the law, and the ultimate issue of whether a violation of law occurred based on the facts of this case will be submitted to the jury.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine Regarding Violations of the Law[25] is **GRANTED IN PART** and **DENIED IN PART.** Evidence of Defendants' reasons for interrupting Plaintiff's comment is admissible. Fact witnesses may not tell the jury that Plaintiff was "violating the law" or whether the law is constitutional or not. The Court will instruct the jury on the law, and the ultimate issue of whether a violation of law occurred based on the facts of this case will be submitted to the jury.

**NEW ORLEANS, LOUISIANA**, this ___13th___ day of January, 2025.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[25] Rec. Doc. 50.