UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296-NJB-KWR** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

### Additional Jury Instruction

In Rec. Doc. 115, the Court addressed the question of the constitutionality of R.S. 42:1141.4 (L)(1), and ruled that "the Court will present the law to the jury through jury instructions." Below is a proposed jury instruction on that topic.

## Jury Charge Number X (Constitutionality of R.S. 42:1141.4(L)(1))

As you have heard, it is a stipulated fact among the parties that at the November 28, 2023 meeting, Chairman Wright read Revised Statute 42:1141.4(L)(1) aloud during Dr. Banner's public comment.[1] You have also heard that it is a stipulated fact among the parties that in 2014, a federal judge determined that Revised Statute 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part."[2]

I will now explain to you what that means. Revised Statute 42:1141.4(L)(1) is a section of law passed by the Louisiana legislature. That section of law suggested that it would be a crime to say certain things about a private investigation of the Board of Ethics without the permission of the person being investigated.[3]

---

[1] Stipulated Facts, Rec. Doc. 107 at pg. 4.
[2] *Id.*
[3] R.S. 42:1141.4(L)(1) (making it a misdemeanor to it is a misdemeanor "to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics without the written request of the public servant or other person investigated.")

Sometimes, however, a legislature will pass a law that is unconstitutional. That is what happened here. Several people challenged the constitutionality of this section of law. In 2014, a federal judge found that the section of law was unconstitutional because it violated the First Amendment to the United States Constitution.[4]

The judge found that the section of law was unconstitutional in two ways. First, the judge found that the law was unconstitutional as applied to the plaintiffs who had spoken publicly about a complaint they made to the Board of Ethics.[5]

Second, the judge found that the section of law was unconstitutional on its face, in part. For a law to be unconstitutional on its face, there must be no set of circumstances in which the law can be constitutional applied.[6] In 2014, the federal judge determined that Revised Statute 42:1141.4(L)(1) was unconstitutional on its face insofar as it made it a crime for any other person, besides the subject of an ethics investigation, to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics.[7]

---

[4] *King v. Caldwell ex rel. Louisiana,* 21 F. Supp. 3d 651 (E.D. La. 2014).

[5] *Seals v. McBee*, 2017 U.S. Dist. LEXIS 119553, *6 (E.D. La. July 31, 2017) (explaining that in *King,* the "plaintiffs had been arrested for speaking with the media regarding a claim that they had made to the Louisiana State Board of Ethics").

[6] *Croft v. Perry*, 624 F. 3d 157, 164 (5th Cir. 2010) ("To successfully mount a facial challenge, the plaintiffs must show that there is no set of circumstances under which either the language of the pledge or the requirement that children recite the pledge in classrooms is constitutional."); *Roake v. Brumley*, No. 24-517-JWD-SDJ, 2024 U.S. Dist. LEXIS 205050, at *13 (M.D. La. Nov. 12, 2024) ("Preliminarily, Plaintiffs concede that they are making a facial challenge to the Act, so, under binding Fifth Circuit precedent, they must show that H.B. 71 is 'unconstitutional in every application.' That is, Plaintiffs must show that 'there is no set of circumstances under which' the display of the Ten Commandments is constitutional under the Act."), *citing Croft.*

[7] *King v. Caldwell ex rel. Louisiana,* 21 F. Supp. 3d 651, 656-657 (E.D. La. 2014). ("The Court is persuaded that La. R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part. Insofar as the statute makes it a crime for "any other person," besides the subject of an ethics investigation, "to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics" absent the subject of the investigation's written request, the statute is impermissibly overbroad.")

        Respectfully submitted,

        /s/ *William Most*_____
        Dave Lanser (La. Bar No. 37764)
        William Most (La. Bar No. 36914)
        MOST & ASSOCIATES
        201 St. Charles Ave., Ste. 2500, #9685
        New Orleans, LA 70170
        T: (504) 533-4521
        F: (504) 414-6400
        Email: david.lanser@gmail.com
               williammost@gmail.com

        *Attorneys for Plaintiff Joy Banner, Ph.D*