# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **MICHAEL WRIGHT, in his individual and official capacities, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court are cross motions for partial summary judgment filed by Plaintiff Joy Banner, Ph.D. ("Plaintiff") and Defendants Michael Wright, St. John the Baptist Parish, and Jaclyn Hotard (collectively "Defendants").[1] Plaintiff brings this suit against Defendants alleging violations of her First Amendment right to freedom of speech and Louisiana's Open Meetings Law during a St. John the Baptist Parish council meeting.[2] Plaintiff seeks partial summary judgment in her favor, finding as a matter of law that the subject Council meeting was conducted in violation of Louisiana's Open Meetings Law,[3] and Defendant Micheal Wright ("Wright") knowingly and willfully participated in the alleged unlawful meeting.[4] Defendants seek partial summary judgment in their favor, finding as a matter of law that the Open Meetings Law was not violated at the Council meeting.[5] Considering the motions, the memoranda in opposition, the record, and the applicable law the Court denies both motions.

---

[1] Rec. Doc. 77; Rec. Doc. 87.

[2] Rec. Doc. 1.

[3] La. Rev. Stat. § 42:12, *et seq.*

[4] Rec. Doc. 77.

[5] Rec. Doc. 87.

## I. Background

On November 28, 2023, Plaintiff alleges that she was repeatedly interrupted while attempting to speak during the public comment portion of a St. John the Baptist Council meeting.[6] On the Council's agenda was Agenda Item J which read:

> J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as Special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute.[7]

Plaintiff contends that she filed the ethics charge regarding Parish President Jaclyn Hotard ("Hotard").[8]

During the Council meeting, Plaintiff approached the lectern and identified the two agenda items she intended to speak on "Executive Session items, The Descendants Project vs. St. John the Baptist Parish and St. John the Baptist Parish Council, and then also Agenda Item J, which is the authorization to obtain legal service with a law firm R. Gray Sexton as special counsel."[9]   Plaintiff alleges that she was only allowed to speak for five seconds before she was interrupted by Defendant Hotard and then by Defendant Chairman Michael Wright.[10] The Amended Complaint provides that Plaintiff then attempted to address the ethics violation on Hotard, and she was again interrupted.[11]

Plaintiff was told that her comments must be limited to agenda items.[12] The Amended

---

[6] Rec. Doc. 7.

[7] *Id.* at 5.

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.* at 7.

[12] *Id.*

Complaint alleges that Plaintiff "pointed out that she was on topic—the Board of Ethics was investigating Jaclyn Hotard, and Item J on the agenda was placed on the agenda by Hotard and called for authorization for outside legal counsel for Ms. Hotard for the ethics investigation."[13] Plaintiff alleges that she told the Council, "we as taxpayers should not be asked to pay for her lawyer."[14] "Your Parish President, our Parish President is currently under investigation for a Board of Ethics charge. How is that not relevant, because she signed off on an application for re-zoning of her mother-in-law's land and so now[,] we as tax payers are going to have to pay. . . ."[15]

Plaintiff alleges that Defendants Hotard and Wright argued that Plaintiff's comments were off topic.[16] The Amended Complaint states that Wright then recited Louisiana Revised Statute § 42:1141.4(L)(1) which provides:

> It shall be a misdemeanor, punishable by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both, for any member of the Board of Ethics, its executive secretary, other employee, or any other person, other than the person who is subject to the investigation or complaint, to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics without the written request of the public servant or other person investigated.[17]

Allegedly Plaintiff was told by Wright to "stop this comment" and that Plaintiff was "in violation of state law."[18] Plaintiff refers to this statement by Wright as a "threat."[19] The Amended Complaint alleges that Louisiana Revised Statute § 42:1141.4(L)(1) recited by Wright was ruled

---

[13] *Id.*

[14] *Id.*

[15] *Id.* at 8.

[16] *Id.* at 6–7.

[17] *Id.* at 8–9 (citing Louisiana Revised Statute § 42:1141.4(L)(1)).

[18] *Id.* at 16.

