UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 23-cv-7296 |
| ) | |
| MICHAEL WRIGHT, in his individual and ) | |
| official capacities, JACLYN HOTARD, in her ) | |
| individual and official capacities; and ) | |
| ST. JOHN THE BAPTIST PARISH; ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SECOND AMENDED JOINT PRETRIAL ORDER**

## I.     DATE OF PRETRIAL CONFERENCE

January 15, 2025 at 2:00 p.m.

## II.    APPEARANCE OF COUNSEL AND PARTY REPRESENTED

Plaintiff, Joy Banner, Ph.D:
William Most (#36914)
David Lanser (#37764)

Defendants Michael Wright, Jaclyn Hotard, Parish of St. John the Baptist:
Ike Spears (#17811)

## III.   DESCRIPTION OF PARTIES

Plaintiff Joy Banner is an individual of the full age of majority. She resides in St. John the Baptist Parish, Louisiana.

Defendant Michael Wright is an individual of the full age of majority. He resides in St. John the Baptist Parish, Louisiana.

Defendant Jaclyn Hotard is an individual of the full age of majority. She resides in St. John the Baptist Parish, Louisiana.

Defendant St. John the Baptist Parish is a political subdivision of the State of Louisiana.

1

### IV. **JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

### V. **PENDING/CONTEMPLATED MOTIONS OR SPECIAL ISSUES FOR DETERMINATION IN ADVANCE OF TRIAL**

a. **Rec. Doc. 48:** Plaintiff has filed a motion in limine seeking to bar any argument regarding any "on-topic rule." Plaintiff argues that governing bodies *may* adopt an on-topic rule, but that Defendant St. John the Baptist Parish has not done so. Defendants counter that there is caselaw to support the existence of an "on-topic" rule.

b. **Rec. Doc. 50:** Plaintiff has filed a motion in limine seeking to bar any argument regarding her alleged legal violations.

c. **Rec. Doc 71:** Plaintiff has filed a motion in limine to exclude witnesses which Plaintiff alleges Defendants did not timely identify. Defendants contend they timely filed their witness list pursuant to the Court's Scheduling Order. Plaintiff contends that Defendants also had to identify potential witnesses in their initial disclosures, and did not.

d. **Rec. Doc. 74**: Plaintiff has filed a *Daubert* motion seeking to exclude the testimony of Attorney-Expert Richard Stanley.

e. **Rec. Doc. 77:** Plaintiff has filed a motion for partial summary judgment regarding her claim that Defendants violated Louisiana's Open Meetings Law.

f. **Rec. Doc. 87:** Defendants have filed a motion for partial summary judgment on Plaintiff's Open Meetings Law claim on several grounds.

g. **Rec. Doc. 92:** Plaintiff has filed a Motion for Sanctions, seeking leave for a limited re-deposition of Defendant Hotard and attorneys fees.

### VI. **BRIEF SUMMARY OF MATERIAL FACTS CLAIMED**

The plaintiff in this case is Dr. Joy Banner. The defendants are St. John the Baptist Parish, its Parish President Jaclyn Hotard, and the Chair of its Parish Council, Michael Wright.

The case involves a St. John the Baptist Parish Council meeting held on November 28, 2023. At the meeting, Plaintiff Banner approached the podium to speak during the public comment

period, specifically on an agenda item seeking to retain counsel "to perform services related to Ethics Laws." This was of interest to Plaintiff Banner, as she had previously filed an ethics complaint against Defendant Hotard.

Shortly after Plaintiff Banner began speaking, Defendants stated that she was "off topic" and in "violation of state law." Defendant Wright then read aloud a state statute which states, in part, that a violator may be punished "by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both." Plaintiff Banner ended her comment shortly thereafter.

