UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in his official capacity, et al.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Before the Court is Plaintiff Joy Banner, Ph.D.'s ("Plaintiff") "Motion to Exclude Defendants' Attorney-Expert Under *Daubert*."[1] Plaintiff brings this suit against Defendants Michael Wright, St. John the Baptist Parish, and Jaclyn Hotard (collectively "Defendants") alleging violations of her First Amendment right to freedom of speech during a St. John the Baptist Parish council meeting.[2] Richard Stanley ("Stanley"), an attorney-expert, has been hired by Defendants to opine about "whether a person could reasonably believe that a statute, which in one district court case was held unconstitutional 'as applied,' was still valid in other applications."[3]

Plaintiff argues that Stanley's expert testimony should be excluded from trial because (1) Stanley is offering a legal opinion which is in the province of the judge; (2) Stanley's opinions are irrelevant; and (3) Stanley conceded that he could only opine as to what a reasonable lawyer would do, not a non-lawyer.[4] In opposition, Defendants argue that Stanley does not intend to offer legal opinions, rather he plans to testify as to the reasonable standard of care of an attorney.[5] Considering

---

[1] Rec. Doc. 74.

[2] Rec. Doc. 1.

[3] Rec. Doc. 74-4.

[4] Rec. Doc. 74-1.

[5] Rec. Doc. 81.

the motion, the opposition, the applicable law, and the record, the Court grants the motion.

## I. Background

On November 28, 2023, Plaintiff alleges that she was repeatedly interrupted while attempting to speak during the public comment portion of a St. John the Baptist Council meeting.[6] On the Council's agenda was Agenda Item J which read:

> J) Jaclyn Hotard – Authorization to retain Legal Service with the Law Firm, R. Gray Sexton, as Special Counsel, to perform services related to Ethics Laws subject to the restrictions imposed by the State of Louisiana regarding Ethics Procedures and at the rate in accordance with the Attorney General Guidelines per statute.[7]

Plaintiff contends that she filed the ethics charge regarding Parish President Jaclyn Hotard ("Hotard").[8]

During the Council meeting, Plaintiff approached the lectern and identified the two agenda items she intended to speak on "Executive Session items, The Descendants Project vs. St. John the Baptist Parish and St. John the Baptist Parish Council, and then also Agenda Item J, which is the authorization to obtain legal service with a law firm R. Gray Sexton as special counsel."[9] Plaintiff alleges that she was only allowed to speak for five seconds before she was interrupted by Defendant Hotard and then by Defendant Chairman Michael Wright.[10] The Amended Complaint provides that Plaintiff then attempted to address the ethics violation on Hotard, and she was again interrupted.[11]

---

[6] Rec. Doc. 7.

[7] *Id.* at 5.

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.* at 7.

Plaintiff was told that her comments must be limited to agenda items.[12] The Amended Complaint alleges that Plaintiff "pointed out that she was on topic—the Board of Ethics was investigating Jaclyn Hotard, and Item J on the agenda was placed on the agenda by Hotard and called for authorization for outside legal counsel for Ms. Hotard for the ethics investigation."[13] Plaintiff alleges that she told the Council, "we as taxpayers should not be asked to pay for her lawyer."[14] "Your Parish President, our Parish President is currently under investigation for a Board of Ethics charge. How is that not relevant, because she signed off on an application for re-zoning of her mother-in-law's land and so now[,] we as tax payers are going to have to pay. . . ."[15]

Plaintiff alleges that Defendants Hotard and Wright argued that Plaintiff's comments were off topic.[16] The Amended Complaint states that Wright then recited Louisiana Revised Statute § 42:1141.4(L)(1) which provides:

> It shall be a misdemeanor, punishable by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both, for any member of the Board of Ethics, its executive secretary, other employee, or any other person, other than the person who is subject to the investigation or complaint, to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics without the written request of the public servant or other person investigated.[17]

Allegedly Plaintiff was told by Wright to "stop this comment" and that Plaintiff was "in violation

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 8.

[16] *Id.* at 6–7.

[17] *Id.* at 8–9 (citing Louisiana Revised Statute § 42:1141.4(L)(1)).

of state law."[18] Plaintiff refers to this statement by Wright as a "threat."[19] The Amended Complaint alleges that Louisiana Revised Statute § 42:1141.4(L)(1) recited by Wright was ruled unconstitutional nearly a decade earlier.[20]

On December 14, 2023, Plaintiff filed a Complaint against Defendants.[21] On January 4, 2024, Plaintiff filed an Amended Complaint alleging the following claims for relief: (1) violations of Plaintiff's First Amendment right to freedom of speech by way of viewpoint discrimination and threats of prosecution; (2) violations of rights of freedom of speech and petition guaranteed by Louisiana's Constitution; and (3) violations of Louisiana's open meetings law.[22]

On November 14, 2024, Plaintiff filed the instant *Daubert* motion.[23] On December 3, 2024, Defendants filed an opposition to the motion.[24] On December 3, 2024, Plaintiff filed a reply memorandum in further support of the motion.[25]

## II. Parties' Arguments

### A.   *Plaintiff's Argument in Support of the Motion*

Plaintiff states that Defendants asked Stanley to issue an opinion about "whether a person could reasonably believe that a statue, which in one district court case was held to be

---

[18] *Id.* at 16.

