UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. <br>     Plaintiff <br><br> VERSUS <br><br> MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities, and ST. JOHN THE BAPTIST PARISH; <br>     Defendants | * <br> * <br> *    Case No. 23-cv-7296 <br> * <br> *    Judge Nannette J. Brown <br> * <br> *    Magistrate Judge Karen W. <br> *    Roby <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully files this memorandum in support of their request for this Court to exclude the following:

    H. Plaintiff, Joy Banner, Ph. D.'s Apple Watch photos and data (Rec. Doc. 107, listed as P3, on Plaintiff's List of Exhibits);

    I. Text messages between Darla Gaudet and Jaclyn Horard, (Rec. Doc. 107, listed as P5 on Plaintiff's List of Exhibits);

    J. Gaudet Holdings, LLC operating agreement, (Rec. Doc. 107, listed as P6 on Plaintiff's List of Exhibits);

    K. Assessor Parcel Maps (Rec. Doc. 107, listed as P7 on Plaintiff's List of Exhibits);

L. Joy Banner's Demonstrative from November 28, 2023, (Rec. Doc. 107, listed as P8 on Plaintiff's List of Exhibits);

M. *King v. Caldwell ex rel. Louisiana*, (Rec. Doc. 107, listed as P10 on Plaintiff's List of Exhibits); and

N. List of Darla Gaudet Businesses from Secretary of State (Rec. Doc. 107, listed as P11 on Plaintiff's List of Exhibits).

## I. LAW AND ARGUMENT

The trial court is given great discretion in the determination of what evidence may be admitted or used at trial. The Fifth Circuit Court of Appeals has stated the following about Motions *in Limine*:

> A motion *in limine* is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.[1]

*Federal Rules of Evidence, ("F.R.E."), Rule 402* allows for general admissibility of relevant evidence. In other words, "relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not permissible."[2] On the other hand, *F.R.E. 403* excludes relevant evidence for prejudice, confusion, waste of time, or other reasons.

---

[1] *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).
[2] F.R.E. Rule 402.

A. **THE COURT SHOULD EXCLUDE PLAINTIFF'S APPLE WATCH PHOTOS AND DATA SINCE THEY ARE NOT SELF-AUTHENTICATING AND WOULD CONFUSE AND MISLEAD THE TRIER OF FACT**

Plaintiff, Joy Banner, Ph. D., (hereinafter "Plaintiff"), plans to introduce some Apple Watch photos and data that she claims purports to show elevate heart rate. (Rec. Doc. 107, P3 on Plaintiff's List of Exhibits). However, the Apple Watch photos and data are not self-authenticating and Plaintiff has not listed any experts that would testify to their authentication.

Additionally, there is no way to prove when and where the pictures were taken; in what context, etc. Furthermore, Plaintiff's Apple Watch photos and data are also irrelevant, highly prejudicial, and would cause confusion to the trier of fact, waste of time— all of which is prohibited by F.R.E. 403. Therefore, this Honorable Court should exclude Plaintiff's Apple Watch photos and data.

B. **THE COURT SHOULD EXCLUDE THE TEXT MESSAGES BETWEEN DARLA GAUDET AND JACLYN HORARD SINCE THEY ARE IRRELEVANT, HIGHLY PREJUDICIAL, AND ONLY BEING USED AS AN ATTEMPT TO INFLAME THE TRIER OF FACT**

Plaintiff plans to introduce text messages between Darla Gaudet and Jaclyn Hotard. (Rec. Doc. 107, listed as P5 on Plaintiff's list of exhibits). As detailed below, the disclosed text messages between Jaclyn Hotard and her mother-in law, Darla Gaudet, constitute 15 exchanges between October 16, 2023 and September 14, 2024.

Most of these exchanges are irrelevant; most of them are dated *after* the November 28, 2023 Parish Council Meeting. Plaintiff's attempt to introduce these irrelevant and highly prejudicial evidence is solely an attempt to inflame the trier of fact therefore, should be excluded under F.R.E. 403.

Additionally, the text messages that Plaintiff is trying to introduce are not self-authenticating and Plaintiff has not listed any experts that would testify to their authentication. The additionally objections for each text message are listed below:

1) Text Exchange #1 (**October 16, 2023** – Bates # 00094-00098)

    This is an extended text exchange between Ms. Hotard and Ms. Gaudet wherein they discuss:
    
    i. Re-zoning impact on property values;
    
    ii. Ethics Code violations/complaints;
    
    The text exchange offers no new information that would potentially impact the outcome of the current litigation. This exchange is clearly irrelevant to the contested issues in this case.

2) Text Exchange #2 (**October 23, 2023** – Bates # 00099-00105

    This is a text exchange wherein Ms. Gaudet shared a news story published by Lobservateur.com discussing the Banner ethics complaint against Ms. Hotard. Ms. Gaudet and Ms. Hotard both express concern that the reporter did not reach out for comment before publication. This exchange is clearly irrelevant to the contested issues in this case.

