UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D.<br>    Plaintiff<br><br>VERSUS<br><br>MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH;<br>    Defendants. | Case No. 23-cv-7296<br><br>Judge Nannette J. Brown<br><br>Magistrate Judge Karen W. Roby |

*************************************************************************

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**NOW INTO COURT,** through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St. John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who hereby submit the following proposed Jury Instructions for consideration in the above-captioned matter:

### I. PRELIMINARY INSTRUCTIONS

1. Fifth Circuit Pattern Instruction 1.1
2. Fifth Circuit Pattern Instruction 1.2

### II. GENERAL INSTRUCTIONS

1. Fifth Circuit Pattern Instruction 2.1
2. Fifth Circuit Pattern Instruction 2.3
3. Fifth Circuit Pattern Instruction 2.11

### III. JURY CHARGE

1. Fifth Circuit Pattern Instruction 3.1

2. Fifth Circuit Pattern Instruction 3.2

3. Fifth Circuit Pattern Instruction 3.3

4. Fifth Circuit Pattern Instruction 3.4

5. Fifth Circuit Pattern Instruction 3.6

6. Fifth Circuit Pattern Instruction 3.7

## V. CIVIL RIGHTS – 42 USC § 1983

1. Fifth Circuit Pattern Instruction 10.5

2. Fifth Circuit Pattern Instruction 10.13

## IV. DAMAGES

1. Fifth Circuit Pattern Instruction 15.1

2. Fifth Circuit Pattern Instruction 15.7

## V. DEFENDANTS' PROPOSED INSTRUCTIONS

### PROPOSED JURY INSTRUCTION NO. 1

Under the Section 1983 Doctrine of Qualified Immunity, public officials enjoy immunity from civil damages for their discretionary acts so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. For a right to be considered "clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates a right." Even though the law might be clearly established as a general principle, a public official may nevertheless still be entitled to qualified immunity if a reasonable official under the same circumstances would not have known that his conduct was illegal. Thus, even if an official's conduct violates a constitutional right they are entitled to qualified immunity if their conduct was objectively reasonable. Thus, public officials are entitled to qualified immunity from

liability based on their good faith belief in the propriety of their actions and the reasonable grounds for that belief. This means that Defendants may not be found liable to Plaintiff under Federal Law if they acted in good faith and with probable or reasonable cause. The burden is on the plaintiff to overcome a defendant's defense of qualified immunity. To do so, the plaintiff must show that the defendant's conduct was not objectively reasonable and further that the defendant violated clearly established law. Therefore, if you find that Defendants acted in a good faith belief in the propriety of their actions and have reasonable grounds for same, then you must find for Defendants.

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982);

*Anderson v. Creighton*, 483, U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987);

*Burns-Toole vs. Byrne*, 11 F.3d. 1270, 1274 (5th Cir. 1994);

*Landrum v. Moates*, 576 F.2d 1320 (1978)

**PROPOSED JURY INSTRUCTION NO. 2**

You also may award punitive damages, if Plaintiff has proved that Defendants acted with malice or willfulness or with callous and reckless indifference to the rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter others from engaging in similar conduct in the future.

The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. Punitive damages should be awarded only if the defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

*Smith v. Wade,* 461 U.S. 30 (1983)

**PROPOSED JURY INSTRUCTION NO. 3**

Louisiana Revised Statute 42:1141.4, as reflected on the Louisiana State Legislature website and current publications of Louisiana laws, reads, in part, as follows:

"The records of the Board of Ethics prepared or obtained in connection with investigations and private hearings conducted by the Board of Ethics, including all extracts of minutes and votes to take any matter under consideration in connection therewith, shall be deemed confidential and privileged, except that such records shall be available to each member of the Board of Ethics upon request. Except as provided in this Section and in R.S. 42:1111(E)(2)(d), all records, including the results and conclusions reached in connection with any investigation or hearing, shall be public.

It shall be a misdemeanor, punishable by a fine of not more than two thousand dollars or imprisonment for not more than one year, or both, for any member of the Board of Ethics, its executive secretary, other employee, or any other person, other than the person who is subject to the investigation or complaint, to make public the testimony taken at a private investigation or private hearing of the Board of Ethics or to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics without the written request of the public servant or other person investigated."

La. R.S. 42:1141.4 (K), (L)(1)

**PROPOSED JURY INSTRUCTION NO. 4**

Louisiana Public Meetings Law does not preclude a public body from placing requirements on individuals that desire to speak such as filling out a public comment or speaker's card before a meeting, limiting the speaker to the agenda item on which he or she would like to speak, limiting the amount of time for each speaker, and/or restricting speakers from making defamatory or accusatory comments.

La. Atty. Gen. Op. No. 04-0107, citing La. Atty. Gen. Op. No. 98-17.

**PROPOSED JURY INSTRUCTION NO. 5**

Louisiana Public Meetings Law as it relates to public comment only requires that there be an opportunity for public comment before a meeting of a public body in accordance with rules adopted by the public body that are "reasonable." The rights of free speech and assembly, while fundamental in our democratic society, do not mean that everyone with opinions or beliefs to express may address a group at any public place or at any time.

La. Atty. Gen. Op. No. 01-394;

*Lassalle v. Daniels*, 673 So. 2d 704 (La.App 1 Cir 1996)

**PROPOSED JURY INSTRUCTION NO. 6**

When a public body establishes a limited public forum, the body may restrict the expression that takes place within the forum so long as the restriction (1) does not discriminate against speech on the basis of viewpoint; and (2) is reasonable in light of the purpose served by the forum. Public bodies may confine their meetings to specified subject matter.

*Good News Club v. Milford Central School*, 533 U.S. 98 (2001);

*City of Madison v. Wisconsin Emp. Relation Comm.*, 429 U.S. 167 (1976)

**PROPOSED JURY INSTRUCTION NO. 7**

The rules and regulations governing public comment period are to be established by each public body. Although there are no specific statutory requirements in structuring public comment period, the legislature did mandate that the rules, regulations, and restrictions be reasonable. Therefore, the specifications of how the comment period is to be implemented are left up to each public body.

    La. Atty. Gen. Op. No. 01-367

    *Shondrell Perrilloux v. St. John the Baptist Parish Government*, NO. 24-CA-280, Fifth Circuit Court of Appeal for the State of Louisiana.

**PROPOSED JURY INSTRUCTION NO. 8**

The records of the Ethics Board prepared or obtained in connection with investigations and private hearings conducted by the Ethics Board, including all extracts of minutes and votes to take any matter under consideration in connection therewith, shall be deemed confidential and privileged, except that such records shall be available to each member of the Ethics Board upon request.

    *Louisiana Board of Ethics v. Daryl G. Purpera,* 321 So.3d 401.

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone:   (504) 593-9500
Telecopier:   (504) 523-7766
E-mail: ikespears@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on January 15, 2025.

/s/ *Ike Spears*
Ike Spears