UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D.<br>    Plaintiff<br><br>VERSUS<br><br>MICHAEL WRIGHT, in his individual and official capacities, JACLYN HOTARD, in her individual and official capacities; and ST. JOHN THE BAPTIST PARISH;<br>    Defendants. | Case No. 23-cv-7296<br><br>Judge Nannette J. Brown<br><br>Magistrate Judge Karen W. Roby |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>Defendants' Trial Memorandum</u>**

In Rec. Doc. 13-1, this Court requested trial memoranda briefing the contested issues of law described in the PTO, issues related to objected-to exhibits, and jury instructions and special jury interrogatories. This is Defendants' trial memorandum.

**I.     Briefing on Contested Issues of Law**

    a. <u>Whether and to what extent La. R.S. 42:1141.4(L)(1) was held to be unconstitutional.</u>

During the November 28, 2023 meeting of the St. John the Baptist Parish Council, Plaintiff made public comment about a pending ethics complaint against a public official, namely Defendant Hotard, which was then at that time in the investigatory phase. Louisiana has a statute that includes mandates that an ethics complaint against a public official shall remain confidential during the investigatory phase of the complaint. *See* La. R.S. 42:1141.4(K) and (L).

Although Plaintiff has not brought appropriate action seeking to have the law declared unconstitutional, Plaintiff relies on an earlier ruling from a section of this Court

that found La. R.S. 42:1141.4(L)(1) to be "invalid, both as applied to these plaintiffs and on its face, at least in part." *King v. Caldwell ex rel. La.*, AG, 21 F. Supp. 3d 651, 656 (E.D. La. 2014). Despite this ruling, La. R.S. 42:1141.4(L)(1) remains "on the books," as the Louisiana Legislature has declined to repeal or modify the law.

While Plaintiff continues to argue this law is "unconstitutional," Defendants' expert witness has opined that that the *King* holding that the statute is facially invalid is dictum. *See* R. Doc. 61 at 5.

This Court has previously ruled that a "question regarding the application or interpretation of a question of law is an issue that is to be resolved by the judge…These issues must be resolved by the Court, and the Court will present the law to the jury through jury instructions." *See* R. Doc. 115 at 4.

b. Whether and to what extent La. R.S. 42:1141.4(L)(1) is unconstitutional under the facts of this case.

Similarly, Plaintiff continues to argue that the facts of this case are "nearly identical" to the facts of *King*, and therefore it is a foregone conclusion that La. R.S. 42:1141.4(L)(1) is "certainly unconstitutional under the facts of this case." The facts are not nearly identical, as here, Defendants did not threaten Plaintiff with prosecution. Defendants are not law enforcement, and therefore did not have the ability themselves to prosecute Plaintiff. Nor did Defendants request law enforcement, either at the time of the November 28, 2023 meeting or at a later date, to have Plaintiff arrested and/or prosecuted.

Nonetheless, this Court has previously ruled that the "Court will instruct the jury on the law, and the ultimate issue of whether a violation of the law occurred based on the facts of this case will be submitted to the jury." *See* R. Doc. 115 at 5.

    c. <u>Whether it was illegal for Dr. Banner to discuss the ethics complaint she filed against Defendant Hotard.</u>

Plaintiff made public comment about an ethics complaint she had filed against Defendant Hotard in violation of La. R.S. 1141.4(L)(1) because she made a public statement which gave information concerning a private investigation of the Louisiana Board of Ethics. The district court's finding in *King* that the statute was unconstitutional "as applied" that Plaintiff so heavily relies upon was a sufficient bases for its judgment granting declaratory and injunctive relief in that case. The additional holding that the statute also was facially invalid "at least in part" was unnecessary to the holding and could reasonably be construed as dictum.

The district court in *King* further accepted that the state's proffered interest supporting the statute's confidentiality rule could be accepted as "sufficiently compelling," but were not the least restrictive means to accomplish the state's interests in that case. *King* at 657. The state's compelling interest recognizes that persons and organizations have many potential motivations for making a complaint that a public servant violated the Code of Ethics, not all of which are legitimate, and that publication of an ethics complaint prior to investigation can irreparably damage the reputation of the public servant and diminish the public's confidence in government, particularly if the complaint is later determined to be without merit, as was the case with Joy Banner's complaint against President Hotard.

