UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOY BANNER, Ph.D.**                                        **CIVIL ACTION**

**VERSUS**                                                   **CASE NO. 23-7296**

**ST. JOHN THE BAPTIST PARISH, et al.**                      **SECTION: "G"(4)**

# ORDER

In anticipation of trial, on January 27, 2025, the parties filed a pre-trial order which included objections to several proposed exhibits.[1] At a pre-trial conference held on January 15, 2025, the Court discussed with the parties the various objections, and herein resolves the evidentiary disputes as follows.

**A.**   *Exhibit P1- Highlighted Copy of Revised Statute § 42:1141.4*

Defendants seek to exclude Exhibit P1 on the basis that it is irrelevant. At the pre-trial conference, Plaintiff explained that Exhibit P1 is the page that was read aloud by Defendant Wright at the Council meeting on November 28, 2023, and is relevant as it speaks to Wright's state of mind and/or intent. The Court finds that Exhibit P1 is relevant evidence pursuant to Federal Rule of Evidence 401, and thus, is admissible. Defendants' objection on the grounds of relevance is denied.

**B.**   *Exhibit P5- Text Messages Between Darla Gaudet and Jaclyn Hotard*

Defendants seek to exclude Exhibit P5 on the basis that it is irrelevant. At the pre-trial conference, Plaintiff explained that Exhibit P5 is relevant as it speaks to state of mind and/or intent

---

[1] Rec. Doc. 119.

1

of Defendant Hotard. The Court finds that Exhibit P5 is relevant evidence pursuant to Federal Rule of Evidence 401, and thus, is admissible. Defendants' objection on the grounds of relevance is denied.

C.   *Exhibits P6, P11, P12, P13, and P14- Gaumet Holdings, LLC Operating Agreement, List of Gaudet's Businesses, November 9, 2021 Letter from Greenfield to Gaumet Holding, and Gaumet Holdings Assessor Listings*

Defendants seek to exclude Exhibit P6, P11, P12, P13, and P14 on the basis that they are irrelevant. At the pre-trial conference, Plaintiff explained that Exhibit P6 is relevant it evidences the corporate structure of Gaumet Holdings, LLC, which is connected to the underlying ethics complaint against Defendant Hotard, and Exhibits P11, P12, P13, and P14 will be used in conjunction with Exhibit P6 to evidence the business dealings involved in the underlying ethics complaint. The Court finds that Exhibits P6, P11, P12, P13, and P14 are relevant pursuant to Federal Rule of Evidence 401, and thus, are admissible. Defendants' objection on the grounds of relevance is denied.

D.   *Exhibit P7- Assessor Parcel Maps*

Defendants seek to exclude Exhibit P7 on the basis that it is irrelevant. At the pre-trial conference, Plaintiff explained that Exhibit P7 is relevant as it shows the layout, ownership, and valuations of parcels of land which are connected to the underlying ethics complaint against Defendant Hotard. The Court finds that Exhibit P7 is relevant evidence pursuant to Federal Rule of Evidence 401, and thus, is admissible. Defendants' objection on the grounds of relevance is denied.

E.      *Exhibit P8- Joy Banner's Demonstrative from November 28, 2023*

Defendants seek to exclude Exhibit P8 on the basis that it is irrelevant. At the pre-trial conference, Plaintiff explained that Exhibit P8 is relevant as it shows that Plaintiff could not discuss everything that she intended to discuss during her public comment at the underlying Council meeting. The Court finds that Exhibit P8 is relevant evidence pursuant to Federal Rule of Evidence 401, and thus, is admissible. Defendants' objection on the grounds of relevance is denied.

F.      *Exhibit D1, D2, and D7- Minutes of St. John the Baptist Parish Council Meeting on November 28, 2023, Roberts Rules of Order, and Minutes of the St. John the Parish Meeting of its Second Term Held on January 11, 1988*

Plaintiff seeks to exclude Exhibit D1, D2 and D7 on the basis that they are irrelevant, misleading, will cause undue prejudice, confusion of issues, and a waste of time. At the pre-trial conference, Defendant explained that Exhibit D1, D2, and D7 are relevant as they evidence that Defendants have adopted reasonable rules and regulations in compliance with applicable law and complied with said rules and regulations. The parties have referenced Roberts Rules of Order, the November 28, 2023 Council meeting, and the January 11, 1988 Council meeting several times throughout this litigation, and the Court finds that they are relevant pursuant to Federal Rule of Evidence 401. Plaintiff has not shown how undue prejudice or confusion outweighs its probative value. As such, the Court finds that Exhibits D1, D2, and D7 is admissible. Plaintiff's objections are denied.

**G.     *Exhibits D8, D9, D10, D11, D12- November 7, 2023 Letter from Louisiana Board of Ethics, February 2, 2024 Letter from Louisiana Board of Ethics, Louisiana Board of Ethics Notice of Confidentiality, Email Exchange Between Hotard and Louisiana Board of Ethics, and September 10, 2024 Letter Between Hotard and Louisiana Board of Ethics***

Plaintiff seeks to exclude Exhibits D8, D9, D10, D11, and D12 on the basis that they are irrelevant, misleading, will cause undue prejudice, confusion of issues, and a waste of time. At the pre-trial conference, Defendant explained that Exhibits D8, D9, D10, D11, and D12 are relevant as they evidence Hotard's state of mind and belief that the underlying ethical complaint was to remain confidential. The Court finds that Exhibits D8, D9, D10, D11, and D12 are relevant pursuant to Federal Rule of Evidence 401, and Plaintiff has not shown how undue prejudice or confusion outweighs its probative value. As such, the Court finds that Exhibits D8, D9, D10, D11, and D12 are admissible. Plaintiff's objections are denied.

**H.     *Exhibit D13- Plaintiff's Social Media Postings***

Plaintiff seeks to exclude Exhibit D13 on the basis that they are irrelevant and not produced in discovery. At the pre-trial conference, Defendants explained that Exhibit D13 is relevant as it evidences the interactions between the parties leading up to November 28, 2023 Council meeting and thereafter. Defendants aver that the social media postings speak to the state of mind of the Defendants and their motives for interrupting Plaintiff during the Council meeting.  Defendants argue that Plaintiff was aware of this evidence as they are her own social media posting. The Court finds that Exhibit D13 is relevant pursuant to Federal Rule of Evidence 401, and Plaintiff has not faced prejudice due to its late production. As such, the Court finds that Exhibits 13 is admissible. Plaintiff's objections are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objections to Exhibits P1, P5, P6, P7, P8, P11, P12, P13, and P14 are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to Exhibits D1, D2, D7, D8, D9, D10, D11, D12, and D13 are **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 17th day of January, 2025.

                          **NANNETTE JOLIVETTE BROWN**
                          **CHIEF JUDGE**
                          **UNITED STATES DISTRICT COURT**