UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296-NJB-KWR** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**BRIEF REGARDING AUTHENTICITY OF APPLE WATCH PHOTOS**

At the pre-trial conference, this Court requested briefing on the authenticity of Plaintiff's Exhibit 3 (one photo and two screenshots from Plaintiff's Apple Watch).

Ms. Banner took the photo of the watch was at a public meeting subsequent to the one at issue in this case. It shows that her Apple Watch alerted her to a "High Heart Rate" event during that public meeting. It is therefore relevant in that it corroborates the testimony that Ms. Banner will offer at trial: that Defendants' threats caused her to experience on-going anxiety when she went to subsequent public meetings.

Defendants object to the exhibit on the basis of authenticity, and Plaintiff herein explains how the exhibit will be authenticated.

**I.     Plaintiff's Proposed Exhibit**

Plaintiff's Exhibit 3 consists of three pages, two screenshots from Plaintiff's Apple phone and one photo of Plaintiff's Apple Watch displaying a "High Heart Rate" alert. Defendants have objected to the exhibit's authenticity, as "Plaintiff has not listed any experts that would testify to their authentication" and because "there is no way to prove when and where the pictures were taken; in what context, etc."[1]

---
[1] R. Doc. 122-1 at 3; R. Doc. 119 at 6.

As an initial matter, in the interest of streamlining trial Plaintiff now agrees to withdraw pages 1 and 3 of the exhibit – the two screenshots. However, Plaintiff still offers the following photo:



Plaintiff will testify at trial that she took the above photograph. She will further testify that the alert pictured in the photo occurred at the March 18, 2024, St. John the Baptist Parish Planning and Zoning Commission meeting and that her watch has only alerted her to high heart rates at meetings subsequent to November 28, 2023. Plaintiff can identify her own watch and wrist as

pictured in the photo. The date of the alert is supported by the bottom-right portion of the photo, which is a meeting agenda commonly handed out at Planning and Zoning Commission and other public meetings.

## II.     Analysis

Exhibits at trial must be properly authenticated, which requires the party offering the exhibit to "produce evidence sufficient to support a finding that the item is what the proponent claims it is."[2] This can take many forms, including "testimony that an item is what it is claimed to be" or testimony of the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances."[3] Authentication "requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence."[4] "This is not a burdensome standard."[5] There is no requirement of conclusive proof "before allowing the admission of disputed evidence."[6]

Here, Plaintiff's expected testimony is sufficient to make a prima facie showing of genuineness. She took the photo and can verify that it is an accurate depiction of her watch reading as well as the time, date, and location that the alert occurred, as displayed. Plaintiff is not being asked to testify regarding the medical causes or consequences of a high heart rate or the accuracy

---

[2] Fed. R. Civ. Proc. Rule 901(a).
[3] Fed. R. Civ. Proc. Rule 901(b).
[4] *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, 2004 U.S. Dist. LEXIS 20845, at *17 (N.D. Ill. Oct. 14, 2004) (quoting *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997)) (finding that an exhibit displaying a "what [plaintiff's] website looked like on various dates in 2001" was properly authenticated via an affidavit from a witness verifying that she accessed the data from the Internet Archive.); *United States v. Jardina*, 747 F.2d 945, 16 Fed. R. Evid. Serv. (CBC) 1254, 1984 U.S. App. LEXIS 16689 (5th Cir. 1984); see also *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1155 (C.D. Cal. 2002) (finding that printouts from a third-party website does not violate the rule against hearsay because of the best evidence rule and that "they are not statements at all - and thus fall outside the ambit of the hearsay rule.").
[5] *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009); *see also United States v. Okulaja*, 21 F.4th 338, 344 (5th Cir. 2021).
[6] *United States v. Isiwele*, 635 F.3d 196, 200 (5th Cir. 2011) (quoting *United States v. Watkins*, 591 F.3d 780, 787 (5th Cir. 2009)).

of Apple's technology. Plaintiff is not claiming any medical damages as a result of the high heart rate or for any other reason in this case. But she has personal knowledge that her watch has only alerted at public meetings *after* she was threatened with arrest and this exhibit provides evidentiary, contemporaneous support to that assertion. Defendants are free to ask Plaintiff about her knowledge of the Apple Watch technology and the jury can then weigh the probative value of the documentation of the alert.

At the pre-trial conference, Defendants' counsel objected that if this exhibit is going to come in, he should be able to obtain full documentation about the watch, its past data, Apple's specifications, etc. The Court asked Defendants' counsel if he had sought any of this in discovery. He conceded he had not.

**III.    Conclusion**

Because Plaintiff herself will authenticate the photo she took of her Apple Watch, the exhibit should not be excluded.

Respectfully submitted,

*/s/ William Most*
William Most (La. Bar No. 36914)
David Lanser (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 509-5023
T: (504) 533-4521
F: (504) 414-6400
Email: williammost@gmail.com
        david.lanser@gmail.com

4