UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296-NJB-KWR** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Response to Defendants' Jury Instructions (Rec. Doc. 124)**

Per this Court's order, Defendants submitted proposed jury instructions. Rec. Doc. 124. But Defendants' proposed instructions have problems: they involve an affirmative defense Defendants never plead, frame the law in a way that the Fifth Circuit has repeatedly rejected, and offer rules that a section of this Court has rejected as unconstitutional.

Plaintiff's response is as follows:

**Defendants' Proposed Jury Instruction No. 1 (Qualified Immunity):**

This jury instruction should be rejected entirely because qualified immunity is an affirmative defense that is waived if not plead, and Defendants never plead it.

Qualified immunity is an affirmative defense that must be plead. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (qualified immunity "is an affirmative defense that must be pleaded by a defendant official."); *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (Qualified immunity "is an affirmative defense [that must be] properly raised by the defendant."); *Barrett v. Thomas*, 649 F.2d 1193, 1201 (5th Cir. 1981) ("Qualified immunity, however, is an affirmative defense; the burden of pleading and proving it rests with the defendant."), *cert. denied*, 456 U.S. 925 (1982).

Because it is an affirmative defense, qualified immunity is waived if not plead in an answer. *Clarke v. Stalder*, 121 F.3d 222, 225 n.4 (5th Cir. 1997) ("The defense of qualified immunity is an affirmative defense, and must be pleaded like any other such defense. The failure to properly raise the defense results in its waiver.") (citations omitted); *see also Ashe v. Corley*, 992 F.2d 540, 545

n.7 (5th Cir. 1993) (affirmative defense waived "by failing to plead it as an affirmative defense as required by Fed.R.Civ.P. 8(c)."); *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002) ("Absolute immunity is an affirmative defense that is waived if it is not pleaded.")

There are some limited circumstances in which courts have allowed defendants to invoke qualified immunity even if not plead in an answer, but that occurs when "no evidence of prejudice exists and sufficient time to respond to the defense remains before trial." *Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009).

Here, Defendants only raised four affirmative defenses in their answers. Rec. Doc. 31 at 13, Rec. Doc. 32 at 13-14. None of those defenses is qualified immunity, or even the "good faith" defense that is sometimes construed as an invocation of qualified immunity. Nor did Defendants invoke qualified immunity at the motion to dismiss or motion for summary judgment phase. The first time it was mentioned *at all* in this case was in Defendants' jury instructions, twelve days before trial. Rec. Doc. 124. That prejudices Plaintiff, because if qualified immunity had been plead in the answer, Plaintiff would have filed a summary judgment motion on the defense. There is no time to do so now before trial.

Furthermore, Defendants proposed jury instruction misstates qualified immunity doctrine. For example, the proposed jury instruction suggests that Plaintiff must prove that defendant's conduct was both "not objectively reasonable <u>and further</u> that the defendant violated clearly established law." Rec. Doc. 124 at 3 (emphasis added). But the Fifth Circuit has repeatedly rejected that formulation: *Cruz v. Cervantez*, 96 F.4th 806m, fn. 8 (5th Cir. 2024) (objective unreasonableness is a "vestige of older caselaw that predates the Supreme Court's current test."); *Baker v. Coburn,* 68 F.4th 240, 251 n.10 (5th Cir. 2023) ("To be clear . . . [w]e are not adding a standalone 'objective reasonableness' element to the Supreme Court's two-pronged test for

qualified immunity"); *Parker v. LeBlanc*, 73 F.4th 400, n.1 (agreeing with *Baker*, stating that the "objectively unreasonable" language is a vestige of older case law that predates the Supreme Court's current test adopted in *Saucier* and *Pearson*); *Hicks v. LeBlanc,* 81 F.4th 497, 503 n.14 (5th Cir. 2023) ("to be clear, there is no "standalone 'objective reasonableness' element to the Supreme Court's two-pronged test for qualified immunity.").[1]

And finally, the Fifth Circuit has recently indicated that even when a defendant pleads the affirmative defense of qualified immunity, the legal questions of qualified immunity are *not* for the jury to decide, as Defendants' jury instruction calls for. In *Ramirez v. Killian*, 113 F. 4th 415, 430 (5th Cir. 2024), the Fifth Circuit explained that when qualified immunity survives to trial, the "jury decides the *factual* question of whether the officer violated the plaintiff's rights—the first step of the qualified immunity analysis. It does not decide the purely *legal* question of whether the officer's actions were objectively reasonable in light of clearly established law—the second step. . . . The question at trial is then solely one of fact. The jury requires no additional 'reasonable officer evidence' to deny qualified immunity.") (Emphasis in original.)

Thus, Defendants' qualified immunity jury instruction should be rejected in whole because it (1) addresses an affirmative defense that Defendants never plead; (2) misstates the law of qualified immunity; and (3) puts to the jury questions that are solely for the judge to resolve.

