UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOY BANNER, Ph.D. * <br>    Plaintiff * <br> * <br> VERSUS * <br> * <br> * <br> MICHAEL WRIGHT, in his individual and * <br> official capacities, JACLYN HOTARD, in her * <br> individual and official capacities; and * <br> ST. JOHN THE BAPTIST PARISH; * <br>    Defendants. * <br> * | Case No. 23-cv-7296 <br><br> Judge Nannette J. Brown <br><br> Magistrate Judge Karen W. Roby |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' MEMORANDUMM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE (REC. DOC. 110)**

NOW INTO COURT, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who file this memorandum in Opposition to Plaintiff, Joy Banner's, (hereinafter "Plaintiff"), last filed Motions *in Limine*, (Rec. Doc. 110).

As a preliminary matter, most of Defendants' evidences and/or witness testimonies that Plaintiff attempted to exclude in Plaintiff's Motions *in Limine*, (Rec. Doc. 110), this Honorable Court has already ruled upon during the Pretrial Conference on January 15, 2025, (Rec. Doc. 129), therefore, any further arguments from Defendants regarding same would be moot, (as stated below). Defendants' Opposition to Plaintiff's Motion in Limine for those evidence and/or testimonies not ruled on yet are listed herein.

**I.     The Court should allow evidence and testimony from witnesses that were listed on the "May Call List" since Defendants only removed their names from the witness list to comply with the Court's order; additionally, the witnesses' testimony is relevant and there will be no undue surprise to the Plaintiff since Plaintiff counsel and/or Plaintiff are very much aware of the witnesses and/or their potential testimony.**

The Court should deny the Plaintiff's request to exclude the testimony of Defendants' "may call" witnesses and allow them to testify. In our final version of the Joint Pretrial Order, we only deleted the "may call witnesses" per the Court's Order to only include those defense definitely intends to call.

Additionally, these witnesses were always listed on Defendants' "may call" witness list, therefore, Plaintiff has always been aware that Defendants may call them. Despite the argument in Plaintiff's Motion in Limine, there will be no undue surprise. Nonetheless, depending on testimony and evidence during Plaintiff's case in chief, Defendants MAY call the following additional witnesses— who were listed on Defendants' "may call" list:

1) **Justin Kray:**

This witness is known to the Defendants through discovery. The witness' name and contact information were all provided by Plaintiff. Plaintiff testified in deposition that she relied on information provided by Mr. Kray in determining that the property value of Darla Gaudet's tracts were likely to increase as a result of the proposed zoning change. Additionally, in undersigned counsel's effort to serve Mr. Kray a subpoena for the trial in this matter, Mr. Kray indicated that he should be served by his attorney, William Most. Therefore, it appears that Mr. Kray believes there is an attorney-client relationship. Thus, Mr. Most's representation that he and/or the Plaintiff do not know Mr. Kray is disingenuous.

Beside the fact that Plaintiff clearly knows Mr. Kray, his testimony is relevant. Federal Rules of Evidence, ("F. R. E.") 402 allows for general admissibility of relevant evidence. Plaintiff has failed to show that Mr. Kray's potential testimony is irrelevant and/or should be excluded under F.R.E. 403 for being prejudicial, cause confusion to the trier of fact, waste time, etc. If Defendants are prohibited from calling Mr. Kray as a witness, they would be unduly prejudiced and would impinge on Defendants' fundamental right to a fair trial. Therefore, this Honorable Court should deny Plaintiff's request to exclude Mr. Kray's testimony at trial.

2) **Lucien Gauff:**

Mr. Gauff may be called if needed to clarify which properties were zoned or rezoned and whether any property values changed. His name was on Defendant's "may call" list; therefore, since Plaintiff was aware that Defendants may call him as a witness there will be no undue surprise.

Furhermore, Mr. Gauff's testimony is relevant and Plaintiff has failed to show that Mr. Gauff's potential testimony is irrelevant and/or should be excluded under F.R.E. 403 for being prejudicial, cause confusion to the trier of fact, waste time, etc.

If Defendants are prohibited from calling Mr. Gauff as a witness, they would be unduly prejudiced and would impinge on Defendants' fundamental right to a fair trial. Therefore, this Honorable Court should deny Plaintiff's request to exclude Mr. Gauff's testimony at trial.

