UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Reply Brief in Support of Plaintiff's Motion in Limine (Rec. Doc. 110)**

In Rec. Doc. 110, Plaintiff moved to exclude certain evidence and testimony. Defendants responded in Rec. Doc. 132. This is Plaintiff's reply.

**I.   Defendant's argument about calling witnesses they did not list in the Proposed Pre-Trial Order is moot; the Court has already ruled.**

At the pre-trial conference, Defendants said there were only two witnesses they intended to call that were not on their witness list: Lucien Gauff and Justin Kray. After a conversation about each witness, the Court ruled that Defendants could call Parish Assessor Lucien Gauff if they wished, but not Justin Kray.[1] This issue is therefore moot: the Court ruled that Defendants could call witnesses from their witness list and also Mr. Gauff, but not others.

**II.   Ms. Perrilloux should not be able to testify about a court ruling in another case, because this Court ruled that fact witnesses cannot testify about the law and also because the Court ruled that Ms. Perrilloux's suit is not on point.**

Defendants wish to call Shondrell Perrilloux to talk about the outcome of a different lawsuit, *Perrilloux v. St. John the Baptist Parish,* that she filed against the Parish.[2] They argue that it "is extremely relevant for jury to know another court ruled that this meeting did not violate Open Meetings Law."[3]

---

[1] Defendants misrepresent the conversation by suggesting that "Mr. Most . . . and/or the Plaintiff do not know Mr. Kray." Rec. Doc. 132 at 2. What Mr. Most said is that he had hired Mr. Kray as an expert in a different case. And although he was not Mr. Kray's lawyer, he had agreed to accept service from the U.S. Marshals on Mr. Kray's behalf as a courtesy because Mr. Kray was out of state caring for his mother. Additionally, Mr. Gauff has been served with a trial subpoena, but Mr. Kray has not.
[2] Rec. Doc. 119 at 11 ("she will testify about . . . the results of her lawsuit filed regarding the November 28, 2023 meeting.")
[3] Rec. Doc. 132 at 5.

1

Contrary to Defendant's contention, the state Fifth Circuit did not rule that "this meeting did not violate Open Meetings Law"; it just ruled that Ms. Perrilloux's arguments were incorrect. This Court already addressed that in a prior order. In ruling on cross-motions for summary judgment, the Court ruled that "*Perrilloux* is distinguishable from the instant matter because the plaintiff in *Perrilloux* did not allege that she was interrupted during her public comment period."[4] This Court quoted the portion of the state-court ruling explaining that unlike Ms. Banner, Ms. Perrilloux spoke "for either her full allotment of time or until she had finished what she wanted to say, without being stopped."[5] Whether another court determined that <u>someone else's different arguments</u> were wrong does not shed light on whether Ms. Banner's claims are correct.

Furthermore, this Court also ruled that the "Court will instruct the jury on the law" – not fact witnesses.[6] For similar reasons, this Court rejected another one of Defendants witnesses whose testimony would "invades the province of the Court to instruct the jury on any applicable law."[7] In sum, this Court – not Ms. Perrilloux – should instruct the jury on the law.

**III.  This Court should not allow testimony about Plaintiff's or her employer's finances, because that does not relate to any claim or defense.**

Plaintiff moved to exclude references to Plaintiff's finances or the finances of the non-profit that employs her, on the basis that such facts are not relevant to any claim or defense. Defendants respond by arguing that the "jurors have the right to know who the Plaintiff is, and that Plaintiff and her family are not showing up authentically. They are showing up to get paid. All of Plaintiff's family are on the Descendants Project's payroll."[8]

It is not clear what this means. If Defendants believe that any of Plaintiff's witnesses are being paid for their testimony (which they are not), they are welcome to ask at trial "are you being

---

[4] Rec. Doc. 118 at 18.
[5] Rec. Doc. 118 at 18, *quoting Perrilloux v. St. John the Baptist Par. Gov't by & through Par. Council of St. John the Baptist Par.*, 24- 280 at *9 (La. App. 5 Cir. 10/18/24).
[6] Rec. Doc. 115 at 6.
[7] Rec. Doc. 121 at 12 (excluding Defendants' expert witness, attorney Richard Stanley).
[8] Rec. Doc. 132 at 5.

paid for this testimony?" They are also welcome to ask each witness where they work. If Defendants are arguing, however, that Plaintiff herself is "showing up to get paid," that is the very idea of a lawsuit for money damages and the basis for our system of civil justice.

Regarding the text messages, Plaintiff does not intend to introduce the content of any of Plaintiff's or her employer's finances into evidence. There is an exchange between Hotard and her mother-in-law in which Hotard shares something about finances, but the resolution is too low to determine what it is.[9] The point of offering the text message is to show that Hotard's state of mind, not the actual content of the financial report, which is illegible.[10]

Because Defendants do not identify any claim or defense that Plaintiff or her employer's finances relate to, the evidence should be excluded.

**IV.    Plaintiff's motion with regard to comments about counsel should be granted because Defendants do not oppose it.**

Plaintiff moved to exclude references by Defendants to aspects of Plaintiff's counsel, given repeated comments by Defendants throughout this litigation. Defendants say that this "does not warrant a response," but do not oppose.[11] The request should therefore be granted.

                                                                             Respectfully submitted,

                                                                             /s/ *William Most*
David Lanser, 37764
William Most, 36914
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Fax: (504) 414-6400
williammost@gmail.com

---

[9] Rec. Doc. 92-8 at pgs. 2-3.
[10] *See* Rec. Doc. 108-1 at 95 (Dep. of Darla Gaudet) ("Q. I can't read what this says. Is it some sort of financial disclosure for Joy Banner? A. I'm not sure what that -- I'm not sure. I'm really not. I can't read it either. That makes it even worse.")
[11] Rec. Doc. 132 at 6.

3