UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **MICHAEL WRIGHT, in his individual and official capacities, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiff Joy Banner, Ph.D. ("Plaintiff") brings this suit against Defendants Michael Wright, St. John the Baptist Parish, and Jaclyn Hotard (collectively "Defendants") alleging violations of her First Amendment right to freedom of speech during a St. John the Baptist Parish council meeting.[1] Trial in this matter is scheduled to begin on January 27, 2025. Before the Court is Plaintiff's Motion in Limine to exclude witnesses not timely identified.[2]

Plaintiff states that Defendants identified only two individuals in their initial disclosures, Defendants Jaclyn Hotard ("Hotard") and Michael Wright ("Wright").[3] Plaintiff contends twenty-two days before the close of discovery, Defendants filed an exhibit list naming sixteen witnesses.[4] Plaintiff avers that she does not have adequate time to conduct written discovery or complete depositions, which would cause substantial prejudice at trial.[5] Plaintiff states that of Defendants'

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 71.

[3] *Id.*

[4] *Id.*

[5] *Id.*

sixteen proposed witnesses, eleven are either not designated as experts, not identified in initial disclosures, or not identified in Plaintiff's witness list.[6]

Addressing the factors set out in Federal Rule of Evidence 37(c), Plaintiff argues that as to the first factor, importance of the evidence, Defendants have failed to offer an explanation as to why these witnesses are relevant.[7] For example, Plaintiff states one of Defendants' proposed witnesses is Lucien Gauff ("Gauff"), the Assessor of St. John the Baptist Parish, who will be called to testify about the value of the grain elevator's land, which is not an issue in this case.[8] As to the second factor, prejudice to party opposing the evidence, Plaintiff argues she will face prejudice because she has inadequate time to depose Defendants' proposed witnesses and propound written discovery.[9] As to the third factor, possibly of curing prejudice with a continuance, Plaintiff argues that with the upcoming trial scheduled for January 27, 2025, and pretrial deadlines approaching as soon as November 26, 2024, it is not feasible to extend the discovery deadline.[10] As to the fourth factor, an explanation for the failure to disclose, Plaintiff contends Defendants have not offered an explanation for why they failed to disclose the witnesses in initial disclosures or through subsequent supplements.[11] For these reasons, Plaintiff contends that Defendants should be barred from presenting any witnesses who are not designated as experts, were not identified in initial disclosures, or were not identified in Plaintiff's witness list.[12]

---

[6] Rec. Doc. 71-1 at 4.

[7] *Id.*

[8] *Id.* at 5.

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 7.

In opposition, Defendants argue the Court should not exclude any witnesses appearing on Defendants' Witness and Exhibit List because Defendants timely disclosed their witnesses and exhibits in accordance with the Scheduling Order.[13] Defendants contend the Scheduling Order states that "[c]ounsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who will be called to testify at trial and all exhibits which will be used at trial no later than October 28, 2024."[14] Defendants assert they filed their Witness and Exhibit List on October 28, 2024.[15] Defendants state that Plaintiff also filed her Witness and Exhibit List on October 28, 2024.[16]

Defendants argue Plaintiff was made aware of Defendants' potential witnesses.[17] As it relates to Defendants' proposed witness, Jackie Landeche, Defendants contend that Plaintiff cannot claim any prejudice because Plaintiff was aware of this witness for several months and took her deposition on August 6, 2024.[18] While Plaintiff argues testimony of Gauff, the Assessor of St. John the Baptist Parish, is irrelevant, Defendants contend Plaintiff's background facts section references a rezoning application signed by Hotard to upzone property owned by Hotard's mother in law's LLC.[19] Defendants assert that Plaintiff has made the valuation of the land an issue in this

---

[13] Rec. Doc. 72 at 1.

[14] *Id.* at 1 – 2.

[15] *Id.* at 2.

[16] *Id*

[17] *Id.* at 3.

[18] *Id.*

[19] *Id.* at 4.

case.[20] Defendants state that Gauff is a public official known to Plaintiff, and thus, Plaintiff cannot be prejudiced by Gauff's testimony.[21]

As it relates to Defendants' proposed witness, Shondrell Perrilloux ("Perrilloux"), Defendants contend Perrilloux is well known to Plaintiff because she was present at the November 28, 2023 Council meeting and expressed similar views as Plaintiff.[22] As it relates to Defendants' proposed witness, Tim Matthews ("Matthews"), Defendants contend Matthews was present at the November 28, 2023 Council meeting and is listed on Plaintiff's witness list erroneously as "Kim Matthieu."[23] As it relates to Defendants' proposed witness, Crystal Harris ("Harris"), Defendants state that Harris was present at the November 28, 2024 Council meeting, and Plaintiff is not prejudiced by the trial testimony of this witness.[24] As it relates to Defendants' proposed witnesses R. Gray Sexton, Alesia M. Ardion, Mallory A. Gulliot, and Carolyn Abadie Landry, Defendants contend that these witnesses are well known to Plaintiff, and Plaintiff has already noticed a deposition of these witnesses on November 15, 2024, prior to discovery cutoff.[25]

