UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **MICHAEL WRIGHT, in his individual and official capacities, et al.** | **SECTION: "G"** |

### ORDER AND REASONS

Plaintiff Joy Banner, Ph.D. ("Plaintiff") brings this suit against Defendants Michael Wright, St. John the Baptist Parish, and Jaclyn Hotard (collectively "Defendants") alleging violations of her First Amendment right to freedom of speech during a St. John the Baptist Parish Council meeting.[1] Trial in this matter is scheduled to begin on January 27, 2025. Before the Court is Plaintiff's Motion in Limine to exclude (1) testimony by any witness not included in the Revised Joint Pre-Trial Order; (2) reference to *Shondrell Perrilloux v. St. John the Baptist Parish*;[2] (3) reference to Attorney General Opinions and the use of them as exhibits; (4) reference to Plaintiff's finances; and (5) reference to counsel's wealth, office, schooling, or other irrelevant descriptors.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and finds the motion moot in part.

---

[1] Rec. Doc. 1.

[2] No. 81208, 2024 WL 3739088 (La. Dist. Ct. Apr. 19, 2024).

[3] Rec. Doc. 110.

## I. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of the Motion*

First, Plaintiff states Defendants have made attempts to serve a trial subpoena upon Justin Kray ("Kray"), who is not on any party's "will call" list on the Revised Pre-Trial Order.[4] Plaintiff contends Defendants insist that Kray is still a witness despite his name being excluded from the Revised Pre-Trial Order.[5] Plaintiff argues she cannot prepare cross examination because she does not know what witnesses may be presented.[6]

Next, Plaintiff contends that the Court should bar any reference to *Perrilloux v. St. John the Baptist Parish*.[7] Plaintiff anticipates Defendants will question Shondrell Perrilloux ("Perrilloux") about a different lawsuit, which has no bearing on the instant matter.[8] Plaintiff avers testimony regarding a different case would speak to an ultimate legal issue in this case.[9] While Defendants argue that *Perrilloux* is dispositive of the issues in this case, Plaintiff contends the court in *Perrilloux* only addressed issues concerning Perrilloux, not Plaintiff here.[10] Plaintiff states that Perrilloux has been listed as a witness by Defendants.[11] Plaintiff avers Defendants should be

---

[4] *Id.* at 2.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.* at 3–4.

[11] *Id.* at 4.

barred from asking Perrilloux, or any other witness about *Perrilloux* as it is irrelevant and could constitute a legal opinion.[12]

Third, Plaintiff argues this Court should bar testimony about Attorney General Opinions regarding on-topic rules.[13] Plaintiff explains that Defendants have listed three Attorney General opinions on their exhibit list for trial.[14] Plaintiff contends there is no indication that Defendants knew of these Attorney General Opinions at the time of the underlying Council meeting, and thus, the opinions have no bearing on Defendants' intent in interrupting Plaintiff.[15] Plaintiff argues the Attorney General Opinions are irrelevant and introduction of the Attorney General Opinions would violate this Court's order excluding an advice of counsel defense.[16] Plaintiff avers the Attorney General Opinions are "merely advisory and not binding authority."[17] Plaintiff contends the Attorney General Opinions are hearsay and Defendants have not identified experts or witnesses to properly admit these opinions.[18]

Fourth, Plaintiff argues the Court should bar any testimony regarding Plaintiff's finances and the finances of The Descendants' Project.[19] Plaintiff contends testimony regarding Plaintiff's

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 5.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 6.

3

finances and The Descendants' Project's finances is irrelevant.[20] Plaintiff explains she has not claimed loss of income or other economic damages which would support an inquiry into her finances.[21] Plaintiff argues this testimony would be prejudicial to Plaintiff because her non-profit organization is tax-exempt.[22]

Fifth, Plaintiff contends the Court should bar comment regarding counsel's finances, office, and schooling as it is irrelevant.[23] Plaintiff states throughout this litigation, Defendants' counsel has made remarks about Plaintiff's counsel's resources, finances, and schooling which would only serve to prejudice Plaintiff and distract the jury.[24]

### B.   *Defendants' Arguments in Opposition to the Motion*

In opposition, Defendants state that most of the evidence and witnesses Plaintiff seeks to exclude have already been ruled upon during the Pre-Trial Conference.[25] Defendants argue the Court should allow testimony from witnesses who were listed on the prior "may call" list.[26] Defendants explain that the "may call" witnesses were deleted per the Court's Order, and Plaintiff has always been aware that Defendants may call them.[27] Defendants contend that depending on

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 7.

