UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **MICHAEL WRIGHT, in his individual and official capacities, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiff Joy Banner, Ph.D. ("Plaintiff") brings this suit against Defendants Michael Wright, St. John the Baptist Parish, and Jaclyn Hotard (collectively "Defendants") alleging violations of her First Amendment right to freedom of speech during a St. John the Baptist Parish Council meeting.[1] Trial in this matter is scheduled to begin on January 27, 2025. Before the Court is Defendants' Motion in Limine to exclude: (1) Plaintiff's Apple watch photos; (2) text messages between Darla Gaudet and Jaclyn Hotard; (3) Gaudet Holdings, LLC's operating agreement; (4) assessor parcel maps; (5) demonstrative exhibits; (6) reference to *King v. Caldwell, ex rel. Louisiana*; (7) a list of Darla Gaudet's businesses.[2] In a prior Order, the Court ruled on issues two through seven.[3] Therefore, the only issue remaining is the admissibility of the Apple watch photos. Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion with respect to the Apple watch photo identified below. Defendants' motion is moot in all other respects, as the Court previously ruled on those issues and Plaintiff withdrew the Apple watch screenshots previously identified.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 122.

[3] Rec. Doc. 122-1 at 3.

## I. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Motion*

Defendants argue the Apple watch photos should be excluded because they are not self-authenticating, and Plaintiff has not listed an expert that would testify to their authenticity.[4] Additionally, Defendants assert there is no way to prove when the pictures were taken or in what context.[5] Defendants contend the photos are irrelevant, highly prejudicial, and would cause confusion to the jury.[6] Defendants point out there is no way to know what Plaintiff's average heart rate is and whether the heart rate depicted is greater than, less than, or equivalent to her "normal" heart rate.[7] Therefore, Defendants argue the photos should be excluded.[8]

### B.   *Plaintiff's Arguments in Opposition to the Motion*

In response, Plaintiff agrees to withdraw two screenshot photos from the Apple watch.[9] However, Plaintiff still intends to offer one photo:

---

[4] Rec. Doc. 129.

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 133 at 2.

[8] *Id.*

[9] Rec. Doc. 130 at 1–2.



According to Plaintiff, she will testify at trial that she took the above photograph.[10] She will further testify that the alert pictured in the photo occurred at the March 18, 2024, St. John the Baptist Parish Planning and Zoning Commission meeting and that her watch has only alerted her to high heart rates at meetings subsequent to November 28, 2023.[11] Plaintiff argues her testimony will authenticate the photo.[12] She points out that she is not claiming any medical damages as a result of the high heart rate, but she has personal knowledge that her watch only alerted at public

---

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.* at 4.

meetings after she was threatened with arrest.[13] Plaintiff asserts Defendants are free to ask her about her knowledge of the Apple watch technology and the jury can then weigh the probative value of the documentation of the alert.[14] Finally, to the extent Defendants argue they should have access to all of the watch's history, Plaintiff points out Defendants did not ask for such documentation in discovery.[15]

## II. Legal Standard

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."[16] The Fifth Circuit "does not require conclusive proof of authenticity before allowing the admission of disputed evidence."[17] Instead, Rule 901(a) "merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be."[18]

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[19] Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] Fed. R. Evid. 901(a).

[17] *Daneshjou v. JPMorgan Chase Bank, N.A.*, 799 Fed. App'x 296, 298 (5th Cir. 2020) (internal citations omitted).

[18] *Id*.

[19] Fed. R. Evid. 401.

4

or other rules prescribed by the Supreme Court provide otherwise.[20] Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[21] The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[22] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[23]

### III. Analysis

Expert testimony is not required for Plaintiff to authenticate the Apple watch photo. The Fifth Circuit has explained that a photographer or another witness may authenticate a photograph if the witness "recognizes and identifies the object depicted and testifies that the photograph fairly and correctly represents it."[24] Plaintiff will testify that she took the photograph on March 18, 2024, and she will further testify that the alert pictured in the photo occurred at the March 18, 2024 St. John the Baptist Parish Planning and Zoning Commission meeting. Plaintiff will testify that her watch has only alerted her to high heart rates at meetings subsequent to November 28, 2023. Plaintiff's proposed testimony meets the requirements of Rule 901, as she can verify that it is an

---

[20] Fed. R. Evid. 402.

[21] Fed. R. Evid. 403.

[22] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[23] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[24] *United States v. Okulaja*, 21 F.4th 338, 345 (5th Cir. 2021) (internal citations omitted).

accurate depiction of her watch reading as well as the time, date, and location that the alert occurred.

Plaintiff is not being asked to testify regarding the medical causes or consequences of this alert. In fact, Plaintiff is not claiming any medical damages as a result of the high heart rate or for any other reason. As a lay witness, Plaintiff may testify to the fact the alert occurred. This evidence is relevant to Plaintiff's claim that she experienced emotional distress following the November 28, 2023 meeting. Defendants may cross-examine Plaintiff about her knowledge of the Apple watch technology, and the jury can then weigh the probative value of the evidence. Defendants have not shown that the probative nature of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine[25] is **DENIED** with respect to the Apple watch photo identified above. Defendants' motion is **MOOT** in all other respects, as the Court previously ruled on those issues and Plaintiff withdrew the Apple watch screenshots previously identified.

**NEW ORLEANS, LOUISIANA**, this __23rd__ day of January, 2025.

                                                          **NANNETTE JOLIVETTE BROWN**
                                                          **CHIEF JUDGE**
                                                          **UNITED STATES DISTRICT COURT**

---

[25] Rec. Doc. 122.