UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

### Plaintiff's Response Regarding Stipulated Facts

The premise of the Court's requirement that parties provide stipulated or uncontested facts in a pre-trial order is that the facts will be read or provided to the jury. *See, e.g., Medrano v. City of San Antonio*, 179 F. App'x 897, 898 n.1 (5th Cir. 2006) ("The parties submitted a detailed list of stipulated facts as part of the record exhibits during the jury trial."); *Facille v. Madere & Sons*, 13-cv-6470-NJB, Rec. Doc. 104 at *26 (E.D. La. Aug. 21, 2015) (J. Brown) (describing "the list of stipulated facts which would be read to the jury."); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-0366, 2016 U.S. Dist. LEXIS 199106, at *22 (E.D. La. June 15, 2016) ("IT IS FURTHER ORDERED that the Court assumes that uncontested facts listed in the Pre-Trial Order are stipulated facts to be read to the jury, since they are listed as such."); *Brothers Petroleum, LLC v. Wagners Chef, LLC*, 2:17-cv-06713, Rec. Doc. 145 (E.D. La. Oct 28, 2019) ("there are stipulations or uncontested facts in the pretrial order, which sometimes we read during the trial, or sometimes we just give them to the jury").

Here, the parties worked together to reach agreement on a set of uncontested facts. Defendants signed off on the stipulated facts three times: in Rec. Docs. 104, 107, and 119. Defendants further asked this Court to read the jury the Fifth Circuit's Pattern Instruction 2.3 (Rec. Doc. 124) about stipulated facts, which explains that:

> A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Now, only twenty-three hours before trial, Defendants ask this Court to withdraw one of the stipulated facts. Rec. Doc. 143. That last minute request would prejudice Plaintiff, whose team has been preparing for trial on the basis that the jury would be provided the stipulated facts that the parties agreed to. Any objection Defendants have to the stipulated facts was waived when they approved the stipulated facts on December 23, 2024 (Rec. Doc. 104), January 3, 2025 (Rec. Doc. 107), and January 15, 2025 (Rec. Doc. 119).

The Court should therefore decline to grant Defendants' request.

                                    Respectfully submitted,

                                    /s/ *William Most*
                                    David Lanser, 37764
                                    William Most, 36914
                                    MOST & ASSOCIATES
                                    201 St. Charles Ave., Ste. 2500, #9685
                                    New Orleans, LA 70170
                                    Telephone: (504) 533-4521
                                    Telephone: (504) 509-5023
                                    Fax: (504) 414-6400
                                    david.lanser@gmail.com
                                    williammost@gmail.com