**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOY BANNER**                                              **CIVIL ACTION**


**VERSUS**                                                     **NO.: 23-7296**


**ST. JOHN THE BAPTIST PARISH, et al.**          **SECTION: "G"(4)**




**Jury Instructions**


**January 29, 2025**

## Jury Charge Number 1

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.

## Jury Charge Number 2

Plaintiff Joy Banner has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

## Jury Charge Number 3

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## Jury Charge Number 4

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proved.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## Jury Charge Number 5

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has the witness made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

.

## Jury Charge Number 6

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Jury Charge Number 7

Do not let bias, prejudice or sympathy play any part in your deliberations. A government entity and all other persons are equal before the law and must be treated as equals in a court of justice.

## Jury Charge Number 8

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## Jury Charge Number 9

The First Amendment to the United States Constitution protects the right to freedom of speech. Freedom of speech is a guaranteed by the First Amendment, and a fundamental constitutional right.

## Jury Charge Number 10

In terms of First Amendment analysis, a city or parish council meeting is a limited public forum. In such a forum, a government may apply reasonable time, place, and manner restrictions to speech, so long as the restriction: (1) does not discriminate against speech on the basis of viewpoint; and (2) is reasonable in light of the purpose served by the forum. Viewpoint discrimination exists when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction. If Defendants engaged in coercive threats aimed at punishing or suppressing disfavored speech, then they have violated the First Amendment.

## Jury Charge Number 11

Plaintiff claims that Defendants retaliated against Plaintiff for exercising her First Amendment free speech during public comment at a November 28, 2023 Parish Council meeting.

To recover damages for this alleged constitutional violation, Plaintiff must prove by a preponderance of the evidence that:

1.     Plaintiff was engaged in a constitutionally protected activity;

2.     Defendants' actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and

3.     Defendants' adverse actions were substantially motivated against Plaintiffs' exercise of constitutionally protected conduct.

Under the First Amendment, a citizen has the right to free speech. Therefore, the first element is established.

Plaintiff must demonstrate that Defendants' improper motivation was the "but-for" cause of the adverse action. This means that Plaintiff must demonstrate that any non-retaliatory motivations were in fact insufficient to provoke the adverse consequences.

A government official's words that are reasonably understood to be a coercive threat can be the kind of action that violates the First Amendment. To determine if an official's words can be reasonably understood to be a coercive threat, you may look to factors including (1) word choice and tone; (2) the existence of regulatory authority; (3) whether the speech was perceived as a threat; and, perhaps most important, (4) whether the speech refers to adverse consequences. A realistic threat of arrest is enough to chill First Amendment rights.

## Jury Charge Number 12

In addition to her claims against Parish officials, Plaintiff Joy Banner is suing the St. John the Baptist Parish itself. A parish is not liable for a constitutional violation of its employees unless the violation was caused by a parish policy or custom, or the action of parish policymakers themselves violated a constitutional right.

## Jury Charge Number 13

The St. John the Baptist Parish Council is a public body subject to Louisiana's Open Meetings Law and the meeting at issue in this litigation was a public meeting. The Open Meetings Law requires public bodies to allow a public comment period at any point in the meeting prior to the action on an agenda item upon which a vote is to be taken. Further, any member of a public body who knowingly and willfully participates in a meeting conducted in violation of this Chapter shall be subject to a civil penalty.

## Jury Charge Number 14

To recover compensatory damages for mental and emotional distress, Plaintiff Joy Banner must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Joy Banner must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

## Jury Charge Number 15

If you find that Defendants are liable for Plaintiff's injuries, you must award Plaintiff the compensatory damages that she has proved. You may, in addition, award punitive damages if you find that Defendants Jaclyn Hotard or Michael Wright acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Jaclyn Hotard or Michael Wright's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of Defendant Jaclyn Hotard or Michael Wright's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or

reckless injury, and whether Defendant Jaclyn Hotard or Michael Wright's conduct was motivated by a desire to augment profit;

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3. the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of Defendants in fixing the amount of punitive damages. You may impose punitive damages against one or more of Defendants and not others. You may also award different amounts against Defendants.

## Jury Charge Number 16

As you have heard, it is a stipulated fact that at the November 28, 2023 Council meeting, Chairman Wright read aloud Louisiana Revised Statute § 42:1141.4(L)(1). It is also a stipulated fact that a federal judge determined that Louisiana Revised Statute § 42:1141.4(L)(1) is invalid, both as applied to the plaintiffs in that case, and on its face, in part.

In 2014, a federal judge found that this law was unconstitutional in two ways. First, the judge found that the law was unconstitutional as applied to the plaintiffs who had spoken publicly about a complaint they made to the Board of Ethics. Second, the judge found that the law was unconstitutional on its face, in part. The federal judge determined that Louisiana Revised Statute § 42:1141.4(L)(1) was invalid "[i]nsofar as the statute makes it a crime for 'any other person,' besides the subject of an ethics investigation, 'to make any public statement or give out any information concerning a private investigation or private hearing of the Board of Ethics' absent the subject of the investigation's written request…"

Federal courts do not "strike down" laws when ruling them unconstitutional; instead, courts hold laws unenforceable. Many laws that are plainly unconstitutional remain on the statute books.

## Jury Charge Number 17

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.