UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | |
|     Plaintiff | * | |
| | * | Case No. 23-cv-7296 |
| VERSUS | * | |
| | * | Judge Nannette J. Brown |
| | * | |
| MICHAEL WRIGHT, in his individual and | * | Magistrate Judge Karen W. |
| official capacities, JACLYN HOTARD, in her | * | Roby |
| individual and official capacities; and | * | |
| ST. JOHN THE BAPTIST PARISH; | * | |
|     Defendants. | * | |
| | * | |

*************************************************************************

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION LEAVE TO INTERVIEW JURORS PER PROTOCOL

NOW INTO COURT, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who file this memorandum in Opposition to Plaintiff, Joy Banner's, (hereinafter "Plaintiff"), Motion Leave to Interview Jurors Per Protocol since Plaintiff has failed to provide any interest that would outweigh the whole jurors' interest in privacy and the public's interest in well-administered justice.

It is clear that federal courts largely disfavor post-verdict interviews of jurors by or on behalf of counsel except in extreme circumstances; the Supreme Court of the United States has condemned the practice of unbridled post-trial questioning of jurors in civil cases by litigants or their counsel as early as 1915.[1] Likewise, the Fifth Circuit has held and continued to follow that "the first amendment interests of both the disgruntled litigant and

---

[1] McDonald v. Pless, 238 U.S. 264 (1915).

its counsel in interviewing jurors in order to satisfy their curiosity …are limited …[T]hose interests are not merely balanced but plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice." [2]

Here, Plaintiff has failed to raise any interest that would outweigh the jurors' interest in privacy and the public's interest in well-administered justice; just because one of the jurors is speaking to the media – on his own volition– does not create any interest, that would outweigh the whole jurors' interest in privacy and the public's interest in well-administered justice. Furthermore, Plaintiff has not *even* provided any case law, in support of her request, that would convince this Honorable Court to go against its own long-standing jurisprudence; therefore, this Honorable Court should deny Plaintiff's Motion Leave to Interview Jurors Per Protocol.

## CONCLUSION

Based on the aforementioned, the Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion Leave to Interview Jurors Per Protocol.

Respectfully Submitted,

/s/ *Ike Spears*
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone:    (504) 593-9500
Telecopier:    (504) 523-7766
E-mail:ikespears@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record William Most via electronic mail on February 11, 2025.

/s/ *Ike Spears*
Ike Spears

---

[2] *Haeberle v. Texas International Airlines*, 739 F. 2d 1019, 1022, (5th Cir. 1984); *See* also *Vanity Benson v. Tyson Foods, Incorporated*, 4:14-cv-00121, (5th Cir. 2018).