UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

**Memorandum in Support of Motion for New Trial**

Now comes Plaintiff pursuant to Federal Rule of Civil Procedure 59 to move for a new trial.

Trial in this matter took place from January 27 to 29, 2025. The jury returned a verdict in favor of Defendants. At trial, Plaintiff put on strong evidence in her favor, including admissions from Defendants that they silenced her based on the content of her speech, text messages about how Defendant Hotard felt "hate" for Plaintiff, and the concession that the "on-topic rule" that was Defendants' explanation for their conduct had never actually been adopted by the Parish.

Defense counsel, by contrast, offered evidence and an array of persistent evidentiary violations. This began in opening, when the Court had to sustain multiple objections to defense counsel falsely representing the law. And then during witness testimony, defense counsel engaged in more than a dozen violations of this Court's evidentiary rulings, including a premeditated attempt to introduce prohibited evidence of advice-of-counsel. Defense counsel also engaged in treatment of witnesses that the Court found to be "abusive" and making a "mockery" of matters, and had to be cautioned at least a dozen times that trial counsel are not allowed to testify.

In determining whether to grant a new trial, the Fifth Circuit has told courts to ask whether the they can say "with fair assurance, after pondering all that happened without stripping the

1

erroneous action from the whole, that the judgment was not substantially swayed by the error."[1] If the answer is no, then "it is impossible to conclude that substantial rights were not affected" – and a new trial should be granted.[2]

Here, given the strength of Plaintiff's evidence and the cumulative nature of defense counsel's misconduct, the answer should be no. The Court expressed that during trial, explaining that in one instance of misconduct:

> The concern I have is that there was some of this last lawyer's testimony that I'm really bothered about. I'm not quite sure if my instruction corrected that. Sometimes when things are said, you know, they're out there. And I don't want — and I'm really bothered, Mr. Spears, because I warned you not to ask the question. You asked the question. And so now, you know, the information is out there.[3]

Because it cannot be said that the jury's judgment was unswayed by defense counsel's persistent misconduct and evidentiary-ruling violations, a new trial should be granted.

Respectfully submitted,

/s/ *William Most*
David Lanser, 37764
William Most, 36914
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Fax: (504) 414-6400
williammost@gmail.com

---

[1] *Hollybrook Cottonseed*, 772 F. 3d 1031, 1034 (5th Cir. 2014).
[2] *Id*.
[3] Day 2, 303:5-11.