UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-7296** |
| **ST. JOHN THE BAPTIST PARISH, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is Plaintiff Joy Banner, Ph.D.'s Motion for Leave to Interview Jurors.[1] Defendants oppose the motion.[2] Having considered the motion, the memoranda in support, and in opposition, the record, and the applicable law, for the reasons that follow, the Court denies the motion.

## I. Background

The Court conducted a jury trial in this matter from January 27, 2025 to January 29, 2025. The jury found in favor of Defendants St. John the Baptist Parish, Michael Wright, and Jaclyn Hotard (collectively "Defendants"),[3] and the Court entered judgment on the verdict. After the jury verdict was read, the courtroom deputy polled the jury. Each of the jurors confirmed that the verdict was accurately delivered. The Court then excused the jury. On February 4, 2025, Plaintiff filed the instant motion.[4] On February 11, 2025, Defendants filed an opposition to the motion.[5]

---

[1] Rec. Doc. 155.

[2] Rec. Doc. 156.

[3] Rec. Doc. 151.

[4] Rec. Doc. 155.

[5] Rec. Doc. 156.

## II. Parties' Arguments

A. *Plaintiff's Argument in Support of the Motion*

Plaintiff requests leave of Court to interview jurors in this matter. While the Fifth Circuit has generally disfavored post-verdict interviewing of jurors, Plaintiff points out that at least one juror has already voluntarily spoken to the media regarding the verdict.[6] Plaintiff states other jurors may also be willing to discuss the matter.[7] Plaintiff proposed the following protocols regarding the juror interviews: (1) the parties may contact jurors by telephone or email to request to interview them; (2) no party may approach a juror about the matter in person; and (3) if a juror expresses a desire not to be interviewed, the party shall promptly terminate contact and not make further contact about the matter.[8]

B. *Defendants' Argument in Opposition to the Motion*

Defendants oppose the motion. Defendants argue federal courts largely disfavor post-verdict interviews of jurors except in extreme circumstances.[9] Defendants contend Plaintiff has failed to raise any interest that would outweigh the jurors' interest in privacy and the public's interest in well-administered justice.[10] Defendants aver Plaintiff has failed to provide any authority to support her request.[11] Defendants assert the motion should be denied.[12]

---

[6] Rec. Doc. 155-1 at 1.

[7] *Id.*

[8] *Id.* at 2.

[9] Rec. Doc. 156 at 1.

[10] *Id.* at 2.

[11] *Id.*

[12] *Id.*

### III. Law and Analysis

Rule 47.5 of the Local Civil Rules of this Court provides:

> (A) A juror has no obligation to speak to any person about any case and may refuse all interviews or requests for comments.
> (B) Attorneys and parties to an action, or anyone acting on their behalf, are prohibited from speaking with, examining or interviewing any juror regarding the proceedings, except with leave of court. If leave of court is granted, it shall be conducted only as specifically directed by the court.
> (C) No person may make repeated requests to interview or question a juror after the juror has expressed a desire not to be interviewed.[13]

In *Haeberle v. Texas Int'l Airlines,* the Fifth Circuit explained the policy reasons for limiting contact with jurors as follows:

> Federal courts have generally disfavored post-verdict interviewing of jurors. We have repeatedly refused to denigrate jury trials by afterwards ransacking the jurors in search of some new ground, not previously supported by evidence, for a new trial.
> Prohibiting post-verdict interviews protects the jury from an effort to find grounds for post-verdict charges of misconduct, reduces the chances and temptations for tampering with the jury, increases the certainty of civil trials, and spares the district courts time-consuming and futile proceedings. We have therefore uniformly refused to upset the denial of leave to interview jurors for the purpose of obtaining evidence of improprieties in the deliberations unless specific evidence of misconduct was shown by testimony or affidavit.[14]

In *Haeberle*, the court acknowledged that when attorneys seek to "satisfy their own curiosity and to improve their techniques of advocacy," their interests "carr[y] far less weight in the first amendment scale."[15] The Court held, "[t]he first-amendment interests of both the disgruntled litigant and its counsel in interviewing jurors in order to satisfy their curiosity and

---

[13] Local Rule 47.5.

[14] *Haeberle v. Texas Int'l Airlines,* 739 F.2d 1019, 1021 (5th Cir. 1984) (citations and internal quotation marks omitted).

[15] *Id.* at 1022.

improve their advocacy are ... plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice."[16] Relying on *Haeberle*, courts in this district have consistently denied attorney requests to contact jurors.[17]

In this case, like *Haeberle*, Plaintiff notes no evidence of misconduct or impropriety in connection with jury deliberations, and the Court knows of none. Plaintiff fails to provide a purpose for the requested juror interviews. While at least one juror has provided comments to the media, the Fifth Circuit in *Haeberle* stressed the importance of the "public's interest in well-administered justice," the "certainty of civil trials," and sparing the district courts from "time-consuming and futile proceedings."[18] These policy considerations support denial of Plaintiff's request to contact jurors.

The Court also notes that Rule 606 of the Federal Rules of Evidence provides:

> **(1) Prohibited Testimony or Other Evidence.**
> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
> **(2) Exceptions.** A juror may testify about whether:
> **(A)** extraneous prejudicial information was improperly brought to the jury's attention;
> **(B)** an outside influence was improperly brought to bear on any juror; or

---

[16] *Id.*

[17] *See, e.g.*, *Smith v. Kansa Tech., L.L.C.*, No. CV 16-16597, 2018 WL 3208035, at *1 (E.D. La. June 28, 2018) (Africk, J.) (denying request to interview jurors to "obtain any additional information that may or may not support a finding of a jury taint along with evidentiary issues"); *Abel v. Ochsner Clinic Found.*, No. CIV.A 06-8517, 2010 WL 1552823, at *1 (E.D. La. Apr. 15, 2010) (Vance, J.) (denying request of a defendant in a slip-and-fall case when defendant represented "information from the[ ] jurors w[ould] assist it in understanding the public's expectations for healthcare delivery involving patients at risk for falls"); *Rouillier v. Illinois Cent. Gulf R.R.*, No. CIV.A. 87-0677, 1988 WL 72866, at *2 (E.D. La. July 5, 1988) (Schwartz, J.) (denying a request to contact jurors as a "thinly veiled 'fishing expedition'") (quoting *United States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976), *cert. denied,* 430 U.S. 932 (1977)).

[18] 739 F.2d at 1021, 1022.

**(C)** a mistake was made in entering the verdict on the verdict form.[19]

There are no indications that any of these exceptions apply. For these reasons, the Court must deny Plaintiff's request to interview jurors in this matter. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Interview Jurors[20] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 19th day of February, 2025.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[19] Federal Rule of Evidence 606.

[20] Rec. Doc. 155.