## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOY BANNER, Ph.D.** | * | |
| **Plaintiff** | * | |
| | * | **Case No. 23-cv-7296** |
| **VERSUS** | * | |
| | * | **Judge Nannette J. Brown** |
| | * | |
| **MICHAEL WRIGHT, in his individual and** | * | **Magistrate Judge Karen W.** |
| **official capacities, JACLYN HOTARD, in her** | * | **Roby** |
| **individual and official capacities, and** | * | |
| **ST. JOHN THE BAPTIST PARISH;** | * | |
| **Defendants.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St. John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully submits their Memorandum in Opposition to Plaintiff, Joy Banner, Ph.D.'s Motion for New Trial. Plaintiff's motion should be denied.

## I.    LEGAL STANDARD FOR RULE 59

"A new trial may be granted if the trial court finds that "the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed." *Seidman v. Am. Airlines, Inc*. 923 F.2d 1134,1140 (5th Cir. 1991) (quoting *Smith v. Transworld Drilling Co*., 773 F.2d 610,613 (5th Cir. 1985). The court should not grant a motion for a new trial "unless the verdict is against the great weight **not merely the preponderance of the evidence**". *Id.* (emphasis added).

The Fifth Circuit has further explained that "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distributing, Inc. v. Adolph Coors Co.,* 589 F.2d 176, 179 n.3 (5th Cir. 1979).

## II.    LAW AND ANAYSIS

### A. THERE WAS NO PREJUDICIAL MISCONDUCT BY DEFENSE COUNSEL THAT WARRANTS A NEW TRIAL

Plaintiff, Joy Banner, Ph.D., (hereinafter "Plaintiff"), questions the jury's unanimous verdict.

Plaintiff claims that she "put on strong evidence ... that the Defendants …silenced her based on content of speech…and [d]efense counsel, by contrast, offered evidence and an array of persistence evidentiary violations." *Rec. Doc. 157-1, pp 1, ¶2*. Plaintiff further states that during Defendant's Opening Statement that the Court "had to sustain multiple objections to defense counsel falsely representing the law." *Id.* Plaintiff, additionally, claims that during witnesses' testimonies that "defense counsel engaged in more a dozen violations of the Court's evidentiary rulings …including a premediated attempt to introduce prohibited evidence of advice of counsel…that the Court found [defense counsel] to be 'abusive' and making a 'mockery' of matters". *Id.*

While it is very clear that Plaintiff is displeased with the jury's verdict, she has failed to assert any grounds for disturbing the jury's unanimous verdict.

First, there was no prejudicial misconduct by defense counsel that warrants a new trial; all of defense counsel's actions were within the bounds of legitimate advocacy; please see the accompanying **Defendant's Responses to Plaintiff's List of Alleged Defense Violations in support of their Opposition to Plaintiff's Motion for New Trial.**

As addressed fully in Defendant's Responses, none of Plaintiff's accusations show anything that would rise to the level of prejudice that would warrant a new trial. Arguendo, even if defense counsels' statements and/or questions may have been improper, the entire record is clear there was no prejudice to the Plaintiff since the Court contemporaneously admonished counsel in front of the jury and/or instructed the jury to disregard same. Yet, Plaintiff has failed to make ANY showing that any member of the jury was unduly influenced by the ostensible misconduct or played any part in their unanimous verdict or did not follow this Court's instructions, in order to defeat the presumption.

B. <u>**PLAINTIFF HAS FAILED TO OVERCOME THE PRESUMPTION THAT THE JURY FOLLOWED THE COURT'S INSTRUCTIONS**</u>

Second, the trial record is clear that the Court gave the jury proper instructions, prior to handing the case to the jury, that the "testimony of witnesses and other exhibits introduced by the parties constitute the evidence. The statements by counsel are not evidence. They are only arguments. It is important for you to distinguish between arguments by counsel and the evidence on which those arguments rest. What lawyers say or do is not evidence…You are the judges of the facts; but in finding those facts, you must apply the law as I instruct you." *Rec. doc. 157-6 pp 27; lines 4-9; Lines 14- 16.*

Additionally, the Court properly instructed the jury on all aspects of the case, including the manner and order the jury should consider the jury form. *Rec. Doc. 157-6; pp. 26-40.*

Because "juries are presumed to follow the instructions of the court", *Hollis v. Provident Life and Acc. Ins. Co., 259 F. 410, (5th Cir. 2001),* the Plaintiff's Motion for New Trial has no merit.

In fact, Plaintiff is not asserting that the Court gave the jury improper instructions; she did not even object to any of the Court's instructions. The record is clear that at no time did Plaintiff object to the Court's curative instructions (which must be presumed to have been heeded) and only now, after a disappointing jury verdict, Plaintiff is taking issue. Therefore, this Court should not permit such belated complaints to upset a unanimous verdict that was reached after multiple days of evidence and testimony. Plaintiff's request for a new trial in this matter must fail.

C. **THE VERDICT WAS REACHED BASED ON PROPERLY ADMITTED EVIDENCE**

This Court once stated, in its order denying both the Plaintiff's and Defendant's Motions for Summary Judgment, that a "reasonable jury could conclude that Plaintiff was afforded an adequate opportunity for public comment in compliance with Louisiana's Open Meetings Law, or vice versa." Rec. Doc. 118, pp. 18.

As the Court predicted, this reasonable jury, in a unanimous verdict, DID conclude that Plaintiff was afforded an adequate opportunity for public comment in compliance with Louisiana's Open Meetings Law; there was sufficient evidence to support the jury's unanimous verdict finding for Defendants. Plaintiff now attempts to discern the jury's evaluation of the evidence and attempts to make a leap of logic that neither the Plaintiff nor this Court can make.

Additionally, *most importantly*, a member of the jury has actually been speaking, on his own behalf, about how the jury came to their unanimous verdict. Juror Cam Owen, has stated to at least a couple of reporters and/or media outlets that the jury deliberations "heavily relied on a

video recording of the disputed public meeting…[Plaintiff] was able to communicate her points to the officials, even as the St. John leadership interrupted her." *See Exhibit "A," NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3.*

Mr. Owen further stated that they did not "vote no because the defense gave a good case. We voted no because the facts weren't there" for Plaintiff's claim.  Id. at 4. Mr. Owen explained that he "was ready to vote in Banner's favor following closing arguments…changed his mind after closely reviewing the facts and the video footage of the public meeting…which was the deciding factor for the jury… jurors calculated the amount of time Banner was able to speak and concluded she was able to express most of her viewpoint...she did actually say what she had to say.*" See Exhibit "B," US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D," The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

As per the statements made by an actual member of the jury, they paid attention for three days and reached their unanimous verdict by reviewing properly admitted evidence— not defense counsels' statements, not on anything to do with the issue of confidentiality of ethics investigations, not on anything to do with the advice of counsel defense; they followed the Court's instructions to the letter.

Plaintiff has failed to provide anything to overcome the presumption and/or anything to contradict a member of the jury's statement and therefore, her motion for new trial fails.

### III.  CONCLUSION

This Court ensured Plaintiff received a fair trial and an impartial jury. It is time to end this litigation and respect the jury's judgment. Based on the aforementioned Plaintiff's Motion for New Trial should be denied.

> Respectfully Submitted:
>
> /s/ *Ike Spears*
> IKE SPEARS, LSB #17811
> 909 Poydras Street, Ste. 1825
> New Orleans, LA 70112
> Telephone: (504) 593-9500
> Telecopier: (504) 523-7766
> E-mail:ikespears@gmail.com
> *Attorney for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record, William Most, via electronic mail on February 25, 2025.

> /s/ *Ike Spears*
> Ike Spears