# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOY BANNER, Ph.D. | * | |
|    Plaintiff | * | |
| | * | **Case No. 23-cv-7296** |
| **VERSUS** | * | |
| | * | **Judge Nannette J. Brown** |
| | * | |
| MICHAEL WRIGHT, in his individual and | * | **Magistrate Judge Karen W.** |
| official capacities, JACLYN HOTARD, in her | * | **Roby** |
| individual and official capacities, and | * | |
| ST. JOHN THE BAPTIST PARISH; | * | |
|    Defendants. | * | |
| | * | |

**************************************************************************

## DEFENDANTS' RESPONSES TO PLAINTIFF'S LIST OF ALLEGED DEFENSE VIOLATIONS IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Michael Wright, in his individual and official capacities, Jaclyn Hotard, in her individual and official capacities, and St John the Baptist Parish, (hereinafter collectively referred to as "Defendants"), who respectfully submits the following Defendants' Responses to Plaintiff's List of Alleged Defense Violations in Support of their Opposition to Plaintiff's Motion for New Trial:

1. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings:** The Court excluded any evidence of advice of counsel, including communications with Assistant District Attorney Keith Green. But then defense counsel chose in a premeditated fashion to solicit testimony from Defendant Wright about his "email and a phone call from District Attorney Keith Green." *Rec. Doc. 53; Day 2, 314:5-11.*

   ➤ **DEFENDANTS' RESPONSE:** Per the trial transcript, at the bench conference, defense counsel stated that he had no intention of trying to introduce the advice of counsel defense and was not trying to prove advice of counsel defense; and even though the Court sustained plaintiff counsel's objection, the lines of the direct

examination were within the bounds of legitimate advocacy. *Rec. Doc. 157-5; page 185-186.*

➢ Furthermore, ALL of this discussion was done at a BENCH conference; outside the earshot of the jury. The question and response that Plaintiff Counsel took issue with prior to the bench conference was:

> Mr. Spears: "...But explain to the jurors what, if anything, did you do in preparation that meeting?"
>
> Mr. Wright: "I spoke with— I had an email and a phone call from District Attorney Keith Green."
> *Rec. Doc. 157-5 pp. 184; lines 8-13.*

➢ The jury heard nothing more after that exchange since Plaintiff's Counsel immediately asked to approach the bench; in fact, the jury took a restroom break during most of the bench conference. *Id*. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence, etc. *Rec. doc. 157-6 pp 27; lines 4-9* and the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting), and not on anything defense counsel may or may not have said.[1] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

---

[1] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

2. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings:** The Court ruled that the parties could not question witnesses on the law. But defense counsel did so with the very next witness. Day 1, 100:2-10; Day1,125:10; Day 1, 127:17-19.

> **DEFENDANTS' RESPONSE:** Contrary to the Plaintiff's claim, the Court actually
>
> allowed Defense Counsel to ask the questions; there was no alleged violation of any
>
> court order.

> > Ms. Sallah: "…Ms. Banner, are you aware that the Louisiana Open Meeting Law requires that public notice— that the notice of public meetings must be published at least 24 hours before —"
> >
> > Mr. Lanser: "Objection to relevance".
> >
> > Ms. Sallah: — "the meeting?"
> >
> > The Court: "She's asking if she knows, if she knows that."
> >
> > *Rec. doc. 157-4; pp 125 lines 12.*

> This next, one below, that the Plaintiff pointed out as improper, there was no objection
>
> made by Plaintiff Counsel; nor any interruption by the Court, again permissible and
>
> proper cross examination.

> > Ms. Sallah: "And finally, the Louisiana Open Meetings Law requires public bodies to have open meetings; that means that the public has to be there to observe it. Are you aware of that?"
> >
> > *Rec. Doc. 157-4; page 127 lines 17-19*

> Plaintiff is just grasping at straws and trying to bolster her argument because she is
>
> unhappy with verdict; additionally, the record is clear that before jury deliberations,
>
> the Court gave the jury proper instructions regarding counsels' statements not being
>
> evidence, etc. *Rec. doc. 157-6 pp 27; lines 4-9* and the one juror has already stated
>
> over and over again to several media outlets and/or reporters that the jury verdict was
>
> based on their review of the actual evidence (i.e. the video of the parish council

meeting), and not on anything defense counsel may or may not have said.[2] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

3. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings:** Despite the Court's ruling about not asking legal questions, defense counsel asked witness Guillot about her "legal position." Day 2, 264:22-265:8.

