UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOY BANNER, Ph.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7296** |
| **MICHAEL WRIGHT, individually and in official capacity, et al.** | **SECTION: "G"(4)** |

### Reply in Support of Motion for New Trial

Now comes Plaintiff to offer this reply brief in support of her motion for a new trial. Because Defendants offer nothing to give "fair assurance" that the jury was unswayed by the misconduct at trial, the motion should be granted.

**A.    The motion should be granted because Defendants fail to provide any authority that the cumulative weight of misconduct here does not meet the standard for a new trial.**

In opposing the motion for a new trial, Defendants argue that "all of defense counsel's actions were within the bounds of legitimate advocacy."[1] They do not provide any legal authority for that conclusion. Instead, they attach "Responses to Plaintiff's List of Alleged Defense Violations."[2] Those responses consist primarily of the same conclusory statements repeated over and over again. For example, they repeat thirty-five times the conclusory statement that "Plaintiff has failed to show anything that rises to the level of prejudice that would warrant a new trial and/or defeat the presumption that the jury followed the Court's instructions."[3]

For some items, Defendants seem to *admit* that they violated the Court's orders but contend that their violations constituted "legitimate advocacy." For example, in her motion Plaintiff pointed out that despite "the Court's ruling about not asking legal questions, defense counsel asked witness Guillot about who the 'statute applies to.'"[4] Defendants respond that even "though the

---

[1] Rec. Doc. 162 at 3.
[2] Rec. Doc. 162-1.
[3] *Id*.
[4] Rec. Doc. 157-1 at 11.

1

Court sustained plaintiff counsel's objection, this was within the bounds of legitimate advocacy."[5] But it cannot be "legitimate advocacy" to violate Court rulings; it is indisputable that "an attorney must comply with court orders."[6]

In their brief, Defendants do not cite any caselaw whatsoever, except for the general Rule 59 standard and the generic proposition that "juries are presumed to follow the instructions of the court." Thus, they do not provide the Court with a single piece of authority indicating that a new trial would be improper in a context like this one, involving repeated violations of the Court's evidentiary rulings. The motion should therefore be granted.

**B.    The motion should be granted because Defendants' quotation of a juror's reasoning indicates that the Court's jury instructions were <u>not</u> followed.**

Defendants also argue that the "*most important[ ]*" factor for the motion for a new trial are news reports about one juror's statement's to the press. Rec. Doc. 162 at 4 (emphasis in original). Defendants offer no authority for the significance of one juror's statements, or whether such hearsay is even admissible in this context.

Defendants' presentation of the juror's comments is also misleading. They omit the juror's statement that Defendants "did try to stop" Plaintiff from speaking, before the juror continued to explain that "but she did actually say what she had to say."[7] With that addition of the juror's full statement, however, we see an indication that the jury (or at least this juror) <u>did</u> misapply the Court's jury instructions.

The Court's jury instructions, which track First Amendment caselaw, said that Plaintiff must prove that "Defendants' actions caused Plaintiff to suffer an injury that would chill <u>a person</u>

---

[5] Rec. Doc. 162-1 at 5.
[6] *See In re Hermesmeyer*, 688 F. App'x 300, 305 (5th Cir. 2017) ("an attorney must comply with court orders"); *see also Morton v. Harris,* 628 F.2d 438, 439 (5th Cir. 1980) ("the court patiently instructed appellant that he must 'obey court orders at all times, not merely at his convenience.'"); *Mac Naughton v. Harmelech,* 932 F.3d 558, 565 (7th Cir. 2019) ("Parties must obey court orders regardless of their validity, unless the orders are stayed pending appeal"), quoting *Alexander v. Chicago Park Dist.*, 927 F.2d 1014, 1025 (7th Cir. 1991).
[7] Rec. Doc. 162-2 at 4.

2

of ordinary firmness from continuing to engage in that activity" – not that Defendants' actions actually and completely silenced the Plaintiff.[8]

Thus, the juror's statement that there was no First Amendment violation "because she did get to talk"[9] is a misapplication of the jury instructions. The jury was directed to ask whether Defendants' actions would "chill a person of ordinary firmness," and *not* whether Dr. Banner was completely silenced herself. Thus, if the Court considers the juror's statements to the press, that should weigh in favor of granting a new trial.

**C.     Conclusion**

Defendants offer nothing to give "fair assurance" that the jury was unswayed by the misconduct at trial. What little they do offer weighs against them, as the one juror's statement to the press suggests a failure to follow the jury instructions. Because there is no fair assurance that the judgment was not substantially swayed by the misconduct, a new trial should be granted.[10] If the answer is no, then "it is impossible to conclude that substantial rights were not affected" – and a new trial should be granted.[11]

Respectfully submitted,

/s/ *William Most*
David Lanser, 37764
William Most, 36914
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Fax: (504) 414-6400
williammost@gmail.com

---

[8] Rec. Doc. 149-3 at 13 (emphasis added).
[9] Rec. Doc. 162-2 at 21.
[10] *See Hollybrook Cottonseed*, 772 F. 3d 1031, 1034 (5th Cir. 2014).
[11] *Id*.