[19] *Id.* at 12.

unconstitutional nearly a decade earlier.[20]

On December 14, 2023, Plaintiff filed a Complaint against Defendants. [21] On January 4, 2024, Plaintiff filed an Amended Complaint alleging the following claims for relief: (1) violations of Plaintiff's First Amendment right to freedom of speech by way of viewpoint discrimination and threats of prosecution; (2) violations of rights of freedom of speech and petition guaranteed by Louisiana's Constitution; and (3) violations of Louisiana's Open Meetings Law.[22]

On November 26, 2024, Plaintiff filed a Motion for Partial Summary Judgment.[23] On December 3, 2024, Defendants filed an opposition to the motion.[24] On December 10, 2024, Plaintiff filed a reply memorandum in further support of the motion.[25] On December 6, 2024, Defendants filed a cross Motion for Partial Summary Judgment.[26] On December 20, 2024, Plaintiff filed an opposition to the motion.[27]

---

[20] *Id.* at 10–11.

[21] Rec. Doc. 1.

[22] Rec. Doc. 7.

[23] Rec. Doc. 77.

[24] Rec. Doc. 79.

[25] Rec. Doc. 91.

[26] Rec. Doc. 87.

[27] Rec. Doc 103.

## II. Parties' Arguments

### A.    *Plaintiff's Motion for Partial Summary Judgment*

#### 1.    Plaintiff's Argument in Support of the Motion

First, Plaintiff argues that the November 28, 2023 council meeting was conducted in violation of the Open Meetings Law, Louisiana Revised Statute § 42:12, *et seq.*[28] Plaintiff contends it is undisputed that St. John the Baptist Parish is a public body subject to Louisiana's Open Meetings Law, and it is undisputed that Wright is a member of the St. John the Baptist Parish Council.[29] Plaintiff contends that Wright's actions of interrupting her while attempting to speak on Agenda Item J and threatening her with prosecution violated the Open Meetings Law.[30]

While Defendants argue that public comments must be on-topic and Plaintiff was interrupted because her comments were off-topic, Plaintiff contends that the council does not have an on-topic rule.[31] Plaintiff asserts it is undisputed that rules for public comment at parish council meetings must be in writing, and the only sources of public comment rules for St. John the Baptist Parish Council are contained within Louisiana State law or were adopted at the May 27, 1993 regular session meeting.[32] Plaintiff avers that an on-topic rule was not adopted at the May 27, 1993 session, nor have Defendants identified any source of law that establishes an on-topic rule.[33]

---

[28] Rec. Doc. 77 at 3.

[29] *Id.* at 4.

[30] *Id.* at 5.

[31] *Id.* at 6.

[32] *Id.*

[33] *Id.*

Plaintiff contends that other members of the public frequently speak off-topic but are not threatened with prosecution.[34]

Alternatively, even if there were an on-topic rule, Plaintiff argues her comment was on-topic.[35] Plaintiff contends Agenda Item J clearly states that the Council was going to vote on whether to hire R. Gray Sexton "to perform services related to Ethics Laws."[36] Plaintiff states she was attempting to comment that taxpayer funds should not be used to hire an attorney for ethics reasons, the exact purpose of Agenda Item J.[37] Plaintiff contends it is undisputed she attempted public comment, she was gaveled quiet, Wright read aloud a criminal statute purporting to criminalize speech, and said criminal statute was ruled unconstitutional.[38] Plaintiff avers that a question of law remains—do these facts violate the Open Meetings Law's mandate of an open public comment period?[39]

Plaintiff argues that summary judgment should be granted in her favor because Wright knowingly and willfully participated in the alleged unlawful meeting.[40] Plaintiff contends Louisiana Revised Statute § 42:28 provides for individual liability of any "member of a public body who knowingly and willfully participates in a meeting conducted in violation" of the Open Meetings Law.[41] Plaintiff avers that Wright was elected as councilmember in 2011 and has

---

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.* at 7.

[39] *Id.* at 8.