Plaintiff contends that this violated her right to the freedom of speech, and Louisiana's Open Meetings Law. Defendants maintain that Plaintiff's comments were "off topic," and Chairman Wright has a responsibility to maintain order and to keep public comments "on topic" and within the allotted time period. Defendants further maintain that there was no violation of the Louisiana Open Meetings Law and that Plaintiff's First Amendment rights were not violated.[1]

## VII. SINGLE LISTING OF UNCONTESTED MATERIAL FACTS

  a. The St. John the Baptist Parish Council is a public body subject to Louisiana's Open Meetings Law.[2]

  b. The Parish Council held a public meeting on November 28, 2023.[3]

  c. Defendant Michael Wright was the council chair at the November 28, 2023 meeting.[4]

  d. Defendant Jaclyn Hotard was elected St. John the Baptist Parish President in October 2019.

---

[1] Parties conferred and agreed that, if Plaintiff's *Motion in Limine* regarding the "on topic" rule (R. Doc. 48) is granted, that this summary should be updated to delete all "on-topic" and "off-topic" references.
[2] *Cf*. R. Doc. 79 at 13 (Defendants' Response to Material Facts, noting that this fact is "Undisputed.")
[3] *Id*.
[4] *Id*.

 e. Jaclyn Hotard attended the November 28, 2023 meeting in her capacity as Parish President.

 f. Prior to the meeting, Dr. Banner filed an ethics charge against Jaclyn Hotard.

 g. The ethics charge alleged that Jaclyn Hotard had signed a rezoning application that would significantly affect the value of her mother-law's LLC's property, in violation of state ethics law.

 h. Agenda Item J at the November 28, 2023 meeting read "J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as Special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute."

 i. During the public comment period of the meeting, Dr. Banner walked to the podium and began to speak.[5]

 j. Jaclyn Hotard told Dr. Banner during her public comment that she was in "violation of state law" and asked Chairman Wright to "stop this comment."[6]

 k. Chairman Wright read La. R.S. 42:1141.4(L)(1) aloud during Dr. Banner's public comment.[7]

 l. La. R.S. 42:1141.4(L)(1) states, in part, that a violator may be punished "by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both."

 m. In 2014, a federal judge determined that "R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part."[8]

**VIII. SINGLE LISTING OF CONTESTED MATERIAL FACTS**

 a. The extent to which Dr. Banner was prevented from speaking.

 b. Whether Dr. Banner voluntarily stopped speaking or if it was due to the threats of prosecution.

---

[5] R. Doc. 43-1 (Stipulated Transcript) at 3.
[6] R. Doc. 43-1 (Stipulated Transcript) at 8.
[7] R. Doc. 43-1 (Stipulated Transcript) at 10-11.
[8] *King v. Caldwell ex rel. La., AG,* 21 F. Supp. 3d 651, 656 (E.D. La. 2014) ("The Court is persuaded that La. R.S. 42:1141.4(L)(1) is invalid, both as applied to these plaintiffs and on its face, at least in part.")

4

    c. Whether the Parish or State has a rule requiring public commenters to remain on topic.

    d. Whether Defendants threatened Dr. Banner with prosecution.

    e. Whether Defendants had a "motive or intent in silencing" the plaintiff.[9]

    f. Whether Defendants' statements could be reasonably understood to be a coercive threat.[10]

    g. The Louisiana Board of Ethics has since dismissed Dr. Banner's complaint after a very brief investigation, finding that Parish President Jaclyn Hotard did not commit any ethics violations.

## IX. SINGLE LISTING OF CONTESTED ISSUES OF LAW

    a. Whether and to what extent La. R.S. 42:1141.4 (L)(1) was held to be unconstitutional.

    b. Whether and to what extent La. R.S. 42:1141.4 (L)(1) is unconstitutional under the facts of this case.

    c. Whether it was illegal for Dr. Banner to discuss the ethics complaint she filed against Defendant Hotard.

    d. Whether Defendants violated Louisiana's Open Meetings Law in how they conducted the Parish Council meeting on November 23, 2023.

    e. Whether Defendants violated Dr. Banner's First Amendment rights in restricting her speech during public comment.

    f. Whether Defendants engaged in viewpoint discrimination.

    g. Whether Defendants retaliated against Dr. Banner.