[19] *Id.* at 12.

[20] *Id.* at 10–11.

[21] Rec. Doc. 1.

[22] Rec. Doc. 7.

[23] Rec. Doc. 74.

[24] Rec. Doc. 81.

[25] Rec. Doc. 82.

unconstitutional 'as applied,' was still valid in other applications."[26] Plaintiff contends that Stanley is a partner at the law firm Stanley Reuter Alford Owen Munson & Paul, LLC, a firm that has represented Saint John the Baptist Parish.[27]

First, Plaintiff argues Stanley's testimony should be excluded because his opinion is a legal opinion, and explaining the law to the jury is the province of the judge, not an expert witness.[28] Plaintiff contends because Stanley's opinions are legal conclusions, *Daubert* and the Federal Rules of Evidence forbid Stanley's opinions.[29] Plaintiff argues in *Estate of Sowell v. United States,*[30] the Fifth Circuit held that an estate's expert could not opine on whether the estate was "acting reasonably" in failing to pay estate taxes in a timely manner, as this question was reserved for the finder of fact.[31] Plaintiff asserts in *Askanase v. Fatjo,*[32] the Fifth Circuit similarly upheld the exclusion of an attorney-expert who sought to testify about whether the officers and directors in the case had breached their fiduciary duties, holding that "[l]egal conclusion are for the Court."[33] Plaintiff contends Stanley's methodology includes legal analysis, which an expert witness is prohibited from offering at trial.[34]

---

[26] *Id.* at 1.

[27] Rec. Doc. 74-1.

[28] *Id.*

[29] *Id.*

[30] 198 F.3d 169 (5th Cir. 1999).

[31] Rec. Doc. 74-1 at 5.

[32] 130 F.3d 657 (5th Cir. 1997).

[33] Rec. Doc. 74-1 at 5.

[34] *Id.* at 6.

Next, Plaintiff argues Stanley's testimony should be excluded because it is irrelevant.[35] Plaintiff states that the statute Stanley has been asked to interpret was found unconstitutional "as applied" and on its face.[36] Plaintiff contends Stanley's opinions are about the reasonableness of a "person who is either advised by a lawyer or who has the equivalent information as if they were advised by a lawyer."[37] However, Plaintiff states this Court has already excluded any advice-of-counsel defense.[38] Plaintiff contends the facts of this matter are akin to *King v. Caldwell*,[39] wherein Louisiana Revised Statute § 42:1141.4(L)(1) was held unconstitutional.[40]

Lastly, Plaintiff contends Stanley's testimony should be excluded because he testified that he could only opine as to what a reasonable lawyer would do, not a reasonable non-lawyer.[41] Plaintiff also points out Stanley testified that he could not "opine about what a reasonable person would do in [Wright] or [Hotard's] situation."[42] Plaintiff contends while Stanley has provided expert testimony previously about the standard of care for lawyers, he has never been hired as an expert related to the reasonableness of a non-lawyer.[43]

## B.   *Defendants' Argument in Opposition to the Motion*

In opposition, Defendants argue Stanley's opinions satisfy *Daubert* and his opinions should

---

[35] *Id.* at 2.

[36] *Id.*

[37] *Id.* (citing Exhibit B at 20:11-13).

[38] *Id.*

[39] 21 F.Supp. 3d 651 (E.D. La. May 14, 2014).

[40] Rec. Doc. 74-1 at 7–8.

[41] *Id.*

[42] *Id.* (citing Exhibit B at 46:1-13).

[43] *Id.* at 9–10.

not be excluded.[44] Defendants contend Stanley's testimony is not a legal opinion, rather Stanley intends to testify regarding the standard of care of a reasonable lawyer.[45] Defendants aver that in *Jones v. Cannizzaro*,[46] another section of this Court allowed an attorney-expert to testify as to the standard of care of plaintiff's trial counsel.[47]

Defendants argue that Stanley's opinions are sufficiently reliable based on his extensive experience and practice in Constitutional law.[48] Defendants contend that Plaintiff's arguments go to the credibility or weight that should be afforded to the evidence, not to its admissibility.[49] Defendants assert that it is their position that a reasonable lay person, even without the advice of counsel, would have no reason to conclude that Louisiana Revised Statute § 42:1141.4(L)(1) is unconstitutional in all applications.[50] While Plaintiff argues that Stanley's testimony should be excluded because the standard of care on which he bases his opinion is that of a lawyer, Defendant contends that the standard of care of an lawyer is higher than the standard of care of lay person.[51]

Defendants concede that neither Wright nor Hotard are lawyers, and Stanley's expert opinion is that their actions at the Council meeting did not fall below the reasonable standard of care under the circumstances.[52] Defendants assert that Plaintiff has not attempted to challenge the

---

[44] Rec. Doc. 81 at 1.