3) Text Exchange #3 (**December 5, 2023** – Bates # 00106-00127)

    This text exchange consists of two online news articles sent from Ms. Hotard to Ms. Gaudet. The first is a Nola.com article discussing the litigation and ethics complaint around the proposed Greenfield Grain Elevator. The second is a thelensnola.com article discussing Joy Banner being told to curtail her remarks at the November 23rd Parish Council meeting. The only additional comment was a text from Ms. Gaudet stating, "They are the gift that keeps on giving" followed by two poop emojis.

    This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting.

4) Text Exchange #4 (**December 14, 2023** – Bates # 00128-00131)

    This is a text exchange between Ms. Hotard and Ms. Gaudet wherein Ms. Hotard advised:
    
    i. The electricity is out at the courthouse, and Entergy is trying to get it restored;

      ii. Judge Snowdy has taken a Motion for New Trial under advisement and will rule in 14 days; and

      iii. Judge Snowdy ruled to consolidate all the pending cases.

This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting. It offers no new information that would potentially impact the outcome of the current litigation.

5) Text Exchange #5 (**December 28, 2023** – Bates # 00132-00134)

This is a brief text exchange sharing a social media post noting that The Descendants Project and other non-profit organizations which are opposing the Greenfield project are tax-exempt and pay no taxes. The text exchange offers no new information that would potentially impact the outcome of the current litigation. This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting.

6) Text Exchange #6 (**February 16, 2024** – Bates # 00135-00138

This is a brief text exchange regarding whether Ms. Gaudet still has time to make it to a meeting that is currently underway. The text exchange offers no new information that would potentially impact the outcome of the current litigation. This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting.

7) Text Exchange #7 (**March 19, 2024** – Bates # 00139-00140)

This is a brief text exchange with Ms. Gaudet inquiring whether the Greenfield matter is "going before the Council today for approval" and who voted NO for Greenfield. The text exchange offers no new information that would potentially impact the outcome of the current litigation. This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting.

8) Text Exchange #8 (**April 4, 2024** – Bates # 00141-00141)

This is a brief text exchange wherein Ms. Hotard advised Ms. Gaudet that Judge "Snowdy probably won't rule today" and she won't make it back from Covington in time for dinner at the Mexican restaurant. The text exchange offers no new information that would potentially impact the outcome of the current litigation. This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023

Parish Council Meeting.

9) Text Exchange #9 (**April 9, 2024** – Bates # 00142-00145)

This is a brief text exchange with Ms. Gaudet inquiring whether the Greenfield matter was on the Council agenda tonight. Ms. Hotard later advised that the re-zoning passed by a vote of 7-2. The text exchange offers no new information that would potentially impact the outcome of the current litigation. This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting.

10) Text Exchange #10 (**May 28, 2024** --Bates # 00146-00148)

This is a brief text exchange with Hotard informing Ms. Gaudet that she has just learned that attorney William Most wants to subpoena Ms. Gaudet for a deposition in the state court Greenfield re-zoning case. The text exchange offers no new information that would potentially impact the outcome of the current federal court litigation. This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting.

11) Text Exchange #11 (**June 17, 2024** – Bates # 00149-00152)

This is a brief text exchange wherein Ms. Gaudet informs Ms. Hotard that, "someone tried to serve papers on me today at the office!!" Ms. Gaudet is not sure if it is relative to the Greenfield matter or an unrelated "death" case. The text exchange offers no new information that would potentially impact the outcome of the current federal court litigation. This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting.

12) Text Exchange #12 (**June 24, 2024** -- Bates # 00153-00153)

This is a brief text exchange wherein Ms. Hotard provided the contact card for her attorney and Ms. Gaudet provided the name of her attorney. The text exchange offers no new information that would potentially impact the outcome of the current litigation. This exchange is clearly irrelevant to the contested issues in this case
and after the November 28, 2023 Parish Council Meeting.

13) Text Exchange #13 (**August 5, 2024** – Bates # 00154-00155)

In this text, Ms. Hotard simply sends Gaudet a screenshot of the Parish Council meeting with Joy Banner speaking, and advises, "I'm rewatching this for my deposition tomorrow." There is no further comment or exchange. The text exchange offers no new

information that would potentially impact the outcome of the current litigation. This exchange is clearly irrelevant to the contested issues in this case and after the November 28, 2023 Parish Council Meeting.

14) Text Exchange #14 (**August 6, 2024** – Bates # 00156-00157)

This text is merely a press release from Greenfield announcing that it is halting the development of its Wallace Grain Facility. The text exchange offers no new information that would potentially impact the outcome of the current litigation, it is not relevant, and after the November 28, 2023 Parish Council Meeting.