In other words, the facts of the case at bar represent the very situation that La. R.S. 1141.4(L)(1) is designed to protect. Plaintiff violated R.S. 42:1141.4(L)(1) when she commented on a private investigation of the Board of Ethics.

  d. <u>Whether Defendants violated Louisiana's Open Meetings Law in how they conducted the Parish Council meeting on November 23, 2023.</u>

It is undisputed that the St. John the Baptist Parish Council meeting on November 18, 2023 was properly noticed and open to the public as *required* under La. Rev. Stat. §42:14 and La. Rev. Stat. §42:19, as well as live broadcast as *permitted* under La. Rev. Stat. §42:23 to benefit members of the public who chose not to attend the meeting in person. Plaintiff was able to physically attend the public meeting and she was allowed to speak during the public comment period at the beginning of the meeting, (prior to any action taken by the Parish Council).[1]

  e. <u>Whether Defendants violated Dr. Banner's First Amendment rights in restricting her speech during public comment.</u>

Plaintiff's Complaint alleges that Defendants violated Louisiana's Open Meetings Law when the Defendants did not allow her to make an uninterrupted off-topic comment during the public comment period of the November 28, 2023 Parish Council Meeting, prior to an action taken on the agenda.[2]

Despite Plaintiff's allegations, the evidence shows that the Agenda "J" Item, that Plaintiff purported to be commenting on, was about whether to retain special counsel to perform legal services related to ethics law for the Parish Council as whole, including but not limited to ethics complaints; moreover, there was more than one Louisiana Board of Ethics

---

[1] *Rec. Doc.* 43-1, Joint Stipulation of All Parties Regarding Meeting Transcript.

[2] Rec. Doc. 1, ¶ 2,3; while Defendants have other arguments and defenses to address all of Plaintiff's allegations contained in her Complaint, this *Partial Motion for Summary Judgment* only deals with their position that Plaintiff's comment was off-topic and that they did not violate the Open Meetings Law, (and does not address their position that Plaintiff violated state law by publicly commenting on facts contained within a specific Louisiana Board of Ethics complaint).

complaint outstanding. [3]

Additionally, the evidence shows that even though Council President Jaclyn Hotard's name was next to Agenda Item "J", it was not because she was the alleged subject of the agenda item but because St. John the Baptist Parish's Council Charter designates the Council President as the chief elected official in charge of the day to day operations and therefore, as the *current* Parish Council President, Jaclyn Hotard's name is generally on most of the agenda items, (sponsoring them). [4] Therefore, Plaintiff's comment, publicly laying out facts and the contents of a specific Louisiana Board of Ethics complaint, (involving Parish Council President Jaclyn Hotard), was off-topic from any agenda item. [5]

Finally, the evidence shows that the Plaintiff was allowed to speak for more than five (5) minutes during the meeting's public comment period, prior to any vote taken by the Parish Council [6] and she spoke until she voluntarily stopped speaking and walked away from the lectern; she was not forcibly removed by the Defendants. [7]

    f.   <u>Whether Defendants engaged in viewpoint discrimination.</u>

The "test for viewpoint discrimination is whether—within the relevant subject category— the government has singled out a subset of messages for disfavor based on the views expressed. Matal v. Tam, 137 S. Ct. 1744 (2017).