### Defendants' Proposed Jury Instruction No. 2 (Punitive Damages):

Defendants offer a proposed jury instruction on punitive damages, citing only a case from forty years ago. They do not provide any reason for deviating from the Fifth Circuit's pattern jury instruction on the topic. Fifth Circuit Pattern Jury Instructions (Civil), § 15.7. Because there is no reason to deviate from the pattern instructions, Defendants' draft should be rejected.

---

[1] Notably, Defendants do not cite any cases from the last thirty years in support of their qualified immunity jury instruction. The Fifth Circuit's doctrine has changed substantially over that time.

**Defendants' Proposed Jury Instruction No. 3 (R.S. 42:1141.4):**

Defendants ask the Court to read multiple paragraphs of R.S. 42:1141.4 to the jury verbatim, without any acknowledgement that the statute has been found unconstitutional on its face and as applied. *King v. Caldwell ex rel. La.*, AG, 21 F. Supp. 3d 651, 656 (E.D. La. 2014). Offering a jury instruction of text that has been explicitly found to be unconstitutional is improper.

**Defendants' Proposed Jury Instruction No. 4 (Open Meetings Law)**

This proposed jury instruction has some parts that are unobjectionable, like the idea that a public body can have an on-topic rule in a limited public forum. But the instruction goes further and discusses whether a rule "restricting speakers from making defamatory or accusatory comments" would be permissible. That is completely irrelevant to this case; there has never been any suggestion that anyone believed the St. John the Baptist Parish council has such a rule. If it did, there would be serious First Amendment problems.[2] This should be rejected as irrelevant.

**Defendants' Proposed Jury Instruction No. 5
(Expressing Opinions at "Any Public Place or at Any Time")**

This proposed jury instruction argues that First Amendment rights "do not mean that everyone with opinions or beliefs to express may address a group at any public place or at any time."

But this case is not about offering speech at "any public place or at any time." Instead, it is about speech during the public comment period at a <u>limited public forum,</u>[3] which is a forum "opened for public expression of particular kinds or by particular groups." *Chiu v. Plano Indep.*

---

[2] *See, e.g., New York Times Co. v. Sullivan*, 376 US 254, 270 (1964) ("Thus we consider this case against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials."); *Nuxoll ex rel. Nuxoll v. Indian Prairie Sch. Dist. #204,* 523 F.3d 668, 675 (7th Cir. 2008) (finding that "the term 'derogatory comments' is unavoidably vague."); *Grimmett v. Freeman*, 59 F.4th 689, 690 (4th Cir. 2023) (when plaintiffs challenged a North Carolina law that criminalized certain 'derogatory reports' about candidates for public office, the Fourth Circuit concluded that "not only have plaintiffs shown a likelihood of success, 'it is difficult to imagine them losing.'")

[3] Rec. Doc. 109 (Order on MIL) ("It is undisputed that the subject St. John the Baptist Parish Council meeting was a limited public forum.")

*Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001). Because this case is about speech at a forum specifically set up for speech, the "any time or any place" instruction is irrelevant.

### Defendants' Proposed Jury Instruction No. 8
### ("Confidentiality" of Ethics Board Documents)

This instruction contends that the records of the Ethics Board "shall be deemed confidential and privileged," except that members of the Ethics Board may request them.

This instruction is actively wrong. In *King v. Caldwell ex rel. La.*, AG, 21 F. Supp. 3d 651, 656 (E.D. La. 2014), a section of this Court addressed the state statute making Ethics Board records confidential, and held that the "Court hereby declares La. R.S. 42:1141.4(L)(1) invalid insofar as it prohibits "any other person" from "mak[ing] any public statement or giv[ing] out any information concerning a private investigation or private hearing of the Board of Ethics."

In support of their instruction, Defendants cite only one state case: *Board of Ethics v. Purpera*, 321 So.3d 401. That case dealt with the appeal of a judgment that denied the Louisiana Legislative Auditor "access to statutorily privileged and confidential documents prepared and/or used by the Louisiana Board of Ethics." *Id*. at 402. The case addressed the conflict between R.S. 42:1141.4(K) (which protects certain Ethics Board documents or records) and R.S. 24:513 (which enables the Auditors to conduct audits). It did not discuss *King v. Caldwell* or touch on any First Amendment issues at all. In no way did *Board of Ethics v. Purpera* overrule *King v. Caldwell*, nor could it. This instruction should be rejected.

Respectfully submitted,

/s/ *William Most*
Dave Lanser (La. Bar No. 37764)
William Most (La. Bar No. 36914)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
T: (504) 533-4521, F: (504) 414-6400
Email: williammost@gmail.com
*Attorneys for Plaintiff Joy Banner, Ph.D*