3) **<u>Kim Matthieu:</u>**

Mr. Kim Matthieu is listed on Plaintiff's "Will call" list. Plaintiff's request for this Honorable Court to prevent the Defense from calling the same known "will call" witness, (and whom Defendants always had listed as "may call"), makes no sense and is not based on any law.

Plaintiff cannot argue that she would be unduly surprised or that this witness' testimony would be irrelevant since Mr. Matthieu was at the Parish Council Meeting which is the subject of this suit. Additionally, he spoke during the public comment period. Plaintiff has failed to show that Mr. Matthieu's potential testimony is irrelevant and/or should be excluded under F.R.E. 403 for being prejudicial, cause confusion to the trier of fact, waste time, etc.

If Defendants are prohibited from calling Mr. Matthieu as a witness, they would be unduly prejudiced and would impinge on Defendants' fundamental right to a fair trial. Therefore, this Honorable Court should deny Plaintiff's request to exclude Mr. Matthieu's testimony at trial.

## II. The Court should allow evidence and testimony from Shrondrell Perrilloux regarding reference to Shrondrell Perrilloux v. St. John the Baptist

This Honorable Court should deny Plaintiff's request to limit Shondrell Perrilloux's testimony and exclude any testimony regarding her own case, Shondrell Perrilloux v. St. John the Baptist Parish, et al. Ms. Perrilloux testimony is relevant. She is a witness to events at issue in this case and she was present at the Parish Council Meeting. Additionally, Ms.

Perrilloux spoke during the public comments period after Dr. Joy Banner's public comment.

Additionally, Ms. Perrilloux's separate suit, which was relied on in part by this court in at least one motion in limine ruling, is relevant to the issues before the trier of facts. It is extremely relevant for jury to know another court ruled that this meeting did not violate Open Meetings Law. Plaintiff has failed to show that Ms. Perrilloux's relevant testimony is irrelevant and/or should be excluded under F.R.E. 403 for being prejudicial, cause confusion to the trier of fact, waste time, etc.

If this Honorable Court limits Ms. Perrilloux's testimony Defendants would be unduly prejudiced and would impinge on Defendants' fundamental right to a fair trial. Therefore, this Honorable Court should deny Plaintiff's request to limit Ms. Perrilloux's testimony at trial.

### III.   The Court should allow evidence and testimony regarding Plaintiff's or the Descendants Project's finances

This Honorable Court should deny Plaintiff's request to exclude evidence and testimony regarding Plaintiff's or the Descendants Project's finances. Plaintiff wants this Court to circumvent the trier of facts' role as the proper arbiter of disputes which is not allowed under the Federal Rules of Evidence. The jurors have the right to know who the Plaintiff is, and that Plaintiff and her family are not showing up authentically. They are showing up to get paid. All of Plaintiff's family are on the Descendants Project's payroll. This information is relevant.

Plaintiff cites to the text messages in seeking to keep the financial evidence out, but then they want to introduce the text messages; they cannot have it both ways. Plaintiff's issue with this evidence goes to the credibility or weight that should be afforded the evidence and not its admissibility. Plaintiff has failed to show that this evidence is irrelevant and/or should be excluded under F.R.E. 403 for being prejudicial, cause confusion to the trier of fact, waste time, etc.

If Defendants are prohibited from introducing evidence regarding Plaintiff's or the Descendants Project's finances, they would be unduly prejudiced and would impinge on Defendants' fundamental right to a fair trial. Therefore, this Honorable Court should deny Plaintiff's request to exclude evidence and testimony regarding Plaintiff's or the Descendants Project's finances.

### IV. Plaintiff's Motion in Limine regarding comments counsel's finances, office, schooling, etc.

This specific motion does not warrant a response because it lacks any citation of law or any indication that these are items or issues that would be presented to the jury.

### Conclusion

Based on the aforementioned, the Defendants respectfully request that this Honorable Court deny Plaintiff's Motion in Limine.

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone:   (504) 593-9500
Telecopier:   (504) 523-7766
E-mail: ikespears@gmail.com

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on January, 21 2025.

                                               /s/ *Ike Spears*
                                                Ike Spears