As it relates to Defendants' proposed witness, Justin Kray ("Kray"), Defendants contend this witness is known to Plaintiff because Plaintiff identified Kray during her deposition.[26] Defendants aver Plaintiff is not prejudiced by Kray's testimony.[27] As it relates to Lynda Van

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 4 – 5.

[23] *Id.* at 5.

[24] *Id.* at 6.

[25] *Id.*

[26] *Id.* at 7.

[27] *Id.*

Davis Greenstone, Defendants contend they have advised Plaintiff's counsel that it is their intent to withdraw this witness.[28] Defendants state that they do not object to an extension of deadlines to provide Plaintiff with additional time to complete discovery.[29] Defendants assert that Plaintiff's motion should be denied.[30]

In further support of the motion, Plaintiff contends that Federal Rule of Civil Procedure 37(c) requires that if a party fails to identify witnesses in initial disclosures, the party is not allowed to present the witnesses at trial unless the failure was substantially justified or is harmless.[31] Plaintiff avers Defendants have failed to make a clear argument that their failure to identify these witnesses was substantially justified, nor do they cite authority that excuses their failure to identify these witnesses in initial disclosures.[32] While Defendants argue Plaintiff was aware of a number of witnesses, Plaintiff contends this does not mean that she would be able to anticipate that they might be called as witnesses.[33] While Defendants argue Plaintiff has scheduled depositions of certain witnesses, Plaintiff avers that she lacks information regarding why they were designated as witnesses, which limits counsel's ability to effectively depose the witnesses.[34] Plaintiff states that she intends to call Mallory Guillot in the event Hotard testifies that the Board of Ethics gave her legal advice.[35]

---

[28] *Id.* at 8.

[29] *Id.*

[30] *Id.*

[31] Rec. Doc. 75 at 1.

[32] *Id.*

[33] *Id.* at 1–2.

[34] *Id.* at 2.

[35] *Id.*

Federal Rule of Civil Procedure 26(a)(1)(A) provides, in pertinent part, "a party must, without awaiting a discovery request, provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses...."[36] Rule 37(c), in turn, provides that if a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[37]

With respect to witnesses Jackie Landeche, Tim Matthews, R. Gray Sexton, Alesia M. Ardoin, Carolyn Abadie Landry, and Mallory A. Guillot, Plaintiff had the opportunity to depose these witnesses prior to discovery cutoff or they are listed on Plaintiff's witness list. Therefore, the Court finds that Defendants' non-disclosure was harmless. As to witnesses Lucien Gauff, Shondrell Perrilloux, Crystal Harris, and Justin Kray, these witnesses were never identified as persons who Defendants may rely on to support their claims or defenses. Defendants do not offer any justification for their failure to disclose these witnesses. Defendants' argument that Plaintiff was aware that these remaining witnesses potentially had relevant knowledge through the discovery process is irrelevant—the issue is whether Plaintiff was on notice that Defendants intended to rely on these witnesses at trial. Defendants' failure to disclose the remaining witnesses was not harmless because it robbed Plaintiff of her ability to make an informed, timely decision as to whether to depose these witnesses. As such, the Court must exclude from trial any witnesses (1) whom Plaintiff did not have an opportunity to depose prior to discovery cutoff; and (2) any witnesses not listed on Plaintiff's witness list.

---

[36] Fed. R. Civ. P. 26(a)(1)(A).

[37] Fed. R. Civ. P. 37(c)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to exclude witnesses not timely identified[38] is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's motion is **DENIED** as to (1) Jackie Landeche; (2) Tim Matthews; (3) R. Gray Sexton; (4) Alesia M. Ardoin; (5) Carolyn Abadie Landry; and (6) Mallory A. Guillot. Plaintiff's motion is **GRANTED** as to (1) Lucien Gauff; (2) Shondrell Perrilloux: (3) Crystal Harris; and (4) Justin Kray. Plaintiff's motion is **MOOT** as to Lynda Van Davis Greenstone as Defendants have withdrawn her as a witness.

**NEW ORLEANS, LOUISIANA**, this __21st__ day of January, 2025.

*[Signature]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[38] Rec. Doc. 71.