[24] *Id.* at 7.

[25] Rec. Doc. 132 at 1.

[26] *Id.* at 2.

[27] *Id.*

4

Plaintiff's case in chief, they may call the following additional witnesses: (1) Justin Kray; (2) Lucien Gauff; (3) Kim Matthieu.[28]

Next, Defendants argue the Court should allow evidence and testimony from Perrilloux regarding reference to *Perrilloux*.[29] Defendants contend that Perrilloux was present during the underlying Council meeting, and *Perrllioux* is relevant to the issues before the trier of fact.[30] Defendants aver that the exclusion of Perrilloux's testimony would cause undue prejudice.[31]

Third, Defendants argue the Court should allow evidence and testimony regarding the finances of Plaintiff and the Descendants' Project.[32] Defendants contend the text messages Plaintiff seek to admit include references to Plaintiff's finances.[33] Defendants aver the exclusion of this evidence would cause undue prejudice.[34]

Lastly, Defendants state that they do not intend to present evidence or testimony of Plaintiff's counsel's finances or schooling.[35]

## II. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

---

[28] *Id.* at 2–4.

[29] *Id.* at 4.

[30] *Id.* at 5.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 6.

[34] *Id.*

[35] *Id.* at 6.

consequence in determining the action."[36] Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise.[37] Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[38] The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[39] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[40]

### III. Analysis

#### A.   *Justin Kray, Lucien Gauff, and Shondrell Perrilloux*

In a prior Order, the Court ruled that Justin Kray, Lucien Gauff, and Shondrell Perrilloux are to be excluded from trial as witnesses.[41] As such, any argument regarding these witnesses is now moot.

---

[36] Fed. R. Evid. 401.

[37] Fed. R. Evid. 402.

[38] Fed. R. Evid. 403.

[39] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[40] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[41] Rec. Doc. 135.

### B. *Shondrell Perrilloux v. St. John the Baptist Parish*

In denying summary judgment, the Court previously held that the ruling in *Perrilloux* was not dispositive of the issues in this case.[42] Reference to this case will only cause jury confusion. Such testimony could be perceived by the jury as a legal opinion, and it is the Court's role to instruct the jury on the law. Thus, any reference to *Perrilloux* shall be excluded from trial as it is irrelevant, or any limited relevancy is substantially outweighed by a danger of unfair prejudice.

### C. *Attorney General Opinions*

Defendants failed to address the Attorney General Opinions in its memorandum in opposition to the instant motion. Evidence regarding Attorney General Opinions could be perceived by the jury as a legal opinion, and it is the Court's role to instruct the jury on the law. As such, the Attorney General Opinions shall be excluded from trial as they are irrelevant, or any limited relevancy is substantially outweighed by a danger of unfair prejudice.

### D. *Plaintiff's and the Descendants' Project's Finances*

Plaintiff seeks to exclude reference to the finances of Plaintiff and the Descendants' Project. In opposition, Defendants argue that this evidence is relevant to show jurors that Plaintiff is not "showing up authentically."[43] The Court finds that the finances of Plaintiff and the Descendants' Project are irrelevant, or any limited relevancy is substantially outweighed by a danger of unfair prejudice. Therefore, any reference to Plaintiff's and the Descendants' Project's finances shall be excluded from trial.

---

[42] Rec. Doc. 118 at 18.

[43] Rec. Doc. 132 at 5.

Similarly, any references to Plaintiff's counsel's wealth, office, or schooling are irrelevant and shall be excluded.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine[44] is **GRANTED.** The following evidence shall be excluded from trial (1) Attorney General Opinions; (2) *Shondrell Perrilloux v. St. John the Baptist Parish*; (3) reference to Plaintiff and the Descendants' Project's finances; and (4) any references to Plaintiff's counsel's wealth, office, or schooling. Plaintiff's motion is **MOOT** as to Defendant's proposed witnesses Justin Kray, Lucien Gauff, and Shondrell Perrilloux.

**NEW ORLEANS, LOUISIANA**, this ___22nd___ day of January, 2025.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[44] Rec. Doc. 110.