> **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request; furthermore, this was within the bounds of legitimate advocacy. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence, etc. *Rec. doc. 157-6 pp 27; lines 4-9* and the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said. [3]

> Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's

---

[2] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

[3] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

instructions.

4. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings:** Despite the Court's ruling about not asking legal questions, defense counsel asked witness Guillot about who the "statute applies to." Day 2, 266:5-14.

> **DEFENDANTS' RESPONSE:** Even though the Court sustained plaintiff counsel's objection, this was within the bounds of legitimate advocacy. Either way, the Court admonished counsel in front of the jury; it was done contemporaneously and the also Court stated in front of the jury "…And I direct the jury on the law, Counsel". Rec. Doc. 157-5; pp. 136; line 13.

> Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence, etc. *Rec. doc. 157-6 pp 27; lines 4-9* and the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[4] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

5. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Despite the Court's ruling about not asking legal questions, defense counsel asked lawyer-witness Guillot what she "would advise" a person. Day 2, 267:13-15.

---

[4] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

➢ **DEFENDANTS' RESPONSE:** Even though the Court requested the plaintiff counsel make an objection to defense counsel's question, it was within the bounds of legitimate advocacy. Either way, the Court admonished counsel in front of the jury; it was done contemporaneously.

➢ Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence, etc. *Rec. doc. 157-6 pp 27; lines 4-9* and the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said. [5] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

6. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Despite the Court's ruling about not asking legal questions, defense counsel asked witness Landeche whether Parish actions were "in compliance with the Open Meetings Law." Day 2, 275:11-13.

➢ **DEFENDANTS' RESPONSE:** Contrary to the Plaintiff's claim, here the Court actually allowed Defense Counsel to ask the questions; therefore, there was no alleged violation of any evidentiary rulings; Plaintiff is attempting to mislead by not including the part of the transcript with the Court's ruling. Rec. Doc. 157-5;

---

[5] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

page 145; lines 11- 20:

> (Ms. Sallah) Q: "And that's in compliance with the Open Meetings Law; correct?"
> A: "yes ma'am. "
> Mr. Most: "Objection, calls for a legal conclusion."
> The Court: "I'm going to allow it because her job requires her to follow the public — the Open Meetings Law.  So, I imagine she can say that."

➤ Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence, etc. *Rec. doc. 157-6 pp 27; lines 4-9* and the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting), and not on anything defense counsel may or may not have said.[6] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

7. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Despite the Court's ruling about not asking legal questions, Defense counsel questioned witness Landeche about what the Open Meetings Law "requires" and whether the parish "complied" with the law. Day  2,  286:4-287:10.

> ➤ **DEFENDANTS' RESPONSE:** Contrary to the Plaintiff's claim, here the Court actually allowed Defense Counsel to ask the questions; therefore, was no alleged violation of any court order; additionally, no where in the record did Plaintiff

---

[6] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

Counsel object to the line of questioning nor did the Court, Sua Sponte, interrupt defense counsel's questions since it was proper cross examination.

➢ Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence, etc. *Rec. doc. 157-6 pp 27; lines 4-9* and the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[7] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

8. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Despite the Court's ruling about not asking legal questions, defense counsel asked Wright about whether Ms. Perriloux was "violating any confidentiality statute." Jury told to disregard. Day 2, 309:4-8.

➢ **DEFENDANTS' RESPONSE:** Even though the Court sustained Plaintiff's counsel's objection; defense counsel was within the bounds of legitimate advocacy. Additionally, the Court contemporaneously admonished the jury to "disregard …reference to violating a confidentiality statute." See Rec. Doc. 157-5; pp. 179; lines 7-8; the one juror has already stated over and over again to several media

---

[7] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[8]

➤ Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

9. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** The Court ruled that the dismissal of the ethics complaint was already in evidence and "not a material fact in this case." But defense counsel questioned witness Guillot about it on cross. Day 2 134:19-25; 267:20-268:2.

➤ **DEFENDANTS' RESPONSE:** Contrary to the Plaintiff's claim, here the Court actually allowed Defense Counsel to ask the questions; therefore, was no alleged violation of any court order; defense counsel was within the bounds of legitimate advocacy.