[40] *Id.*

[41] *Id.*

presided over several meetings.[42]  Plaintiff argues that the criminal statute read by Wright had the word "Unconstitutional" at the top.[43]  Plaintiff asserts that Wright's actions were knowing and willful.[44]

### 2.    Defendants' Arguments in Opposition to the Motion

In opposition to the motion, Defendants argue that Plaintiff cannot prove that Defendants violated Louisiana's Open Meetings Law during the November 28, 2023 Parish Council Meeting because the Louisiana Fifth Circuit Court of Appeal has already ruled that Defendants were within their rights during the public comment period.[45]  Defendants rely on *Shondrell Perrilloux v. St. John the Baptist Parish Government*, where the Louisiana Fifth Circuit reversed a trial court's ruling that St. John the Baptist Parish Council violated the Open Meetings Law in a matter involving a different plaintiff, but the same November 28, 2023 Parish Council meeting.[46]  Defendants contend that the appeal court specifically held that "no violation of the Open Meetings Law occurred at the November 28, 2023 meetings relative to the Council's duty under Louisiana Revised Statute § 42:14(D) to provide a period of a public comment, and set reasonable rules and restrictions regarding the public comment period … the statute does not specify how the public comment must be structured … except that it must be prior to voting on agenda items."[47]

---

[42] *Id.* at 9.

[43] *Id.*

[44] *Id.*

[45] Rec. Doc. 79 at 6.

[46] *Id.*

[47] *Id.* at 7.

Defendants argue that they were within their right to allow public comments to be three minutes long and confined to agenda items only.[48]

Defendants aver that Agenda Item J was about a general agreement to retain special counsel to perform services related to ethics laws, not about a specific ethics complaint.[49]  Defendants contend that the legal services of R. Gray Sexton were up for consideration for more than one ethical complaint.[50]  Defendants assert that Plaintiff went off-topic and launched into the contents of an ethical complaint that she filed against Parish Council Present Hotard, which was not on the agenda.[51]  Defendants argue that there was no violation of the Open Meetings Law.[52]

Defendants argue that Plaintiff was off topic during the public comment period of the November 28, 2023 Parish Council meeting.[53]  Defendants contend that Plaintiff was never removed from the lectern, and the joint stipulated video and transcript of the November 28, 2024 meeting shows that Plaintiff had a full opportunity to participate in the meeting.[54]

Defendants argue that Plaintiff failed to offer any evidence Wright knowingly and/or willfully participated in the unlawful meeting.[55]  Defendants contend Hotard was advised by the Louisiana Board of Ethics that the investigation was confidential and was not to be discussed

---

[48] *Id.*

[49] *Id.* at 8.

[50] *Id.*

[51] *Id.*

[52] *Id.* at 9.

[53] *Id.*

[54] *Id.*

[55] *Id.* at 10.

publicly.[56]  Defendants aver that Hotard had a good faith basis to believe that the ethics matter was confidential, and Hotard and Wright acted in accordance with this belief in interrupting Plaintiff.[57] Defendants assert that Plaintiff's motion should be denied.[58]

### 3.    Plaintiff's Arguments in Further Support of the Motion

In further support of the motion, Plaintiff argues that the matter before the Louisiana Fifth Circuit has little relevance to the instant matter.[59]  Plaintiff contends that the Louisiana Fifth Circuit did not address an on-topic rule.[60]  Plaintiff avers that the rest of the *Perrilloux* court's holding deals with whether Ms. Perrilloux was provided a full comment period, not Plaintiff.[61]

While Defendants contend Plaintiff was able to speak for over five minutes, Plaintiff argues that this is incorrect.[62]  Plaintiff states she was interrupted seconds into her comment, and the majority of Plaintiff's public comment period was taken up by Defendants' comments.[63]  While Defendants contend the contents of the ethics complaint was confidential, Plaintiff argues that this is not true.[64]  Plaintiff states that Defendants have been unable to provide any valid basis to support this position.[65]  Even if there was a basis for Defendants' argument, Plaintiff argues that it would

---

[56] *Id.*

[57] *Id.*

[58] *Id.* at 11.

[59] Rec. Doc. 91 at 1.