---

[9] See Rec. Doc. 25 (Order Denying Motion to Dismiss) at 13.
[10] *Id.* at 14.

## X.  LISTS OF EXHIBITS

a. Joint Exhibits

| Ex. | Description |
|---|---|
| J1 | Video of November 28, 2023 council meeting |
| J2 | November 28, 2023 council meeting agenda |
| J3 | Stipulated transcript of the November 28, 2023 council meeting |
| J4 | October 26, 2023 Complaint from Joyceia Banner/Pam Spees to the Louisiana Board of Ethics (with its attached exhibits) |
| J5 | Louisiana Legislative Auditor "White Paper," Open Meetings Law, RS 42:11-42:28 |

b. On behalf of Plaintiff Joy Banner

| Ex. | Description | Obj. to Admissibility | Obj. to Authenticity |
|---|---|---|---|
| P1 | Highlighted copy of Revised Statute 42:1141.4 | Object to relevancy | |
| P2 | Public Records Response and Highlighted copy of Revised Statute 42:1141.4 | Object to relevancy | |
| P3 | Apple Watch photos and data | Object to relevancy | Object to authenticity |
| P4 | Excerpts from Defendants' Discovery Responses | | |
| P5 | Text messages between Darla Gaudet and Jaclyn Hotard | Object to relevancy | |
| P6 | Gaumet Holdings LLC operating agreement | Object to relevancy | |
| P7 | Assessor Parcel Maps | Object to relevancy | |
| P8 | Joy Banner Demonstrative from November 28, 2023 | Object to relevancy | |
| P9 | Official proceedings of May 27, 1993 council meeting | | |
| P10 | King v. Caldwell ex rel. Louisiana (if *Daubert* motion denied) | Object to relevancy | |
| P11 | List of Darla Gaudet Businesses from SoS | Object to relevancy | |
| P12 | Nov. 9, 2021 Letter from Greenfield to Gaumet Holding | Object to relevancy | |
| P13 | Gaumet Holdings Assessor Listings | Object to relevancy | |
| P14 | Map of 0300038900 | Object to relevancy | |
| P15 | Hotard Letter of Support | | |

a. On behalf of Defendants

| Ex. | Description | Obj. to Admissibility | Obj. to Authenticity |
|---|---|---|---|
| D1 | Minutes (Official Proceedings) St. John the Baptist Parish Council, Tuesday November 28, 2023 | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| D2 | Roberts Rules of Order, 12th Edition | *Id.* | |
| D3 | *Louisiana Board of Ethics v. Daryl G. Purpera, in His Official Capacity as Legislative Auditor for the Louisiana Auditor's Office*, 321 So.3d. 401 | *Id.* | |
| D4 | Louisiana Attorney General Opinion 01-367 (Ops. La. Atty. Gen. Jan. 23, 2002) | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). Hearsay and violation of Order in Limine (Rec. Doc. 53) | |
| D5 | Louisiana Attorney General Opinion 01-394 (Ops. La. Atty. Gen. Nov. 8, 2001) | *Id.* | |
| D6 | Louisiana Attorney General Opinion 04-0107 (Ops. La. Atty. Gen. Apr. 27, 2004) | *Id.* | |
| D7 | Official Proceedings of St. John the Baptist Parish Council State of Louisiana, Taken at its First Meeting of its Second Term, Held on Monday, January 11, 1988 | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | |
| D8 | November 7, 2023 Letter from Louisiana Board of Ethics (Carolyn Landry) to Jaclyn Hotard | Relevance (Fed. R. Evid. 402). Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). Hearsay and violation of Order in Limine (Rec. Doc. 53). | |
| D9 | February 2, 2024 Letter from Louisiana Board of Ethics (Shannon McLean) to Jaclyn Hotard | *Id.* | |
| D10 | Louisiana Board of Ethics Notice of Confidentiality | *Id.* | |

| | | | |
|---|---|---|---|
| D11 | E-mail exchange between Jaclyn Hotard and Louisiana Board of Ethics, November 17, 2023-November 27, 2023 | *Id.* | |
| D12 | September 10, 2024 Letter from Louisiana Board of Ethics (Mallory Guillot) to Jaclyn Hotard | *Id.* | |
| D13 | Social Media Postings (Facebook, Instagram, X-formerly known as Twitter) of Joyceia Banner | Relevance (Fed. R. Evid. 402). Not produced in discovery; produced to Plaintiff for the first time on December 23, 2024. | |

## XI.    DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE

None, except any portions used for cross examination, rebuttal, and/or impeachment.