[45] *Id.* at 3.

[46] 514 F.Supp.3d 853 (E.D. La. Jan. 21, 2021).

[47] Rec. Doc. 81 at 3.

[48] *Id.* at 4.

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.* at 5.

constitutionality of the underlying statute.[53]

### C.     *Plaintiff's Argument in Further Support of the Motion*

In further support of the motion, Plaintiff argues that the standard of care for attorneys is irrelevant.[54] Plaintiff asserts that neither Hotard nor Wright are attorneys, and this Court has excluded an advice-of-counsel defense.[55] Plaintiff contends that this case does not involve negligence or malpractice wherein "standard of care" is an element of the claim.[56] Plaintiff avers that Defendants have not offered any authority that requires a showing of a "standard of care" in a First Amendment case.[57] Plaintiff asserts that her motion should be granted, and Stanley's testimony should be excluded from trial.[58]

## III. Legal Standard

The district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702.[59] Rule 702 states that a witness "qualified as an expert by knowledge, skill, experience, training, or education," may provide expert testimony when "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."[60] For the testimony to be admissible, Rule 702 establishes

---

[53] *Id.*

[54] Rec. Doc. 82 at 1.

[55] *Id.*

[56] *Id.*

[57] *Id.* at 2.

[58] *Id.*

[59] *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000).

[60] Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

the following requirements:

    (1) the testimony must be based upon sufficient facts or data,

    (2) the testimony must be the product of reliable principles and methods, and

    (3) the expert must reliably apply the principles and methods to the facts of the case.[61]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court explained that Rule 702 requires the district court to act as a "gatekeeper" to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."[62] The court's gatekeeping function mostly involves a two-part inquiry.

First, the court must determine whether the expert testimony is reliable, which requires an assessment of whether the expert testimony's underlying reasoning or methodology is valid.[63] The court's inquiry into the reliability of expert testimony is flexible and fact-specific.[64] The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation.[65] In analyzing reliability, *Daubert* instructs courts to consider (1) whether the theory has been tested; (2) whether the theory has been subject to peer review and publication; (3) any evaluation of known rates of error; (4) whether standards and controls exist and have been maintained with respect to the technique; and (5) general acceptance within the scientific community.[66]

---

[61] Fed. R. Evid. 702.

[62] *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (clarifying that the court's gatekeeping function applies to all forms of expert testimony).

[63] *See Daubert*, 509 U.S. at 589. The party offering the testimony has the burden to establish reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717 (3d Cir. 1994)).

[64] *Seatrax*, 200 F.3d at 372.

[65] *See Daubert*, 509 U.S. at 590.

[66] *Id.* at 592–94. In *Kumho Tire Co. v. Carmichael*, the Supreme Court emphasized that the test of reliability is "flexible" and that Daubert's list of specific factors does not necessarily nor exclusively apply to every expert in every case. *Kumho Tire*, 526 U.S. at 141. The overarching goal "is to make certain that an expert, whether basing

Second, the court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact in understanding the evidence.[67] The second inquiry primarily analyzes whether the expert testimony is relevant.[68]

Yet a court's role as a gatekeeper does not replace the traditional adversary system.[69] A "review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."[70] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[71] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[72]

Federal Rule of Evidence 704(a) provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue."[73] "The rule was enacted to change the old view that [] giving an opinion on an ultimate issue would 'usurp the function' or 'invade the province' of the jury."[74] The rule, however, "does not open the door to all opinions."[75] Witnesses may not "tell the

---

testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

[67] *See Daubert*, 509 U.S. at 591; Fed. R. Evid. 702.

[68] *See Daubert*, 509 U.S. at 591; Fed. R. Evid. 702.

[69] *See Daubert*, 509 U.S. at 596.

[70] Fed. R. Evid. 702 advisory committee's note, "2000 Amendments."

[71] *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[72] *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore Cnty.*, 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

[73] Fed. R. Evid. 704(a).