15) Text Exchange #15 (**Sept 14, 2024** – Bates # 00158-00158)

This is a brief text exchange wherein Ms. Hotard advises Ms. Gaudet that the Ethics Board found no violation and the case is closed. The text exchange offers no new information that would potentially impact the outcome of the current litigation, it is not relevant and after the November 28, 2023 Parish Council Meeting.

C. **THE COURT SHOULD EXCLUDE GAUDET HOLDINGS, LLC OPERATING AGREEMENT SINCE IT IS IRRELEVANT, HIGHLY PREJUDICIAL AND ONLY BEING USED AS AN ATTEMPT TO INFLAME THE TRIER OF FACT**

Plaintiff plans to introduce Gaudet Holdings, LLC's operating agreement. (Rec. Doc. 107, listed as P6 on Plaintiff's List of Exhibits). However, it is irrelevant to what occurred during the November 28, 2023 Parish Council Meeting - which is at issue for the trier of fact.

The Gaudet Holdings, LLC's operating agreement is not only irrelevant to the trial at hand but it is also highly prejudicial, and would cause confusion to the trier of fact, waste of time—which is prohibited by F.R.E. 403. Therefore, this Honorable Court should exclude the Gaudet Holdings, LLC's operating agreement.

**D.  THE COURT SHOULD EXCLUDE THE ASSESSOR PARCEL MAPS SINCE IT IS IRRELEVANT, HIGHLY PREJUDICIAL, WASTE OF TIME AND WOULD CAUSE CONFUSION TO THE TRIER OF FACT**

Plaintiff plans to introduce the Assessor Parcel Maps. (Rec. Doc. 107, listed as P7 on Plaintiff's List of Exhibits). However, the Assessor Parcel Maps are not self-authenticating and Plaintiff has not listed any experts that would testify to their authentication.

Additionally, the Assessor Parcel Maps are irrelevant to what occurred during the November 28, 2023 Parish Council Meeting; they are also highly prejudicial, and would cause confusion to the trier of fact and waste of time. Therefore, this Honorable Court should excluded the Assessor Parcel Maps under F.R.E. 403.

**E.  THE COURT SHOULD EXCLUDE JOY BANNER'S DEMONSTRATIVE FROM NOVEMBER 28, 2023 SINCE IT IS IRRELEVANT, HIGHLY PREJUDICIAL, AND ONLY BEING USED AS AN ATTEMPT TO INFLAME THE TRIER OF FACT**

Plaintiff plans to introduce the Plaintiff's Demonstrative from the November 28, 2023 Council Meeting. (Rec. Doc. 107, listed as P8 on Plaintiff's List of Exhibits). However, they are irrelevant to the issues before the trier of facts; Plaintiff never used them at the Parish Council Meeting at issue.

Additionally, Plaintiff's Demonstrative are also highly prejudicial and would cause confusion to the trier of fact and waste of time. Plaintiff's attempt to introduce this irrelevant and highly prejudicial evidence is solely an attempt to inflame the trier of fact therefore, should be excluded under F.R.E. 403.

### F. THE COURT SHOULD EXCLUDE KING V. CALDWELL EX REL. LOUISIANA SINCE IT IS NOT SELF AUTHENTICATING AND WILL CONFUSE THE TRIER OF FACT

Plaintiff plans to introduce the caselaw King v. Caldwell ex rel. Louisiana. (Rec. Doc. 107, listed as P10 on Plaintiff's List of Exhibits). However, the caselaw King v. Caldwell ex rel. Louisiana is not self-authenticating and Plaintiff has not listed any experts that would testify to its authentication.

Additionally, the caselaw King v. Caldwell ex rel. Louisiana is irrelevant to the issue before the trier of fact; it is also highly prejudicial and would cause confusion to the trier of fact and waste of time. Thus, this Honorable Court should excluded the caselaw King v. Caldwell ex rel. Louisiana under F.R.E. 403.

### G. THE COURT SHOULD EXCLUDE LIST OF DARLA GAUDET BUSINESSES FROM SECRETARY OF STATE SINCE IT IS IRRELEVANT

Plaintiff plans to introduce the list of Darla Gaudet's Businesses for the Secretary of State. (Rec. Doc. 107, listed as P11 on Plaintiff's List of Exhibits). However, the list of Darla Gaudet's Businesses for the Secretary of State is irrelevant to what occurred during the November 28, 2023 Parish Council Meeting.

Additionally, they are highly prejudicial and would cause confusion to the trier of fact and waste of time. Plaintiff's attempt to introduce this irrelevant and highly prejudicial evidence is solely an attempt to inflame the trier of fact therefore, should be excluded under F.R.E. 403.

### II. CONCLUSION

Based on the aforementioned, Defendants pray that this motion in limine be granted.

Respectfully Submitted:

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail:ikespears@gmail.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on January 15, 2024.

/s/ *Ike Spears*
Ike Spears