Plaintiff contradicts her claims for viewpoint discrimination on the very face of her Complaints. Plaintiff does not allege that she was discriminated against simply due to her

---

[3] *Rec. Doc. 39-4, pp. 29*. Deposition Transcript of Defendant, Council Chairman Michael Wright; *also see* Rec. Doc. 39-5, pp. 55, 91; Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[4] *Rec. Doc. 39-5, pp. 20 and 54;* Deposition Transcript of Defendant, Council President Jaclyn Hotard.
[5] *Rec. Doc. 39-5, pp. 100- 101*; Deposition Transcript of Defendant, Council President Jaclyn Hotard; *see also*, Rec. Doc. 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.
[6] Rec. Doc. 43-1, Joint Stipulation of All Parties Regarding Meeting Transcript.
[7] *Rec. Doc.* 43-1, pp. 4-8; Joint Stipulation of All Parties Regarding Meeting Transcript.

viewpoint regarding the subject matter of Agenda Item J or for opposition to engagement and payment of outside counsel with taxpayer dollars in ethics matters. Plaintiff extrapolates her argument to encompass her off topic comment as to personal allegations, attacks, and a specific ethics complaint against Hotard; a complaint which Plaintiff initiated.

Plaintiff was not discriminated against based on viewpoint. Other public commentors expressed their viewpoint as to subject matter of Parish Council Agenda Item J. Another speaker particularly alleged that he believed the District Attorney should be the legal counsel in ethics matters. He remained on topic and his views on the subject matter were not prevented.

Conversely, Plaintiff chose to make personal allegations, attacks, and scandalous allegations against the SJBP Parish President in a limited public forum and off topic of the clearly stated Agenda Item J. Plaintiff did not express her viewpoint as to the subject matter of Agenda Item J. While Plaintiff has the absolute right to express said allegations otherwise at any other place and/or time, said right was limited by the reasonable restriction in a limited public forum that Plaintiff remain on topic.

Defendants did not, at any time during Plaintiff's comment, attempt to restrict Plaintiff from expressing her particular views, motivating ideology, opinion, or perspective regarding the subject matter of tax dollars used to pay private counsel in ethics matters. Plaintiff chose not to express her particular views on the subject. Instead, and as evidenced on face of her Complaints, Plaintiff advised the Council that she intended to address her ethics complaint, and the specifics thereof, against Parish President, Jaclyn Hotard.

Accordingly, Plaintiff was not a victim of viewpoint discrimination and no violation occurred.

      g.   <u>Whether Defendants retaliated against Dr. Banner.</u>

Contrary Plaintiff's allegations, at no time did Defendants Wright or Hotard ever threaten Plaintiff, or any other person, with "arrest and prosecution" under the statute. Further, Plaintiff does not allege implied or inferred threats by Defendnats Wright and Hotard. Plaintiff repeatedly, alleges direct threats. Plaintiff's allegations are false, improper, and are clearly not supported by the video evidence introduced by Plaintiff and Defendants. In fact, and in support of Wright's lack of any intent or discrimination, Wright did not oppose further comment from Banner nor the public commentors who followed her. No Defendant herein ever requested, nor ordered, any person or law enforcement officer to remove Plaintiff or any other persons from the podium or the council meeting. Defendant Wright, as Chairman of the Parish Council, was the person in control of the meeting by Home Rule Charter and Ordinance, not Parish President Hotard. At no time did Defendnat Wright ever tell Banner to "sit down", "shut up", "you are in violation of law", "I will have you arrested, prosecuted, and imprisoned", or anything of the sort.

Defendants did not violate Plaintiff's First Amendment Rights nor engage in retaliation against Plaintiff.

**II.**    **Briefing on Exhibits (JOYCE)**

<u>**PLAINTIFF'S EXHIBITS**</u>

    P1.   **Highlighted copy of Revised Statute 42:1141.4.** Court admitted this exhibit on 1/15/25.

    P2.   **Public Records Response and Highlighted copy of Revised Statute 42:1141.4.** Court admitted this exhibit on 1/15/25.

P3.    **Apple Watch photos and data.** Defendants object to relevancy. The Apple Watch photos and data are not self-authenticating and Plaintiff has not listed any experts that would testify to their authentication. Additionally, there is no way to prove when and where the pictures were taken; in what context, etc. Furthermore, Plaintiff's Apple Watch photos and data are also irrelevant, highly prejudicial, and would cause confusion to the trier of fact, waste of time— all of which is prohibited by F.R.E. 403. Please see Defendants' recently filed Motion in Limine.