➤ Additionally, no where in the record did Plaintiff Counsel object to the line of questioning nor did the Court, Sua Sponte, interrupt defense counsel's questions since it was proper cross examination; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting);

---

[8] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[9]

➤ Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

10. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Despite the Court's ruling, defense counsel questioned witness Sexton about the dismissal of the ethics complaint. 297:20-21, 298:1-4; 298:9-11.

➤ **DEFENDANTS' RESPONSE:** Again, Plaintiff, here, references the record where there was no objections or interruption by the Court, sua sponte, due to any improper questioning since it was proper direct examination and defense counsel was within the bounds of legitimate advocacy; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[10]

---

[9] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; also See Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*
[10] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

> Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

11. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Despite the Court's ruling, Defense counsel questioned witness Guillot about the dismissal of the ethics complaint again on direct. Day 2, 263:21-25.

> **DEFENDANTS' RESPONSE:** Defense counsel withdrew his question after Plaintiff's counsel's objection; furthermore, defense counsel was within the bounds of legitimate advocacy; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[11]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

12. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Despite the Court's ruling defense counsel brought up the dismissal of the ethics complaint again in closing. Day 3, 429:21-22.

---

[11] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

> **DEFENDANTS' RESPONSE:** Plaintiff, here, references the record where there was no objections or interruption by the Court, sua sponte, due to any alleged improper closing; defense counsel was within the bounds of legitimate advocacy. The record is clear that the Court gave the jury instructions. Rec. doc. 157-6 pp 27; lines 4-9; additionally, the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[12]

> Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

13. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** The Court ruled that it "not going to let [Mr. Sexton] testify" about his understanding of what was confidential or not. But then, as the Court explained, defense counsel "turned around and asked that very question." Day 2, 138:13-19, Day 2:298:12-300:3.

> **DEFENDANTS' RESPONSE:** Plaintiff is referencing a bench conference— outside the earshot of the jury; Mr. Spears only asked, "Is it your understanding that the investigative portion" before the Court asked them to approach; additionally, defense counsel stated several times to the Court

---

[12] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

(during the bench conference) that he was not going to ask ..."the witness about whether he thought it was confidential or not…". Rec. Doc. 157-5; pp. 168; lines 12-24.

➢ Additionally, the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[13] Plaintiff has failed to show that this exchange rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

14. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** The Court cautioned defense counsel against using the word "inappropriate" to describe Dr. Banner's public comment because it would suggest that the comment was unlawful. But defense counsel continued used the term. Day 2, 250:19- 251:1, 334:23-25

➢ **DEFENDANTS' RESPONSE:** Plaintiff, here, references the record where there was no objections or interruption by the Court, sua sponte, due to any alleged improper statement; defense counsel was within the bounds of legitimate advocacy. Additionally, the record is clear that the Court gave the jury instructions; Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to

---

[13] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

several media outlets and/or reporters that the jury verdict was based on their review

of the actual evidence (i.e. the video of the parish council meeting); the juror never

mentioned that their unanimous verdict had anything to do with the issue of

confidentiality of ethics investigations, advice of counsel defense, or anything

defense counsel may or may not have said.[14] Plaintiff has failed to show anything

that rises to the level of prejudice that would warrant a new trial and/or defeat the

presumption that the jury followed the Court's instructions.

15. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** The Court
directed defense counsel not to question witnesses about the "internal operations of
the Board of Ethics." But then defense counsel did exactly that within a minute with
witness Landry. Day 2, 253:9:11, 255:17-19.

   ➢ **DEFENDANTS' RESPONSE:** Again, Plaintiff, here, references the record where

   there was no objections or interruption by the Court, sua sponte, due to any alleged

   improper statement made by defense counsel; moreover, defense counsel was

   within the bounds of legitimate advocacy. Additionally, the one juror has already

   stated over and over again to several media outlets and/or reporters that the jury

   verdict was based on their review of the actual evidence (i.e. the video of the parish

   council meeting), the juror never mentioned that their unanimous verdict had

   anything to do with the issue of confidentiality of ethics investigations, advice of

   counsel defense, or anything defense counsel may or may not have said.[15]Plaintiff

---

[14] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*
[15] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also*

has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

16. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Defense counsel also questioned witness Guillot about the internal operations of the Board of Ethics. Day 2, 261:5-263:3.