[60] *Id.*

[61] *Id.* at 2.

[62] *Id.*

[63] *Id.*

[64] *Id.* at 3.

[65] *Id.*

only apply to Hotard's actions.[66]  Further, Plaintiff contends that her public comment did not entail the details of the ethics complaint.[67]  Plaintiff argues that the motion should be granted.[68]

**B.**     ***Defendants' Motion for Partial Summary Judgment***

    **1.**     **Defendants' Arguments in Support of the Motion**

Defendants argue that they are entitled to partial summary judgment on the Open Meetings Law claims because: (1) it is undisputed that a Louisiana Fifth Circuit has held that Defendants did not violate the Open Meetings Law during the Council meeting; (2) it is undisputed that the Council meeting was properly noticed and open to the public in compliance with Louisiana Revised Statutes §§ 42:14 and 42:19; (3) it is undisputed that Plaintiff was physically present at the Council meeting and was allowed to speak during the public comment period; (4) it is undisputed that Plaintiff was allowed to speak for five minutes during the public comment period, and she was not forcibly removed from the room; (5) it is undisputed that Plaintiff was off-topic during her public comment; and (6) it is undisputed that the public comment requirement of Louisiana Revised Statute § 42:14(D) only applies to public comments prior to action on agenda items on which a vote is to be taken, and it was not the legislative intent to allow the public to address issues unrelated to agenda items.[69]

Defendants explain that although Hotard's name was listed next to Agenda Item J, this was not because she was the subject of the agenda item.[70]  Defendants contend that as Council

---

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] *Id.* at 3.

[70] *Id.*

President, Hotard's name is listed on most of the agenda items as a sponsor.[71] For this reason, Defendants contend that Plaintiff's comments regarding the contents of an ethics complaint involving Hotard were off topic.[72] Defendants aver that the evidence shows that Plaintiff was allowed to speak for more than five minutes prior to the Parish Council vote, and she was not forcibly removed by Defendants.[73]

Defendants contend that the Open Meetings Law does not require that public bodies allow all opinions and beliefs to be expressed at any time, rather the public comments are to be confined to agenda items only.[74] Defendants argue the Louisiana Fifth Circuit Court of Appeal has already held that Defendants did not violate the Open Meetings Law during the Council meeting in a case involving a different plaintiff.[75] Defendants contend the Louisiana Fifth Circuit Court of Appeal found that notice was given to the public prior to the Council meeting, and that everyone was allowed three minutes to discuss agenda items only.[76] Defendants explain the Louisiana Fifth Circuit Court of Appeal has found that the statutes do not specify how the public comment must be structured, except that it must be held prior to voting on agenda items.[77]

---

[71] *Id.*

[72] *Id.*

[73] *Id.* at 3–4.

[74] *Id.* at 6.

[75] *Id.*

[76] *Id.* at 7.

[77] *Id.* at 8.

Defendants argue that Plaintiff will not be able to carry her burden of defeating partial summary judgment.[78] Defendants reiterate that the public received proper notice, and Plaintiff was allowed a public comment period in compliance with the Open Meetings Law.[79]

### 2.    Plaintiff's Arguments in Opposition to the Motion

In opposition to the motion, Plaintiff argues that Defendants' motion should be denied because the ruling made by the Louisiana Fifth Circuit Court of Appeal is irrelevant to the instant matter.[80] Plaintiff contends the Louisiana Fifth Circuit Court of Appeal found that there were no violations of the Open Meetings Law as applied to the plaintiff, Shondrell Perrilloux.[81] Plaintiff avers that the Louisiana Fifth Circuit Court of Appeal did not address an on-topic rule or make any considerations concerning Plaintiff.[82]

Next, Plaintiff argues that the Parish has not adopted an on-topic rule, and even if there was an on-topic rule, Plaintiff's comment was on topic.[83] Plaintiff concedes that a parish council meeting is a limited public forum in which the council may apply reasonable time, place, and manner restrictions to speech, but Plaintiff argues this does not mean that a public body must adopt said restrictions to speech.[84] Plaintiff contends St. John the Baptist Parish has never adopted an

---

[78] *Id.*

[79] *Id.* at 9–10.