## XII.    LIST OF CHARTS, GRAPHS, MODELS OR SCHEMATIC DESIGNS

Plaintiff anticipates uses enlarged copies of exhibits, discovery responses, and/or deposition testimony. Plaintiff also anticipates using a Powerpoint demonstrative during opening and closing.

Defendants do not anticipate using charts, graphs, models, or schematic designs.

## XIII.    LISTS OF WITNESSES

a. By Plaintiff Joy Banner:

i. **Joy Banner.** Contact through counsel, Most & Associates, 201 St. Charles Ave., Ste. 2500, #9685, New Orleans, LA 70170. Dr. Banner is the plaintiff in this case, and will testify as to how she reasonably perceived Defendants' actions to be threats, how she did not finish what she intended to say because of those threats, and how she experienced ongoing distress following the threats.

ii. **Michael Wright.** Contact through counsel, Spears & Spears, 909 Poydras St #1825, New Orleans, LA 70112. Mr. Wright is a defendant in the case, and will testify as to why he gaveled Dr. Banner quiet and read to her from a criminal statute during public comment, something he has never done before.

iii. **Jaclyn Hotard**. Contact through counsel, Spears & Spears, 909 Poydras St #1825, New Orleans, LA 70112. Ms. Hotard is a defendant in the case, and will

8

  testify as to why she interrupted Dr. Banner and directed Wright to "stop this comment." She will testify as to her knowledge of her husband and mother-in-law's ownership of an LLC that owned land running directly through the grain elevator project, which is relevant to her motivation in trying to stop Dr. Banner from speaking on that topic.

iv. **Jo Banner**. Contact through counsel, Most & Associates, 201 St. Charles Ave., Ste. 2500, #9685, New Orleans, LA 70170. Ms. Banner is the twin sister of Plaintiff, and will testify about how she perceived Hotard and Wright's statements (which is relevant to whether they were "reasonably understood" to be a coercive threat), how she did not speak due to the threats, and about her observations of the manifestations of Dr. Banner's distress.

v. **Kim Mathieu.** 593 Hwy 18, Edgard LA 70049. Mr. Mathieu was a member of the public present at the meeting, and will testify about how he perceived Hotard and Wright's statements (which is relevant to whether they were "reasonably understood" to be a coercive threat) and how he did not speak due to the threats.

vi. **Tonia Schnyder**. 530 Oak Allee Drive, Laplace, LA 70068. Ms. Schnyder was a member of the Parish council present at the meeting, and will testify about how she perceived Hotard and Wright's statements (which is relevant to whether they were "reasonably understood" to be a coercive threat), and about Defendants' history of silencing speech.

vii. **Darla Gaudet.** Contact through counsel, Richard J. Tomeny, 3445 N Causeway Blvd, Metairie, LA 70002. Ms. Gaudet is the mother-in-law of Defendant Hotard. Her LLC (co-owned by a trust benefitting Hotard's husband) owned land running directly through the area of a $800 million project Hotard was promoting in her role as Parish President. Ms. Gaudet will testify about that, along with her extensive text messages with Hotard about Joy Banner.

viii. **Mallory Guillot.** Contact through counsel, Tracy M. Barker, Louisiana Board of Ethics, 617 N 3rd St, Baton Rouge, LA 70802. Ms.Guillot is an attorney for the Ethics Board. She was originally listed as a witness by Defendants. She will be called to testify to rebut Defendants' false suggestion that the word "confidential" on Ethics Board correspondence means that no one could discuss the subject of the investigation.