[74] *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

[75] *Id.*

jury what result to reach," nor may they "give legal conclusions."[76]  The Fifth Circuit has explained that "the task of separating impermissible question which call for overbroad or legal responses from permissible questions is not a facile one," but one that requires courts to exclude questions or answers from experts that "would supply the jury with no information other than the expert's view of how its verdict should read."[77]

## IV. Analysis

Stanley, an attorney-expert, has been retained to opine about "whether a person could reasonably believe that a statute, which in one district court case was held unconstitutional 'as applied,' was still valid in other applications."[78] Plaintiff argues that Stanley's expert testimony should be excluded because (1) Stanley intends to offer legal conclusions, which are in the province of the judge; (2) Stanley's opinions are irrelevant; and (3) Stanley conceded that he could only opine as to what a reasonable lawyer would do, not a non-lawyer.[79] In opposition, Defendants argue that Stanley intends to offer testimony regarding the standard of care of a reasonable lawyer.

"[A]n expert may never render conclusions of law,"[80] as that "would constitute an invasion of 'the province of the court to determine the applicable law and to instruct the jury as to that law.'"[81] Allowing such expert testimony in a jury trial is both unhelpful and harmful because:

> the jury would be very susceptible to adopting the expert's conclusion rather making its own decision. There is a certain mystique about the word 'expert' and once the jury hears of the [expert]'s experience and expertise, it might think the

---

[76] *Id.* (citing *United States v. Fog*, 652 F.2d 551, 557 (5th Cir. 1981).

[77] *Id.*

[78] Rec. Doc. 74-4.

[79] Rec. Doc. 74-1.

[80] *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).

[81] *Willette v. Finn*, 778 F. Supp. 10, 11 (E.D. La. 1991) (quoting *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988)); *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996); *Goodman*, 571 F.3d at 399.

witness even more reliable than the judge. If an expert witness were allowed to testify to legal questions, each party would find an expert who would state the law in the light most favorable to its position. Such differing opinions as to what the law is would only confuse the jury.[82]

In discussing Rule 702 of the Federal Rules of Evidence, the United States Fifth Circuit Court of Appeals has clearly established that:

> We agree that merely being a lawyer does not disqualify one as an expert witness. Lawyers may testify as to legal matters when those matters involve questions of fact.[83] However, "it must be posited as an a priori assumption [that] there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge.[84]

In *Estate of Sowell v. U.S.*,[85] the Fifth Circuit upheld the trial court's exclusion of an attorney-expert who sought to testify regarding what a reasonable fiduciary would do. The Fifth Circuit reasoned that "[w]hether the Estate was 'acting reasonably' was, for all practical purposes, the only issue for the jury in this case to decide."[86]

The principles adopted in *Estate of Sowell* are applicable here. This Court has reviewed Stanley's expert report and finds that it clearly invades the province of the Court to instruct the jury on any applicable law. In his report, Stanley opines that it is *reasonable* for a lawyer to believe a statute, which in one district court case was held unconstitutional 'as applied,' was still valid in

---

[82] *Cefalu v. Edwards*, 2013 WL 5592947, at *1 (quoting *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)); *see also Jarrow v. Cupit*, 99-3539, 2000 WL 1537989, at *2 (E.D. La. Oct. 17, 2000) ("[I]t is the Court's role, not that of one party's expert witness, to instruct the jury on the law of this case. The law 'requires only one spokesperson ... who of course is the judge." (quoting *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988))).

[83] *See e.g., Huddleston v. Herman & MacLean*, 640 F.2d 534, 552 (5th Cir. Unit A March 1981), aff'd in part, rev'd in part on other grounds, 459 U.S. 375 (1983)(lawyer could testify that language in a boilerplate contract was standard because the effect of the language went to scienter).

[84] *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) (internal citations omitted).

[85] 198 F.3d 169 (5th Cir. 1999).

[86] *Id.* at *171.

other applications. In addressing Plaintiff's First Amendment claim, the jury must determine whether the restriction on Plaintiff's speech was "*reasonable* in light of the purpose served by the forum."[87] Consequently, Stanley's opinions touch on various legal issues in this matter to be determined by the factfinder. This Court cannot allow Stanley's expert opinion as it runs afoul of the Federal Rules of Evidence.

Further, the Court finds that Stanley's expert testimony is irrelevant. Stanley testified that he can only opine on the standard of care of lawyers, not non-lawyers.[88] Defendants in this matter are not lawyers. Stanley admits he cannot testify as to the standard of care of a non-lawyer. Even without Stanley's expert opinion, the jury may hear testimony from fact witnesses and consider said testimony alongside the jury instructions regarding the applicable law and make their own determination of whether Defendants' assumptions and actions were reasonable.

---

[87] *Good News Club v. Milford Central School,* 533 U.S. 98 (2001).

[88] Rec. Doc. 74-5 at 45.

**V. Conclusion**

For the reasons stated herein, the Court finds that Stanley's expert testimony is irrelevant and invades the province of the Court. Consequently, Stanley's expert testimony must be excluded from trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Exclude Defendants' Attorney-Expert Under *Daubert*"[89] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 15th day of January, 2025.

                                         **NANNETTE JOLIVETTE BROWN**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**

---

[89] Rec. Doc. 74.