P4.    **Excerpts from Defendants' Discovery Responses.** Defendants do not object. Court admitted this exhibit on 1/15/25.

P5.    **Text messages between Darla Gaudet and Jaclyn Hotard.** Court admitted this exhibit on 1/15/25.

P6.    **Gaumet Holdings LLC operating agreement.** Court admitted this exhibit on 1/15/25.

P7.    **Assessor Parcel Maps.** Court admitted this exhibit on 1/15/25.

P8.    **Joy Banner Demonstrative from November 28, 2023.** Court admitted this exhibit on 1/15/25.

P9.    **Official proceedings of May 27, 1993 council meeting.** Defendants do not object. Court admitted this exhibit on 1/15/25.

P10.   *King v. Caldwell ex rel. Louisiana* (if *Daubert* **motion denied).** Defendants object to relevancy. Court **did not admit** this exhibit on 1/15/25.

P11.   **List of Darla Gaudet Businesses from SoS.** Court admitted this exhibit on 1/15/25.

P12.   **Nov. 9, 2021 Letter from Greenfield to Gaumet Holding.** Court admitted this exhibit on 1/15/25.

P13.   **Gaumet Holdings Assessor Listings.** Court admitted this exhibit on 1/15/25.

P14.   **Map of 0300038900.** Court admitted this exhibit on 1/15/25.

P15.   **Hotard Letter of Support.** Defendants do not object. Court admitted this exhibit on 1/15/25.

## DEFENDANTS' EXHIBITS

D1. **Minutes (Official Proceedings) St. John the Baptist Parish Council, Tuesday November 28, 2023.** Court admitted this exhibit on 1/15/25.

D2. **Roberts Rules of Order, 12th Edition.** Court admitted this exhibit on 1/15/25.

D3. *Louisiana Board of Ethics v. Daryl G. Purpera, in His Official Capacity as Legislative Auditor for the Louisiana Auditor's Office,* **321 So.3d. 401.** Defendants submitted desired language as a proposed Jury Instruction.

D4. **Louisiana Attorney General Opinion 01-367 (Ops. La. Atty. Gen. Jan. 23, 2002).** Defendants submitted desired language as a proposed Jury Instruction.

D5. **Louisiana Attorney General Opinion 01-394 (Ops. La. Atty. Gen. Nov. 8, 2001).** Defendants submitted desired language as a proposed Jury Instruction.

D6. **Louisiana Attorney General Opinion 04-0107 (Ops. La. Atty. Gen. Apr. 27, 2004).** Defendants submitted desired language as a proposed Jury Instruction.

D7. **Official Proceedings of St. John the Baptist Parish Council State of Louisiana, Taken at its First Meeting of its Second Term, Held on Monday, January 11, 1988.** Court admitted this exhibit on 1/15/25.

D8. **November 7, 2023 Letter from Louisiana Board of Ethics (Carolyn Landry) to Jaclyn Hotard.** Court admitted this exhibit on 1/15/25.

D9. **February 2, 2024 Letter from Louisiana Board of Ethics (Shannon McLean) to Jaclyn Hotard.** Court admitted this exhibit on 1/15/25.

D10. **Louisiana Board of Ethics Notice of Confidentiality.** Court admitted this exhibit on 1/15/25.

D11. **E-mail exchange between Jaclyn Hotard and Louisiana Board of Ethics, November 17, 2023-November 27, 2023.** Court admitted this exhibit on 1/15/25.

D12. **September 10, 2024 Letter from Louisiana Board of Ethics (Mallory Gillot) to Jaclyn Hotard.** Court admitted this exhibit on 1/15/25.

D13. **Social Media Postings (Facebook, Instagram, X- formerly known as Twitter) of Joyceia Banner.** Court admitted this exhibit on 1/15/25.

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone:  (504) 593-9500
Telecopier:  (504) 523-7766
E-mail:ikespears@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on January 15, 2025.

/s/ *Ike Spears*
Ike Spears