> **DEFENDANTS' RESPONSE:** Here, Plaintiff included part of the record wherein the Court overruled Plaintiff Counsel's objection; the Court did not feel Defense Counsel's questions were inappropriate; defense counsel was within the bounds of legitimate advocacy. Additionally, the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[16] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

17. **Plaintiff's Allegation of Defense Violations of Evidentiary Rulings** Despite the Court's ruling that defense counsel shouldn't ask about "prominent supporters" of the industrial project, defense counsel continued to do so. Day 2, 311:11-18; 346:21-347:2.

---

*see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*
[16] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

> **DEFENDANTS' RESPONSE:** Even though the Court sustained plaintiff counsel's objection, defense counsel was within the bounds of legitimate advocacy; additionally, the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[17] Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

18. **Plaintiff's Claim that Defense Counsel's False or Improper Statements About the Law** In opening, Defendants' counsel argued that R.S. 42:1141.4(L)(1) "is the law" – even though it was determined to be unconstitutional nine years prior. Comment ordered "withdrawn." Day 1, 24:16-25:13.

> **DEFENDANTS' RESPONSE:** The Court sustained plaintiff counsel's objection and stated in front of the jury "that last comment is withdrawn". Rec. doc. 157-4; pp 25. Line 6-7. Additionally, the record is clear that the Court gave the jury proper instructions; Rec. doc. 157-6 pp 27; lines 4-9; additionally, one of the jurors has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had

---

[17] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[18]Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

19. **Plaintiff's Claim that Defense Counsel's False or Improper Statements About the Law** In opening, Defendants' counsel argued that Plaintiff's actions were "contrary to the statute" – even though the statute was unconstitutional. Jury told to "disregard" counsel's statement. Day 1, 25:9-26:20.

> **DEFENDANTS' RESPONSE:** The Court sustained plaintiff counsel's objection and properly instructed the jury contemporaneously; " Ladies and gentlemen of the jury, Mr. Spears just said that Dr. Banner posted something that was contrary to law that they keep talking about, but I'm going to decide whether or not it is contrary to the law or not, okay. So disregard his statement that she published — her act of publishing it was contrary to the law or unlawful in any way, disregard that." Rec. Doc. 157-4; pp. 26. Lines 14-20; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said..[19] Plaintiff has

---

[18] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*
[19] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses*

failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

20. **Plaintiff's Claim that Defense Counsel's False or Improper Statements About the Law** Ms. Sallah asked a non-expert witness about the "reasons why it's important to tell the public to stick to agenda items only." The Court directed her not to ask a question like that of a non-expect. But Ms. Sallah continued anyway, asking next "why it's important to keep people on time." Day 2, 282:2-283:25.

> **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request; furthermore, this was within the bounds of legitimate advocacy; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[20]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

21. **Plaintiff's Claim that Defense Counsel was Testifying:** The Court pointed out that counsel's question was "like testimony" when he said "everyone, except for you, seems to say that the only property, the only tracts of land that were in this new zoning application, the one that you wrote the ethics complaint about, was property belonging to Greenfield." Day 1, 71:20-72:7.

---

*Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*
[20] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

➢ **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request; furthermore, this was within the bounds of legitimate advocacy. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[21]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

22. **Plaintiff's Claim that Defense Counsel was Testifying:** Instead of asking a question, Mr. Spears stated that "First of all, Jaclyn Hotard is not the secretary to the parish council." Court had to say "I'm going to stop you from testifying." Day 1, 82:20-23.

➢ **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request and the Court admonished counsel in front of the jury. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being

---

[21] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

evidence, etc. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[22] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

23. **Plaintiff's Claim that Defense Counsel was Testifying:** Instead of asking a question, Mr. Spears stated that "First and foremost, the Open Meetings Law requires that the agenda . . ." Court had instructed Mr. Spears to "Stop testifying." Day 1, 83:18-84:1.

➢ **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request and the Court admonished counsel in front of the jury. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may

---

[22] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

or may not have said.[23] Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

24. **Plaintiff's Claim that Defense Counsel was Testifying:** Instead of asking a question, Ms. Sallah stated that "you also saw that a couple other people — and if you don't recall, I can show you the video of the meeting." Court instructed Ms. Sallah that "You have to ask a question. You're testifying." Day 1, 121:25-122-4.

> **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request and the Court admonished counsel in front of the jury. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said. [24]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

---

[23] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

[24] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

25. **Plaintiff's Claim that Defense Counsel was Testifying:** Mr. Spears began to provide himself Ms. Gaudet's answer to a deposition question. Court instructed Mr. Spears "You can't testify for her. You have to ask her a question. And stop reading the deposition. She is here live to testify live." Day 2, 187:8-9.