[80] *Id.* at 3.

[81] *Id.* at 4.

[82] *Id.*

[83] *Id.*

[84] *Id.* at 5.

on-topic rule.[85]  Plaintiff asserts that there was no basis to stop Plaintiff's public comment or threaten her with prosecution.[86]

Third, Plaintiff argues that Defendants' motion should be denied because Plaintiff ended her public comment prematurely due to Defendants' threats of prosecution.[87]  While Defendants argue Plaintiff was allowed to stay at the lectern for over five minutes, Plaintiff asserts that this contention is false.[88]  Plaintiff states the majority of her public comment period involved Defendants' discussion of the alleged on-topic rule, and several instances wherein Wright gaveled Plaintiff quiet, stating that he was taking the floor.[89]  Plaintiff contends her public comment period was also interrupted when Wright read aloud Louisiana Revised Statute § 42:1141.4(L)(1).[90]  Plaintiff asserts that she did not say everything she intended to say, nor could she display her posterboard during public comment.[91]  Plaintiff avers she believed that if she continued speaking she would be arrested.[92]  Plaintiff argues that Defendants' motion should be denied.[93]

---

[85] *Id.*

[86] *Id.* at 7.

[87] *Id.*

[88] *Id.*

[89] *Id.*

[90] *Id.*

[91] *Id.* at 7–8.

[92] *Id.* at 9.

[93] *Id.*

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[94] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[95] All reasonable inferences are drawn in favor of the nonmoving party.[96] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[97] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[98] The nonmoving party may not rest upon the pleadings.[99] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[100]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine

---

[94] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[95] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[96] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[97] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[98] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[99] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[100] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

issue of material fact.[101] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[102] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[103] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[104]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[105] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[106]

## IV. Analysis

Plaintiff seeks partial summary judgment in her favor, finding as a matter of law that the subject Council meeting was conducted in violation of Louisiana's Open Meetings Law,[107] and

---

[101] *Celotex Corp.*, 477 U.S. at 323.

[102] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[103] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[104] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[105] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[106] *Morris*, 144 F.3d at 380.

[107] La. Rev. Stat. § 42:12, *et seq.*

Defendant Wright knowingly and willfully participated in the alleged unlawful meeting.[108] Defendants seek partial summary judgment in their favor, finding as a matter of law that the Open Meetings Law was not violated at the Council meeting.[109]

Article XII, § 3 of the Louisiana Constitution states that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." This constitutional provision is meant to ensure that citizens are able to observe deliberations of public bodies and protect them from secret decisions being made without any opportunity for input.[110]

The Louisiana legislature enacted the Open Meetings Law, Louisiana Revised Statute § 42:11, *et seq.*, to ensure that the protections of Article XII, § 3 are fulfilled. Section 42:12(A) states the purpose of the Open Meetings Law:

> It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of Section 42:11 through Section 42:28] shall be construed liberally.[111]

Under the Open Meetings Law, every meeting of a public body must be open to the public, unless it is one of those few that are closed subject to statutory provisions.[112] The provisions of the Open Meetings Law shall be construed liberally.[113] Actions taken in violation of the Open

---

[108] Rec. Doc. 77.

[109] Rec. Doc. 87.

[110] *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 2001-1951, p. 14 (La. App. 1 Cir. 12/28/01), 805 So. 2d 400, 409 (citing *Delta Development Company, Inc. v. Plaquemines Parish Commission Council*, 451 So. 2d 134, 138 (La. App. 4 Cir.), *writ denied*, 456 So. 2d 172 (La. 1984).

[111] La. Rev. Stat. § 42:12(A).

[112] La. Rev. Stat. § 42:14.

[113] La. Rev. Stat. § 42:12.