ix. **William Banner.** 157 Alexis Court, Vacherie, LA 70090. Mr. Banner is the father of Plaintiff, and will testify about how he perceived Hotard and Wright's statements (which is relevant to whether they were "reasonably understood" to be a coercive threat), how he did not speak due to the threats, and about his observations of the manifestations of Dr. Banner's distress. Plaintiff will call

       either William or Harriet Banner, but not both.

    x. **Harriett Banner**. 157 Alexis Court, Vacherie, LA 70090. Ms. Banner is the mother of Plaintiff, and will testify about how she perceived Hotard and Wright's statements (which is relevant to whether they were "reasonably understood" to be a coercive threat), how he did not speak due to the threats, and about her observations of the manifestations of Dr. Banner's distress. Plaintiff will call either William or Harriet Banner, but not both.

b. By Defendants

    i. **Jaclyn Hotard.** 1811 W. Airline Hwy, LaPlace, LA. Ms. Hotard is a defendant in this case. She will testify as to her history of public service within St. John the Baptist Parish government, as well as the administration of Parish government including the manner in which Parish Council meetings are conducted. She will additionally testify as to the specifics of the November 28, 2023 Council meeting, including the fact that Plaintiff attempted to speak off topic and that Ms. Hotard reasonably believed that Plaintiff's comments were both off topic and that it was a violation of law for Plaintiff to make a public statement that gave information concerning a confidential investigation of the Louisiana Board of Ethics.

    ii. **Michael Wright.** 1811 W. Airline Hwy, LaPlace, LA. Mr. Wright is a defendant in this case. He will testify as to his history of public service within St. John the Baptist Parish government, as well as the administration of Parish government including the manner in which Parish Council meetings are conducted. He will additionally testify as to the specifics of the November 28, 2023 Council meeting, including the fact that Plaintiff attempted to speak off topic and that Mr. Wright reasonably believed that Plaintiff's comments were both off topic and that it was a violation of law for Plaintiff to make a public statement that gave information concerning a confidential investigation of the Louisiana Board of Ethics.

    iii. **Jackie Landeche**. 1811 W. Airline Hwy, LaPlace, LA. Ms. Landeche is the Clerk of the St. John the Baptist Parish Council. She will testify that the November 28, 2023 meeting complied with the notice requirements of Louisiana Open Meetings Law. She will also testify as to her knowledge that Joyceia "Joy" Banner and Jocyntia "Jo" Banner both regularly make public comments at St. John the Baptist Parish Council Meetings.

    iv. **Joyceia "Joy" Banner**. 157 Alexis Ct., Vacherie, LA. Joy Banner is the named Plaintiff and will testify as to her conduct during the public comment period of the November 28, 2023 Parish Council meeting.

    v. **Jocyntia "Jo" Banner**. 157 Alexis Ct., Vacherie, LA. Jo Banner is the twin sister of Plaintiff Joy Banner. She is a frequent speaker at Parish Council meeting and was present at the November 28, 2023 Council meeting. She will testify as to what she witnesses and as to the manner in which Parish Council meetings are routinely conducted.

vi. **Shondrell Perrilloux**. 1118 Main Street, LaPlace, LA. Shondrell Perrilloux is a Community Activists and frequent speaker at Parish Council meetings. She was in attendance at the November 28, 2023 Council meeting, and she filed a separate lawsuit alleging that the November 28, 2023 Council meeting violated Louisiana Open Meetings Law. She will testify as to the facts of the November 28, 2023 meeting. She can also rectify that she and others routinely speak at Parish Council meetings and criticize Mr. Wright, Ms. Hotard, and other public officials without repercussions or retaliation. Additionally, she will testify about how Parish Council meetings are regularly conducted and about the results of her lawsuit filed regarding the November 28, 2023 meeting.