> ➢ **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request and the Court admonished counsel in front of the jury; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said. [25]

> ➢ Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

26. **Plaintiff's Claim that Defense Counsel was Testifying:** Mr. Spears in his next question continued to provide testimony about the deposition. Court instructed Mr. Spears "You can't refer to her deposition. You have to ask her a question because you're not impeaching her." Day 2, 188:4-7.

> ➢ **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request and the Court admonished counsel in front of the jury. Additionally,

---

[25] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[26]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

27. **<u>Plaintiff's Claim that Defense Counsel was Testifying:</u>** Mr. Spears testified about the requirements of the Open Meetings Law: "Q. The meetings, to be compliant with the Louisiana Open Meetings Law, must have some time period in which the public can discuss items that the council is going to vote on. Was that always done?". Day 2, 220:7-10.

> ➤ **<u>DEFENDANTS' RESPONSE:</u>** Here, Plaintiff included part of the record wherein the Court overruled Plaintiff Counsel's objection; the Court did not feel Defense Counsel's questions were inappropriate; defense counsel was within the bounds of legitimate advocacy. the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of

---

[26] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[27] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

28. **Plaintiff's Claim that Defense Counsel was Testifying:** Mr. Spears began to testify about what "we concluded" in Ms. Guillot's deposition. Day 2, 233:3.

> **DEFENDANTS' RESPONSE:** The Court sustained plaintiff counsel's objection and admonished counsel in front of the jury. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[28] Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

---

[27] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

[28] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

29. **Plaintiff's Claim that Defense Counsel was Testifying:** Mr. Spears testified about what letters are or are not stamped confidential, prompting Court to say "you're testifying again." Day 2, 257:10-15.

> **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request and the Court admonished counsel in front of the jury. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[29]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

30. **Plaintiff's Claim that Defense Counsel was Testifying:** Mr. Spears testified that Mr. Wright's "testimony is you did not notice or read the particular note" Court ruled: "Counsel, you can't testify for him. And you can't lead your own witness either." Day 2, 329:14-7.

> **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request and the Court admonished counsel in front of the

---

[29] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

jury. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting), and not on anything defense counsel may or may not have said.[30]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

31. **Plaintiff's Claim that Defense Counsel was Testifying:** Mr. Spears testified that "I saw you cleared the chamber on the video." Day 2, 331:12-15.

   ➤ **DEFENDANTS' RESPONSE:**The Court sustained plaintiff counsel's objection. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[31]Again, Plaintiff

---

[30] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*
[31] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by*

has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

32. **<u>Plaintiff's Claim that Defense Counsel was Testifying:</u>** Mr. Spears testified that facts were "falsely alleged by Ms. Banner." Jury told to disregard. Day 2, 333:9-25.

> **<u>DEFENDANTS' RESPONSE:</u>**The Court sustained plaintiff counsel's objection and contemporaneously instructed the jury to disregard. Rec. Doc. 157-5; pp. 204. Lines 6-9; Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[32]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

---

grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.

[32] See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.

33. **Plaintiff's Claim that Defense Counsel was Testifying:** Mr. Spears testified that Ms. Hotard's reelection "seems like an incredible vote of confidence." Jury told to disregard. Day 2, 343:3-7.

> ➢ **DEFENDANTS' RESPONSE:** The Court sustained plaintiff counsel's objection and contemporaneously instructed the jury to disregard. Rec. Doc. 157-5; pp. 213 Lines 6-7. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[33]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

34. **Plaintiff's Claim that Defense Counsel Making a "Mockery" of Matters:** Defense counsel pulled out a timer and said "I'm going to use this timer, and give us your speech right now, the exact speech you came prepared to say that you said you were stopped from saying by Michael Wright. Are you ready?" Day 1, 87:3-89:18.

---

[33] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

> **DEFENDANTS' RESPONSE:** The Court sustained plaintiff counsel's objection - regarding the timer- and conversations were had at the bench outside the hearing of the jury;however, defense counsel was allowed ask plaintiff a similar line of questions. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence, etc. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[34]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

35. **Plaintiff's Claim that Irrelevant, Potentially Prejudicial Material Elicited by Defendants' Counsel:** Mr. Spears asked Plaintiff whether "at least twice in recent history you have sought to do what Michael and Jaclyn has done which is put your name on the ballot to be elected, and you've been soundly not voted by the people in your community who know you best?" Defense counsel instructed to "move on" – but he did not. Day 1, 78:11-21.