Meetings Law are voidable by a court of competent jurisdiction.[114] Any member of a public body who knowingly and willfully participates in a meeting conducted in violation of the Open Meetings Law shall be subject to a civil penalty not to exceed five hundred dollars per violation.[115] "[W]hether the Open Meetings Law has been violated is a question of law…"[116]

Here, it is undisputed that St. John the Baptist Parish Council is a "public body" subject to Open Meetings Law. Defendants argue that the Louisiana Fifth Circuit Court of Appeal's holding in *Perrilloux*[117] is dispositive of the Open Meetings Law issue. *Perrilloux* involves the same underlying Council meeting held on November 28, 2023. In *Perrilloux*, the trial court held a hearing on the plaintiff's Writ of Mandamus and/or Temporary Restraining and Injunctive Relief and rendered judgment in favor of plaintiff, finding that "St. John the Baptist Parish Council, in prohibiting public comment and/or failing to provide reasonably adequate time for public comment during its November 28, 2023 … parish council meeting[] violated open meetings laws…"[118] The Louisiana Fifth Circuit Court of Appeal reversed the trial court's ruling, finding that St. John the Baptist Parish did not violate Louisiana' Open Meetings Law on November 28, 2023.[119]

---

[114] La. Rev. Stat. § 42:24.

[115] La. Rev. Stat. § 42:28.

[116] *Deep S. Ctr. for Env't Just. v. Council of City of New Orleans*, 2019-0774 (La. App. 4 Cir. 2/12/20), 292 So. 3d 973, 979 (citing *Harper v. State ex rel. Its Dep't of Health & Hosps.*, 2014-0110, p. 7 (La. App. 4 Cir. 9/9/15), 176 So.3d 479, 486)).

[117] *Perrilloux v. St. John the Baptist Par. Gov't by & through Par. Council of St. John the Baptist Par.*, 24-280 at *5 (La. App. 5 Cir. 10/18/24).

[118] *Perrilloux v. St. John the Baptist Par. Gov't*, No. 81208, 2024 WL 3739088, at *1 (La. Dist. Ct. Apr. 19, 2024).

[119] *Perrilloux,* 24-280 (La. App. 5 Cir. 10/18/24).

However, *Perrilloux* is distinguishable from the instant matter because the plaintiff in *Perrilloux* did not allege that she was interrupted during her public comment period. The Louisiana Fifth Circuit Court of Appeal stated that, "Ms. Perrilloux also got up and stood at the podium, invoking 'Robert Rules' about yielding of time, and spoke for her entire allotted time without interruption by the Council Chairman"[120] and "[t]he video evidence conclusively shows that at the November 28 meeting, Ms. Perrilloux, who is the only plaintiff in this suit, addressed the Council twice, once before recess and once after, for either her full allotment of time or until she had finished what she wanted to say, without being stopped."[121]  As such, the Court rejects Defendants' argument that the holding in *Perrilloux* is dispositive in this case.

The parties here dispute whether Plaintiff was afforded an adequate, reasonable opportunity for public comment at the Council meeting. Defendants aver the evidence shows that Plaintiff was allowed to speak for more than five minutes prior to the Parish Council vote, and she was not forcibly removed by Defendants.[122]  Plaintiff argues that she ended her public comment prematurely because of Defendants' threats of prosecution.[123]  A reasonable jury could conclude that Plaintiff was afforded an adequate opportunity for public comment in compliance with Louisiana's Open Meetings Law, or vice versa. "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party."[124]  As such, the

---

[120] *Perrilloux.,* 24-280 at *5 (La. App. 5 Cir. 10/18/24).

[121] *Id.* at *9.

[122] Rec. Doc. 87 at 3–4.

[123] Rec. Doc. 77.

[124] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 323 (5th Cir. 2002) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

Court finds that a genuine issue of material fact exists, and this issue requires a determination by a factfinder.

<u>**V. Conclusion**</u>

For the reasons stated herein, the Court finds that genuine issues of material fact remain as to whether Louisiana's Open Meetings Law was violated. Thus, granting of summary judgment is inappropriate. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment[125] is **DENIED**.

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment[126] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___14th___ day of January, 2025.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[125] Rec. Doc. 77.

[126] Rec. Doc. 87.