vii. **Richard Stanley**. 909 Poydras Street, Ste. 2500, New Orleans, LA. Attorney, Defense Expert. Mr. Stanley will testify regarding the standard of care of a reasonable lawyer. His testimony is offered to inform the jury of the reasonable standard of care as to whether a person could reasonably believe that a statute, which in a single district court case was held to be unconstitutional "as applied," was still valid in other applications. Furthermore, he will testify that La. R.S. 42:1141.4(L)(1) has never been revised or repealed despite the ruling in *King v. Caldwell*.

viii. **R. Gray Sexton**. 8680 Bluebonnet Blvd., Ste. D, Baton Rouge, LA 70810. Mr. Sexton will testify that his law firm was retained to represent Ms. Hotard and the St. John the Baptist Parish government in connection with any ethics complaints filed against the Parish government. Additionally, he will testify as to his employment background as former counsel for the Louisiana Board of Ethics including his intimate knowledge of the policies and procedures used by the Board in investigating ethics complaints. He will testify that he has always understood Ethics Board investigations to be confidential. He will additionally testify that the ethics complaint filed by Joy Banner against Jaclyn Hotard was dismissed.

ix. **Alesia M. Ardoin**. 8680 Bluebonnet Blvd., Ste. D, Baton Rouge, LA 70810. Ms. Ardoin will testify that her law firm was retained to represent Ms. Hotard and the St. John the Baptist Parish government in connection with any ethics complaints filed against the Parish government. Additionally, she will testify as to her employment background as former counsel for the Louisiana Board of Ethics including her intimate knowledge of the policies and procedures used by the Board in investigating ethics complaints. She will testify that she has always understood Ethics Board investigations to be confidential. She will additionally testify that the ethics complaint filed by Joy Banner against Jaclyn Hotard was dismissed.

x. **Carolyn Abadie Landry**. 617 N. 3rd Street, Baton Rouge, LA 70802. Ms. Landry is an employee of the Louisiana Board of Ethics. She will testify as to the policies and procedures used by the Board regarding ethics complaints. She will also testify that La. R.S. 42:1141.4(L)(1) has never been revised or repealed despite the ruling in *King v. Caldwell*, and that the Board continues to stamp official correspondence regarding ethics investigations as "Confidential." She will additionally testify that the ethics complaint filed by Joy Banner against Jaclyn Hotard was dismissed.

       xi. **Mallory A. Guillot**. 617 N. 3rd Street, Baton Rouge, LA 70802. Ms. Landry is an employee of the Louisiana Board of Ethics. She will testify as to the policies and procedures used by the Board regarding ethics complaints. She will also testify that La. R.S. 42:1141.4(L)(1) has never been revised or repealed despite the ruling in *King v. Caldwell*, and that the Board continues to stamp official correspondence regarding ethics investigations as "Confidential." She will additionally testify that the ethics complaint filed by Joy Banner against Jaclyn Hotard was dismissed.

## XIV. MODE OF TRIAL

This case has been designated as a jury trial.[11]

## XV. STATEMENT OF TRIAL OF SEPARATE ISSUES

This trial has not been bifurcated, and no issues are to be separately tried.

## XVI. OTHER PERTINENT MATTERS

None.

## XVII. COMMENCEMENT OF TRIAL

Trial shall commence on January 27, 2025 at 9:00 a.m. Trial is estimated to last three to four days.

## XVIII. FORMULATION OF PRETRIAL ORDER

The pre-trial order has been formulated after conference of counsel. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by the Court, or by order of the Court to prevent manifest injustice.

## XIX. POSSIBILITY OF SETTLEMENT

The parties appeared for a settlement conference on December 20, 2024 at 10:00 a.m. No settlement was reached.

---

[11] Rec. Doc. 29 (Order that the "January 27, 2025 bench trial is converted to a trial by jury.")

Respectfully submitted,

*/s/ Ike Spears*
IKE SPEARS, #17811
SPEARS & SPEARS, LLC
909 Poydras Street, Suite 1825
New Orleans, LA 70112
Office: (504) 593-9500
Facsimile: (504) 523-7766
Email: ikespears@gmail.com
*Attorney for Defendants*


*/s/ William Most*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com
*Attorney for Plaintiff*