> **DEFENDANTS' RESPONSE:** The Court sustained Plaintiff counsel's objection. Additionally, the record is clear that before jury deliberations, the Court

---

[34] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

gave the jury proper instructions regarding counsels' statements not being

evidence, etc. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over

and over again to several media outlets and/or reporters that the jury verdict was

based on their review of the actual evidence (i.e. the video of the parish council

meeting); the juror never mentioned that their unanimous verdict had anything to

do with the issue of confidentiality of ethics investigations, advice of counsel

defense, or anything defense counsel may or may not have said.[35]Again, Plaintiff

has failed to show anything that rises to the level of prejudice that would warrant a

new trial and/or defeat the presumption that the jury followed the Court's

instructions.

36. **Plaintiff's Claim that Irrelevant, Potentially Prejudicial Material Elicited by Defendants' Counsel:** Immediately after a sustained objection, Mr. Spears continued: "Did you run for office in 2014" Day 1, 78:23-79:3.

> **DEFENDANTS' RESPONSE:**The Court sustained plaintiff counsel's

objection. Additionally, the record is clear that before jury deliberations, the Court

gave the jury proper instructions regarding counsels' statements not being

evidence, etc. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over

and over again to several media outlets and/or reporters that the jury verdict was

based on their review of the actual evidence (i.e. the video of the parish council

meeting); the juror never mentioned that their unanimous verdict had anything to

---

[35] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[36]Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

37. **Plaintiff's Claim that Irrelevant, Potentially Prejudicial Material Elicited by Defendants' Counsel:** Mr. Spears asked witnesses about other lawsuits filed by Plaintiff's non-profit. Day 2, 226:14-228:9.

   ➢ **DEFENDANTS' RESPONSE:** Court overruled Plaintiff's counsel's objection; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[37] Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

---

[36] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C", Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*
[37] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C", Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

38. **Plaintiff's Claim that Irrelevant, Potentially Prejudicial Material Elicited by Defendants' Counsel:** Mr. Spears tried to indicate to the jury that the judge "know[s] I'm slow," prompting a curative instruction to the jury. Day 2, 227:25-228:2, 230:13-17.

> **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question, at the Court's request and the Court contemporaneously instructed the jury to disregard. Additionally, the record is clear that before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[38]Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

39. **Plaintiff's Claim that Irrelevant, Potentially Prejudicial Material Elicited by Defendants' Counsel:** Even after the Court overruled an objection, defense counsel continued to engage in a "talking objection" that could "influence what the witness would say." Day 2, 291:20-25.

> **DEFENDANTS' RESPONSE:** Defense counsel rephrased the question and the Court admonished counsel in front of the jury. Additionally, the record is clear that

---

[38] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*

before jury deliberations, the Court gave the jury proper instructions regarding counsels' statements not being evidence. Rec. doc. 157-6 pp 27; lines 4-9; the one juror has already stated over and over again to several media outlets and/or reporters that the jury verdict was based on their review of the actual evidence (i.e. the video of the parish council meeting); the juror never mentioned that their unanimous verdict had anything to do with the issue of confidentiality of ethics investigations, advice of counsel defense, or anything defense counsel may or may not have said.[39] Again, Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions.

Respectfully Submitted:

/s/ Ike Spears_____
IKE SPEARS, LSB #17811
909 Poydras Street, Ste. 1825
New Orleans, LA 70112
Telephone: (504) 593-9500
Telecopier: (504) 523-7766
E-mail:ikespears@gmail.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was served on attorney of record, William Most, via electronic mail on February 25, 2025.

---

[39] *See Exhibit "A", NOLA.com article, Jury Decides in favor of St. John President in Free Speech trial sparked by grain elevator plan, Jan. 29, 2025, pp. 3; See also Exhibit "B", US News, Louisiana Environmental Activists Loses Freedom of Speech Lawsuit Against Parish Officials, 1/29/25; pp. 7-8; also See Exhibit "C," Verite News, Jury rules in favor of St. John the Baptist Parish in case involving environmental advocate, Jan 29, 2025, pp. 2-3; Also see Exhibit "D", The Lens, St. John the Baptist Parish cleared in First Amendment lawsuit, Jan. 29, 2025.*